## RETURN OF SERVICE

### UNITED STATES DISTRICT COURT
District of Florida

Case Number: 6:24-CV-00434-PGB-DCI

Plaintiff:
**ISABELLE FECCIA**

vs.

Defendant:
**BAKER BARRIOS ARCHITECTS, INC.**

For:
Kyle MacDonald, Esq
F Derek Smith Law Group, Pllc

Received by DLE Process Servers, Inc on the 14th day of March, 2024 at 1:54 pm to be served on **Baker Barrios Architects, Inc. c/o Registered Agents Inc., 7901 4th St. N., Ste. 300, St. Petersburg, FL 33702**.

I, Michele Carpintier, do hereby affirm that on the **15th day of March, 2024** at **11:16 am, I:**

served a **CORPORATION** by delivering a true copy of the **Summons in a Civil Action, Complaint and Demand For Jury Trial, Civil Cover Sheet** with the date and hour of service endorsed thereon by me, to: **Chloe Lowe** as **Admin Asst** for **Baker Barrios Architects, Inc.**, at the address of: **7901 4th St. N., Ste. 300, St. Petersburg, FL 33702**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good  standing,in the judicial circuit in which the process was served.

Under penalties of perjury, I declare that I have read the foregoing Verified Return of Service and that the facts stated are  true. F.S. 92.525.  NOTARY NOT REQUIRED PURSUANT TO F.S. 92.525

**Michele Carpintier**
APS 26478

**DLE Process Servers, Inc**
**936 Sw 1st Avenue**
**#261**
**Miami, FL 33130**
**(786) 220-9705**

Our Job Serial Number: DLE-2024017515

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2t

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

*3/15/24*
*11:16AM*
*Chloe L.*
*M.C.*
*#26478*

|  |  |
|---|---|
| ISABELLE FECCIA | ) ) ) |
| *Plaintiff(s)* | ) ) |
| v. | ) Civil Action No.   6:24-cv-00434-PGB-DCI ) |
| | ) |
| BAKER BARRIOS ARCHITECTS, INC., | ) ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

**BAKER BARRIOS ARCHITECTS, INC.**
**\*\*REGISTERED AGENT\*\***
**REGISTERED AGENTS INC**
**7901 4TH ST N., STE 300**
**ST PETERSBURG, FL 33702**

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

**DERERK SMITH LAW GROUP, PLLC**
**C/O KYLE T. MACDONALD, ESQ.**
**520 BRICKELL KEY DRIVE, SUITE O-301**
**MIAMI, FL 33131**

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:   **Mar 01, 2024** _____

_____
*Signature of Clerk or Deputy Clerk*

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

ISABELLE FECCIA,

      Plaintiff,              CASE NO.:

  v.                            JURY TRIAL DEMANDED

BAKER BARRIOS ARCHITECTS, INC.,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ISABELLE FECCIA ("Plaintiff" and/or "Ms. Feccia"), by and through her undersigned counsel, hereby complains of Defendant, BAKER BARRIOS ARCHITECTS, INC. ("Defendant" and/or "BBA"), and alleges as follows:

## INTRODUCTION

1.    This case involves a female employee who was unlawfully discriminated against and retaliated against by her employer on the basis of her pregnancy and sex.

2.    Ms. Feccia brings this action against Defendant pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"), the Florida Civil Rights Act of 1992, § 760.01, Florida Statutes ("FCRA"), and the Family and Medical Leave Act, 29 U.S.C. § 2612 ("FMLA").

1

## PARTIES

3.      Ms. Feccia is an individual female residing in Orange County, Florida.

4.      Defendant is a Florida Corporation with its principal place of business located at 189 S. Orange Ave Suite 1700, Orlando, Florida 32801.

5.      At all times material, Ms. Feccia was employed by Defendant.

6.      The exact number of Defendant's employees is unknown, but upon information and belief, there are well more than the statutory minimum under Title VII, the FCRA, and the FMLA.

7.      At all times material, Defendant was an "employer" within the meaning of 29 U.S.C. § 2611(4)(a) and within the meaning of 42 U.S.C. § 2000e(b).

8.      At all times material, Ms. Feccia was an "eligible employee" of Defendant within the meaning of 29 U.S.C. § 2611(2).

9.      At all times material, Defendant was a "person" within the meaning of § 760.02(6), Florida Statutes, and an "employer" within the meaning of § 760.02(7), Florida Statutes.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1367. This action is authorized and instituted pursuant to 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 2617(a).

11.    Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because the unlawful employment practices alleged below were committed within the jurisdiction of the United States District Court for the Middle District of Florida. The Defendant was and is still located in this judicial district and a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## ADMINISTRATIVE PREREQUISITES

12.    Ms. Feccia has complied with all administrative requirements to file this action.

13.    On or around June 9, 2023, Ms. Feccia timely dual-filed a charge of discrimination (Charge No. 510-2023-07642) against Defendant with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

14.    On or around February 16, 2024, the EEOC issued Ms. Feccia's Notice of Right to Sue against Defendant.

15.    Ms. Feccia is timely commencing this action within ninety (90) days of receipt of the EEOC's Notice of Right to Sue.

## FACTUAL ALLEGATIONS

16.    In or around January 2020, Defendant hired Ms. Feccia as a Senior Interior Designer.

3

17.    At all times material, Ms. Feccia was employed at Defendant's Orlando office, located at 189 S. Orange Avenue, Suite 1700, Orlando, Florida 32801.

18.    At all times material, Ms. Feccia was an individual female and had recently given birth, and was therefore a protected class member.

19.    At all times material, Ms. Feccia was considered an exceptional employee and had a record of positive performance.

20.    In or around 2022, Ms. Feccia learned she was pregnant and informed Defendant of her intent to take maternity leave.

21.    Ms. Feccia discussed her maternity leave with Lisa Couch ("Couch"), an individual female employed by Defendant as a Human Resources representative.

22.    Ms. Feccia made arrangements with Couch to begin her leave in December 2022, and to return to work in April 2023.

23.    On or around December 12, 2022, Ms. Feccia began her pregnancy leave.

24.    Ms. Feccia was initially on paid leave, using both her PTO benefits and short-term disability benefits.

25.    On or around January 4, 2023, Ms. Feccia gave birth to her child.

26.    In or around February 2023, Ms. Feccia had exhausted all of her paid leave benefits and was transitioned to FMLA leave by Defendant.

27.     In or around March 2023, Ms. Feccia emailed Dietz asking if she could return to work full time, working partially from home and partially from the office.

28.     Ms. Feccia was eager to return to work and believed it may help ease the transition of her return. Dietz failed to respond to Ms. Feccia's request.

29.     Ms. Feccia ultimately returned to work on or around April 3, 2023.

30.     Upon her return, Ms. Feccia discovered that her work area was in complete disarray, with construction materials on top of her desk and her entire work area covered in dust from the nearby construction work.

31.     Ms. Feccia was taken aback, as many of her coworkers would receive warm welcomes when they returned from leave, often receiving flowers on their desks.

32.     It was clear to Ms. Feccia that Defendant was not expecting Ms. Feccia to be returning to work.

33.     Ms. Feccia complained about the condition of her desk to Jed Prest ("Prest"), an individual male employed by Defendant as Managing Partner, and Meghan Dietz ("Dietz"), an individual female employed by Respondent as Design Operations Practice Leader.

34.     Prest and Dietz held supervisory authority over Ms. Feccia, including the power to hire, fire, demote, and promote Ms. Feccia.

35.    Prest and Dietz largely ignored Ms. Feccia's complaint, forcing her to work from a temporary desk upon her return.

36.    When Ms. Feccia returned to work, she asked Dietz if there were any tasks she could assist with, as she was eager to begin working again.

37.    Over the course of the next two weeks, Ms. Feccia was given just two tasks to complete. Ms. Feccia felt uncomfortable and was unsure why she was being assigned such little work.

38.    On or around April 7, 2023, Ms. Feccia's child became ill.

39.    Ms. Feccia contacted Dietz and requested to work from home to take care of him. Dietz granted Ms. Feccia's request.

40.    Ms. Feccia also reiterated to Dietz that she was willing to assist with any work tasks that were available. Dietz said that she would get back to Ms. Feccia.

41.    That same day, Ms. Feccia also participated in a Design Operations weekly meeting, where she also informed the group that she was happy to help with any projects. Ultimately, no one from the group contacted Ms. Feccia.

42.    On or around April 10, 2023, Ms. Feccia messaged Dietz informing her that Ms. Feccia's son was still sick, and that the illness had spread to Ms. Feccia, causing her to become sick too.

43.     In response Dietz, wished Ms. Feccia well but failed to provide Ms. Feccia with any work assignments.

44.     On or around April 12, 2023, Ms. Feccia and her child's condition worsened, making her feel extremely unwell.

45.     Defendant employed a generous unlimited sick leave policy, leading Ms. Feccia to believe that she could take the remainder of the week to recover without issue.

46.     Ms. Feccia used her sick leave benefits from April 12, 2023, to April 14, 2023, without any protest from her supervisors.

47.     On or around Monday, April 17, 2023, Ms. Feccia received a Microsoft Teams call from Prest.

48.     On the call, Prest informed Ms. Feccia that she was being terminated due to a "restructuring" of Ms. Feccia's department.

49.     When Ms. Feccia inquired as to why she was being terminated, Prest stated that she was being terminated for "an alignment of profitability."

50.     Ms. Feccia was shocked and extremely upset. Ms. Feccia had just returned to work from her maternity leave and felt that she had not been given any meaningful opportunity to resume her work and contribute to the organization.

51.     During the call, Ms. Feccia even asked if she could work in another role for Defendant. Prest flatly responded "no", despite the fact that

7

Defendant's interior design team had plenty of work available and had plans to promote two interior designers later in the month.

52.    Ms. Feccia was devastated at the news of her termination but tried her best to keep her composure.

53.    On or around April 17, 2023, Defendant unlawfully terminated Ms. Feccia on the basis of her sex and pregnancy.

54.    Defendant unlawfully discriminated against Ms. Feccia because of her sex and pregnancy, and retaliated against Ms. Feccia for taking pregnancy leave.

55.    Defendant interfered with Ms. Feccia's protected rights under the FMLA and retaliated against Ms. Feccia for exercising her FMLA leave benefits.

56.    The events described above are just some of the examples of unlawful discrimination, retaliation, and interference to which Defendant subjected Ms. Feccia throughout her employment.

57.    Ms. Feccia claims a continuous practice of discrimination and claims continuing violations and makes all claims herein under the continuing violations doctrine.

58.    At all times material, Defendant's employees were acting as agents of Defendant in their unlawful treatment of Ms. Feccia.

59.     At all times material, Defendant acted with deliberate indifference to the unlawful treatment complained of herein.

60.     As a result of Defendant's actions, Ms. Feccia felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

61.     As a result of the acts and conduct complained herein, Ms. Feccia has suffered and will continue to suffer the loss of income, the loss of salary, bonuses, benefits, and other compensation which such employment entails, and Ms. Feccia has also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Ms. Feccia has further experienced severe emotional and physical distress.

62.     Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, so as to support and justify an award of punitive damages against Defendant.

63.     Defendant is either directly or vicariously liable for the unlawful conduct complained of herein.

## CAUSES OF ACTION
### COUNT I
### 42 U.S.C. § 2000e-2
### *Sex Discrimination*

64.     Ms. Feccia reincorporates the factual allegations in Paragraphs 16 through 63.

65.    Title VII provides, in relevant part, that "it shall be an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of his race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

66.    Title VII further provides that "an unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice." 42 U.S.C. § 2000e-2(m).

67.    Title VII defines "because of sex" and "on the basis of sex" to include discrimination on the basis of "pregnancy, childbirth, or related medical conditions" and requires that "women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes." 42 U.S.C. § 2000e(k).

68.    Ms. Feccia was an individual female and was therefore a protected class member.

69.    The elements of a prima facie case of disparate treatment are flexible and are tailored on a case-by-case basis to differing factual circumstances.

10

70.     Defendant subjected Ms. Feccia to discriminatory treatment on the basis of her sex, including but not limited to, unlawfully terminating Ms. Feccia's employment.

71.     Defendant targeted Ms. Feccia because she had recently given birth and because she exercised her maternity leave benefits. No similarly situated male employees endured the discriminatory conduct that Ms. Feccia was forced to endure.

72.     The discriminatory actions of the Defendant against Ms. Feccia, as described and set forth above, constitute an adverse employment action for the purposes of Title VII. In subjecting Ms. Feccia to adverse employment actions, the Defendant intentionally discriminated against Ms. Feccia with respect to the compensation, terms, conditions, or privileges of her employment.

73.     As a direct and proximate result of the Defendant's intentional discriminatory conduct in violation of Title VII, Ms. Feccia has suffered and will continue to suffer financial and economic damages in the form of lost wages (front and back pay) and lost benefits. Ms. Feccia has also suffered and will continue to suffer emotional distress, mental anguish, loss of dignity, and other intangible damages Ms. Feccia accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

74.    Defendant's actions were knowing, intentional, willful, malicious, and in reckless disregard of Ms. Feccia's rights under Title VII, warranting the imposition of punitive damages, in addition to compensatory damages.

75.    The conduct of the Defendant deprived Ms. Feccia of her statutory rights guaranteed under Title VII.

76.    Ms. Feccia further requests that her attorney's fees and costs be awarded as permitted by law.

### COUNT II
### 42 U.S.C. § 2000e-3
### *Retaliation*

77.    Ms. Feccia reincorporates the factual allegations in Paragraphs 16 through 63.

78.    Title VII prohibits retaliation in any manner against a person who has opposed a discriminatory practice, or who has participated in any investigation, proceeding or hearing related to an unlawful discriminatory practice. 42 U.S.C. § 2000e-3(a).

79.    Ms. Feccia was an individual female and was therefore a protected class member.

80.    Ms. Feccia engaged in a protected activity when she informed Defendant of her pregnancy and exercised her maternity leave benefits.

81.    In response to Ms. Feccia asserting her right to enjoy the same employment benefits as every other employee, the Defendant retaliated against Ms. Feccia.

82.    Defendant retaliated against Ms. Feccia by engaging in conduct, including but not limited to, unlawfully terminating Ms. Feccia's employment.

83.    Defendant took the above-mentioned materially adverse actions, among others, against Ms. Feccia because of her protected activities.

84.    Any reasonable employee in Ms. Feccia's position would be dissuaded from opposing discriminatory conduct if they knew that they would be subjected to the kind of treatment that Ms. Feccia was forced to endure.

85.    Defendant's alleged bases for its adverse employment actions against Ms. Feccia are pretextual and have been asserted only to cover up the retaliatory nature of Defendant's conduct.

86.    As a direct and proximate result of the Defendant's retaliatory conduct in violation of the Title VII, Ms. Feccia has suffered and will continue to suffer financial and economic damages in the form of lost wages (front and back pay) and lost benefits.  Ms. Feccia has also suffered and will continue to suffer emotional distress, mental anguish, loss of dignity, and other intangible damages Ms. Feccia accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

87.    Defendant's actions were knowing, intentional, willful, malicious, and in reckless disregard of the Ms. Feccia's rights under Title VII, warranting the imposition of punitive damages in addition to compensatory damages.

88.    The conduct of the Defendant deprived Ms. Feccia of her statutory rights guaranteed under Title VII.

89.    Ms. Feccia further requests that her attorney's fees and costs be awarded as permitted by law.

## COUNT III
## § 760.10(1), Fla. Stat.
### *Sex Discrimination*

90.    Ms. Feccia reincorporates the factual allegations in Paragraphs 16 through 63.

91.    The FCRA prohibits employment discrimination in an individual's terms, conditions, and privileges of employment because of the individual's sex or pregnancy. § 760.10(1)(a), Fla. Stat.

92.    Ms. Feccia was an individual female and was therefore a protected class member.

93.    The elements of a prima facie case of disparate treatment are flexible and are tailored on a case-by-case basis to differing factual circumstances.

14

94.    Defendant subjected Ms. Feccia to discriminatory treatment on the basis of her sex, including but not limited to, unlawfully terminating Ms. Feccia's employment.

95.    Defendant targeted Ms. Feccia because she had recently given birth and because she exercised her maternity leave benefits. No similarly situated male employees endured the discriminatory conduct that Ms. Feccia was forced to endure.

96.    The discriminatory actions of the Defendant against Ms. Feccia, as described and set forth above, constitute an adverse employment action for purposes of the FCRA.   In subjecting Ms. Feccia to adverse employment actions, the Defendant intentionally discriminated against Ms. Feccia with respect to the compensation, terms, conditions, or privileges of her employment.

97.    As a direct and proximate result of the Defendant's intentional discriminatory conduct in violation of the FCRA, Ms. Feccia has suffered and will continue to suffer financial and economic damages in the form of lost wages (front and back pay) and lost benefits.  Ms. Feccia has also suffered and will continue to suffer emotional distress, mental anguish, loss of dignity, and other intangible damages Ms. Feccia accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

98.     Defendant's actions were knowing, intentional, willful, malicious, and in reckless disregard of Ms. Feccia's rights under the FCRA, warranting the imposition of punitive damages in addition to compensatory damages.

99.     The conduct of the Defendant deprived Ms. Feccia of her statutory rights guaranteed under the FCRA.

100.    Ms. Feccia further requests that her attorney's fees and costs be awarded as permitted by law.

## COUNT IV
### § 760.10(7), Fla. Stat.
### *Retaliation*

101.    Ms. Feccia reincorporates the factual allegations in Paragraphs 16 through 63.

102.    The FCRA prohibits retaliation in any manner against a person who has opposed a discriminatory practice, or who has participated in any investigation, proceeding or hearing related to an unlawful discriminatory practice. § 760.10(7), Fla. Stat.

103.    Ms. Feccia was an individual female and was therefore a protected class member.

104.    Ms. Feccia engaged in a protected activity when she informed Defendant of her pregnancy and exercised her maternity leave benefits.

105.   In response to Ms. Feccia asserting her right to enjoy the same employment benefits as every other employee, the Defendant retaliated against Ms. Feccia.

106.   Defendant retaliated against Ms. Feccia by engaging in conduct, including but not limited to, unlawfully terminating Ms. Feccia's employment.

107.   Defendant took the above-mentioned materially adverse actions, among others, against Ms. Feccia because of her protected activities.

108.   Any reasonable employee in Ms. Feccia's position would be dissuaded from opposing discriminatory conduct if they knew that they would be subjected to the kind of treatment that Ms. Feccia was forced to endure.

109.   Defendant's alleged bases for its adverse employment actions against Ms. Feccia are pretextual and have been asserted only to cover up the retaliatory nature of Defendant's conduct.

110.   As a direct and proximate result of the Defendant's retaliatory conduct in violation of the FCRA, Ms. Feccia has suffered and will continue to suffer financial and economic damages in the form of lost wages (front and back pay) and lost benefits.  Ms. Feccia has also suffered and will continue to suffer emotional distress, mental anguish, loss of dignity, and other intangible damages Ms. Feccia accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

17

111.   Defendant's actions were knowing, intentional, willful, malicious, and in reckless disregard of the Ms. Feccia's rights under the FCRA, warranting the imposition of punitive damages in addition to compensatory damages.

112.   The conduct of the Defendant deprived Ms. Feccia of her statutory rights guaranteed under the FCRA.

113.   Ms. Feccia further requests that her attorney's fees and costs be awarded as permitted by law.

## COUNT V
### 29 U.S.C. § 2615
### *FMLA Retaliation*

114.   Ms. Feccia reincorporates the factual allegations in Paragraphs 16 through 63.

115.   The FMLA prohibits employers from retaliating against an employee in any manner for having exercised or attempted to exercise protected rights under the FMLA or using the taking of FMLA leave as a negative factor in employment actions. 29 C.F.R. § 825.220(c).

116.   The FMLA prohibits employers from retaliating against an employee in any manner for opposing or complaining about any unlawful practice under the FMLA. 29 C.F.R. § 825.220(a)(2).

117.   By nature of Ms. Feccia's employment with Defendant, Ms. Feccia was an eligible employee and was entitled to leave benefits under the FMLA.

18

118.   Ms. Feccia was entitled to FMLA leave for her pregnancy and for the 12-month period following the birth of her child. 29 C.F.R. § 825.120.

119.   Defendant was on notice of Ms. Feccia's entitlement to FMLA leave.

120.   Ms. Feccia engaged in a protected activity when she exercised and/or attempted to exercise her right to leave benefits under the FMLA in or around February of 2023.

121.   Ms. Feccia acted in good faith and with the objective and subjective belief that she was entitled to leave benefits under the FMLA.

122.   Defendant retaliated against Ms. Feccia by engaging in conduct, including but not limited to, unlawfully terminating Ms. Feccia's employment.

123.   Defendant took the above-mentioned materially adverse actions, among others, against Ms. Feccia because of her protected activities.

124.   Any reasonable employee in Ms. Feccia's position would be dissuaded from opposing unlawful conduct if they knew they would be subjected to the same kind of treatment that Ms. Feccia was subjected to.

125.   Defendant's alleged bases for its adverse employment actions against Ms. Feccia are pretextual and have been asserted only to cover up the retaliatory nature of the Defendant's conduct.

126.   As a result of Defendant's unlawful conduct, Ms. Feccia has suffered and will continue to suffer financial and economic damages in the form

of lost wages (front and back pay) and lost benefits. Ms. Feccia has also suffered and will continue to suffer emotional distress, mental anguish, loss of dignity, and other intangible damages. Ms. Feccia accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

127.    The conduct of the Defendant deprived Ms. Facia of her statutory rights guaranteed under the FMLA.

128.    Ms. Feccia further requests that her attorney's fees and costs be awarded as permitted by law.

## COUNT VI
### 29 U.S.C. § 2615
### *FMLA Interference*

129.    Ms. Feccia reincorporates the factual allegations in Paragraphs 16 through 63.

130.    The FMLA prohibits employers from interfering with, restraining, or denying the exercise or attempted exercise of any right protected by the FMLA. 29 U.S.C. § 2615(a).

131.    By nature of Ms. Feccia's employment with Defendant, Ms. Feccia was an eligible employee and was entitled to leave benefits under the FMLA.

132.    Ms. Feccia was entitled to FMLA leave for her pregnancy and for the 12-month period following the birth of her child. 29 C.F.R. § 825.120.

133. Defendant was on notice of Ms. Feccia's entitlement to FMLA leave.

134. In or around February of 2023, Ms. Feccia exercised and/or attempted to exercise her right to leave benefits under the FMLA.

135. As an eligible employee under the FMLA, Ms. Feccia was entitled to be restored to her position of employment held when her leave commenced, or be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment. 29 U.S.C. § 2614(a).

136. Defendant unlawfully terminated Ms. Feccia upon her return from FMLA leave.

137. Defendant violated the FMLA by unlawfully interfering, restraining, and denying Ms. Feccia's rights under the FMLA, including but not limited to, interfering with and denying Ms. Feccia's right to be restored to her former employment position or an equivalent position with equivalent terms and conditions of employment.

138. As a result of Defendant's unlawful conduct, Ms. Feccia has suffered and will continue to suffer financial and economic damages in the form of lost wages (front and back pay) and lost benefits. Ms. Feccia has also suffered and will continue to suffer emotional distress, mental anguish, loss of dignity, and other intangible damages. Ms. Feccia accordingly demands lost economic

damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

139.   The conduct of the Defendant deprived Ms. Feccia of her statutory rights guaranteed under the FMLA.

140.   Ms. Feccia further requests that her attorney's fees and costs be awarded as permitted by law.

### JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests this Court enter judgment against Defendant for all damages suffered by the Plaintiff, including economic damages, lost wages (back pay and front pay) and benefits, liquidated damages, statutory damages, compensatory damages, emotional distress damages, interest, attorney's fees and costs, disbursements of action, and any other remedies (monetary and/or equitable) allowable by law as a result of the Defendant's conduct in violation of Title VII, the FCRA, and the FMLA.

Dated:  Miami, Florida
        February 29, 2024,

**DEREK SMITH LAW GROUP, PLLC**
*Counsel for Plaintiff*

/s/ Kyle T. MacDonald
Kyle T. MacDonald, Esq.
Florida Bar No.: 1038749
Derek Smith Law Group, PLLC
520 Brickell Key Drive, Suite O-301
Miami, FL 33131
Tel: (305) 946-1884
Kyle@dereksmithlaw.com

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

ISABELLE FECCIA

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
DEREK SMITH LAW GROUP, PLLC - C/O KYLE T. MACDONALD, ESQ.
520 BRICKELL KEY DRIVE, SUITE O-301, MIAMI, FL 33131
(305) 946-1884

**DEFENDANTS**

BAKER BARRIOS ARCHITECTS, INC.

County of Residence of First Listed Defendant   ORANGE COUNTY
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                    Click here for: Nature of Suit Code Descriptions.

CONTRACT: 110 Insurance, 120 Marine, 130 Miller Act, 140 Negotiable Instrument, 150 Recovery of Overpayment & Enforcement of Judgment, 151 Medicare Act, 152 Recovery of Defaulted Student Loans (Excludes Veterans), 153 Recovery of Overpayment of Veteran's Benefits, 160 Stockholders' Suits, 190 Other Contract, 195 Contract Product Liability, 196 Franchise

REAL PROPERTY: 210 Land Condemnation, 220 Foreclosure, 230 Rent Lease & Ejectment, 240 Torts to Land, 245 Tort Product Liability, 290 All Other Real Property

TORTS - PERSONAL INJURY: 310 Airplane, 315 Airplane Product Liability, 320 Assault, Libel & Slander, 330 Federal Employers' Liability, 340 Marine, 345 Marine Product Liability, 350 Motor Vehicle, 355 Motor Vehicle Product Liability, 360 Other Personal Injury, 362 Personal Injury - Medical Malpractice

PERSONAL INJURY: 365 Personal Injury - Product Liability, 367 Health Care/Pharmaceutical Personal Injury Product Liability, 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY: 370 Other Fraud, 371 Truth in Lending, 380 Other Personal Property Damage, 385 Property Damage Product Liability

CIVIL RIGHTS: 440 Other Civil Rights, 441 Voting, [X] 442 Employment, 443 Housing/Accommodations, 445 Amer. w/Disabilities - Employment, 446 Amer. w/Disabilities - Other, 448 Education

PRISONER PETITIONS - Habeas Corpus: 463 Alien Detainee, 510 Motions to Vacate Sentence, 530 General, 535 Death Penalty; Other: 540 Mandamus & Other, 550 Civil Rights, 555 Prison Condition, 560 Civil Detainee - Conditions of Confinement

FORFEITURE/PENALTY: 625 Drug Related Seizure of Property 21 USC 881, 690 Other

LABOR: 710 Fair Labor Standards Act, 720 Labor/Management Relations, 740 Railway Labor Act, 751 Family and Medical Leave Act, 790 Other Labor Litigation, 791 Employee Retirement Income Security Act

IMMIGRATION: 462 Naturalization Application, 465 Other Immigration Actions

BANKRUPTCY: 422 Appeal 28 USC 158, 423 Withdrawal 28 USC 157

INTELLECTUAL PROPERTY RIGHTS: 820 Copyrights, 830 Patent, 835 Patent - Abbreviated New Drug Application, 840 Trademark, 880 Defend Trade Secrets Act of 2016

SOCIAL SECURITY: 861 HIA (1395ff), 862 Black Lung (923), 863 DIWC/DIWW (405(g)), 864 SSID Title XVI, 865 RSI (405(g))

FEDERAL TAX SUITS: 870 Taxes (U.S. Plaintiff or Defendant), 871 IRS—Third Party 26 USC 7609

OTHER STATUTES: 375 False Claims Act, 376 Qui Tam (31 USC 3729(a)), 400 State Reapportionment, 410 Antitrust, 430 Banks and Banking, 450 Commerce, 460 Deportation, 470 Racketeer Influenced and Corrupt Organizations, 480 Consumer Credit (15 USC 1681 or 1692), 485 Telephone Consumer Protection Act, 490 Cable/Sat TV, 850 Securities/Commodities/Exchange, 890 Other Statutory Actions, 891 Agricultural Acts, 893 Environmental Matters, 895 Freedom of Information Act, 896 Arbitration, 899 Administrative Procedure Act/Review or Appeal of Agency Decision, 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 2000e, § 760.01, 29 U.S.C. § 26
Brief description of cause:
Title VII of the Civil Rights Act of 1964, the Florida Civil Rights Act of 1992, the Family and Medical Leave Act

**VII. REQUESTED IN COMPLAINT:**
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  [ ] No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*  JUDGE _____   DOCKET NUMBER _____

DATE 2/29/24

SIGNATURE OF ATTORNEY OF RECORD
*Kyle T. MacDonald*

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____