UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| ISABELLE FECCIA, | ) <br> ) |
| Plaintiff, | ) <br> ) |
| vs. | ) CASE NO. 6:24-cv-00434-JSS-DCI <br> ) |
| BAKER BARRIOS ARCHITECTS, INC., | ) <br> ) <br> ) |
| Defendant. | ) <br> ) <br> ) |

**DEFENDANT'S ANSWER AND DEFENSES
TO COUNTS V AND VI OF PLAINTIFF'S COMPLAINT[1]**

Defendant, BAKER BARRIOS ARCHITECTS, INC. ("Defendant"), through its undersigned counsel, hereby files its Answer and Defenses to Counts V and VI of the Complaint filed by Plaintiff, ISABELLE FECCIA ("Plaintiff"), and states as follows:

**INTRODUCTION**

1. In response to paragraph 1 of the Complaint, Defendant admits that Plaintiff was a former, female employee. Defendant otherwise denies all remaining allegations in paragraph 1 of the Complaint.

---

[1] Contemporaneous with the filing of this Answer, Defendant has filed a Motion to Dismiss Counts I through IV of Plaintiff's Complaint.

2.  In response to paragraph 2 of the Complaint, Defendant admits that Plaintiff purports to bring an action against Defendant pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"), the Florida Civil Rights Act of 1992, § 760.01, Florida Statutes ("FCRA"), and the Family and Medical Leave Act, 29 U.S.C. § 2612 ("FMLA"). Defendant denies it has violated Title VII, the FCRA, or the FMLA, and otherwise denies all remaining allegations in paragraph 2 of the Complaint.

## PARTIES

3.  In response to paragraph 3 of the Complaint, Defendant admits that Plaintiff was a former, female employee. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in paragraph 3 of the Complaint, and, therefore, denies the allegations.

4.  Defendant admits the allegations in paragraph 4 of the Complaint.

5.  Defendant denies the allegations in paragraph 5 of the Complaint to the extent that it is without knowledge or information sufficient to form a belief as to the truthfulness of the phrase: "at all times material." Defendant admits that it employed Plaintiff from January 13, 2020 through April 17, 2023.

6.  In response to paragraph 6 of the Complaint, Defendant admits that, with respect to Plaintiff, it was an employer covered by Title VII, the FCRA, and

the FMLA. The remaining allegations in paragraph 6 of the Complaint assert no factual contentions or legal conclusions such that no response is required; therefore, denied.

7. Defendant denies the allegations in paragraph 7 of the Complaint to the extent that it is without knowledge or information sufficient to form a belief as to the truthfulness of the phrase: "at all times material." Defendant admits that, with respect to Plaintiff, it was an employer within the meaning of 29 U.S.C. § 2611(4)(a) and within the meaning of 42 U.S.C. § 2000e(b). Defendant otherwise denies all remaining allegations in paragraph 7 of the Complaint.

8. Defendant denies the allegations in paragraph 8 of the Complaint to the extent that it is without knowledge or information sufficient to form a belief as to the truthfulness of the phrase: "at all times material." Defendant admits that, with respect to the leave that Plaintiff took for her pregnancy and later birth of her child in January 2023, Plaintiff was an "eligible employee" of Defendant within the meaning of 29 U.S.C. § 2611(2). Defendant otherwise denies all remaining allegations in paragraph 8 of the Complaint.

9. Defendant denies the allegations in paragraph 9 of the Complaint to the extent that it is without knowledge or information sufficient to form a belief as to the truthfulness of the phrase: "at all times material." Defendant admits that, with respect to Plaintiff, it was a "person" within the meaning of § 760.02(6),

3

Florida Statutes, and an "employer" within the meaning of § 760.02(7), Florida Statutes. Defendant otherwise denies all remaining allegations in paragraph 8 of the Complaint.

## JURISDICTION AND VENUE

1. In response to paragraph 10 of the Complaint, without admitting the veracity of Plaintiff's allegations or entitlement to the relief sought, Defendant admits that this Court has jurisdiction over this matter. Defendant otherwise denies all remaining allegations in paragraph 10 of the Complaint.

2. In response to paragraph 11 of the Complaint, without admitting the veracity of Plaintiff's allegations or entitlement to the relief sought, Defendant admits venue is proper. Defendant otherwise denies all remaining allegations in paragraph 1 of the Complaint.

## ADMINISTRATIVE PREREQUISITES

12.-15. Defendant has moved to dismiss Counts I through IV of Plaintiff's Complaint. Counts V and VI are brought under FMLA, which are not subject to administrative filing prerequisites with the Equal Employment Opportunity Commission ("EEOC") or the Florida Commission on Human Relations ("FCHR"). As such, Defendant does not provide answers to paragraphs 12 through 15 of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

16. In response to paragraph 16 of the Complaint, Defendant admits it hired Plaintiff on January 13, 2020 as an Interior Designer 3. Defendant otherwise denies all remaining allegations in paragraph 16 of the Complaint.

17. Defendant denies the allegations in paragraph 17 of the Complaint to the extent that it is without knowledge or information sufficient to form a belief as to the truthfulness of the phrase: "at all times material." Defendant admits that Plaintiff was employed at Defendant's Orlando office, located at 189 S. Orange Avenue, Suite 1700, Orlando, Florida 32801 from January 13, 2020 through April 17, 2023.

18. Defendant denies the allegations in paragraph 18 of the Complaint to the extent that it is without knowledge or information sufficient to form a belief as to the truthfulness of the phrase: "at all times material." Defendant admits that Plaintiff was a female who gave birth. Defendant otherwise denies all remaining allegations in paragraph 18.

19. Defendant denies the allegations in paragraph 19 of the Complaint.

20. Defendant admits the allegations in paragraph 20 of the Complaint.

21. Defendant admits the allegations in paragraph 21 of the Complaint.

22. Defendant admits the allegations in paragraph 22 of the Complaint.

23. Defendant admits the allegations in paragraph 23 of the Complaint.

24. Defendant admits the allegations in paragraph 24 of the Complaint.

25. Defendant admits the allegations in paragraph 25 of the Complaint.

26. In response to paragraph 26 of the Complaint, Defendant admits Plaintiff was on FMLA leave from January 4, 2023 until April 3, 2023. Defendant otherwise denies all remaining allegations in paragraph 26 of the Complaint.

27. Defendant admits the allegations in paragraph 27 of the Complaint.

28. Defendant denies that Dietz failed to respond to Plaintiff. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in paragraph 28 of the Complaint, and, therefore, denies the allegations.

29. Defendant admits the allegations in paragraph 29 of the Complaint.

30. In response to paragraph 30 of the Complaint, Defendant admits there was ongoing construction in the Orlando office when Plaintiff returned to work. Defendant otherwise denies all remaining allegations in paragraph 30 of the Complaint.

31. Defendant denies the allegations in paragraph 31 of the Complaint.

32. Defendant denies the allegations in paragraph 32 of the Complaint.

33. Defendant admits the allegations in paragraph 33 of the Complaint.

34. Defendant admits that Prest and Dietz held supervisory authority over Plaintiff and that Prest has the authority to hire and fire. Defendant denies the remaining allegations in paragraph 34 of the Complaint.

35. Defendant denies the allegations in paragraph 35 of the Complaint.

36. In response to paragraph 36 of the Complaint, Defendant admits that when Plaintiff returned to work she asked Dietz for tasks she could assist with. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in paragraph 36 of the Complaint, and, therefore, denies the allegations.

37. Defendant denies the allegations in paragraph 37 of the Complaint.

38. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in paragraph 38 of the Complaint, and, therefore, denies the allegations.

39. Defendant denies the allegations in paragraph 39 of the Complaint.

40. Defendant denies the allegations in paragraph 40 of the Complaint.

41. Defendant denies the allegations in paragraph 41 of the Complaint.

42. In response to paragraph 42 of the Complaint, Defendant admits that on or around April 10, 2023, Plaintiff sent a Microsoft Teams message to Dietz which stated in relevant part: "We unfortunately received our first 'gift' from daycare and it was regifted to all 3 of us. I'm going to work from home until things

are cleared. Have to say the little man is handling it great but his cough sounds really gnarly." Defendant denies the remaining allegations in paragraph 42 of the Complaint.

43. In response to paragraph 43 of the Complaint, Defendant admits that Dietz wished Plaintiff well. Defendant denies the remaining allegations in paragraph 43 of the Complaint.

44. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 44 of the Complaint, and, therefore, denies the allegations.

45. In response to paragraph 45 of the Complaint, Defendant admits that it had a sick time policy. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in paragraph 45 of the Complaint, and, therefore, denies the allegations.

46. In response to paragraph 46 of the Complaint, Defendant admits that Plaintiff stated she was sick and therefore worked remotely and utilized some paid sick leave from April 10 to April 14, 2023, without objection from Defendant. Defendant admits the allegations in paragraph 46 of the Complaint.

47. Defendant admits the allegations in paragraph 47 of the Complaint.

48. Defendant admits the allegations in paragraph 48 of the Complaint.

49. Defendant denies the allegations in paragraph 49 of the Complaint.

50. Defendant denies the allegations in paragraph 50 of the Complaint.

51. In response to paragraph 51 of the Complaint, Defendant admits that Plaintiff requested to continue working for Defendant but there were no openings to which she could be moved. Defendant admits that it planned to promote two interior designers as part of its restructuring. Defendant denies the remaining allegations in paragraph 51 of the Complaint.

52. Defendant denies the allegations in paragraph 52 of the Complaint.

53. Defendant denies the allegations in paragraph 53 of the Complaint.

54. Defendant denies the allegations in paragraph 54 of the Complaint.

55. Defendant denies the allegations in paragraph 55 of the Complaint.

56. Defendant denies the allegations in paragraph 56 of the Complaint.

57. Defendant denies the allegations in paragraph 57 of the Complaint.

58. Defendant denies the allegations in paragraph 58 of the Complaint.

59. Defendant denies the allegations in paragraph 59 of the Complaint.

60. Defendant denies the allegations in paragraph 60 of the Complaint.

61. Defendant denies the allegations in paragraph 61 of the Complaint.

62. Defendant denies the allegations in paragraph 62 of the Complaint.

63. Defendant denies the allegations in paragraph 63 of the Complaint.

## CAUSES OF ACTION
## COUNT I
### 42 U.S.C. § 2000e-2
*Sex Discrimination*

64.-76. Defendant has moved to dismiss Count I of Plaintiff's Complaint and therefore does not provide answers to paragraphs 64 through 76 of Plaintiff's Complaint.

## COUNT II
### 42 U.S.C. § 2000e-3
*Retaliation*

77.-89. Defendant has moved to dismiss Count II of Plaintiff's Complaint and therefore does not provide answers to paragraphs 77 through 89 of Plaintiff's Complaint.

## COUNT III
### § 760.10(1), Fla. Stat.
*Sex Discrimination*

90.-100. Defendant has moved to dismiss Count III of Plaintiff's Complaint and therefore does not provide answers to paragraphs 90 through 100 of Plaintiff's Complaint.

## COUNT IV
### § 760.10(7), Fla. Stat.
*Retaliation*

101.-113. Defendant has moved to dismiss Count IV of Plaintiff's Complaint and therefore does not provide answers to paragraphs 101 through 113 of Plaintiff's Complaint.

## COUNT V
## 29 U.S.C. § 2615
### *FMLA Retaliation*

114. Defendant re-asserts and re-alleges its responses to paragraphs 16 through 63.

115. Paragraph 115 asserts no factual contentions or legal conclusions such that no response is required; therefore, denied.

116. Paragraph 116 asserts no factual contentions or legal conclusions such that no response is required; therefore, denied.

117. In response to paragraph 117 of the Complaint, Defendant admits that, with respect to the leave that Plaintiff took for her pregnancy and later birth of her child in January 2023, she was an eligible employee and entitled to the leave benefits provided under the FMLA. Defendant denies the remaining allegations in paragraph 117 of the Complaint.

118. Defendant denies the allegations in paragraph 118 of the Complaint.

119. In response to paragraph 119 of the Complaint, Defendant admits that, with respect to the leave that Plaintiff took for her pregnancy and later birth of her child in January 2023, Defendant was on notice of Plaintiff's request for FMLA leave. Defendant denies the remaining allegations in paragraph 119 of the Complaint.

120. Defendant denies the allegations in paragraph 120 of the Complaint.

121. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in paragraph 121 of the Complaint, and, therefore, denies the allegations.

122. Defendant denies the allegations in paragraph 122 of the Complaint.

123. Defendant denies the allegations in paragraph 123 of the Complaint.

124. Defendant denies the allegations in paragraph 124 of the Complaint.

125. Defendant denies the allegations in paragraph 125 of the Complaint.

126. Defendant denies the allegations in paragraph 126 of the Complaint.

127. Defendant denies the allegations in paragraph 127 of the Complaint.

128. Defendant denies the allegations in paragraph 128 of the Complaint.

## COUNT VI
## 29 U.S.C. § 2615
*FMLA Interference*

129. Defendant re-asserts and re-alleges its responses to paragraphs 16 through 63.

130. Paragraph 130 asserts no factual contentions or legal conclusions such that no response is required; therefore, denied.

131. In response to paragraph 131 of the Complaint, Defendant admits that, with respect to the leave that Plaintiff took for her pregnancy and later birth of her child in January 2023, she was an eligible employee and entitled to the leave

benefits provided under the FMLA. Defendant denies the remaining allegations in paragraph 131 of the Complaint.

132. Defendant denies the allegations in paragraph 132 of the Complaint.

133. In response to paragraph 133 of the Complaint, Defendant admits that, with respect to the leave that Plaintiff took for her pregnancy and later birth of her child in January 2023, Defendant was on notice of Plaintiff's request for FMLA leave. Defendant denies the remaining allegations in paragraph 133 of the Complaint.

134. Defendant denies the allegations in paragraph 134 of the Complaint.

135. Defendant denies the allegations in paragraph 135 of the Complaint.

136. Defendant denies the allegations in paragraph 136 of the Complaint.

137. Defendant denies the allegations in paragraph 137 of the Complaint.

138. Defendant denies the allegations in paragraph 138 of the Complaint.

139. Defendant denies the allegations in paragraph 139 of the Complaint.

140. Defendant denies the allegations in paragraph 140 of the Complaint.

## **DEMAND FOR JURY TRIAL**

Defendant admits that Plaintiff requests a jury trial on all issues so triable. Defendant denies that Plaintiff can present any issues so triable.

## GENERAL DENIAL

Each allegation in Plaintiff's Complaint not specifically and expressly admitted is hereby specifically and expressly denied.

## DEFENSES TO COUNTS V AND VI

Defendant asserts the following defenses, without prejudice to its right to argue that Plaintiff bears the burden of proof regarding some or all of these defenses:

1. All actions taken by Defendant were based on legitimate, non-retaliatory reasons, were not pre-textual, and were unrelated to Plaintiff's FMLA leave.

2. Defendant has made good faith efforts to prevent retaliation in the workplace, and thus, cannot be liable for the decisions of its agents, to the extent that challenged employment decisions were contrary to its efforts to comply with anti-retaliation statutes.

3. Plaintiff's claim of retaliation is barred on the grounds that, even if any decision concerning Plaintiff were based in part on any protected activity, which they were not, Defendant would have reached the same decision, absent any consideration of such protected activity.

4. Plaintiff's claims for damages are barred or limited to the extent it is shown that Plaintiff engaged in misconduct or unsatisfactory performance prior

to, during, or in connection with her employment, that otherwise would have resulted in her discharge if such conduct were then known to Defendant.

5. Plaintiff's damages, if any, should be reduced by any remuneration or benefits Plaintiff received from collateral resources or other off-sets or recoupments.

6. Plaintiff's claims for economic damages should be barred or limited by any after acquired evidence discovered by Defendant.

7. Plaintiff's claims are barred because there was no causal connection between Plaintiff's termination and her decision to take FMLA leave. All actions taken with respect to Plaintiff's employment were in good faith based on legitimate, non-retaliatory reasons.

8. Plaintiff's claims fail because Plaintiff was not denied any rights or benefits conferred by the FMLA to which Plaintiff was entitled.

9. Any claim for compensatory and/or punitive damages must be stricken because compensatory and punitive damages are not available under the FMLA.

10. Plaintiff's retaliation claim under the FMLA is barred, in whole or in part, because Defendant did not subject Plaintiff to any conduct that was reasonably likely to deter a person from engaging in protected activity under the FMLA.

15

11. Defendant made good faith efforts to comply with the law and should not be liable for any alleged acts by its employees, whether managerial or not.

12. Defendant asserts that Plaintiff was an at-will employee and, therefore, Plaintiff was subject to termination at any time, with or without cause, so long as said action was not for an unlawful reason.

13. Plaintiff fails to state a claim upon which relief can be granted to the extent Plaintiff has failed to allege specific facts to support each and every element of her claims or otherwise failed to provide legally sufficient details to support her conclusory allegations.

14. Defendant cannot be liable as it had in place effective anti-retaliation policies and reporting procedures and exercised reasonable care to prevent and/or correct such alleged retaliation, and Plaintiff failed to avail himself of these policies and procedures.

## **RESERVATION OF RIGHTS**

Defendant reserves the right to raise additional defenses as discovery progresses.

WHEREFORE, Defendant respectfully prays that the Court:

1. Dismiss with prejudice Plaintiff's Complaint in its entirety;

2. Enter judgment in favor on all claims for relief;

3. Award Defendant its attorney's fees and costs of suit; and,

4. Grant such other and further relief as this Court may deem proper.

DATED this 26th day of April, 2024.

         Respectfully submitted,

         JACKSON LEWIS P.C.
         390 North Orange Avenue, Suite 1285
         Orlando, Florida 32801
         Telephone: (407) 246-8440
         Facsimile: (407) 246-8441


       By: */s/ Justin W. McConnell*
         Justin W. McConnell
         Florida Bar No. 112631
         justin.mcconnell@jacksonlewis.com

         Mackenzie N. Allan
         Florida Bar No. 1031199
         mackenzie.allan@jacksonlewis.com

         Attorneys for Defendant

## CERTIFICATE OF SERVICE

   I HEREBY CERTIFY that on this 26th day of April, 2024, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: Kyle T. MacDonald, Esq., Derek Smith Law Group, PLLC, 520 Brickell Key Drive, Suite O-301, Miami, FL 33131.

         */s/ Justin W. McConnell*
         Justin W. McConnell

4858-6975-6089, v. 3