## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| **ISABELLE FECCIA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **CASE NO. 6:24-cv-00434-JSS-DCI** |
| ) | |
| **BAKER BARRIOS ARCHITECTS,** ) | |
| **INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendant, BAKER BARRIOS ARCHITECTS, INC. ("Baker Barrios"), through its undersigned counsel and pursuant to Rules 8(a)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves to dismiss Counts I-IV of the Complaint [D.E. 1] filed by Plaintiff, ISABELLE FECCIA ("Plaintiff"). In support, Baker Barrios states as follows:

## PRELIMINARY STATEMENT

The grounds for Baker Barrios' Motion are two-fold. First, Plaintiff's claims of sex discrimination (Counts I and III) under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and the Florida Civil Rights Act, Fla. Stat. § 760.01, *et seq.* ("FCRA"), should be dismissed because they fail to state a

claim upon which any relief can be granted. Plaintiff asserts no facts identifying any similarly situated male comparator who was treated more favorably. Second, Plaintiff's claims of sex-based retaliation (Counts II and IV) should also be dismissed for failure to state a claim. Plaintiff fails to plead any protected activity under Title VII or the FCRA.

## <u>STATEMENT OF FACTS</u>[1]

Plaintiff, a female, worked for Baker Barrios as a Senior Interior Designer from January 2020 until April 17, 2023, when she was terminated due to a "restructuring" of her department and for "an alignment of profitability". Compl. ¶ 16, 47-49.

Prior to her termination, on or around 2022, Plaintiff "learned she was pregnant and informed Baker Barrios of her intent to take maternity leave." Compl. ¶ 20. Plaintiff discussed her leave with Lisa Couch, Baker Barrios' HR Director. Compl. ¶ 21. Plaintiff made arrangements with Ms. Couch to "begin her leave in December 2022, and to return to work in April 2023. Compl. ¶ 22. On or around December 12, 2022, Plaintiff began "her pregnancy leave," and later gave birth to her child on or around January 4, 2023. Compl. ¶¶ 23, 25. Plaintiff returned to work on or around April 3, 2023. Compl. ¶ 29.

---

[1] Baker Barrios treats all factual allegations in the Complaint as true solely for purposes of this Motion without waiving its right to later deny and refute those allegations outside the motion to dismiss context should this action proceed.

In deciding to terminate her employment, Plaintiff claims Baker Barrios discriminatorily "targeted [Plaintiff] because she had recently given birth and because she exercised her maternity leave benefits." Compl. ¶¶ 71-72, 95-96. Plaintiff alleges "[n]o similarly situated male employees endured the discriminatory conduct that [Plaintiff] was forced to endure." Compl. ¶¶ 71, 95. As to her retaliation claims, Plaintiff alleges she engaged in a protected activity "when she informed Defendant of her pregnancy and exercised her maternity leave benefits." Compl. ¶¶ 80-81, 104-105.

Because Plaintiff's allegations, even when treated as true do not state claims upon which relief can be granted, this Motion follows.

## ARGUMENT AND INCORPORATED MEMORANDUM OF LAW

Federal Rule of Civil Procedure 12(b)(6) states that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege facts that elevate a right to relief from speculative to plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-559 (2007). It is not enough to show a "possibility" of "entitlement to relief." Instead, the complaint must contain "allegations plausibly suggesting (not merely consistent with)" a valid claim. *Id.* at 557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." *Ashcroft v. Iqbal*, 29 S. Ct. 1937, 1949 (2009); *see also Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).

I.    **Plaintiff's claims of sex discrimination (Counts I and III) should be dismissed for failure to state a claim.**

To establish a *prima facie* claim of sex discrimination under either Title VII or the FCRA[2], Plaintiff must show that "(1) she is a member of a protected class; (2) she was subjected to adverse employment action; (3) her employer treated similarly situated employees who are not members of the plaintiff's class more favorably; and (4) she was qualified for the job . . . at issue." *Crisman v. Fla. Atl. Univ. Bd. of Trs.*, 659 Fed. Appx. 572, 578 (11th Cir. 2016) (internal citations omitted). Plaintiff's Complaint is deficient as to element three.

Although there are pregnancy-related allegations in Plaintiff's Complaint, Plaintiff makes no mention of non-pregnant employees who were treated more favorably than her. Instead, Plaintiff focuses her sex discrimination claim solely on that of gender-based sex discrimination. In this regard, Plaintiff summarily alleges only that, "[n]o similarly situated *male employees* (emphasis added) endured the discriminatory conduct that [Plaintiff] was forced to endure." Compl. ¶¶ 71, 95.

---

[2] "The FCRA is modeled after Title VII, and claims brought under it are analyzed under the same framework, so FCRA claims do not need separate discussion and their outcome is the same as the federal claims." *Fuller v. Edwin B. Stimpson Co.*, 598 Fed. Appx. 652, 653 (11th Cir. 2015).

To state a *prima facie* claim under Title VII or the FCRA and allege a valid comparator, the person identified by the plaintiff must be "similarly situated in all material respects." *See Lewis v. City of Union City, Ga.*, 918 F.3d 1213, 1224-25 (11th Cir. 2019) (holding that this standard is necessary to protect deference to employers' "rational business judgments"); *Sumerlin v. AmSouth Bank*, 242 Fed. App'x 687, 690 (11th Cir. 2007) (internal quotation marks omitted) (this standard prevents "courts from second-guessing a reasonable decision by the employer"). Identification of a comparator is the most common way plaintiffs show that an action taken against them was *caused* by their protected characteristic. *Fails v. Bd. of Trs. of the Univ. of W. Fla.*, 2023 U.S. Dist. LEXIS 156047, *12 (N.D. Fla. 2023).

Plaintiff's Complaint falls far short of sufficiently alleging a valid comparator. Plaintiff does not identify any specific male employee, nor does she assert any facts regarding how any such male employee was similarly situated to her or was treated more favorably than her. Plaintiff's single allegation as to unknown and unidentified "male employees" is simply too conclusory and threadbare. As such, Plaintiff fails to state a claim of sex discrimination and Counts I and III should be dismissed. *See Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1274 (11th Cir. 2004) (granting defendant's motion to dismiss where plaintiff failed to "identify any <u>specific</u> nonminority employees . . . who were treated differently in other similar cases"); *Flemings v. United States Sec. Assocs.*, CASE NO. 18-24861-CIV-

SCOLA/MCALILEY, 2020 U.S. Dist. LEXIS 38724, *20 (S.D. Fla. Mar. 4, 2020) (dismissing complaint where plaintiff alleged that she was replaced by a Hispanic male and "Hispanic males" were treated more favorably; "Such generic allegations are inadequate to state a disparate treatment claim."); *Ashmore v. FAA*, CASE NO. 11-CV-60272-ALTONAGA/Simonton, 2011 U.S. Dist. LEXIS 103623, at *10-12 (S.D. Fla. Sept. 2, 2011) (dismissing discrimination claim in which plaintiff failed to include plausible allegations showing that alleged comparators outside the plaintiff's protected class were treated differently).

### II.   Plaintiff's claims of retaliation (Counts II and IV) should also be dismissed for failure to state a claim.

Title VII makes it illegal for "an employer to discriminate against any of his employees . . . because [s]he has *opposed* any practice made an unlawful employment practice by this subchapter, or because [s]he has *made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter* (emphasis added)." 42 U.S.C. § 2000e—3(a); *Trask v. Sec'y, Dep't of Veterans Affs.*, 822 F.3d 1179, 1193 (11th Cir. 2016). The FCRA provides for the same prohibitions. Fla. Stat. ¶ 760.10(7).

The first portion of Title VII's anti-retaliation provision is commonly referred to as the "opposition clause"; the second is known as the "participation clause." *Edwards v. Chime Sols.*, No. 1:19-cv-4259-LMM-JKL, 2021 U.S. Dist. LEXIS 119408, at *24 (N.D. Ga. Feb. 5, 2021). To establish a *prima facie* case of retaliation,

Plaintiff must show that: (1) she engaged in a statutorily protected activity under either the opposition clause or the participation clause; (2) she suffered a materially adverse employment action; and (3) the adverse action was causally related to the protected activity. *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1277 (11th Cir. 2008).

Plaintiff notifying Baker Barrios of her pregnancy and subsequently taking maternity leave do not constitute opposition or participation under Title VII or the FCRA. As such, Plaintiff's retaliation claims fail as a matter of law. *Demers v. Adams Homes of Northwest Fla., Inc.*, 321 Fed. Appx. 847, 852 (11th Cir. 2009) (holding even where a maternity leave was requested and denied, the request itself does not constitute protected activity "because it alone would not announce opposition to the discriminatory basis for its denial."); *see also Benitez v. True Choice Telecom*, 2020 U.S. Dist. LEXIS 256181, *3-4 (M.D. Fla. March 26, 2020) (dismissing plaintiff's complaint because requesting an accommodation to plaintiff's work schedule and maternity leave were not protected activities; to constitute protected activity, "the employee must communicate her belief that discrimination was occurring"); *Ramjit v. Benco Dental Supply Co.*, No. 6:12-cv-528-Orl-28DAB, 2012 U.S. Dist. LEXIS 102640, at *3 (M.D. Fla. July 24, 2012) (dismissing retaliation claims under Title VII and the FCRA because the taking of a pregnancy leave "is not within the anti-retaliation provisions of Title VII or the FCRA.")

## CONCLUSION

For the reasons set forth above, Defendant Baker Barrios requests the Court enter an Order dismissing Counts I-IV of Plaintiff's Complaint, and for such other relief as this Court deems just and appropriate.

## LOCAL RULE 3.01(g) CERTIFICATION

In compliance with Local Rule 3.01(g), the undersigned certifies that on April 24, 2024, counsel for Baker Barrios and counsel for Plaintiff conferred regarding the grounds of Defendant's Motion and Plaintiff opposes the relief sought.

DATED this 26th day of April, 2024.

Respectfully submitted,

JACKSON LEWIS P.C.
390 North Orange Avenue, Suite 1285
Orlando, Florida 32801
Telephone:   (407) 246-8440
Facsimile:    (407) 246-8441


By:    */s/ Justin W. McConnell*
       Justin W. McConnell
       Florida Bar No. 112631
       justin.mcconnell@jacksonlewis.com

       Mackenzie N. Allan
       Florida Bar No. 1031199
       mackenzie.allan@jacksonlewis.com

Attorneys for Defendant

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of April, 2024, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: Kyle T. MacDonald, Esq., Derek Smith Law Group, PLLC, 520 Brickell Key Drive, Suite O-301, Miami, FL 33131.

*/s/ Justin W. McConnell*
Justin W. McConnell

4889-0267-5128, v. 2