UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ISABELLE FECCIA,

      Plaintiff,                    CASE NO.: 6:24-cv-434-JSS-DCI

v.

BAKER BARRIOS ARCHITECTS, INC.,

      Defendant.
_____/

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

Plaintiff, ISABELLE FECCIA ("Plaintiff" and/or "Ms. Feccia"), by and through her undersigned counsel and pursuant to Rule 26, hereby moves the Court for entry of a protective order, and in support states as follows:

On August 8, 2024, Defendant served its Notice of Intent to Serve Non-Party Subpoenas, including two subpoenas to Plaintiff's current employer seeking an excessively broad range of documents. Plaintiff now seeks a protective order prohibiting Defendant from issuing the subpoenas.

Defendant's subpoenas are overly broad and seek documents irrelevant to the issues in this case. Defendant's requests include, but are not limited to, Plaintiff's disciplinary records, reports of misconduct, work schedules, attendance records, and medical leave requests. Courts in this District have routinely quashed similar overbroad and intrusive subpoenas to current

1

employers. *See, e.g.*, *Maxwell v. Climate First Bank*, No. 8:23-cv-457-JSM-UAM, 2023 U.S. Dist. LEXIS 166767, at *4 (M.D. Fla. Sep. 19, 2023); *Paxton v. Landesk Software, Inc.*, 332 F.R.D. 368, 369 (M.D. Fla. 2019); *Alvarez v. Lakeland Area Mass Transit Dist.*, No. 8:19-cv- 1044-T-33SPF, 2020 WL 13119058, at *1 (M.D. Fla. Feb. 24, 2020); *Premer v. Corestaff Servs., L.P.*, 232 F.R.D. 692, 693 (M.D. Fla. 2005)

Defendant did not attempt to obtain these documents from Plaintiff before seeking them directly from her employer and "fail[s] to adequately explain why they cannot obtain the relevant information requested in the non-party subpoena directly from [Plaintiff]." *Maxwell*, 2023 U.S. Dist. LEXIS 166767, at *4 (M.D. Fla. Sep. 19, 2023); *see also Giannerini v. Embry-Riddle Aeronautical Univ., Inc.*, No. 6:22-cv-2075-RBD-LHP, 2023 U.S. Dist. LEXIS, at *11 161576 (M.D. Fla. Sep. 12, 2023). Defendant's vague justifications for the subpoenas, including the verification of document authenticity and a tenuous link to Plaintiff's damages, are insufficient to justify its sweeping request.

As to the issue of damages, Plaintiff has already conceded that she fully mitigated her losses in her current employment and only seeks lost wages for her period of unemployment, making the requested documents entirely irrelevant. Plaintiff will provide documents sufficient to show her payroll and benefits, which are the only records pertinent to mitigation and damages.

Moreover, records relating to misconduct or poor performance at Plaintiff's current job are entirely irrelevant because any such evidence is inadmissible to prove Plaintiff's character or alleged propensity for misconduct or poor performance under FRE 404. *See Liles v. Stuart Weitzman, LLC*, No. 09-61448-CIV-COHN, 2010 U.S. Dist. LEXIS 53584, at *9-10 (S.D. Fla. May 6, 2010) (collecting cases).

Additionally, the subpoenas pose undue prejudice and a significant risk to Plaintiff's current employment. Courts have recognized that subpoenas directed to a plaintiff's employer under the guise of discovery can be a tool for harassment. *Christina Young v. Ray of Hope Counseling Servs., Inc.*, No. 1:20-cv-03684-LMM-RDC, 2022 U.S. Dist. LEXIS 242762, at *10-11 (N.D. Ga. Mar. 28, 2022) (citing *Rodregues v. CNP of Sanctuary, LLC*, No. 11-80668-CIV, 2011 WL 13135966, at *2 (S.D. Fla. Dec. 22, 2011)).

For these reasons, Plaintiff respectfully requests the Court grant Plaintiff's Motion for Protective Order.

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)**

Undersigned counsel has conferred with counsel for the Defendant via telephone conference and email, who has advised that the Defendant opposes the relief sought herein.

Dated: Miami, Florida
       September 17, 2024,

**DEREK SMITH LAW GROUP, PLLC**
*Counsel for Plaintiff*

<u>/s/ Kyle T. MacDonald</u>
Kyle T. MacDonald, Esq.
Florida Bar No.: 1038749
Derek Smith Law Group, PLLC
520 Brickell Key Dr, Suite O-301
Miami, FL 33131
Tel: (305) 946-1884
<u>Kyle@dereksmithlaw.com</u>

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document is being served on September 17, 2024, on all counsel of record on the service list via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Kyle T. MacDonald*
Kyle T. MacDonald, Esq.

## SERVICE LIST

**JACKSON LEWIS P.C.**

Justin W. McConnell
Florida Bar No. 112631
justin.mcconnell@jacksonlewis.com
Mackenzie N. Allan
Florida Bar No. 1031199
mackenzie.allan@jacksonlewis.com
JACKSON LEWIS P.C.
390 North Orange Avenue, Suite 1285
Orlando, Florida 32801
Telephone: (407) 246-8440
Facsimile: (407) 246-8441

Attorneys for Defendant