UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ISABELLE FECCIA,

       Plaintiff,                       CASE NO.: 6:24-cv-434-JSS-DCI

     v.

BAKER BARRIOS ARCHITECTS, INC.,

       Defendant.
_____/

## PLAINTIFF'S MOTION TO COMPEL BETTER INTERROGATORY RESPONSES

Plaintiff, ISABELLE FECCIA ("Plaintiff" and/or "Ms. Feccia"), by and through her undersigned counsel, hereby moves to compel Defendant to provide better interrogatory responses to Plaintiff's First Set of Interrogatories, and in support states as follows:

1. **Date of Termination Decision**

In response to Interrogatory No. 13, Defendant has failed to provide a specific date for when it decided to terminate Plaintiff as part of the April 2023 reduction in force. This information is critical to Plaintiff's claims, as it provides insight into the decision-making process and any impact Plaintiff's maternity leave may have had on the decision. Despite asserting no objection, Defendant's response fails to meet the standard set by Rule 33(b)(3), which requires full and complete answers to interrogatories. Knowing the precise

1

date(s) of this decision is critical for Plaintiff to assess the legitimacy of the reduction in force and any discriminatory or retaliatory motive. Accordingly, Plaintiff requests that Defendant be compelled to provide this information.

**2. Identification of Employees Considered for Termination**

Defendant's response to Interrogatory No. 17 is similarly deficient. Defendant admits that it initially considered **all interior designers** for the reduction in force but ultimately limited its focus to the Interior Designer 3 position. However, Defendant refuses to provide information on all interior designers considered, despite its acknowledgment that the broader group was initially reviewed. Defendant has now attempted to argue that the term "considered" is vague and that only Interior Designer 3s were ultimately compared, both of which represent a *post hoc* attempt by Defendant to narrow its discovery obligations.

Defendant's selective disclosure undermines Plaintiff's ability to explore whether the reduction in force was executed in a non-discriminatory manner and prevents Plaintiff from establishing the context of Defendant's decision-making. Defendant's response clearly articulates that Defendant considered all interior designers for the reduction in force, and later limited its scope to Senior Interior Designers. Defendant's decision to focus on the Senior Interior Designer position and exclude the healthcare department based on profitability goes directly "to determining the context of the selection of

employees for inclusion in the reduction in force and ultimately whether the terminations were part of a legitimate reduction in force." *See Curley v. Stewart Title Guar. Co.*, No. 2:18-cv-9-FtM-99CM, 2018 U.S. Dist. LEXIS 217270, at *15 (M.D. Fla. Dec. 28, 2018)

Moreover, Defendant's belated objections to the term "considered" should be disregarded. Defendant never asserted any specific objections or sought clarification during discovery and thus waived any claim that the term is ambiguous. See *Siddiq v. Saudi Arabian Airlines Corp.*, No. 6:11-cv-69-Orl-19GJK, 2011 U.S. Dist. LEXIS 151474, 2011 WL 6936485, at *3 (M.D. Fla. Dec. 7, 2011) (holding that failure to timely object precludes a party from later asserting objections in response to a motion to compel).

For these reasons, Plaintiff respectfully requests that the Court compel Defendant to provide the precise date of Plaintiff's termination decision and all information regarding interior designers considered for termination as part of the reduction in force.

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)**

Undersigned counsel has conferred with counsel for the Defendant via telephone conference and email, who has advised that the Defendant opposes the relief sought herein. Counsel for the Defendant has further advised that Defendant plans on providing amended responses for these topics but did not agree to provide the specific information sought herein.

Dated: Miami, Florida  **DEREK SMITH LAW GROUP, PLLC**
September 17, 2024,  *Counsel for Plaintiff*

/s/ Kyle T. MacDonald
Kyle T. MacDonald, Esq.
Florida Bar No.: 1038749
Derek Smith Law Group, PLLC
520 Brickell Key Dr, Suite O-301
Miami, FL 33131
Tel: (305) 946-1884
Kyle@dereksmithlaw.com

4

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document is being served on September 17, 2024, on all counsel of record on the service list via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Kyle T. MacDonald*
Kyle T. MacDonald, Esq.

## SERVICE LIST

**JACKSON LEWIS P.C.**

Justin W. McConnell
Florida Bar No. 112631
justin.mcconnell@jacksonlewis.com
Mackenzie N. Allan
Florida Bar No. 1031199
mackenzie.allan@jacksonlewis.com
JACKSON LEWIS P.C.
390 North Orange Avenue, Suite 1285
Orlando, Florida 32801
Telephone: (407) 246-8440
Facsimile: (407) 246-8441

Attorneys for Defendant