UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| ISABELLE FECCIA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CASE NO. 6:24-cv-00434-JSS-DCI |
| BAKER BARRIOS ARCHITECTS, INC., | ) ) ) ) |
| Defendant. | ) ) ) |

**DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR PROTECTIVE ORDER [DOC.29]**

Defendant responds to Plaintiff's Motion for Protective Order as follows:

Despite Plaintiff's contention she "conceded that she fully mitigated her losses in her current employment and only seeks lost wages for her period of employment," Plaintiff <u>is claiming</u> lost wages of $11,712.15, lesser pay in her new employment, front wages, $1,500,000.00 in emotional distress damages and $3,000,000.00 in punitive damages. **Ex.A; Doc. 21, ¶s 75, 86, 102, 114.** Plaintiff has <u>not</u> so stipulated—or amended her Complaint or Rule 26 disclosures—otherwise.

On August 8, 2024, Defendant served discovery. **Ex.B**. On August 19, 2024, via teleconference, Defendant requested Plaintiff verify possession of each of the subpoenaed records. Plaintiff's counsel responded he was "unsure." On August

1

30, 2024, via email, Defendant again requested Plaintiff verify possession; Plaintiff never responded. **Ex.C**. Plaintiff now seeks protective order because Defendant allegedly—which Defendant refutes—"did not attempt to obtain these records from Plaintiff," even though Plaintiff <u>refuses to confirm she is even in possession of the records subpoenaed</u>.

Although Defendant is not required to request employment documents from Plaintiff prior to or in lieu of a subpoena, Defendant did, and Plaintiff did not respond. **Ex.B**; *United States ex rel. Zafirov v. Physician Partners, LLC*, No.8:19-cv-1236-KKM-SPF, 2024 U.S. Dist. LEXIS 32992, *13-14 (M.D.Fla. Feb. 27, 2024); *Stewart v. Auto. Quality & Logistics*, No.2:17-cv-02153-JHE, 2018 U.S. Dist. LEXIS 244061, *12-13 (N.D.Ala. Dec. 11, 2018); *Barlow v. Dupree Logistics, LLC*, No.1:14-BE-1808-E, 2015 U.S. Dist. LEXIS 102371, *21-22 (N.D.Ala. Aug. 5, 2015).

Plaintiff's conclusory claims of "undue prejudice" and "significant risk" fail to meet the "<u>particular and specific demonstration of fact supporting the need for a protective order</u>." *Griffin v. Nivel Parts & Mfg. Co., LLC*, No.3:22-cv-1346-HLA-MCR, 2024 U.S. Dist. LEXIS 71444, *6 (M.D.Fla. Mar. 7, 2024) (emphasis added). Plaintiff publicly filed her lawsuit. It is thus capable of becoming known to her current employer—if not already known—regardless of Defendant's subpoena. Plaintiff placed her current employment records at issue by filing her Complaint.

Defendant's subpoena is not overbroad and is directly targeted to the claims and damages Plaintiff has placed into controversy. Plaintiff asserts <u>millions of dollars</u> in alleged emotional distress and wage damages. The documents sought by subpoena are highly relevant to Plaintiff's claimed damages, mitigation, and the type, extent, and intervening causes of allegedly ongoing emotional distress. *Id.*; *Cendan*, 2021 U.S. Dist. LEXIS 125731; *O'Reilly*, 2020 U.S. Dist. LEXIS 266559; *Gray v. Koch Foods, Inc.*, No.2:17-cv-595-RAH-JTA, 2020 U.S. Dist. LEXIS 262164 (M.D.Ala. Apr. 27, 2020); *Stewart*, 2018 U.S. Dist. LEXIS 244061; *Barlow*, 2015 U.S. Dist. LEXIS 102371; *Zerebny v. Lab. Corp. of Am.*, No.3:10-cv-405-J-20MCR, 2010 U.S. Dist. LEXIS 15403, (M.D.Fla. Nov. 22, 2010); *Djahed v. Boniface & Co.*, No.6:08-cv-962-Orl-18GJK, 2008 U.S. Dist. LEXIS 145873 (M.D.Fla. Sept. 26, 2008). Defendant does not seek the records for character or propensity reasons, nor has it ever represented such intent – nor are Defendant's justifications vague, tenuous, or inappropriate.

DATED this 23rd day of September, 2024.

|  | Respectfully submitted,<br><br>JACKSON LEWIS P.C.<br>390 North Orange Avenue, Suite 1285<br>Orlando, Florida 32801<br>Telephone:   (407) 246-8440<br>Facsimile:    (407) 246-8441<br><br>By:    */s/ Justin W. McConnell*<br>         Justin W. McConnell |

|  | Florida Bar No. 112631<br>justin.mcconnell@jacksonlewis.com<br><br>Mackenzie N. Allan<br>Florida Bar No. 1031199<br>mackenzie.allan@jacksonlewis.com<br><br>Attorneys for Defendant |
|---|---|

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 23rd day of September, 2024, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: Kyle T. MacDonald, Esq., Derek Smith Law Group, PLLC, 520 Brickell Key Drive, Suite O-301, Miami, FL 33131.

                                              */s/ Justin W. McConnell*
                                              Justin W. McConnell

4877-8342-2950, v. 3