UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**EXHIBIT A**

ISABELLE FECCIA,

      Plaintiff,                    CASE NO.: 6:24-cv-00434-JSS-DCI

v.

BAKER BARRIOS ARCHITECTS, INC.,

      Defendant.
_____/

## **PLAINTIFF'S INITIAL DISCLOSURES**

Pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, Plaintiff, ISABELLE FECCIA, ("Plaintiff" and/or "Ms. Feccia"), by and through her undersigned counsel, hereby makes the following initial disclosures:

### **I. Preliminary Statement**

1. This disclosure statement is submitted without waiver of any applicable privilege or protection from disclosure, such as the attorney-client and/or work-product privileges.

2. Plaintiff reserves the right to object to discovery and/or admissibility at trial of any information contained in or derived from this disclosure statement.

3. Plaintiff does not concede the relevancy of any information contained in or derived from this disclosure statement.

4. Plaintiff reserves the right to rely upon the individuals identified in this disclosure statement for subjects other than those identified

1

    herein for any reason, including, but not limited to, responding to Defendant's disclosures, discovery requests, evidence, and testimony.

5. Plaintiff reserves the right to supplement these disclosures if and when additional responsive information becomes available.

6. Plaintiff reserves her right to rely upon those individuals and documents identified in Defendant's disclosure statement.

## II. Identity of Individuals Likely to Have Discoverable Information

Plaintiff reasonably believes that the following individuals may have knowledge or information that Plaintiff will rely on to support her claims:

1. Ms. Isabelle Feccia, Plaintiff
   c/o Derek Smith Law Group, PLLC
   520 Brickell Key Dr, Suite O-301
   Miami, Florida 33131

   Plaintiff has knowledge regarding Plaintiff's employment with Defendant; the claims and allegations made in the Complaint and throughout the agency proceeding; and the emotional toll the Defendant's discriminatory treatment took on Plaintiff during and after Plaintiff's employment.

2. Baker Barrios Architects, Inc., Defendant
   c/o Jackson Lewis P.C.
   390 N. Orange Avenue, Suite 1285
   Orlando, FL 32801

   Defendant likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Complaint, and treatment of similarly situated employees.

3. Lisa Couch
   c/o Jackson Lewis P.C.
   390 N. Orange Avenue, Suite 1285
   Orlando, FL 32801

Lisa Couch likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Complaint, and treatment of similarly situated employees.

4. Meghan Dietz
   c/o Jackson Lewis P.C.
   390 N. Orange Avenue, Suite 1285
   Orlando, FL 32801

   Meghan Dietz likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Complaint, and treatment of similarly situated employees.

5. Jed Prest
   c/o Jackson Lewis P.C.
   390 N. Orange Avenue, Suite 1285
   Orlando, FL 32801

   Jed Prest likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Complaint, and treatment of similarly situated employees.

6. Marilyn Russell
   c/o Jackson Lewis P.C.
   390 N. Orange Avenue, Suite 1285
   Orlando, FL 32801

   Marilyn Russell likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Complaint, and treatment of similarly situated employees.

7. Angela Reed
   c/o Jackson Lewis P.C.
   390 N. Orange Avenue, Suite 1285
   Orlando, FL 32801

   Angela Reed likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Complaint, and treatment of similarly situated employees.

8. Stephen Feccia, Plaintiff's Spouse
   c/o Jackson Lewis P.C.
   390 N. Orange Avenue, Suite 1285
   Orlando, FL 32801

   Stephen Feccia likely has knowledge regarding Plaintiff's employment, the claims alleged in the Complaint, and Plaintiff's emotional distress and damages incurred.

9. Plaintiff's Medical Providers

   a. Peggy Hemmer
      Brightside Health
      5427 Oak Terrace Drive
      Edgewood, FL 32839

   b. Chloe Murray
      Orlando Health
      21 W Columbia St
      Orlando, FL 32806

   Plaintiff's medical providers likely have knowledge regarding Plaintiff's medical treatment, Plaintiff's emotional distress experienced as a result of Defendant's conduct, and the resulting damages incurred by Plaintiff.

10. All witnesses identified by Plaintiff and/or Defendant throughout the course of discovery in this matter.

Plaintiff reserves the right to supplement/amend this response as more information becomes available and as may be appropriate and necessary.

### III. Documents, Data Compilations, and Tangible Things That Plaintiff May Use to Support Her Claim

Based on a reasonable investigation to date, Plaintiff identifies the following categories of documents, electronically stored information, and

4

tangible things that are in the possession, custody, or control of Plaintiff and may be used to support Plaintiff's claims, unless the use would be solely for impeachment:

1. Plaintiff's personnel file and other employment-related records, including, but not limited to, Plaintiff's job description, and documents related to Plaintiff's compensation and benefits, leaves, and termination/resignation of employment.

2. Defendant's employment policies and procedures, including policies and procedures pertaining to discrimination, harassment, and/or retaliation.

3. Documents pertaining to correspondence, emails, and text messages exchanged between Plaintiff and Defendant.

4. Documents obtained during the investigation by any administrative agency, including the Equal Employment Opportunity Commission, Florida Commission on Human Relations, or local fair employment practices agency.

5. Documents pertaining to Plaintiff's mitigation of damages, including job application materials.

6. Plaintiff's medical records.

7. Documents pertaining to comparator employees, including all employment-related records for the comparator employees.

8. Documents produced in response to subpoenas or public records requests.

Plaintiff reserves the right to supplement/amend this response as more information becomes available and as may be appropriate and necessary.

## IV. Damages

Based on a reasonable investigation to date, Plaintiff identifies the following categories of damages that Plaintiff has incurred as a result of Defendant's unlawful conduct. These damages include, but are not limited to, economic losses, non-economic losses, and any other damages permitted under applicable law. The following summary represents Plaintiff's good faith estimate of the damages incurred, which may be supplemented or amended as additional information becomes available through the course of discovery:

1. **Lost Wages:** Plaintiff claims damages for her lost wages. Plaintiff was unemployed from the date of her termination until approximately June 1, 2023. Plaintiff claims lost wages for this period of unemployment in the amount of $11,712.15 (roughly $260.27 per day x 45 days).

   To date, Plaintiff's total lost wages equal approximately $11,712.15. Plaintiff reserves the right to seek the difference in pay in her new employment following her termination by the Defendant. Plaintiff further reserves the right to seek lost wages up until the date of trial and the right to seek reinstatement and/or front pay, as well as any other equitable remedy available

2. **Medical Expenses:** Plaintiff claims reimbursement for medical expenses and/or out-of-pocket costs resulting from her unlawful termination.

3. **Emotional Distress Damages:** Plaintiff claims emotional distress damages of $1,500,000. This amount reflects damages that a jury might award based on the severe emotional distress Plaintiff has suffered as a result of working for the Defendant.

4. **Punitive Damages:** Plaintiff claims punitive damages in the amount of $3,000,000. This amount reflects damages that a jury might award

6

      based on the Plaintiff's experience and the Defendant's willful and intentional conduct

5. **Attorney's Fees:** Plaintiff will also seek attorney's fees as a prevailing party.

Plaintiff reserves the right to supplement/amend this response as more information becomes available and as may be appropriate and necessary.

## V. Insurance Information

      Not applicable.

| | |
|---|---|
| Dated: Miami, Florida<br>June 14, 2024, | **DEREK SMITH LAW GROUP, PLLC**<br>*Counsel for Plaintiff*<br><br>/s/ Kyle T. MacDonald<br>Kyle T. MacDonald, Esq.<br>Florida Bar No.: 1038749<br>Derek Smith Law Group, PLLC<br>520 Brickell Key Dr, Suite O-301<br>Miami, FL 33131<br>Tel: (305) 946-1884<br>Fax: (305) 503-6741<br>Kyle@dereksmithlaw.com |

*[Certificate of service on the following page]*

7

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document is being served on June 14, 2024, on all counsel of record on the service list below via email.

By: <u>*/s/ Kyle T. MacDonald*</u><br>Kyle T. MacDonald, Esq.

## SERVICE LIST

**JACKSON LEWIS P.C.**

Justin W. McConnell
Florida Bar No. 112631
justin.mcconnell@jacksonlewis.com
Mackenzie N. Allan
Florida Bar No. 1031199
mackenzie.allan@jacksonlewis.com
JACKSON LEWIS P.C.
390 North Orange Avenue, Suite 1285
Orlando, Florida 32801
Telephone: (407) 246-8440
Facsimile: (407) 246-8441

Attorneys for Defendant