**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**EXHIBIT**

**B**

|  |  |  |
|---|---|---|
| **ISABELLE FECCIA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO. 6:24-cv-00434-JSS-DCI** |
| | ) | |
| **BAKER BARRIOS ARCHITECTS,** | ) | |
| **INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF**

Defendant, BAKER BARRIOS ARCHITECTS, INC. ("Defendant"), through its undersigned counsel, and pursuant to Fed. R. Civ. P. 33, propounds the following interrogatories to Plaintiff, ISABELLE FECCIA ("Plaintiff"), to be answered under oath and in writing within 30 days.

**INSTRUCTIONS**

A.    Each interrogatory is intended to, and does, request that each and every part and particular thereof be answered with the same force and effect as if each part and particular were the subject of, and were asked by, a separate interrogatory.  Where an interrogatory relates to more than one person or subject it is to be answered as to each such person or subject separately.

B.      You are to furnish all information that is available to you as of the date of your answers to these interrogatories.  If you are unable to answer any of the interrogatories fully and completely, after exercising due diligence to secure the information necessary to make such full and complete answer, so state, and answer each such interrogatory to the fullest extent possible, specifying the extent of your knowledge and your inability to answer the remainder, setting forth whatever information or knowledge you may have concerning the unanswered portions thereof and the efforts you made to obtain the requested information.

C.      With respect to the answer to each interrogatory, or subpart thereof, identify all persons and documents consulted by you in preparing your answer thereto, and state the source of the information given therein with as much particularity as is reasonably possible, including, without limitation, the identity of each person who provided any information included in such answer.  In addition, identify each other person known or believed to have some or all of the information sought in such interrogatory of subpart thereof.

D.      When an interrogatory or any of its subparts calls for you to set forth the factual basis of any of your allegations or any of your answers, the request calls for you to set forth and describe each fact and identify each document which you contend tends to support your allegation or answer and identify each person who possesses facts supporting your allegation or answer.

2

E.    If you object to fully identifying a document or oral communication because of a privilege, you must nevertheless provide the following information, unless divulging the information would disclose the privileged information:

(1) the nature of the privilege claimed (including work product);

(2) if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

(3) the date of the document or oral communication;

(4) if a document: its type (correspondence, memorandum, facsimile, etc.), custodian, location, and such other information sufficient to identify the document for a subpoena duces tecum or a document request, including where appropriate the author, the addressee; and if not apparent, the relationship between the author and addressee;

(5) if an oral communication: the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

(6) the general subject matter of the document or oral communication.

F.    Unless otherwise specified, the period covered by these interrogatories is the period commencing with the first act or condition giving rise to the liability alleged to exist in the Complaint, or the first act or condition which

you allege provides background evidence with respect to the liability alleged to exist in the Complaint, up to and including the present.

G.     If your answer to any interrogatory refers to or identifies a document that once existed, but it no longer exists, state the circumstances under which it was destroyed or ceased to exist, including:

(a)     The identity of each person who determined that each such document would be removed or destroyed;

(b)     The identity of each person who authorized the destruction or removal of each such document;

(c)     The identity of each person who removed or destroyed each such document;

(d)     The substance and content of each such document;

(e)     The date and location at which and the manner in which each such document was removed or destroyed.

## DEFINITIONS

As used herein:

A.     The term **"Plaintiff," "you," "your"** or **"Feccia"** shall mean Plaintiff, Isabelle Feccia, and all agents, attorneys, or investigators, and other representatives of Plaintiff in their capacity as such.

B.      **"Defendant"** or **"Baker Barrios"** shall mean Defendant, Baker Barrios, Inc.

C.      "**Complaint**" and "**Action**" refer to the action Plaintiff filed that is presently pending in the United States District Court of the Middle of Florida, Orlando Division as *Isabelle Feccia v. Baker Barrios Architects, Inc.*, Case No. 6:24-cv-00434-JSS-DCI, including the original complaint and all amended complaints.

D.      The term "**concerning**" shall be construed to include, without limitation, referring to, relating to, describing, regarding, evidencing, constituting, reflecting, comprising, containing, embodying, mentioning, showing, supporting, contradicting, and discussing as required by the context to bring within the scope of these requests any documents or information that might be deemed outside their scope by another construction.

E.      "**Describe**," "**describing**" and "**set forth**" mean to state the substance of the event, circumstances, communication, representation, conversation, meeting transaction, occasion or other occurrence in question; the date, time, place and identity of all persons present there at or participating therein; that which each such person said and did; the approximate duration of such occurrence; the method of means of communication employed; the identity of all documents relating thereto; and the identity of all persons having knowledge of such

occurrence; as well as the date and means when and whereby such knowledge was first acquired.

F.    The words "**pertain to**" or "**pertaining to**" shall mean related to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

G.    The words "**relate or refer to**" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, or reflecting upon a stated subject matter.

H.    "**Communication(s)**" means any meeting, conversation, discussion, correspondence, message or other occurrence whereby thoughts, opinions, or data are transmitted between two or more persons.

I.    "**Oral communication**" means any verbal conversation or other statement from one person to another, including, but not limited to, any interview, conference, meeting or telephone conversation.

J.    "**Document**" or "**documents**" means the original and any identical or non-identical copy, regardless of origin or location, of any writing or record of any type or description, including, but not limited to, the original and any copy of any book, pamphlet, periodical, letter, memorandum, telegram, report, record, study, handwritten or other note, working paper, chart, paper, graph, index, tape, disc,

6

data sheet or data processing card, correspondence, table, analysis, schedule, diary, message (including, but not limited to, reports of telephone conversations or conferences), magazine, booklet, circular, bulletin, instruction, minutes, other communication (including inter-office or intra-office communications), purchase order, bill of lading, bid tabulation, questionnaire, survey, contract, option to purchase, memorandum of agreement, assignment, license, book of account, order, invoice, statement, bill (including, but not limited to, telephone bills), check, voucher, notebook, film, photograph, photographic negative, phone record, tape recording, wire recording, transcript of recordings, drawing, catalogue, brochure, any other data compilations from which information can be obtained and translated through detection devices into reasonably usable form, including, but not limited to, CD, DVD, external or internal hard drives, thumb drives, or any other tangible thing that records information in any way, if necessary, which constitute or contain discoverable matters including all programs necessary for accessing any electronically stored information.  The term "**document**" shall also include all electronically stored information ("**ESI**"), which is information created, manipulated, stored, and best utilized in digital form, requiring the use of computer hardware and software.  ESI includes, but is not limited to e-mails, internet message boards, social networking activity, and text messages.

K.      "**Identify**," "**identity**," or "**identification**" when used in reference to a document, means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including (1) the type of document (i.e., correspondence, memorandum, facsimile, etc.);  (2) the general subject matter of the document; (3) the date of the document; (4) the author of the document; (5) the addressee of the document; and (6) the relationship of the author and addressee to each other.

L.      "**Identify**," "**identity**," or "**identification**" when used in reference to an individual, shall mean to state his or her full and present or last known address (including zip code), phone number and present or last known position or business affiliation (designating which), and the job description.

M.      "**Identify**," "**identity**," or "**identification**" when used in reference to a firm, partnership, corporation, proprietorship, or association, shall mean to state its full name and present or last known address (designating which) and to state the name and address of each person within the entity likely to have knowledge of the relationship between the entity and Plaintiff.

H.      "**Person**" means a natural person, firm, proprietorship, partnership, trust, association, corporation or any other type of organization or entity.

I.      "**Agent**" shall mean: any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on the behalf of another.

J.      The terms "**third party**" or "**third parties**" refers to individuals or entities that are not a party to this action.

K.      "**Date**" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

L.      The singular shall include the plural and vice versa; the terms "**and**" and "**or**" shall be both conjunctive and disjunctive; and the term "**including**" means "including without limitation."

## <u>INTERROGATORIES</u>

### <u>INTERROGATORY NO. 1:</u>

Identify each and every person who provided you with information or assistance

in preparing the answers to these Interrogatories.

**ANSWER:**

**INTERROGATORY NO. 2:**

Identify all employment, including part-time, full-time, and temporary positions, and any other source(s) of income (including self-employment) which you have applied to, held, or been offered since May 1, 2014 through the present, including:

    a.  The employer or source of income;

    b.  The employer's address;

    c.  The identity of your immediate supervisor;

    d.  The relevant date(s) (including commencement and termination);

    e.  The position(s) you held;

    f.  Your wages or salary;

    g.  Any benefits you received (such as insurance and savings plans);

    h.  The average hours worked per week; and

    i.  The reason for your separation from that employment.

**ANSWER:**

**<u>INTERROGATORY NO. 3:</u>**

Describe all income you have received since April 17, 2023, including the source of such income and the date you received it. This request includes, but is not limited to, disability benefits, temporary income benefits, short-term and long-term disability benefits, unemployment benefits, social security benefits, welfare benefits, and any wages or payments from subsequent employment (including self-employment).

**ANSWER:**

**INTERROGATORY NO. 4:**

If you have ever been arrested or convicted of any felony or misdemeanor involving moral turpitude, please identify each crime, the date of arrest, arresting authority, the court and county and state in which any criminal proceeding against you was held, and the disposition of each charge.

**ANSWER:**

**<u>INTERROGATORY NO. 5:</u>**

Identify any legal proceeding, litigation, arbitration, and/or administrative agency proceedings (including but not limited to any divorce, bankruptcy, civil lawsuits, unemployment compensation claims, social security administration claims, EEOC charges, or criminal matters), other than the Complaint and the Charge, in which you have ever been a party. Identify your role (i.e., plaintiff, defendant, claimant, respondent), the case name, case number, court or forum, and the nature of the litigation and the disposition.

**ANSWER:**

**INTERROGATORY NO. 6:**

Please identify all mobile telephone numbers (including service provider); email addresses; and social media accounts (e.g., Facebook, Messenger, Twitter, LinkedIn, Snapchat, Instagram) you have used from January 13, 2020 until now (a) to communicate with any employee of Defendant or (b) to communicate with any person regarding your employment with Defendant and/or the allegations in the Complaint.  To identify social media accounts, state the account name, username, email or mobile phone number linked to the account, and any other method of identification used for each account.

**ANSWER:**

**INTERROGATORY NO. 7:**

Please identify each instance of "unlawful discrimination, retaliation, and interference" to which you claim Defendant subjected you during your employment from January 13, 2020 through April 17, 2023; in doing so, please state the factual circumstances underlying each alleged instance, explain each and every reason for your contention that Defendant discriminated against you, retaliated against you, or interfered with your rights under the FMLA with reference to each instance you identify, identify by name and title each employee of Defendant whom you believe discriminated against you, retaliated against you, or interfered with your rights under the FMLA, and, for each person, describe the specific conduct which you believe was discriminatory or retaliatory.

**ANSWER:**

**INTERROGATORY NO. 8:**

Please list every person (other than counsel) with whom you have communicated, either orally or in writing, from January 13, 2020 through the date of your answer to this interrogatory, regarding the following topics:

      a.   your pregnancy, your pregnancy/FMLA leave, or your termination;

      b.   feedback or disciplinary action with regard to your performance or attendance at work;

      c.   your claim that Defendant discriminated or retaliated against you because of your pregnancy or your FMLA leave;

      d.   your claim that Defendant interfered with, restrained, or denied your rights under the FMLA; or

      e.   your claim that Defendant interfered with, restrained, or denied your rights under the FMLA;

      f.   your claim that you suffered damages as a result of the incidents which are the subject of this case.

For each person listed, please state the person's name, the time and place of the discussion, the topics you discussed, any how you communicated with the person (for example, in person or by text, email, telephone, social media, *etc.*).

**ANSWER:**

**INTERROGATORY NO. 9:**

Please list every person who you reasonably believe has knowledge of material facts underlying your claims in this Complaint.  For each person listed, please state: (1) the person's name, address, and telephone number; (2) what knowledge you believe the person to possess; (3) whether you discussed potential testimony with the person; and (4) whether the person has provided a written statement or notes.

**ANSWER:**

**<u>INTERROGATORY NO. 10</u>:**

If you contend that Defendant has made any admission of your claims, please list and precisely describe each admission, including the date of the alleged admission, to whom the alleged admission was made, the manner in which the alleged admission was made, and the substance of the alleged admission.

**ANSWER:**

**INTERROGATORY NO. 11:**

Identify each and every one of Defendant's non-pregnant employee(s) who you contend was similarly situated to you "in all material respects," and as to each such employee identified, state and explain each and every reason why said employee was similarly situated to you "in all material respects."

**ANSWER:**

**<u>INTERROGATORY NO. 12:</u>**

Identify by name(s) and title(s) the individuals you identified in your answer to Interrogatory #11 whom you claim Defendant treated more favorably than you, describe the more favorable treatment you believe each such person received, describe every term or condition of their employment(s) which you contend was different than your own, and identify the individual(s) whom you believe provided such favorable treatment to them.

**ANSWER:**

**INTERROGATORY NO. 13:**

If you contend that you were more qualified for retention or promotion than the employees who were selected for retention or promotion by Defendant in April 2023, state and explain each and every reason constituting the basis for your contention.

**ANSWER:**

**INTERROGATORY NO. 14:**

Please identify, describe, and explain the position for which Defendant hired you, including identifying the team(s) on which you worked, the job duties you performed, the feedback or discipline you received regarding your performance on various projects on which you worked, and how your position, job duties, and team(s) changed from January 14, 2020 through April 17, 2023. In answering this interrogatory, if you contend that you were an "exceptional employee" of Defendant, state and explain each and every reason constituting the basis for your contention.

**ANSWER:**

**<u>INTERROGATORY NO. 15</u>:**

Are you aware of any formal or informal complaints or grievances made against you by employees of Defendants? If so, please identify:

    a.  The nature and basis of each complaint or grievance;

    b.  The date of each complaint or grievance;

    c.  The person who raised each complaint or grievance;

    d.  The individual to whom each complaint or grievance was brought; and

    e.  The action(s) taken by the Company in response to such complaint or grievance.

**ANSWER:**

**<u>INTERROGATORY NO. 16</u>:**

Regarding your claims for damages, including compensatory relief, emotional distress, and mental anguish please specifically describe any and all emotional distress, physical distress, emotional pain, humiliation, suffering, loss of enjoyment of life, mental anguish, loss of dignity, non-pecuniary and other intangible damages you alleged to have suffered as a result of Defendant's alleged discrimination, retaliation, and inference.

**<u>INTERROGATORY NO. 17</u>:**

Regarding your claims for damages, including compensatory relief, emotional distress, and mental anguish please state all facts which support such claims and identify:

a.  State the precise dollar amount of monetary damages you claim;

b.  State the method or methods by which the amount of damages you claim was calculated;

c.  State and itemize with specificity the amount and nature of each category of damages you claim (e.g. lost wages, lost income, out of pocket expenses, attorneys' fees, emotional distress, etc.);

d.  State the nature of any non-monetary damages;

e.  Identify any witness or person with knowledge of the damages you claim; and

f.  Identify every document upon which you relied in answering this interrogatory, or which relates in any way to the information requested in this interrogatory.

**ANSWER:**

**INTERROGATORY NO. 18:**

Regarding your claims for damages, including compensatory relief, emotional distress, and mental anguish please state all facts which support such claims and identify:

    a.  Name and address of all treating physicians, psychologists, or other clinical or medical personnel who have treated said emotional distress, mental anguish or illness;

    b.  A summary of the treatment received from each medical provider;

    c.  The date(s) of such treatment;

    d.  The purpose of each such consultation, examination, and/or periods of treatment;

    e.  All reports by any of the medical providers;

    f.  The physical location of the medical records of the treating physician or health care professional;

    g.  All medical bills and costs associated with this claim; and

    h.  Any other evidence of harm and/or distress and/or anguish and states its location and its place in the documents provided in response to Defendant's Requests for Production.

**ANSWER:**

**<u>INTERROGATORY NO. 19</u>:**

Have you ever been admitted to any hospital or other medical institution, or been under the treatment and care of any physician in the past ten (10) years? If so, please state:

a.  The full name and address of each such hospital or other medical institution and each such physician;

b.  The inclusive dates of confinement of each such hospital or medical institution and the dates of treatment by any such physician; and

c.  The reason for your confinement in such hospital or medical institution, and the condition or conditions for which you were treated by such physician.

**ANSWER:**

**INTERROGATORY NO. 20:**

Identify any and all medications prescribed to you by any health care professional for the past ten (10) years, and specifically identify:

    a.  The date range/period and frequency each medication was taken;

    b.  The purpose of each such medication;

    c.  The medical provider who prescribed each such medication; and

    d.  The physical location of the medical records regarding the prescription of each such medication.

**ANSWER:**

## <u>VERIFICATION</u>

I have reviewed the above Answers to Interrogatories, and verify that they are true and correct under the penalty of perjury.

_____
ISABELLE FECCIA

STATE OF _____        )
                                )  SS.
COUNTY OF_____          )

SWORN TO AND SUBSCRIBED BEFORE ME, this ____ day of _____, 2024, by _____ ISABELLE FECCIA**,** by means of ☐ physical presence or ☐ online notarization, and ☐ who is personally known to me or ☐ produced _____ as identification.

_____
Notary Public

My Commission Expires:

DATED this 8th day of August, 2024.

|  | Respectfully submitted, |
|---|---|
|  | JACKSON LEWIS P.C. |
|  | 390 North Orange Avenue, Suite 1285 |
|  | Orlando, Florida 32801 |
|  | Telephone:   (407) 246-8440 |
|  | Facsimile:    (407) 246-8441 |
|  |  |
|  | By:    */s/ Justin W. McConnell* |
|  |        Justin W. McConnell |
|  |        Florida Bar No. 112631 |
|  |        justin.mcconnell@jacksonlewis.com |
|  |  |
|  |        Mackenzie N. Allan |
|  |        Florida Bar No. 1031199 |
|  |        mackenzie.allan@jacksonlewis.com |
|  |  |
|  | Attorneys for Defendant |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of August, 2024, served via email to:  Kyle T. MacDonald, Esq., Derek Smith Law Group, PLLC, 520 Brickell Key Drive, Suite O-301, Miami, FL 33131.

*/s/ Justin W. McConnell*
Justin W. McConnell

4890-5342-6111, v. 2

31

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | | |
|---|---|---|
| ISABELLE FECCIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 6:24-cv-00434-JSS-DCI |
| | ) | |
| BAKER BARRIOS ARCHITECTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### DEFENDANT'S FIRST REQUEST TO PRODUCE TO PLAINTIFF

Defendant, BAKER BARRIOS ARCHITECTS, INC., ("Defendant"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 34, hereby requests that Plaintiff, ISABELLE FECCIA ("Plaintiff"), respond to this Request and produce the requested documents for inspection and copying to Justin McConnell and Mackenzie Allan, Jackson Lewis, P.C., 390 N. Orange Avenue, Suite 1285, Orlando, Florida 32801, within thirty (30) days of service of this Request, in accordance with the following Definitions and Instructions. All of the Requests are continuing, requiring production of any responsive documents as they come into your possession, custody or control.

## INSTRUCTIONS

A.     In responding to these Requests, produce all documents and things that are in your custody, possession, or control, including documents and things in the custody, possession, or control of your attorneys, investigators for your attorneys, independent accountants, agents, or any person acting on behalf of or in concert with you or with any of these individuals, and not merely documents and things from your own personal files.

B.     If you cannot respond to any of the following Requests in full, respond as completely as possible, specifying the nature (if known) and reasons why you are unable to respond in full, and provide whatever information you have concerning the unprovided things, documents, or portions of documents, including the source or sources from which the things, documents, or portions of documents can be obtained and that portion of the documentation that can be produced.

C.     If documents or things requested are not reasonably available to you in precisely the form requested, or for the particular date or period specified, but could be produced in a modified form and/or for a slightly different date or period, then you are requested to respond to that request in such modified form or for such different date or period.

D.      If any document or thing that is responsive to a request is incomplete or has been altered, state in what respect the document or thing is incomplete or altered, and explain the reasons therefor.

E.      Each request shall be responded to by number, and if no documents are produced for a particular request, a specific reason for failure to produce shall be stated.

F.      If the documents requested in this Request are unavailable because they have been destroyed or lost, identify which documents were destroyed or lost by date, author, addressee and subject matter; if the documents were destroyed, state when, why, how and by whom they were destroyed; and state further the identity of the person(s) ordering, authorizing, and supervising such disposition, the reason for the disposition and the person(s) performing such disposition, and the identity of all persons having knowledge of such document or thing, or the substance or contents of the document or the nature of the thing disposed of, and the identity of all persons having knowledge of such document or thing if lost state when they were determined to be lost, when and in whose possession they were last known to exist and any known circumstances concerning their disappearance or loss.

G.      The documents requested should be produced by mailing or delivering them to the attention of Justin McConnell and Mackenzie Allan at the

3

offices of Jackson Lewis P.C. within the time limits imposed by the Federal Rules of Civil Procedure.

H.     If any document or portion thereof is or will be withheld because of a claim of privilege or work product:

1.     State the basis on which the privilege is or will be claimed and the facts supporting such claim.
2.     Identify the author and signatory of the document.
3.     Identify each person to whom the document indicates the original or a copy thereof was sent, and any others who at any time possessed the document. Identify all persons who have or have had access to or received a copy of the document or any portions thereof.
4.     Give the date of the document.
5.     Describe the subject matter and length of the document or portion thereof for which the privilege is claimed.

I.     The singular includes the plural and vice versa; the words "and" and "or" shall be both conjunctive and disjunctive as necessary, to make the request inclusive rather than exclusive; the word "all" means "any and all," and the word "any" means "any and all," the word "including" means "including without limitation," the word "he" or any other masculine pronoun includes any individual regardless of sex. The use of any tense of any verb shall be considered to include also in its meaning all other tenses of the verb so used.

J.     "Each," "any," and "all" are both singular and plural.

## DEFINITIONS

A.     **"Communication"** includes any written or oral communication and means all exchanges of information whether written, electronic, or oral, including but not limited to letters, every form of memoranda, electronic mail, text message, voice mail, or other type of message, including but not limited to documents (including ESI) embodying or memorializing the same, also including but not limited to, drafts or copies of any of the foregoing, transmitted or drafted and never transmitted, that contain any notes, comments, or markings of any kind not found in the original communication or that are otherwise not identical to the original communication.

B. The terms **"Complaint"** and/or **"Action"** refer to the action Plaintiff filed that is presently pending in the United States District Court of the Middle of Florida, Orlando Division as *Isabelle Feccia v. Baker Barrios Architects, Inc.*, Case No. 6:24-cv-00434-JSS-DCI, including the original complaint and all amended complaints.

C.     The terms **"concerning,"** **"relate to,"** and **"relating to,"** means relating to, referring to, alluding to, responding to, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, reflecting, analyzing, constituting, mentioning, supporting, or concerning, directly or indirectly, or in any way relevant to the specified subject.

5

D.     The term **"conversation(s)"** means all oral communication regardless of the manner in which such communication or conversations took place. When identification of a conversation is requested, the following shall be separately stated as to each communication: the date; the place or places at which it occurred; the persons involved and their business affiliations; the substance of the communication; and the name and address of any other person, who, although not present or involved, possesses information concerning the existence or nature of such communication.

E.     **"Document"** shall mean any written, printed, typed, recorded, transcribed, punched, taped, or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, disseminated, or made, in the actual or constructive possession, custody, or control of Plaintiff, including but not limited to all writings, letters, envelopes, routing slips, statements, computer printouts, pleadings, filings, worksheets, tabulations, records and/or minutes of meetings, handwritten notes, instruments, specifications, logs, plans, drawings, sketches, diagrams, blueprints, Photostats, charts, motion pictures, bulletins, telegrams, telexes, memoranda, notes, instructions, literature, work assignments, notebooks, diaries, calendars, records, agreements, contracts, notations of telephone or personal conversations or conferences, messages, inter-office or intra-office communications, e-mail, microfilm, circulars, pamphlets, studies,

notices, summaries, reports, books, checks, credit card vouchers, statements of account, receipts, invoices, graphs, photographs, drafts, data sheets, data compilations, computer data sheets, computer data compilations, work sheets, statistics, speeches or other writings, tape recordings, audiotapes, videotapes, phonograph records, data compilations from which information can be obtained or can be translated through detection devices into reasonably usable form, including, but not limited to, CD, DVD, external or internal hard drives, thumb drives, or any other tangible thing that records information in any way which constitute or contain discoverable matters including all programs necessary for accessing any electronically stored information. The term **"document"** shall include the original and any copies that differ in any manner whatsoever from the original (whether different from the original because of notes made on such copy or otherwise) and any drafts thereof. For purposes of this definition, a document is within the possession or control of you if it is in the possession or control of any of your attorneys, investigators for your attorneys, independent accountants, directors, trustees, or any person acting on behalf of or in concert with you or with any of the above-referenced individuals, or otherwise in their possession or control. The term **"document"** shall also include all electronically stored information (**"ESI"),** which is information created, manipulated, stored, and best utilized in digital form, requiring the use of computer hardware and

7

software. ESI includes, but is not limited to e-mails, internet message boards, social networking activity, and text messages.

F.    **"Person"** means and includes, without limiting the generality of its meaning, any natural person; corporate or business entity; firm; partnership; association, unincorporated association, trust or any other legal, business or government entity, agency, or subdivision; committee; commission; or other organization or entity.

G.    The term **"Plaintiff," "you" or "your"** shall mean ISABELLE FECCIA, and all agents, attorneys, or investigators, and other representatives of Plaintiff in their capacity as such.

H.    **"Defendant"** or **"Baker Barrios"** shall mean Defendant, Baker Barrios, Inc.

I.    The term **"representative"** or **"representatives"** used with reference to a person includes any:

    a.    Officer, director, partner, associate, employee, attorney, servant, agent, subsidiary, division, and affiliate of such person, and;

    b.    Any other person or legal or business entity acting on behalf of, or in concert with, such person, including any contractor, attorney, or any other person of any description which such person has retained or employed for business, financial or other reasons.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      All communications, including, but not limited to, emails, instant messaging, text messages, or phone records, from January 13, 2020, through the date of this response between you and Defendant, or any employee of Defendant, that:

    a. concern your pregnancy, your pregnancy/FMLA leave, or your termination;

    b. concern feedback or disciplinary action with regard to your performance or attendance at work;

    c. concern, evidence, or support your claim that Defendant discriminated or retaliated against you because of your pregnancy or your FMLA leave;

    d. concern, evidence, or support your claim that Defendant interfered with, restrained, or denied your rights under the FMLA;

    e. concern, evidence, or support your claim that Defendant interfered with, restrained, or denied your rights under the FMLA;

    f. concern, evidence, or support your claim that you suffered damages as a result of the incidents which are the subject of this case; or

    g. concern this lawsuit.

**RESPONSE:**


2.      All communications, including, but not limited to, emails, instant messaging, text messages, or phone records, from January 13, 2020, through the date of this response between you and any third parties (not including your counsel) that:

    a. concern your pregnancy, your pregnancy/FMLA leave, or your termination;

    b. concern feedback or disciplinary action with regard to your performance or attendance at work;

    c. concern, evidence, or support your claim that Defendant discriminated or retaliated against you because of your pregnancy or your FMLA leave;

    d. concern, evidence, or support your claim that Defendant interfered with, restrained, or denied your rights under the FMLA;

    e. concern, evidence, or support your claim that Defendant interfered with, restrained, or denied your rights under the FMLA;

9

    f.  concern, evidence, or support the damages you claim you suffered as a result of the incidents which are the subject of this case; or

    g.  concern this lawsuit.

**RESPONSE:**

3.    Any documents, including, but not limited to, personal notes, memoranda or letters (authored by you or others, not including your attorney), diaries, chronologies, logs, calendars, journals, appointment books, and schedules, kept in any form, from January 13, 2020, through the date of this response which may be described or characterized as an affidavit, report, or statement of any person that:

    a.  concern your pregnancy, your pregnancy/FMLA leave, or your termination;

    b.  concern feedback or disciplinary action with regard to your performance or attendance at work;

    c.  concern, evidence, or support your claim that Defendant discriminated or retaliated against you because of your pregnancy or your FMLA leave;

    d.  concern, evidence, or support your claim that Defendant interfered with, restrained, or denied your rights under the FMLA;

    e.  concern, evidence, or support your claim that your termination was causally related to your pregnancy or your pregnancy/FMLA leave;

    f.  concern, evidence, or support the damages you claim you suffered as a result of the incidents which are the subject of this case; or

    g.  concern this lawsuit.

**RESPONSE:**

4.    Any online profiles, postings, messages (including, without limitation, tweets, replies, retweets, direct messages, status updates, wall comments, groups joined, activity streams and blog entries, whether deleted or not, on internet sites such as *Facebook, Twitter, LinkedIn, Google+, Pinterest, Mylife, MySpace, Snapchat, Instagram, YouTube, Tumblr, TikTok and Reddit*), photographs, videos, and online communications from January 13, 2020 through the date of this response that:

    a.  concern your pregnancy, your pregnancy/FMLA leave, or your termination;

10

    b. concern feedback or disciplinary action with regard to your performance or attendance at work;

    c. concern, evidence, or support your claim that Defendant discriminated or retaliated against you because of your pregnancy or your FMLA leave;

    d. concern, evidence, or support your claim that Defendant interfered with, restrained, or denied your rights under the FMLA; or

    e. concern, evidence, or support your claim that Defendant interfered with, restrained, or denied your rights under the FMLA;

    f. concern, evidence, or support the damages you claim you suffered as a result of the incidents which are the subject of this case; or

    g. concern this lawsuit.

**RESPONSE:**

5. Any documents from January 13, 2020 through the date of this response which evidence any complaints, whether formal or informal, that you made to Defendant or any of Defendant's employees concerning any of the allegations of the Complaint.

**RESPONSE:**

6. All documents concerning your requests to Defendant for time off, medical leave, FMLA leave, and any form of medical or reasonable accommodation from January 13, 2020 through April 17, 2023.

**RESPONSE:**

7. All doctors' notes, medical records or other documents you submitted to Defendant or any of Defendant's employees in support of each of your employee leave and accommodation requests from January 13, 2020 through April 17, 2023.

**RESPONSE:**

8. All income tax returns, including amended returns (federal and/or state), W-2 forms, 1099 forms and all other documents filed by you or on your behalf or

11

which reflect your income for the tax years 2020 to the present, whether filed with the United States government, the government of any state or municipality, or the government of any foreign country. An IRS request for tax transcripts is attached hereto as **Exhibit A** for your use in obtaining the requested tax transcripts.

**RESPONSE:**

9.    All documents related to or evidencing all efforts made by you to seek employment from January 13, 2020 through the date of this response, including, but not limited to, job postings, job advertisements, employment inquiries, applications, cover letters, offers of employment, rejections, all responses received by you from prospective employers, communications with employment agencies, recruiters, head-hunters, job-hunting websites, interviews, and all communications you had with prospective employers.

**RESPONSE:**

10.    All versions of your resume or curriculum vitae, which you have prepared or used at any time from January 13, 2020 through the date of this response.

**RESPONSE:**

11.    All documents that establish your educational background, including any degrees or certificates obtained or received.

**RESPONSE:**

12.    All documents related to or evidencing your rejection, resignation, retirement, layoff or termination from any employer or potential employer from April 17, 2023 through the date of this response.

**RESPONSE:**

12

13.    All documents that reflect any efforts made by you from April 17, 2023 through the date of this response to mitigate the damages you claim you suffered as a result of the incidents which are the subject of this case.

**RESPONSE:**

14.    All documents related to or evidencing any income, compensation, or earnings you received from April 17, 2023 through the date of this response, including, but not limited to, pay stubs from other employers, canceled social security checks, income from any investment accounts or transactions, any insurance payments, unemployment compensation, disability benefits, other government benefits or assistance, annuity, pension or any other payments.

**RESPONSE:**

15.    Any documents which relate to or evidence any claim you have made for unemployment compensation benefits, workers' compensation benefits, health insurance benefits, health insurance coverage, disability benefits, and/or government (federal, state, or local) benefits assistance, and the disposition of such claims, prior to, during, or subsequent to your employment with Defendant.

**RESPONSE:**

16.    Any documents which relate to or evidence, your employment for the ten (10) years prior to your employment with Defendant, including but not limited to, copies of employment applications, resumes, correspondence, notes, memoranda and other documents to and from potential employers and employment agencies.

**RESPONSE:**

17.    All non-privileged documents from April 17, 2023 through the date of this response describing and/or establishing the damages you seek from Defendant (setting forth specific monetary amounts), including but not limited to attorneys' fees and costs.

**RESPONSE:**

19.   All documents relating to, evidencing, or commenting upon your physical or emotional health or condition at any time during the last ten (10) years, including but not limited to all correspondence, opinions, reports and files from present or prior physicians, psychiatrists, psychologists, psychoanalysts, social workers, therapists, clergy, counselors or any other professional commenting upon your physical or emotional health, including tests, test results or evaluation reports for any tests taken, and statements of charges for services rendered. A release for medical records is attached as **Exhibit B.** A release for psychotherapy records is attached as **Exhibit C.** A release for Orlando Health medical records is attached as **Exhibit D.** Please execute these releases and provide them to counsel for Defendant.

**RESPONSE:**

20.   All documents relating to or evidencing your admission to or treatment at any hospital, health care facility or other medical institution, on either an inpatient or outpatient basis in the last ten (10) years.

**RESPONSE:**

21.   All documents relating to or evidencing any medication prescribed to you in the last ten (10) years including but not limited to any documents that reflect the name and dosage of such medication.

**RESPONSE:**

22.   Any documents, charges of discrimination, written complaints, correspondence, or notes concerning or evidencing any claims you have or had against other employers in the last ten (10) years regarding claims of discrimination or retaliation.

**RESPONSE:**

23.     All documents and/or correspondence identified, referred to, or related to your answers to *Defendant's First Set of Interrogatories to Plaintiff*.

**RESPONSE:**

24.     Any documents you or any of your representatives provided to the Equal Employment Opportunity Commission, the Florida Commission on Human Relations, the Department of Labor, or any related state agency or any other governmental office, agency or commission, relating to your claims in this action.

**RESPONSE:**

25.     All documents produced to you or your attorneys by any third-party in relation to this Action, whether in response to a subpoena, public records request, Freedom of Information Act request, or other request, whether formal or informal.

**RESPONSE:**

26.     All documents which relate to or evidence any agreements between you and Defendant.

**RESPONSE:**

27.     All documents which relate to or evidence any agreements between you and any third parties concerning Defendant or the subject matter of this Action.

**RESPONSE:**

28.     A copy of any agreement between you and your attorneys regarding the payment of your attorneys' fees and costs in this matter.

**RESPONSE:**

29.    All documents or records which evidence your claim in paragraph 19 of the Complaint that "Ms. Feccia was considered an exceptional employee and had a record of positive performance."

    <u>**RESPONSE:**</u>

30.    All documents or records which evidence your claim in paragraph 20 of the Complaint that "Ms. Feccia learned she was pregnant and informed Defendant of her intent to take maternity leave."

    <u>**RESPONSE:**</u>

31.    All documents or records which evidence your claim in paragraph 21 of the Complaint that "Ms. Feccia discussed her maternity leave with Lisa Couch ("Couch"), an individual female employed by Defendant as a Human Resources representative."

    <u>**RESPONSE:**</u>

32.    All documents or records which evidence your claim in paragraph 22 of the Complaint that "Ms. Feccia made arrangements with Couch to begin her leave in December 2022, and to return to work in April 2023."

    <u>**RESPONSE:**</u>

33.    All documents or records which evidence your claim in paragraph 24 of the Complaint that "Ms. Feccia was initially on paid leave, using both her PTO benefits and short-term disability benefits."

    <u>**RESPONSE:**</u>

34.    All documents or records which evidence your claim in paragraph 26 of the Complaint that "In or around February 2023, Ms. Feccia had exhausted all of her paid leave benefits and was transitioned to FMLA leave by Defendant."

**RESPONSE:**

35.     All documents or records which evidence your claim in paragraph 27 of the Complaint that "In or around March 2023, Ms. Feccia emailed Dietz asking if she could return to work full time, working partially from home and partially from the office."

**RESPONSE:**

36.     All documents or records which evidence your claim in paragraph 30 of the Complaint that "Upon her return, Ms. Feccia discovered that her work area was in complete disarray, with construction materials on top of her desk and her entire work area covered in dust from the nearby construction work."

**RESPONSE:**

37.     All documents or records which evidence your claim in paragraph 33 of the Complaint that "Ms. Feccia complained about the condition of her desk to Jed Prest ("Prest"), an individual male employed by Defendant as Managing Partner, and Meghan Dietz ("Dietz"), an individual female employed by Respondent as Design Operations Practice Leader."

**RESPONSE:**

38.     All documents or records which evidence your claim in paragraph 34 of the Complaint that "Prest and Dietz held supervisory authority over Ms. Feccia, including the power to hire, fire, demote, and promote Ms. Feccia."

**RESPONSE:**

39.     All documents or records which evidence your claim in paragraph 35 of the Complaint that "Prest and Dietz largely ignored Ms. Feccia's complaint, forcing her to work from a temporary desk upon her return."

17

**RESPONSE:**

40.    All documents or records which evidence your claim in paragraph 36 of the Complaint that "When Ms. Feccia returned to work, she asked Dietz if there were any tasks she could assist with, as she was eager to begin working again."

**RESPONSE:**

41.    All documents or records which evidence your claim in paragraph 37 of the Complaint that "Over the course of the next two weeks, Ms. Feccia was given just two tasks to complete. Ms. Feccia felt uncomfortable and was unsure why she was being assigned such little work."

**RESPONSE:**

42.    All documents or records which evidence your claim in paragraph 39 of the Complaint that "Ms. Feccia contacted Dietz and requested to work from home to take care of him. Dietz granted Ms. Feccia's request."

**RESPONSE:**

43.    All documents or records which evidence your claim in paragraph 40 of the Complaint that "Ms. Feccia also reiterated to Dietz that she was willing to assist with any work tasks that were available. Dietz said that she would get back to Ms. Feccia."

**RESPONSE:**

44.    All documents or records which evidence your claim in paragraph 41 of the Complaint that "That same day, Ms. Feccia also participated in a Design Operations weekly meeting, where she also informed the group that she was happy to help with any projects. Ultimately, no one from the group contacted Ms. Feccia.

**RESPONSE:**

18

45.    All documents or records which evidence your claim in paragraph 42 of the Complaint that "On or around April 10, 2023, Ms. Feccia messaged Dietz informing her that Ms. Feccia's son was still sick, and that the illness had spread to Ms. Feccia, causing her to become sick too."

    **RESPONSE:**

46.    All documents or records which evidence your claim in paragraph 43 of the Complaint that "In response Dietz, wished Ms. Feccia well but failed to provide Ms. Feccia with any work assignments."

    **RESPONSE:**

47.    All documents or records which evidence your claim in paragraph 44 of the Complaint that "On or around April 12, 2023, Ms. Feccia and her child's condition worsened, making her feel extremely unwell."

    **RESPONSE:**

48.    All documents or records which evidence your claim in paragraph 45 of the Complaint that "Defendant employed a generous unlimited sick leave policy, leading Ms. Feccia to believe that she could take the remainder of the week to recover without issue."

    **RESPONSE:**

49.    All documents or records which evidence your claim in paragraph 46 of the Complaint that "Ms. Feccia used her sick leave benefits from April 12, 2023, to April 14, 2023, without any protest from her supervisors."

    **RESPONSE:**

50.    All documents or records which evidence your claim in paragraph 51 of the Complaint that "Defendant's interior design team had plenty of work available and had plans to promote two interior designers later in the month."

**RESPONSE:**

51.    All documents which evidence the tracking of your time and/or hours worked while employed by Defendant.

**RESPONSE:**

52.    All documents or records which evidence your claim in paragraph 53 of the Complaint that "On or around April 17, 2023, Defendant unlawfully terminated Ms. Feccia on the basis of her sex and pregnancy."

**RESPONSE:**

53.    All documents or records which evidence your claim in paragraph 54 of the Complaint that "Defendant unlawfully discriminated against Ms. Feccia because of her sex and pregnancy, and retaliated against Ms. Feccia for taking pregnancy leave."

**RESPONSE:**

54.    All documents or records which evidence your claim in paragraph 55 of the Complaint that "Defendant interfered with Ms. Feccia's protected rights under the FMLA and retaliated against Ms. Feccia for exercising her FMLA leave benefits."

**RESPONSE:**

55.    All documents or records which evidence your claim in paragraph 56 of the Complaint that "The events described above are just some of the examples of unlawful discrimination, retaliation, and interference to which Defendant subjected Ms. Feccia throughout her employment," specifically the other "examples" referenced.

**RESPONSE:**

56.    All documents or records which evidence your claim in paragraph 57 of the Complaint that "Ms. Feccia claims a continuous practice of discrimination and claims continuing violations and makes all claims herein under the continuing violations doctrine."

**RESPONSE:**


57.    If you contend you should have been selected for promotion instead of Marilyn Russell or another other interior designer, produce all documents which evidence your contention.

**RESPONSE:**


58.    If you contend you were more qualified or performed your job better than Marilyn Russell or any other promoted interior designer, produce all documents which evidence your contention.

**RESPONSE:**


59.    If you contend you should have been retained instead of Angela Reed, produce all documents which evidence your contention.

**RESPONSE:**


60.    If you contend you were more qualified or performed your job better than Angela Reed, produce all documents which evidence your contention.

**RESPONSE:**


61.    If you contend you were more qualified or performed your job better than Alexandra Taylor, produce all documents which evidence your contention.

**RESPONSE:**

62.     If you contend you were more qualified or performed your job better than Russchelle Fox, produce all documents which evidence your contention.

    **RESPONSE:**

63.     All documents which evidence your claimed emotional distress.

    **RESPONSE:**

64.     All documents evidencing the costs or expenses you have incurred for treatment of your claimed emotional distress.

    **RESPONSE:**

65.     All documents that you identified in your initial disclosures.

    **RESPONSE:**

DATED this 8th day of August, 2024.

Respectfully submitted,

JACKSON LEWIS P.C.
390 North Orange Avenue, Suite 1285
Orlando, Florida 32801
Telephone:   (407) 246-8440
Facsimile:    (407) 246-8441


By:    */s/ Justin W. McConnell*
Justin W. McConnell
Florida Bar No. 112631
justin.mcconnell@jacksonlewis.com

Mackenzie N. Allan
Florida Bar No. 1031199
mackenzie.allan@jacksonlewis.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of August, 2024, served via email to: Kyle T. MacDonald, Esq., Derek Smith Law Group, PLLC, 520 Brickell Key Drive, Suite O-301, Miami, FL 33131.


*/s/ Justin W. McConnell*
Justin W. McConnell

4870-7725-5617, v. 3

# EXHIBIT A

Form **4506**

(March 2019)

Department of the Treasury
Internal Revenue Service

## Request for Copy of Tax Return

▶ Do not sign this form unless all applicable lines have been completed.
▶ Request may be rejected if the form is incomplete or illegible.
▶ For more information about Form 4506, visit *www.irs.gov/form4506.*

OMB No. 1545-0429

**Tip.** You may be able to get your tax return or return information from other sources. If you had your tax return completed by a paid preparer, they should be able to provide you a copy of the return. The IRS can provide a **Tax Return Transcript** for many returns free of charge. The transcript provides most of the line entries from the original tax return and usually contains the information that a third party (such as a mortgage company) requires. See Form 4506-T, Request for Transcript of Tax Return, or you can quickly request transcripts by using our automated self-help service tools. Please visit us at IRS.gov and click on "Get a Tax Transcript..." or call 1-800-908-9946.

| | |
|---|---|
| **1a** Name shown on tax return. If a joint return, enter the name shown first. | **1b** First social security number on tax return, individual taxpayer identification number, or employer identification number (see instructions) |
| **2a** If a joint return, enter spouse's name shown on tax return. | **2b** Second social security number or individual taxpayer identification number if joint tax return |

**3** Current name, address (including apt., room, or suite no.), city, state, and ZIP code (see instructions)

**4** Previous address shown on the last return filed if different from line 3 (see instructions)

**5** If the tax return is to be mailed to a third party (such as a mortgage company), enter the third party's name, address, and telephone number.

**Caution:** If the tax return is being mailed to a third party, ensure that you have filled in lines 6 and 7 before signing. Sign and date the form once you have filled in these lines. Completing these steps helps to protect your privacy. Once the IRS discloses your tax return to the third party listed on line 5, the IRS has no control over what the third party does with the information. If you would like to limit the third party's authority to disclose your return information, you can specify this limitation in your written agreement with the third party.

**6** **Tax return requested.** Form 1040, 1120, 941, etc. and all attachments as originally submitted to the IRS, including Form(s) W-2, schedules, or amended returns. Copies of Forms 1040, 1040A, and 1040EZ are generally available for 7 years from filing before they are destroyed by law. Other returns may be available for a longer period of time. Enter only one return number. If you need more than one type of return, you must complete another Form 4506. ▶ _____

**Note:** If the copies must be certified for court or administrative proceedings, check here . . . . . . . . . . . . . ☐

**7** **Year or period requested.** Enter the ending date of the year or period, using the mm/dd/yyyy format. If you are requesting more than eight years or periods, you must attach another Form 4506.

| | | | |
|---|---|---|---|
| 2020 | 2022 | | |
| 2021 | 2023 | | |

**8** **Fee.** There is a $50 fee for each return requested. Full payment must be included with your request or it will be rejected. Make your check or money order payable to "United States Treasury." Enter your SSN, ITIN, or EIN and "Form 4506 request" on your check or money order.

| | | |
|---|---|---|
| **a** Cost for each return . . . . . . . . . . . . . . . . . . . . . . . . | $ | 50.00 |
| **b** Number of returns requested on line 7 . . . . . . . . . . . . . . . . | | |
| **c** Total cost. Multiply line 8a by line 8b . . . . . . . . . . . . . . . . | $ | |

**9** If we cannot find the tax return, we will refund the fee. If the refund should go to the third party listed on line 5, check here . . . . . ☐

**Caution:** Do not sign this form unless all applicable lines have been completed.

**Signature of taxpayer(s).** I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax return requested. If the request applies to a joint return, at least one spouse must sign. If signed by a corporate officer, 1 percent or more shareholder, partner, managing member, guardian, tax matters partner, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute Form 4506 on behalf of the taxpayer. **Note:** This form must be received by IRS within 120 days of the signature date.

☐ **Signatory attests that he/she has read the attestation clause and upon so reading declares that he/she has the authority to sign the Form 4506.** See instructions.

Phone number of taxpayer on line 1a or 2a

**Sign Here**

▶ Signature (see instructions)                    Date

▶ Title (if line 1a above is a corporation, partnership, estate, or trust)

▶ Spouse's signature                               Date

For Privacy Act and Paperwork Reduction Act Notice, see page 2.          Cat. No. 41721E          Form **4506** (Rev. 3-2019)

Form 4506 (Rev. 3-2019)

Section references are to the Internal Revenue Code unless otherwise noted.

## Future Developments

For the latest information about Form 4506 and its instructions, go to *www.irs.gov/form4506*. Information about any recent developments affecting Form 4506, Form 4506-T and Form 4506T-EZ will be posted on that page.

## General Instructions

**Caution:** Do not sign this form unless all applicable lines have been completed.

**Purpose of form.** Use Form 4506 to request a copy of your tax return. You can also designate (on line 5) a third party to receive the tax return.

**How long will it take?** It may take up to 75 calendar days for us to process your request.

**Tip.** Use Form 4506-T, Request for Transcript of Tax Return, to request tax return transcripts, tax account information, W-2 information, 1099 information, verification of nonfiling, and records of account.

**Automated transcript request.** You can quickly request transcripts by using our automated self-help service tools. Please visit us at IRS.gov and click on "Get a Tax Transcript..." or call 1-800-908-9946.

**Where to file.** Attach payment and mail Form 4506 to the address below for the state you lived in, or the state your business was in, when that return was filed. There are two address charts: one for individual returns (Form 1040 series) and one for all other returns.

If you are requesting a return for more than one year or period and the chart below shows two different addresses, send your request to the address based on the address of your most recent return.

## Chart for individual returns (Form 1040 series)

| If you filed an individual return and lived in: | Mail to: |
| --- | --- |
| Alabama, Kentucky, Louisiana, Mississippi, Tennessee, Texas, a foreign country, American Samoa, Puerto Rico, Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin Islands, or A.P.O. or F.P.O. address | Internal Revenue Service RAIVS Team Stop 6716 AUSC Austin, TX 73301 |
| Alaska, Arizona, Arkansas, California, Colorado, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Michigan, Minnesota, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Utah, Washington, Wisconsin, Wyoming | Internal Revenue Service RAIVS Team Stop 37106 Fresno, CA 93888 |
| Connecticut, Delaware, District of Columbia, Florida, Georgia, Maine, Maryland, Massachusetts, Missouri, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Vermont, Virginia, West Virginia | Internal Revenue Service RAIVS Team Stop 6705 S-2 Kansas City, MO 64999 |

## Chart for all other returns

| If you lived in or your business was in: | Mail to: |
| --- | --- |
| Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, District of Columbia, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Vermont, Virginia, Washington, West Virginia, Wisconsin, Wyoming, a foreign country, American Samoa, Puerto Rico, Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin Islands, or A.P.O. or F.P.O. address | Internal Revenue Service RAIVS Team P.O. Box 9941 Mail Stop 6734 Ogden, UT 84409 |

## Specific Instructions

**Line 1b.** Enter your employer identification number (EIN) if you are requesting a copy of a business return. Otherwise, enter the first social security number (SSN) or your individual taxpayer identification number (ITIN) shown on the return. For example, if you are requesting Form 1040 that includes Schedule C (Form 1040), enter your SSN.

**Line 3.** Enter your current address. If you use a P.O. box, please include it on this line 3.

**Line 4.** Enter the address shown on the last return filed if different from the address entered on line 3.

**Note:** If the addresses on lines 3 and 4 are different and you have not changed your address with the IRS, file Form 8822, Change of Address. For a business address, file Form 8822-B, Change of Address or Responsible Party — Business.

**Signature and date.** Form 4506 must be signed and dated by the taxpayer listed on line 1a or 2a. The IRS must receive Form 4506 within 120 days of the date signed by the taxpayer or it will be rejected. Ensure that all applicable lines are completed before signing.

 *You must check the box in the signature area to acknowledge you have the authority to sign and request the information. The form will not be processed and returned to you if the box is unchecked.*

**Individuals.** Copies of jointly filed tax returns may be furnished to either spouse. Only one signature is required. Sign Form 4506 exactly as your name appeared on the original return. If you changed your name, also sign your current name.

**Corporations.** Generally, Form 4506 can be signed by: (1) an officer having legal authority to bind the corporation, (2) any person designated by the board of directors or other governing body, or (3) any officer or employee on written request by any principal officer and attested to by the secretary or other officer. A bona fide shareholder of record owning 1 percent or more of the outstanding stock of the corporation may submit a Form 4506 but must provide documentation to support the requester's right to receive the information.

**Partnerships.** Generally, Form 4506 can be signed by any person who was a member of the partnership during any part of the tax period requested on line 7.

**All others.** See section 6103(e) if the taxpayer has died, is insolvent, is a dissolved corporation, or if a trustee, guardian, executor, receiver, or administrator is acting for the taxpayer.

**Note:** If you are Heir at law, Next of kin, or Beneficiary you must be able to establish a material interest in the estate or trust.

**Documentation.** For entities other than individuals, you must attach the authorization document. For example, this could be the letter from the principal officer authorizing an employee of the corporation or the letters testamentary authorizing an individual to act for an estate.

**Signature by a representative.** A representative can sign Form 4506 for a taxpayer only if this authority has been specifically delegated to the representative on Form 2848, line 5a. Form 2848 showing the delegation must be attached to Form 4506.

**Privacy Act and Paperwork Reduction Act Notice.** We ask for the information on this form to establish your right to gain access to the requested return(s) under the Internal Revenue Code. We need this information to properly identify the return(s) and respond to your request. If you request a copy of a tax return, sections 6103 and 6109 require you to provide this information, including your SSN or EIN, to process your request. If you do not provide this information, we may not be able to process your request. Providing false or fraudulent information may subject you to penalties.

Routine uses of this information include giving it to the Department of Justice for civil and criminal litigation, and cities, states, the District of Columbia, and U.S. commonwealths and possessions for use in administering their tax laws. We may also disclose this information to other countries under a tax treaty, to federal and state agencies to enforce federal nontax criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by section 6103.

The time needed to complete and file Form 4506 will vary depending on individual circumstances. The estimated average time is: **Learning about the law or the form,** 10 min.; **Preparing the form,** 16 min.; and **Copying, assembling, and sending the form to the IRS,** 20 min.

If you have comments concerning the accuracy of these time estimates or suggestions for making Form 4506 simpler, we would be happy to hear from you. You can write to:

Internal Revenue Service
Tax Forms and Publications Division
1111 Constitution Ave. NW, IR-6526
Washington, DC 20224.

Do not send the form to this address. Instead, see *Where to file* on this page.

# EXHIBIT B

## HIPAA AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION

I, **Isabelle Feccia** ("Patient"), hereby authorize the use or disclosure of information related to my health care and medical treatment as described and for the purpose set forth in this authorization. My date of birth is July 17, 1988 and my Social Security Number is XXX-XX-8540.

1. **Name(s) of person(s)/organization(s) (or class(es) of persons) authorized to provide the health information:**



2. **Purpose of the request:**

   I authorize the disclosure of the information described in this authorization solely for the purpose of litigation in the case captioned *Isabelle Feccia v. Baker Barrios Architects, Inc.,* U.S. District Court, Middle District of Florida, Case No. 6:24-cv-00434-JSS-DCI.

3. **Name person(s)/organization(s) (or class(es) of persons) authorized to receive, use and disclose the information:**

   > Attorneys, paralegals and staff of
   > Jackson Lewis P.C.
   > 390 North Orange Avenue; Suite 1285
   > Orlando, Florida 32801

   Employees of Baker Barrios Architects and/or its affiliates who are involved in the preparation and defense of this case.

   Experts or other witnesses identified, consulted or retained by Jackson Lewis P.C. who are involved in the preparation and defense of this case.

   Other persons, organizations and/or entities directly connected with this litigation including but not limited to the court, court reporter(s), copy services and others.

4. **Description of the information authorized to be disclosed:**

   Any and all records or data of any kind in any medium (including electronic and hard copy information) regarding health care and medical testing and treatment provided to me, including but not limited to:

   - Entire patient record
   - Test Reports
   - Diagnosis/Treatment
   - Visit Notes
   - Photographs/Videos/Text
   - Physical Therapy
   - Operative Reports
   - Laboratory Reports
   - Consult Reports
   - Discharge Summaries
   - Treatment History

Page **1** of **2**

**The following paragraphs describe your rights with respect to this Authorization:**

1.  I understand that I have the right to revoke this authorization at any time by notifying in writing the person/organization authorized herein: Jackson Lewis, P.C., 390 North Orange Avenue, Suite 1285, Orlando, Florida 32801.

2.  I understand that the revocation is only effective after it is received, logged by such person/organization and where applicable the providers referred to in paragraph 1 above have been notified.  I understand that any use or disclosure made prior to the covered entity's receipt of the revocation will not be affected by the revocation nor will the revocation apply to disclosures made in reliance on this authorization.

3.  I understand that after this information is disclosed, federal and state law might not protect it and the recipient might redisclose it.  I understand that I may refuse to sign this authorization and that my refusal to sign will not affect my ability to obtain treatment or payment or my eligibility for benefits.

4.  I understand that I am entitled to receive a copy of this authorization and that a photocopy of this form shall have the same legal weight as an original.

5.  I understand that this authorization is voluntary.

6.  I understand that unless I revoke this authorization sooner, as provided above, this authorization will terminate at the final conclusion of the above-referenced litigation.

Signature of Patient:

_____

Date:

_____

# EXHIBIT C

# HIPAA AUTHORIZATION FOR PSYCHOTHERAPY NOTES & RECORDS

I, **Isabelle Feccia** ("Patient"), hereby authorize the use or disclosure of my psychotherapy records as described and for the purpose set forth in this authorization. My date of birth is July 17, 1988, and my Social Security Number is XXX-XX-8540.

1. **Name(s) of person(s)/organization(s) (or class(es) of person(s)) authorized to provide the health information:**

2. **Purpose of the request:**

   I authorize the disclosure of the information described in this authorization solely for the purpose of litigation in the case captioned *Isabelle Feccia v. Baker Barrios Architects, Inc.,* U.S. District Court, Middle District, Orlando Division, Case No. 6:24-cv-00434-JSS-DCI.

3. **Name person(s)/organization(s) (or class(es) of person(s)) authorized to receive, use and disclose the information:**

   **Attorneys, paralegals and staff of**
   **Jackson Lewis P.C.**
   390 North Orange Avenue, Suite 1285
   Orlando, Florida 32801

   Employees of Baker Barrios Architects and/or its affiliates who are involved in the preparation and defense of this case.

   Experts or other witnesses identified, consulted or retained by Jackson Lewis P.C. who are involved in the preparation and defense of this case.

   Other persons, organizations and/or entities directly connected with this litigation including but not limited to the court, court reporter(s), copy services and others.

4. **Description of information authorized to be disclosed:**

   Any and all records or data of any kind (including electronic and hard copy information) relating to psychotherapy counseling and treatment provided to me, including but are not limited to:

   - Psychotherapy Notes
   - Entire patient record
   - Operative Reports
   - Laboratory Reports
   - Consults Reports
   - Diagnosis/Treatment
   - Visit notes
   - Discharge Summaries
   - Treatment History
   - Test Reports
   - Photographs/Videos/Text
   - File Jacket Notes
   - Prescription Lists

*NOTE: If this authorization relates to a use or disclosure of psychotherapy notes, it may not be combined with an authorization to disclose other health information.*

**The following paragraphs describe your rights with respect to this Authorization:**

1. I understand that I have the right to revoke this authorization at any time by notifying in writing the person/organization authorized herein at Jackson Lewis, P.C., 390 North Orange Avenue, Suite 1285, Orlando, Florida, 32801.

2. I understand that the revocation is only effective after it is received, logged by such person/organization and where applicable the providers referred to in paragraph 1 above have been notified. I understand that any use or disclosure made prior to the covered entity's receipt of the revocation will not be affected by the revocation nor will the revocation apply to disclosures made in reliance on this authorization.

3. I understand that after this information if disclosed, federal and state law might not protect it and the recipient might re-disclose it. I understand that I may refuse to sign this authorization and that my refusal to sign will not affect my ability to obtain treatment or payment or my eligibility for benefits.

4. I understand that I am entitled to receive a copy of this authorization and that a photocopy of this form shall have the same the legal weight as an original.

5. I understand that this authorization is voluntary.

6. I understand that unless I revoke this authorization sooner, as provided above, this authorization will terminate at the final conclusion of the above-referenced litigation.

Signature of Plaintiff/Patient: _____

Date: _____

*or*
*Personal Representative's Section:*

I, _____, hereby certify that I am the personal representative of
_____ and warrant that I have the authority to sign this
form on the basis of:

_____
_____

4858-9294-2281, v. 1

# EXHIBIT D



# ORLANDO HEALTH

Mailing Address: 1414 Kuhl Ave. • Orlando, FL 32806

**PATIENT REQUEST FOR PROTECTED HEALTH INFORMATION
(MEDICAL RECORDS)**

LINE UP PATIENT I.D. LABEL HERE

## PATIENT INFORMATION:

| First Name: Isabelle | | Middle Initial: | Last Name: Feccia | |
|---|---|---|---|---|
| Date of Birth: 7.17.88 | Phone: | | E-Mail: | |
| Address: 5427 Oak Terrace Drive | | City: Edgewood | State: FL | Zip: 32839 |

## WHERE ARE YOU REQUESTING RECORDS FROM?

**HOSPITAL** (check appropriate boxes)

☐ Arnold Palmer Hospital
☐ Bayfront Health
☐ Dr. P. Phillips Hospital
☐ Health Central Hospital
☐ Horizon West Hospital
☐ Orlando Regional Medical Center
☐ South Lake Hospital
☐ South Seminole Hospital
☐ St. Cloud Hospital
☐ Winnie Palmer Hospital

**PHYSICIAN PRACTICE** (write in information)

<u>Practice / Provider Name:</u>
Any and all Orlando Health Hospitals / clinic records.
<u>Address:</u>

<u>Phone/Fax:</u>

**Other** (write in Orlando Health facility name & address):

## WHAT RECORDS ARE YOU REQUESTING?

Date(s) of Service: _____ / _____ / _____ through _____ / _____ / _____

☒ Abstract (All Notes & Diagnostic Results)
☒ Consultation Notes
☒ Discharge Summary
☒ Emergency Room Notes
☒ History and Physical Notes
☒ Progress Notes
☐ Operative/Procedure Notes
☐ Therapy Notes
☒ Lab Results
☐ Pathology Results
☒ Radiology Report (CT, MRI, X-Ray, etc)
☐ Radiology Images (DICOM - CD/DVD)

☐ Other (please specify): _____

I understand that the protected health information specified above may include mental health, substance abuse (e.g., drugs, alcohol) HIV/AIDS status information, diagnostic and treatment records.

## HOW DO YOU WANT THE RECORDS TO BE DELIVERED?

**Electronic Delivery:**
☐ MyChart (Patient Portal)
☒ Secure E-Mail (encrypted, size limits)
☐ Fax (Medical Facilities only)

**Mail Delivery:**
☐ Paper (fees may apply)
☐ Electronic (CD/DVD)
☐ USB Thumb Drive (fees apply)

**In Person Pick-Up:**
☐ Paper (fees may apply)
☐ Electronic (Circle: CD/DVD or USB Drive)
*Walk-in locations listed at:*
*www.orlandohealth.com/medicalrecords*

## WHO DO YOU WANT THE RECORDS SENT TO?

Orlando Health should provide my records to: ☐ **Self**  -OR-  ☐ **Personal Representative** -OR-  ☒ **Third Party** (indicated below)

| Recipient Name (if other than self): JACKSON LEWIS, P.C., 390 N. Orange Ave, Ste 1285 Orlando, FL 32801 | Phone: 407.246.8440 |
|---|---|
| | Fax (Medical Facilities only): |

**Recipient Mailing or E-Mail Address:**
c/o Rebecca Sallee, Paralegal, rebecca.sallee@jacksonlewis.com

## PLEASE PRINT YOUR NAME AND SIGN BELOW

| Name of Patient or Personal Representative (please print): | Relationship to Patient (please print): | |
|---|---|---|
| Signature of Patient or Personal Representative: | Date/Time: | Expiration Date (optional): |

## SUBMIT COMPLETED FORM TO:

**Mail:** 3090 Caruso Ct, Suite 50 MP69, Orlando, FL 32806
**Drop off locations listed at** www.orlandohealth.com/medicalrecords
**Fax:** (321) 843-6411
**E-Mail:** medicalrecords@orlandohealth.com

FORM 4858-131790  Page 1 of 2  Rev. 5/21



**ORLANDO HEALTH**®

Mailing Address: 1414 Kuhl Ave. • Orlando, FL 32806

**PATIENT REQUEST FOR PROTECTED HEALTH INFORMATION
(MEDICAL RECORDS)**



LINE UP PATIENT I.D. LABEL HERE

---

## EXPLANATION OF FORM

Laws and regulations require that some sources of personal information have a signed authorization or permission form before releasing it. Also, some laws require specific authorization for the release of information about certain conditions and from educational sources.

By signing this form:

- You understand that this authorization extends to all or any part of the records designated above, which may include psychiatric information, and/or genetic counseling/testing, and/or alcohol/drug abuse, and/or AIDS (Acquired Immunodeficiency Syndrome), and/or may include the result of an HIV test or the fact that an HIV test was performed. You have expressly consented to the release of this information as designated above or otherwise as required by law.

- You understand that the authorization will expire on the date specified in the Expiration Date. If you fail to specify an expiration event or condition, the authorization will expire in one year from the date signed.

- You understand that this authorization is revocable upon written notice to the office where the original authorization is retained, except to the extent that action has already been taken on this authorization.

- You understand that your protected health information that is used or disclosed under this authorization may be subject to re-disclosure by the recipient and the privacy of your protected health information may no longer be protected by law.

- You further understand that Orlando Health may not condition the provision of treatment, payment, enrollment in the health plan, or eligibility for benefits on the provision of this authorization.

- You understand that you will receive a signed copy of this form if requested.

- You understand that there may be fees charged for providing you with a copy of your medical records as permitted by Florida Law. Fees are listed on our website, walk-in medical record locations, or by calling our department.

      Health Information Management – Release of Information
      Web Site: www.orlandohealth.com/medicalrecords
      Phone: (321) 841-4449

---

| COMMUNICATION ASSISTANCE PROVIDED (Please Print) | | |
|---|---|---|
| **QUALIFIED INTERPRETER** | **QUALIFIED BILINGUAL TEAM MEMBER** | **ASSISTING VISUALLY IMPAIRED** |
| Team Member Name & I.D.: _____ <br> Agency/Interpreter Name and/or I.D.: _____ <br> ☐ Video remote ☐ Tel ☐ In-person  Language: _____ | Team Member Name & I.D.: <br><br> _____ <br><br> Language: _____ | Team Member/Reader Name & I.D.: <br><br> _____ <br><br> Other: _____ |

FORM 4858-131790  Page 2 of 2  Rev. 5/21