**Allan, Mackenzie N. (Orlando)**

| | |
|---|---|
| **From:** | Allan, Mackenzie N. (Orlando) |
| **Sent:** | Wednesday, September 11, 2024 12:32 PM |
| **To:** | McConnell, Justin W. (Orlando); Kyle MacDonald |
| **Cc:** | Rundell, Shelly (Orlando); Sallee, Rebecca (Orlando); David Rodriguez; Cassie Cisneros |
| **Subject:** | RE: Defendant's Discovery Responses/Subpoenas - Feccia v. Baker Barrios Architects, Inc. |
| **Attachments:** | Standing Order on Discovery Motions.pdf |

Hi Kyle,

We appreciate your willingness to talk with Ms. Feccia about the employment subpoenas and the HIPAA releases today.

If we're unable to reach an agreement regarding the employment subpoenas and find ourselves needing to present the issues to the court, we wanted to kindly request that you caption your discovery motion as "expedited" since the subpoena is time sensitive. (I attached Judge Irick's standing order on discovery motions for reference – he requires that language for time-sensitive motions). We will do the same for our response.

Regarding the HIPAA releases, as we discussed yesterday, we're down to the wire with the medical subpoenas. We need the HIPAA releases to issue the subpoenas to Ms. Feccia's medical providers, and it often takes at least a month to receive medical records from subpoenas. If you can get us her HIPAA release today, we would issue the subpoena today (with the agreed 7-year restriction) and would hope to receive her medical records shortly before her deposition. If we can't get the documents in time, we *may* have to discuss rescheduling the deposition or leaving it open, but hopefully it doesn't come to that. So, all that to say, please get the HIPAA releases over to us today if at all possible. We appreciate your efforts on this and the good faith meet and confers.

Thank you!
Kenzie



**Mackenzie N. Allan**
Attorney at Law

**Jackson Lewis P.C.**
390 N. Orange Avenue.
Suite 1285
Orlando, FL 32801
Direct: (407) 246-8454 | Main: (407) 246-8440
Mackenzie.Allan@jacksonlewis.com | www.jacksonlewis.com

---

**From:** McConnell, Justin W. (Orlando) <Justin.McConnell@jacksonlewis.com>
**Sent:** Tuesday, September 10, 2024 9:23 AM
**To:** Kyle MacDonald <kyle@dereksmithlaw.com>; Allan, Mackenzie N. (Orlando) <Mackenzie.Allan@jacksonlewis.com>
**Cc:** Rundell, Shelly (Orlando) <Shelly.Rundell@jacksonlewis.com>; Sallee, Rebecca (Orlando) <Rebecca.Sallee@jacksonlewis.com>; David Rodriguez <David@dereksmithlaw.com>; Cassie Cisneros <cassie@dereksmithlaw.com>
**Subject:** RE: Defendant's Discovery Responses/Subpoenas - Feccia v. Baker Barrios Architects, Inc.

Yes. We'll send MS Teams invite. Thanks.



**Justin W McConnell**
Attorney at Law

**Jackson Lewis P.C.**
390 N. Orange Avenue.
Suite 1285
Orlando, FL 32801
Direct: (407) 246-8429 | Main: (407) 246-8440
Justin.McConnell@jacksonlewis.com | www.jacksonlewis.com

---

**From:** Kyle MacDonald <kyle@dereksmithlaw.com>
**Sent:** Tuesday, September 10, 2024 9:20 AM
**To:** McConnell, Justin W. (Orlando) <Justin.McConnell@jacksonlewis.com>; Allan, Mackenzie N. (Orlando) <Mackenzie.Allan@jacksonlewis.com>
**Cc:** Rundell, Shelly (Orlando) <Shelly.Rundell@jacksonlewis.com>; Sallee, Rebecca (Orlando) <Rebecca.Sallee@jacksonlewis.com>; David Rodriguez <David@dereksmithlaw.com>; Cassie Cisneros <cassie@dereksmithlaw.com>
**Subject:** Re: Defendant's Discovery Responses/Subpoenas - Feccia v. Baker Barrios Architects, Inc.


Hi Justin,

I am available this afternoon at 4:00pm. Please let me know if that works for you and Mackenzie.

**Kyle T. MacDonald, Esq.**
*Admitted in FL



**Derek Smith Law Group, PLLC**
520 Brickell Key Drive, Suite O-301  |  Miami, Florida 33131
Toll Free: (800) 807-2209  |  Direct: (786) 568-8120
Email: kyle@dereksmithlaw.com
www.discriminationandsexualharassmentlawyers.com
New York  |  New Jersey  |  Philadelphia  |  Miami  |  Los Angeles  |  San Francisco  |  San Diego

*The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you. If you are a client of this firm and this email is directed to you, please do not forward to any other party, or you could be waiving the attorney-client privilege. Settlement Communication Notice: If this communication pertains to a settlement in any case, all settlement agreements are subject to final client approval and signature by all parties. Any cases and business handled in California are handled exclusively through the distinct entity, Derek Smith Law Group, LLP.

---

**From:** McConnell, Justin W. (Orlando) <Justin.McConnell@jacksonlewis.com>
**Date:** Monday, September 9, 2024 at 5:02 PM
**To:** Kyle MacDonald <kyle@dereksmithlaw.com>, Allan, Mackenzie N. (Orlando) <Mackenzie.Allan@jacksonlewis.com>
**Cc:** Rundell, Shelly (Orlando) <Shelly.Rundell@jacksonlewis.com>, Sallee, Rebecca (Orlando) <Rebecca.Sallee@jacksonlewis.com>, David Rodriguez <David@dereksmithlaw.com>, Cassie Cisneros <cassie@dereksmithlaw.com>
**Subject:** RE: Defendant's Discovery Responses/Subpoenas - Feccia v. Baker Barrios Architects, Inc.

Hi Kyle,

I'm in mediation on Wednesday. You previously offered Tuesday. What is your availability tomorrow? We need to wrap up these issues.

Thank you.

Justin M.



**Justin W McConnell**
Attorney at Law

**Jackson Lewis P.C.**
390 N. Orange Avenue.
Suite 1285
Orlando, FL 32801
Direct: (407) 246-8429 | Main: (407) 246-8440
Justin.McConnell@jacksonlewis.com | www.jacksonlewis.com

**From:** Kyle MacDonald <kyle@dereksmithlaw.com>
**Sent:** Monday, September 9, 2024 4:23 PM
**To:** Allan, Mackenzie N. (Orlando) <Mackenzie.Allan@jacksonlewis.com>; McConnell, Justin W. (Orlando) <Justin.McConnell@jacksonlewis.com>
**Cc:** Rundell, Shelly (Orlando) <Shelly.Rundell@jacksonlewis.com>; Sallee, Rebecca (Orlando) <Rebecca.Sallee@jacksonlewis.com>; David Rodriguez <David@dereksmithlaw.com>; Cassie Cisneros <cassie@dereksmithlaw.com>
**Subject:** Re: Defendant's Discovery Responses/Subpoenas - Feccia v. Baker Barrios Architects, Inc.

Hi Mackenzie,

I understand the time-sensitive nature of the issues, and I am making efforts to make myself available. However, I want to make sure we have sufficient time to address the issues and I did not anticipate needing to reschedule our call today.

Would Thursday work for you and Justin? I could also make late Wednesday afternoon work as well.

**Kyle T. MacDonald, Esq.**
*Admitted in FL



**Derek Smith Law Group, PLLC**
520 Brickell Key Drive, Suite O-301  |  Miami, Florida 33131
Toll Free: (800) 807-2209  |  Direct: (786) 568-8120
Email: kyle@dereksmithlaw.com
www.discriminationandsexualharassmentlawyers.com
**New York  |  New Jersey  |  Philadelphia  |  Miami  |  Los Angeles  |  San Francisco  |  San Diego**

*The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you. If you are a client of this firm and this email is directed to you, please do not forward to any other party, or you could be waiving the attorney-

client privilege. Settlement Communication Notice: If this communication pertains to a settlement in any case, all settlement agreements are subject to final client approval and signature by all parties. Any cases and business handled in California are handled exclusively through the distinct entity, Derek Smith Law Group, LLP.

**From:** Allan, Mackenzie N. (Orlando) <Mackenzie.Allan@jacksonlewis.com>
**Date:** Monday, September 9, 2024 at 4:12 PM
**To:** Kyle MacDonald <kyle@dereksmithlaw.com>, McConnell, Justin W. (Orlando) <Justin.McConnell@jacksonlewis.com>
**Cc:** Rundell, Shelly (Orlando) <Shelly.Rundell@jacksonlewis.com>, Sallee, Rebecca (Orlando) <Rebecca.Sallee@jacksonlewis.com>, David Rodriguez <David@dereksmithlaw.com>, Cassie Cisneros <cassie@dereksmithlaw.com>
**Subject:** RE: Defendant's Discovery Responses/Subpoenas - Feccia v. Baker Barrios Architects, Inc.

We really need to try to iron this out today if possible because we need to send our subpoenas – could we potentially start the conversation once Justin becomes available and pick it back up after your 4:30? I hate to ask for that, it's just that this conversation is getting pretty time sensitive (and apologies for my contribution to that with being sick last week 😣 ).



### Mackenzie N. Allan
Attorney at Law

**Jackson Lewis P.C.**
390 N. Orange Avenue.
Suite 1285
Orlando, FL 32801
Direct: (407) 246-8454 | Main: (407) 246-8440
Mackenzie.Allan@jacksonlewis.com | www.jacksonlewis.com

**From:** Kyle MacDonald <kyle@dereksmithlaw.com>
**Sent:** Monday, September 9, 2024 4:00 PM
**To:** Allan, Mackenzie N. (Orlando) <Mackenzie.Allan@jacksonlewis.com>; McConnell, Justin W. (Orlando) <Justin.McConnell@jacksonlewis.com>
**Cc:** Rundell, Shelly (Orlando) <Shelly.Rundell@jacksonlewis.com>; Sallee, Rebecca (Orlando) <Rebecca.Sallee@jacksonlewis.com>; David Rodriguez <David@dereksmithlaw.com>; Cassie Cisneros <cassie@dereksmithlaw.com>
**Subject:** Re: Defendant's Discovery Responses/Subpoenas - Feccia v. Baker Barrios Architects, Inc.


Hey Mackenzie,

I have another call beginning at 4:30pm and would not want to cut our discussion short. Would it be possible to reschedule for Thursday? I am available most of the day.

**Kyle T. MacDonald, Esq.**
*Admitted in FL



**Derek Smith Law Group, PLLC**

Case 6:24-cv-00434-JSS-DCI    Document 31-3    Filed 09/23/24    Page 5 of 18 PageID 302

520 Brickell Key Drive, Suite O-301  |  Miami, Florida 33131
Toll Free: (800) 807-2209  |  Direct: (786) 568-8120
Email: kyle@dereksmithlaw.com
www.discriminationandsexualharassmentlawyers.com
New York  |  New Jersey  |  Philadelphia  |  Miami  |  Los Angeles  |  San Francisco  |  San Diego

*The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you. If you are a client of this firm and this email is directed to you, please do not forward to any other party, or you could be waiving the attorney-client privilege. Settlement Communication Notice: If this communication pertains to a settlement in any case, all settlement agreements are subject to final client approval and signature by all parties. Any cases and business handled in California are handled exclusively through the distinct entity, Derek Smith Law Group, LLP.

**From:** Allan, Mackenzie N. (Orlando) <Mackenzie.Allan@jacksonlewis.com>
**Date:** Monday, September 9, 2024 at 3:56 PM
**To:** Kyle MacDonald <kyle@dereksmithlaw.com>, McConnell, Justin W. (Orlando) <Justin.McConnell@jacksonlewis.com>
**Cc:** Rundell, Shelly (Orlando) <Shelly.Rundell@jacksonlewis.com>, Sallee, Rebecca (Orlando) <Rebecca.Sallee@jacksonlewis.com>, David Rodriguez <David@dereksmithlaw.com>, Cassie Cisneros <cassie@dereksmithlaw.com>
**Subject:** RE: Defendant's Discovery Responses/Subpoenas - Feccia v. Baker Barrios Architects, Inc.

Hey Kyle, Justin is running late – can we push it back to 4:20?



# Mackenzie N. Allan
Attorney at Law

**Jackson Lewis P.C.**
390 N. Orange Avenue.
Suite 1285
Orlando, FL 32801
Direct: (407) 246-8454 | Main: (407) 246-8440
Mackenzie.Allan@jacksonlewis.com | www.jacksonlewis.com

**From:** Allan, Mackenzie N. (Orlando) <Mackenzie.Allan@jacksonlewis.com>
**Sent:** Monday, September 9, 2024 2:14 PM
**To:** Kyle MacDonald <kyle@dereksmithlaw.com>; McConnell, Justin W. (Orlando) <Justin.McConnell@jacksonlewis.com>
**Cc:** Rundell, Shelly (Orlando) <Shelly.Rundell@jacksonlewis.com>; Sallee, Rebecca (Orlando) <Rebecca.Sallee@jacksonlewis.com>; David Rodriguez <David@dereksmithlaw.com>; Cassie Cisneros <cassie@dereksmithlaw.com>
**Subject:** RE: Defendant's Discovery Responses/Subpoenas - Feccia v. Baker Barrios Architects, Inc.

I'll go ahead and send the Teams invite 



# Mackenzie N. Allan
Attorney at Law

**Jackson Lewis P.C.**
390 N. Orange Avenue.
Suite 1285

5

> Orlando, FL 32801
> Direct: (407) 246-8454 | Main: (407) 246-8440
> Mackenzie.Allan@jacksonlewis.com | www.jacksonlewis.com

**From:** Kyle MacDonald <kyle@dereksmithlaw.com>
**Sent:** Monday, September 9, 2024 8:24 AM
**To:** McConnell, Justin W. (Orlando) <Justin.McConnell@jacksonlewis.com>; Allan, Mackenzie N. (Orlando) <Mackenzie.Allan@jacksonlewis.com>
**Cc:** Rundell, Shelly (Orlando) <Shelly.Rundell@jacksonlewis.com>; Sallee, Rebecca (Orlando) <Rebecca.Sallee@jacksonlewis.com>; David Rodriguez <David@dereksmithlaw.com>; Cassie Cisneros <cassie@dereksmithlaw.com>
**Subject:** Re: Defendant's Discovery Responses/Subpoenas - Feccia v. Baker Barrios Architects, Inc.

Good morning Justin,

I am available today at 4:00pm. I look forward to speaking with you then.

**Kyle T. MacDonald, Esq.**
*Admitted in FL



**Derek Smith Law Group, PLLC**
520 Brickell Key Drive, Suite O-301  |  Miami, Florida 33131
Toll Free: (800) 807-2209  |  Direct: (786) 568-8120
Email: kyle@dereksmithlaw.com
www.discriminationandsexualharassmentlawyers.com
**New York  |  New Jersey  |  Philadelphia  |  Miami  |  Los Angeles  |  San Francisco  |  San Diego**

*The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you. If you are a client of this firm and this email is directed to you, please do not forward to any other party, or you could be waiving the attorney-client privilege. Settlement Communication Notice: If this communication pertains to a settlement in any case, all settlement agreements are subject to final client approval and signature by all parties. Any cases and business handled in California are handled exclusively through the distinct entity, Derek Smith Law Group, LLP.

**From:** McConnell, Justin W. (Orlando) <Justin.McConnell@jacksonlewis.com>
**Date:** Saturday, September 7, 2024 at 12:58 AM
**To:** Kyle MacDonald <kyle@dereksmithlaw.com>, Allan, Mackenzie N. (Orlando) <Mackenzie.Allan@jacksonlewis.com>
**Cc:** Rundell, Shelly (Orlando) <Shelly.Rundell@jacksonlewis.com>, Sallee, Rebecca (Orlando) <Rebecca.Sallee@jacksonlewis.com>, David Rodriguez <David@dereksmithlaw.com>, Cassie Cisneros <cassie@dereksmithlaw.com>
**Subject:** RE: Defendant's Discovery Responses/Subpoenas - Feccia v. Baker Barrios Architects, Inc.

Hi Kyle,

What is your availability Monday at 4pm?

Thank you.

Justin M.



### Justin W McConnell
Attorney at Law

**Jackson Lewis P.C.**
390 N. Orange Avenue.
Suite 1285
Orlando, FL 32801
Direct: (407) 246-8429 | Main: (407) 246-8440
Justin.McConnell@jacksonlewis.com | www.jacksonlewis.com

---

**From:** Kyle MacDonald <kyle@dereksmithlaw.com>
**Sent:** Wednesday, September 4, 2024 3:02 PM
**To:** McConnell, Justin W. (Orlando) <Justin.McConnell@jacksonlewis.com>; Allan, Mackenzie N. (Orlando) <Mackenzie.Allan@jacksonlewis.com>
**Cc:** Rundell, Shelly (Orlando) <Shelly.Rundell@jacksonlewis.com>; Sallee, Rebecca (Orlando) <Rebecca.Sallee@jacksonlewis.com>; David Rodriguez <David@dereksmithlaw.com>; Cassie Cisneros <cassie@dereksmithlaw.com>
**Subject:** Re: Defendant's Discovery Responses/Subpoenas - Feccia v. Baker Barrios Architects, Inc.


Hi Justin,

We appreciate your courtesy regarding the extension. I am not available this Friday, but my schedule is fairly flexible next Monday and Tuesday. Please let me know if you are available on either of those days for a call.

Regarding Mackenzie's request for us to file any motion related to the subpoenas by this Friday, we would prefer to hold off on filing until after our call so that we can address any outstanding issues and determine if any agreements can be reached. Please let me know if this works for you. Thank you.

**Kyle T. MacDonald, Esq.**
*Admitted in FL



**Derek Smith Law Group, PLLC**
520 Brickell Key Drive, Suite O-301  |  Miami, Florida 33131
Toll Free: (800) 807-2209  |  Direct: (786) 568-8120
Email: kyle@dereksmithlaw.com
www.discriminationandsexualharassmentlawyers.com
New York  |  New Jersey  |  Philadelphia  |  Miami  |  Los Angeles  |  San Francisco  |  San Diego

*The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you. If you are a client of this firm and this email is directed to you, please do not forward to any other party, or you could be waiving the attorney-client privilege. Settlement Communication Notice: If this communication pertains to a settlement in any case, all settlement agreements are subject to final client approval and signature by all parties. Any cases and business handled in California are handled exclusively through the distinct entity, Derek Smith Law Group, LLP.

---

**From:** McConnell, Justin W. (Orlando) <Justin.McConnell@jacksonlewis.com>
**Date:** Tuesday, September 3, 2024 at 11:55 PM

**To:** Kyle MacDonald <kyle@dereksmithlaw.com>, Allan, Mackenzie N. (Orlando) <Mackenzie.Allan@jacksonlewis.com>
**Cc:** Rundell, Shelly (Orlando) <Shelly.Rundell@jacksonlewis.com>, Sallee, Rebecca (Orlando) <Rebecca.Sallee@jacksonlewis.com>, David Rodriguez <David@dereksmithlaw.com>, Cassie Cisneros <cassie@dereksmithlaw.com>
**Subject:** RE: Defendant's Discovery Responses/Subpoenas - Feccia v. Baker Barrios Architects, Inc.

Hi Kyle,

Kenzie is currently out sick and I have a conflict at 11 am. What is your availability on Friday afternoon at 3pm?

No objection to the extension. You and your office have been courteous in extending our office extensions and we have no issue reciprocating.

Justin M.



### Justin W McConnell
Attorney at Law

**Jackson Lewis P.C.**
390 N. Orange Avenue.
Suite 1285
Orlando, FL 32801
Direct: (407) 246-8429 | Main: (407) 246-8440
Justin.McConnell@jacksonlewis.com | www.jacksonlewis.com

---

**From:** Kyle MacDonald <kyle@dereksmithlaw.com>
**Sent:** Tuesday, September 3, 2024 4:00 PM
**To:** Allan, Mackenzie N. (Orlando) <Mackenzie.Allan@jacksonlewis.com>; McConnell, Justin W. (Orlando) <Justin.McConnell@jacksonlewis.com>
**Cc:** Rundell, Shelly (Orlando) <Shelly.Rundell@jacksonlewis.com>; Sallee, Rebecca (Orlando) <Rebecca.Sallee@jacksonlewis.com>; David Rodriguez <David@dereksmithlaw.com>; Cassie Cisneros <cassie@dereksmithlaw.com>
**Subject:** Re: Defendant's Discovery Responses/Subpoenas - Feccia v. Baker Barrios Architects, Inc.


Hi Mackenzie,

I am still in the process of reviewing your message below and the included materials. However, for the conferral call, please let me know if tomorrow at 11:00am works for you and Justin.

Additionally, on an unrelated note, we are still gathering information and documents for Plaintiff's discovery responses and kindly request a 21-day extension on the responses. Per my math, the responses would then be due by September 30, 2024. Please let me know if you are agreeable to the extension. Thank you.

**Kyle T. MacDonald, Esq.**
*Admitted in FL



**Derek Smith Law Group, PLLC**
520 Brickell Key Drive, Suite O-301  |  Miami, Florida 33131
Toll Free: (800) 807-2209  |  Direct: (786) 568-8120
Email: kyle@dereksmithlaw.com
www.discriminationandsexualharassmentlawyers.com
**New York**  |  **New Jersey**  |  **Philadelphia**  |  **Miami**  |  **Los Angeles**  |  **San Francisco**  |  **San Diego**

*The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you. If you are a client of this firm and this email is directed to you, please do not forward to any other party, or you could be waiving the attorney-client privilege. Settlement Communication Notice: If this communication pertains to a settlement in any case, all settlement agreements are subject to final client approval and signature by all parties. Any cases and business handled in California are handled exclusively through the distinct entity, Derek Smith Law Group, LLP.

**From:** Allan, Mackenzie N. (Orlando) <Mackenzie.Allan@jacksonlewis.com>
**Date:** Friday, August 30, 2024 at 1:07 PM
**To:** Kyle MacDonald <kyle@dereksmithlaw.com>, McConnell, Justin W. (Orlando) <Justin.McConnell@jacksonlewis.com>
**Cc:** Rundell, Shelly (Orlando) <Shelly.Rundell@jacksonlewis.com>, Sallee, Rebecca (Orlando) <Rebecca.Sallee@jacksonlewis.com>, David Rodriguez <David@dereksmithlaw.com>, Cassie Cisneros <cassie@dereksmithlaw.com>
**Subject:** RE: Defendant's Discovery Responses/Subpoenas - Feccia v. Baker Barrios Architects, Inc.

Hi Kyle,

Thanks for your efforts to confer, we appreciate the good faith conversations and willingness to work together.

**Non-Party Subpoenas**
Regarding the non-party subpoenas, Defendant has a right to discover relevant information directly from the non-party for use at trial and would be prejudiced if it were required to accept non-party documents from the Plaintiff herself. For instance, without a Certificate of Authenticity of testimony of a records custodian to accompany the records, Defendant would be unable to authenticate them for use at trial.

Plaintiff placed her current employment at issue by filing a Complaint alleging discrimination and retaliation and seeking damages for "front and back pay," "loss of income, the loss of salary, bonuses, benefits, and other compensation which such employment entails, and Ms. Feccia has also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses" – all of which she alleges she "has suffered and will continue to suffer." Defendant is not seeking all Feccia's personnel records or making a vague request for her "entire personnel file;" rather, Defendant requests only those specific employment records which are relevant to Feccia's own claims and Defendant's defenses. Attached please find four cases from the Middle District (*Griffin, O'Reilly, Garcia,* and *Djahed*) which all hold that defendants are entitled to collect the specific types of records from a plaintiff's current employer as we seek here. Notably, *Griffin* was decided in the Middle District in March of this year.

We cannot find any authority standing for the proposition that Defendant may not issue a subpoena to a current employer if the Plaintiff agrees to produce documents on her own. Instead, *Zafirov*, a Middle District case from February of this year (attached), specifically states that "even if [a plaintiff] has relevant documents in her possession, that does not foreclose [a defendant] from pursuing other avenues of discovery." Notwithstanding this, Defendant did request many of the documents requested in its non-party subpoena to Plaintiff's current employer in its Requests for Production to Plaintiff (for example, Requests 8, 9, 12, 14, and 15). However, it seems unlikely that Plaintiff would have all the following documents in her possession: complete attendance records, complete payroll records, all documents

showing dates or reasons for a termination of employment, her employment application(s), all work evaluations, performance reviews, disciplinary actions, complaints, incident reports, or accident reports, all claims of improper conduct made against her, any and all complaints, claims, charges or threatened complaints, claims, charges made by her or on her behalf, all information regarding EEOC or related state agency complaints on her behalf, all compensation agreements or other documents reflecting the method and/or rate of her compensation, all her benefits, all her schedules, hours worked, notices of availability or vacation or time off requests, all documents reflecting any leaves of absence requested or taken under the Family and Medical Leave Act or other forms of leave, including her return from such leaves; and all documents reflecting any request for accommodation under the Americans with Disabilities Act or other forms of accommodation. Are you able to verify that Plaintiff has each and every document Defendant seeks to request from her employer in her possession?

Regarding the requested medical records, Defendant would agree to limit the subpoena to August 1, 2019 through the present – essentially, the past seven years. Courts routinely allow medical records dating back 5-15 years, but at this time, we think the past seven years is initially sufficient in this case. Attached please find three cases from the Middle District (*Lang, Alvarez,* and *McIntyre*) which all hold that defendants are entitled to collect medical and psychiatric records where a plaintiff claims emotional distress. Notably, the *Lang* opinion is only two months old. Were you able to meet with your client? Can we reach an agreement on this?

Since Plaintiff is objecting to a broader period of discovery of her medical records, to the extent there are subsequent issues discovered concerning medical issues relevant to our defenses, we reserve the right to seek leave to re-open Plaintiff's deposition and ask additional inquiry on these topics, and to serve additional subpoenas for additional records.

**Interrogatories & Requests for Production**
Please see our responses regarding Plaintiff's interrogatories and requests for production, in bolded purple beneath your propositions in red.

**Meet & Confer**
Are you available on Wednesday morning for a meet and confer on Defendant's objections to Plaintiff's 30(b)(6) Notice and Plaintiff's objections to Defendant's Responses to Plaintiffs Requests for Production #42-43 (since we did not previously confer on those Requests)? Justin and I are fairly flexible that morning. We can also use that time to confer further and try to reach agreement regarding the non-party subpoenas, but we need to reach resolution one way or the other in the near future because of Plaintiff's upcoming deposition. If you intend to file a motion for protective order, please do so by September 6th (next Friday) so we can have the issues decided by the Court with enough time to issue the subpoenas and receive responses prior to Plaintiff's deposition. If the matter cannot be resolved timely such that the records will not be produced sufficiently in advance of Plaintiff's currently scheduled deposition, then we also reserve the right to reschedule Plaintiff's depositions, as well as the depositions of the other witnesses.

Thank you,



**Mackenzie N. Allan**
Attorney at Law

**Jackson Lewis P.C.**
390 N. Orange Avenue.
Suite 1285
Orlando, FL 32801
Direct: (407) 246-8454 | Main: (407) 246-8440
Mackenzie.Allan@jacksonlewis.com | www.jacksonlewis.com

**From:** Kyle MacDonald <kyle@dereksmithlaw.com>
**Sent:** Monday, August 19, 2024 6:50 PM
**To:** McConnell, Justin W. (Orlando) <Justin.McConnell@jacksonlewis.com>; Allan, Mackenzie N. (Orlando) <Mackenzie.Allan@jacksonlewis.com>
**Cc:** Rundell, Shelly (Orlando) <Shelly.Rundell@jacksonlewis.com>; Sallee, Rebecca (Orlando) <Rebecca.Sallee@jacksonlewis.com>; David Rodriguez <David@dereksmithlaw.com>; Cassie Cisneros <cassie@dereksmithlaw.com>
**Subject:** Re: Defendant's Discovery Responses/Subpoenas - Feccia v. Baker Barrios Architects, Inc.


Justin and Mackenzie,

As discussed, below are my notes from our call this morning. Please let me know if I left anything out.

- Non-Party Subpoenas
    - We object to the subpoenas to Plaintiff's medical providers because as currently written, the subpoenas request Plaintiff's entire medical history without limitation. We would be agreeable to a limited time frame and subject matter (e.g., psychiatric treatment records within the past X years).
        - We were not able to reach an agreement on a more narrow scope for the medical records, but I am going to speak with my client and circle back with you again to see if we can reach an agreement.
    - We object to the subpoenas to Plaintiff's current employer based on the overbroad scope of the documents sought, and because Defendant has not made any attempt to seek this information from the Plaintiff before issuing the subpoena. We also object on the grounds that the subpoena is highly prejudicial to her continued employment.
        - We were not able to reach an agreement. However, I offered to send case law on this point. To that end, please see the attached orders, which include a sampling of some cases supporting our objections. Please review and let me know if your client maintains its position.
- Interrogatories
    - No. 5
        - Defendant's response does not provide any information regarding past complaints of discrimination, harassment, etc. We would be agreeable to a more narrowed scope related to the claims brought by Plaintiff.
            - I agreed to propose a more narrow interrogatory. We would be agreeable to five years of past allegations/complaints (using the language posed in the interrogatory) of sex discrimination, pregnancy discrimination, FMLA retaliation, or FMLA interference, which named or involved Rob Ledford, Wayne Dunkelberger, Tim Baker, Jed Prest, Meghan Dietz, or Lisa Couch.
            - **That's fine.**
    - No. 13
        - Defendant's response does not identify the date on which the decision to terminate was made.
            - I believe we reached a preliminary agreement for Defendant to provide the date on which the decision was made, but you will speak to your client to confirm.
            - **We will discuss with our client and provide a more detailed response, if able.**
    - No. 17
        - It is unclear from Defendant's response which employees were considered but did not ultimately select for termination. For all employees considered, we need their name, gender, title, supervisor, and reason why they were not ultimately selected.
            - As I shared with you, since the response states that the interior design department employees were briefly considered for termination, we will need the

- requested information for each employee in the department at the time. You will speak to your client and get back to me on this issue.
  - **As we shared in the call, without a clear definition from Plaintiff of the phrase "considered to be selected for termination" which Plaintiff uses in Interrogatory #17, we are unable to provide any additional clarification other than the answer we have given. There is no relevance to the information concerning other interior designers who are not comparators to Ms. Feccia and who were not ultimately considered for possible termination.**
  - o No. 21
    - We will need the Defendant to provide the information for parts A-E if the declaration page does not include the requested information.
      - This will likely be resolved by Defendant's document production.
      - **Agreed.**
- Request for Production
  - o Responsive Documents
    - We have not yet received Defendant's document production.
      - We agreed that Defendant will soon begin producing documents and that with the first batch of document production, you will provide a date for when the rolling production will be fully completed. We agreed it will be completed within a reasonable time frame, such 30 days or less, to allow ample time prior to any depositions.
      - **Agreed.**
  - o Privilege Log
    - Defendant's responses assert attorney-client/work-product privileges but Defendant failed to produce a privilege log identifying the nature of the claims.
      - We agreed no privilege log is necessary for communications between your office and your client, but that one will be provided for any documents withheld on the basis of privilege outside of that.
      - **Agreed.**
  - o Withholding Statements
    - All of Defendant's RFP responses that assert an objection must state whether responsive documents are being withheld on the basis of that objection under Rule 34. Any objections to part of a request must also be identified in the responses.
      - We agreed that withholding statements will be included in amended RFP responses, which will be provided on the final rolling document production date referenced above.
      - **Agreed.**
  - o Document Identification
    - Several of Defendant's responses state that it will produce "what it determines, in good faith, is responsive documentation on a rolling production basis." These statements are improper under Rule 34 and prevent Plaintiff from knowing what documents are being produced and which documents are responsive to particular requests. We will need Defendant to identify the responsive documents being produced in response to each request.
      - We agreed that Defendant will identify the responsive documents being produced in the amended RFP responses referenced above.
      - **Agreed.**
  - o Objections on Scope
    - Several of Defendant's responses assert that Defendant will produce documents in response to a more narrowly tailored request. For each of these responses, please advise if you have a proposed limitation to help expedite our conferral.
      - We agreed that Defendant can disregard the "relate or pertain to" language in responding to all requests.
        - **Agreed.**

- I do not believe we discussed the specific responses which assert the "more narrowly tailored" statement, but I have included the pertinent requests below:
    - RFP Nos. 5-13
        - For these requests relating to communications, we would be agreeable to limiting each of them to the subject matter of Plaintiff's pregnancy, Plaintiff's leave requests, or Plaintiff's termination.
            - That's fine.
    - RFP Nos. 42-43
        - For these requests relating to the work assigned to Plaintiff, we ask that all responsive documents be produced. If there is a particular aspect of the requests that you believe is overbroad, please let me know. These are highly important, given that they relate to the reason for the Plaintiff's termination.
            - Defendant cannot answer these requests as written because they are overbroad for the specific reasons stated in Defendant's objection. We can confer on how Plaintiff can narrow the scope of these requests in our meet and confer on the 30(b)(6) topics.

**Kyle T. MacDonald, Esq.**
*Admitted in FL



**Derek Smith Law Group, PLLC**
520 Brickell Key Drive, Suite O-301  |  Miami, Florida 33131
Toll Free: (800) 807-2209  |  Direct: (786) 568-8120
Email: kyle@dereksmithlaw.com
www.discriminationandsexualharassmentlawyers.com
New York  |  New Jersey  |  Philadelphia  |  Miami  |  Los Angeles  |  San Francisco  |  San Diego

*The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you. If you are a client of this firm and this email is directed to you, please do not forward to any other party, or you could be waiving the attorney-client privilege. Settlement Communication Notice: If this communication pertains to a settlement in any case, all settlement agreements are subject to final client approval and signature by all parties. Any cases and business handled in California are handled exclusively through the distinct entity, Derek Smith Law Group, LLP.

---

**From:** Kyle MacDonald <kyle@dereksmithlaw.com>
**Date:** Monday, August 19, 2024 at 11:12 AM
**To:** McConnell, Justin W. (Orlando) <Justin.McConnell@jacksonlewis.com>, Allan, Mackenzie N. (Orlando) <Mackenzie.Allan@jacksonlewis.com>
**Cc:** Rundell, Shelly (Orlando) <Shelly.Rundell@jacksonlewis.com>, Sallee, Rebecca (Orlando) <Rebecca.Sallee@jacksonlewis.com>, David Rodriguez <David@dereksmithlaw.com>, Cassie Cisneros <cassie@dereksmithlaw.com>
**Subject:** Re: Defendant's Discovery Responses/Subpoenas - Feccia v. Baker Barrios Architects, Inc.

Justin and Mackenzie,

It was a pleasure speaking with you both. I just wanted to send a quick note to say the meeting accidentally disconnected early, so I didn't want either of you to think I did that purposefully!

13

I will send my notes recapping our call later this afternoon.

**Kyle T. MacDonald, Esq.**
*Admitted in FL



**Derek Smith Law Group, PLLC**
520 Brickell Key Drive, Suite O-301  |  Miami, Florida 33131
Toll Free: (800) 807-2209  |  Direct: (786) 568-8120
Email: kyle@dereksmithlaw.com
www.discriminationandsexualharassmentlawyers.com
**New York  |  New Jersey  |  Philadelphia  |  Miami  |  Los Angeles  |  San Francisco  |  San Diego**

*The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you. If you are a client of this firm and this email is directed to you, please do not forward to any other party, or you could be waiving the attorney-client privilege. Settlement Communication Notice: If this communication pertains to a settlement in any case, all settlement agreements are subject to final client approval and signature by all parties. Any cases and business handled in California are handled exclusively through the distinct entity, Derek Smith Law Group, LLP.

---

**From:** Kyle MacDonald <kyle@dereksmithlaw.com>
**Date:** Thursday, August 15, 2024 at 5:16 PM
**To:** McConnell, Justin W. (Orlando) <Justin.McConnell@jacksonlewis.com>, Allan, Mackenzie N. (Orlando) <Mackenzie.Allan@jacksonlewis.com>
**Cc:** Rundell, Shelly (Orlando) <Shelly.Rundell@jacksonlewis.com>, Sallee, Rebecca (Orlando) <Rebecca.Sallee@jacksonlewis.com>, David Rodriguez <David@dereksmithlaw.com>, Cassie Cisneros <cassie@dereksmithlaw.com>
**Subject:** Re: Defendant's Discovery Responses/Subpoenas - Feccia v. Baker Barrios Architects, Inc.

Justin and Mackenzie,

Please see my notes regarding the non-party subpoenas and Defendant's discovery responses outlined below. I look forward to speaking with you next week.

- Non-Party Subpoenas
    - We object to the subpoenas to Plaintiff's medical providers because as currently written, the subpoenas request Plaintiff's entire medical history without limitation. We would be agreeable to a limited time frame and subject matter (e.g., psychiatric treatment records within the past X years).
    - We object to the subpoenas to Plaintiff's current employer based on the overbroad scope of the documents sought, and because Defendant has not made any attempt to seek this information from the Plaintiff before issuing the subpoena. We also object on the grounds that the subpoena is highly prejudicial to her continued employment.
- Interrogatories
    - No. 5
        - Defendant's response does not provide any information regarding past complaints of discrimination, harassment, etc. We would be agreeable to a more narrowed scope related to the claims brought by Plaintiff.
    - No. 13
        - Defendant's response does not identify the date on which the decision to terminate was made.
    - No. 17

- ▪ It is unclear from Defendant's response which employees were considered but did not ultimately select for termination. For all employees considered, we need their name, gender, title, supervisor, and reason why they were not ultimately selected.
  - o No. 21
    - ▪ We will need the Defendant to provide the information for parts A-E if the declaration page does not include the requested information.
- Request for Production
  - o Responsive Documents
    - ▪ We have not yet received Defendant's document production.
  - o Privilege Log
    - ▪ Defendant's responses assert attorney-client/work-product privileges but Defendant failed to produce a privilege log identifying the nature of the claims.
  - o Withholding Statements
    - ▪ All of Defendant's RFP responses that assert an objection must state whether responsive documents are being withheld on the basis of that objection under Rule 34. Any objections to part of a request must also be identified in the responses.
  - o Document Identification
    - ▪ Several of Defendant's responses state that it will produce "what it determines, in good faith, is responsive documentation on a rolling production basis." These statements are improper under Rule 34 and prevent Plaintiff from knowing what documents are being produced and which documents are responsive to particular requests. We will need Defendant to identify the responsive documents being produced in response to each request.
  - o Objections on Scope
    - ▪ Several of Defendant's responses assert that Defendant will produce documents in response to a more narrowly tailored request. For each of these responses, please advise if you have a proposed limitation to help expedite our conferral.

**Kyle T. MacDonald, Esq.**
*Admitted in FL



**Derek Smith Law Group, PLLC**
520 Brickell Key Drive, Suite O-301  |  Miami, Florida 33131
Toll Free: (800) 807-2209  |  Direct: (786) 568-8120
Email: kyle@dereksmithlaw.com
www.discriminationandsexualharassmentlawyers.com

**New York**  |  **New Jersey**  |  **Philadelphia**  |  **Miami**  |  **Los Angeles**  |  **San Francisco**  |  **San Diego**

*The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you. If you are a client of this firm and this email is directed to you, please do not forward to any other party, or you could be waiving the attorney-client privilege. Settlement Communication Notice: If this communication pertains to a settlement in any case, all settlement agreements are subject to final client approval and signature by all parties. Any cases and business handled in California are handled exclusively through the distinct entity, Derek Smith Law Group, LLP.

**From:** McConnell, Justin W. (Orlando) <Justin.McConnell@jacksonlewis.com>
**Date:** Tuesday, August 13, 2024 at 9:45 PM
**To:** Kyle MacDonald <kyle@dereksmithlaw.com>, Allan, Mackenzie N. (Orlando) <Mackenzie.Allan@jacksonlewis.com>
**Cc:** Rundell, Shelly (Orlando) <Shelly.Rundell@jacksonlewis.com>, Sallee, Rebecca (Orlando) <Rebecca.Sallee@jacksonlewis.com>, David Rodriguez <David@dereksmithlaw.com>, Cassie Cisneros

<cassie@dereksmithlaw.com>
**Subject:** RE: Defendant's Discovery Responses/Subpoenas - Feccia v. Baker Barrios Architects, Inc.

Thank you. We'll circulate call instructions via MS Teams.



### Justin W McConnell
Attorney at Law

**Jackson Lewis P.C.**
390 N. Orange Avenue.
Suite 1285
Orlando, FL 32801

Direct: (407) 246-8429 | Main: (407) 246-8440
Justin.McConnell@jacksonlewis.com | www.jacksonlewis.com

**From:** Kyle MacDonald <kyle@dereksmithlaw.com>
**Sent:** Tuesday, August 13, 2024 4:06 PM
**To:** McConnell, Justin W. (Orlando) <Justin.McConnell@jacksonlewis.com>; Allan, Mackenzie N. (Orlando) <Mackenzie.Allan@jacksonlewis.com>
**Cc:** Rundell, Shelly (Orlando) <Shelly.Rundell@jacksonlewis.com>; Sallee, Rebecca (Orlando) <Rebecca.Sallee@jacksonlewis.com>; David Rodriguez <David@dereksmithlaw.com>; Cassie Cisneros <cassie@dereksmithlaw.com>
**Subject:** Re: Defendant's Discovery Responses/Subpoenas - Feccia v. Baker Barrios Architects, Inc.


Hi Justin,

Thank you for confirming. I will speak with you then.

I will also be sure to provide you with additional information regarding the objections by Thursday as well.

**Kyle T. MacDonald, Esq.**
*Admitted in FL



**Derek Smith Law Group, PLLC**
520 Brickell Key Drive, Suite O-301  |  Miami, Florida 33131
Toll Free: (800) 807-2209  |  Direct: (786) 568-8120
Email: kyle@dereksmithlaw.com
www.discriminationandsexualharassmentlawyers.com
New York  |  New Jersey  |  Philadelphia  |  Miami  |  Los Angeles  |  San Francisco  |  San Diego

*The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you. If you are a client of this firm and this email is directed to you, please do not forward to any other party, or you could be waiving the attorney-client privilege. Settlement Communication Notice: If this communication pertains to a settlement in any case, all settlement agreements are subject to final client approval and signature by all parties. Any cases and business handled in California are handled exclusively through the distinct entity, Derek Smith Law Group, LLP.

**From:** McConnell, Justin W. (Orlando) <Justin.McConnell@jacksonlewis.com>
**Date:** Tuesday, August 13, 2024 at 9:38 AM

**To:** Kyle MacDonald <kyle@dereksmithlaw.com>, Allan, Mackenzie N. (Orlando) <Mackenzie.Allan@jacksonlewis.com>
**Cc:** Rundell, Shelly (Orlando) <Shelly.Rundell@jacksonlewis.com>, Sallee, Rebecca (Orlando) <Rebecca.Sallee@jacksonlewis.com>, David Rodriguez <David@dereksmithlaw.com>, Cassie Cisneros <cassie@dereksmithlaw.com>
**Subject:** RE: Defendant's Discovery Responses/Subpoenas - Feccia v. Baker Barrios Architects, Inc.

Hi Kyle,

We have availability Monday at 10 to confer and will agree not to serve the subpoenas prior to our conferral. In the interest of having sufficient time to evaluate your objections prior to our call, please provide your list of issues by close of business Thursday. Thank you.

Justin M.



### Justin W McConnell
Attorney at Law

**Jackson Lewis P.C.**
390 N. Orange Avenue.
Suite 1285
Orlando, FL 32801
Direct: (407) 246-8429 | Main: (407) 246-8440
Justin.McConnell@jacksonlewis.com | www.jacksonlewis.com

---

**From:** Kyle MacDonald <kyle@dereksmithlaw.com>
**Sent:** Monday, August 12, 2024 4:40 PM
**To:** McConnell, Justin W. (Orlando) <Justin.McConnell@jacksonlewis.com>; Allan, Mackenzie N. (Orlando) <Mackenzie.Allan@jacksonlewis.com>
**Cc:** Rundell, Shelly (Orlando) <Shelly.Rundell@jacksonlewis.com>; Sallee, Rebecca (Orlando) <Rebecca.Sallee@jacksonlewis.com>; David Rodriguez <David@dereksmithlaw.com>; Cassie Cisneros <cassie@dereksmithlaw.com>
**Subject:** Defendant's Discovery Responses/Subpoenas - Feccia v. Baker Barrios Architects, Inc.


Justin and Mackenzie,

Pursuant to Local Rule 3.01(g), I am reaching out to schedule a time to confer with you regarding Defendant's non-party subpoenas and the deficiencies raised by Defendant's discovery responses.

As to the non-party subpoenas, we object to the issuance of all four subpoenas as currently written and kindly ask that you confirm you will not issue them until we have had a chance to confer. This allows us to discuss the subpoenas and attempt to reach an agreement prior to filing a motion for a protective order.

I am available to discuss next Monday, August 19th, from 9:00am to 11:00am, or next Wednesday, August 21st, from 12:00pm to 3:30pm. Please let me know if either of those times work for you all.

I will send you a brief outline of the issues pertaining to the subpoenas and discovery responses prior to the call as well. Thank you.

**Kyle T. MacDonald, Esq.**

*Admitted in FL



**Derek Smith Law Group, PLLC**
520 Brickell Key Drive, Suite O-301  |  Miami, Florida 33131
Toll Free: (800) 807-2209  |  Direct: (786) 568-8120
Email: kyle@dereksmithlaw.com
www.discriminationandsexualharassmentlawyers.com

**New York**  |  **New Jersey**  |  **Philadelphia**  |  **Miami**  |  **Los Angeles**  |  **San Francisco**  |  **San Diego**

*The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you. If you are a client of this firm and this email is directed to you, please do not forward to any other party, or you could be waiving the attorney-client privilege. Settlement Communication Notice: If this communication pertains to a settlement in any case, all settlement agreements are subject to final client approval and signature by all parties. Any cases and business handled in California are handled exclusively through the distinct entity, Derek Smith Law Group, LLP.