# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| ISABELLE FECCIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 6:24-cv-00434-JSS-DCI |
| | ) |
| BAKER BARRIOS ARCHITECTS, INC., | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL BETTER INTERROGATORY RESPONSES [DOC. 30]

Defendant responds to Plaintiff's Motion to Compel Better Interrogatory Responses as follows:

Defendant answered Plaintiff's First Set of Interrogatories to Defendant in good faith. Plaintiff objected to Interrogatory Nos. 13 and 17, and the parties conferred on numerous occasions. Defendant advised it would serve amended answers on September 20, 2024. **Ex.A**. Despite no objection and prior to receiving Defendant's amended answers, Plaintiff moved to compel. Despite receiving Defendant's amended answers on September 20, 2024, Plaintiff has declined to withdraw her moot Motion to Compel. **Ex.B**.

1. <u>**Interrogatory No. 13**</u>

Interrogatory No. 13 reads, in part: "Please state the date(s) on which Defendant made the **decision to eliminate positions** …" (emphasis added). This Interrogatory does not request the date on which Defendant <u>**decided to terminate Plaintiff**</u>, it requests the date on which Defendant <u>**decided to "eliminate positions."**</u> As such, Defendant originally answered that Defendant realized it would need to eliminate positions in early 2023. Pursuant to meet and confers with Plaintiff, Defendant agreed to amend its answer to provide additional specificity – and did so.

Even after various meet and confers, it was not until receipt of Plaintiff's Motion that Defendant realized Plaintiff sought the date on which Defendant decided to terminate Plaintiff. Such an interpretation is not supported by the plain language of the Interrogatory. Middle District of Florida's Civil Discovery Handbook Section IV(A)(3). Defendant answered Interrogatory No. 13 "separately and fully in writing and under oath," as required by Federal Rule of Civil Procedure 33(b).

2. <u>**Interrogatory No. 17**</u>

Interrogatory No. 17 reads, in part: "Identify **all employee(s)** who Defendant BBA **considered to be selected** for termination …" (emphasis added). In its answer, Defendant attempted to explain that the individuals it

2

**actually considered** for termination on April 17, 2024 were the Interior Designer 3s while also providing insight into the broader context of its decision to focus on the Interior Designer 3s by acknowledging that it "initially briefly considered" the interior design department as a whole.

Despite numerous conferrals with Plaintiff wherein Defendant explained that it **did not actually consider every individual in the entire interior design department** and requested clarification from Plaintiff regarding the intended meaning "considered," Plaintiff continued to demand information for every single interior designer employed by Defendant and refused to provide clarification regarding the intended meaning of the word "considered."

Defendant amended its answer to this Interrogatory to provide its objections to the unresolved ambiguity of the word "considered" – to the extent the Interrogatory seeks information pertaining to each individual within <u>groups</u> which were considered at a high level rather than <u>individuals</u> who were actually considered – and to clarify its answer. To the extent Plaintiff seeks information regarding every interior designer, this is overbroad and not proportionate to the needs of the case. Otherwise, Defendant has fully answered this Interrogatory as required by Federal Rule

3

of Civil Procedure 33(b) and the Middle District of Florida's Civil Discovery Handbook Section IV(A)(3).

DATED this 23rd day of September, 2024.

Respectfully submitted,

JACKSON LEWIS P.C.
390 North Orange Avenue, Suite 1285
Orlando, Florida 32801
Telephone: (407) 246-8440
Facsimile: (407) 246-8441

By: */s/ Justin W. McConnell*
Justin W. McConnell
Florida Bar No. 112631
justin.mcconnell@jacksonlewis.com

Mackenzie N. Allan
Florida Bar No. 1031199
mackenzie.allan@jacksonlewis.com

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23rd day of September, 2024, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: Kyle T. MacDonald, Esq., Derek Smith Law Group, PLLC, 520 Brickell Key Drive, Suite O-301, Miami, FL 33131.

*/s/ Justin W. McConnell*
Justin W. McConnell

4889-9557-6806, v. 2