**EXHIBIT A**

**Allan, Mackenzie N. (Orlando)**

| | |
|---|---|
| **From:** | McConnell, Justin W. (Orlando) |
| **Sent:** | Monday, September 23, 2024 2:56 PM |
| **To:** | Kyle MacDonald; Allan, Mackenzie N. (Orlando) |
| **Cc:** | Rundell, Shelly (Orlando); Sallee, Rebecca (Orlando); David Rodriguez; Cassie Cisneros |
| **Subject:** | RE: SERVICE OF (COURT) or (DISCOVERY) DOCUMENT(S): Feccia v. Baker Barrios Architects, Inc. Case No. 6:24-cv-434 |

Hi Kyle,

As to the amended responses, today is our deadline to respond to your motion to compel. If your client's position has changed, then we need to know by 4pm so we can advise the court in our response.

Regarding the confidentiality agreement, your client is currently employed by a competitor firm. Documents subject to the confidentiality and/or AEO restriction would include certain BBA financial information relevant to the decision to terminate Mrs. Feccia's employment, as well as other confidential client and/or business records of BBA. These documents are highly confidential by their nature and thus BBA requires the protections afforded by a confidentiality agreement. We are not agreeable to production of these documents without confidentiality protections in place prior.

We'll review the 30(b)(6) notice.



**Justin W McConnell**
Attorney at Law

**Jackson Lewis P.C.**
390 N. Orange Avenue.
Suite 1285
Orlando, FL 32801
Direct: (407) 246-8429 | Main: (407) 246-8440
Justin.McConnell@jacksonlewis.com | www.jacksonlewis.com

**From:** Kyle MacDonald <kyle@dereksmithlaw.com>
**Sent:** Monday, September 23, 2024 2:21 PM
**To:** Allan, Mackenzie N. (Orlando) <Mackenzie.Allan@jacksonlewis.com>; McConnell, Justin W. (Orlando) <Justin.McConnell@jacksonlewis.com>
**Cc:** Rundell, Shelly (Orlando) <Shelly.Rundell@jacksonlewis.com>; Sallee, Rebecca (Orlando) <Rebecca.Sallee@jacksonlewis.com>; David Rodriguez <David@dereksmithlaw.com>; Cassie Cisneros <cassie@dereksmithlaw.com>
**Subject:** Re: SERVICE OF (COURT) or (DISCOVERY) DOCUMENT(S): Feccia v. Baker Barrios Architects, Inc. Case No. 6:24-cv-434

Good afternoon Mackenzie,

Thank you for providing those documents. Please provide the verified responses whenever you can. I have not yet had a chance to review the amended responses in full, but I plan to do so shortly.

1

Regarding the confidentiality order, could you please provide some additional information about what documents would be attorney's eyes only? I am hesitant to agree to a confidentiality order for otherwise discoverable documents unless there is some special circumstance that necessitates it.

Additionally, we will be issuing our deposition notices today using the agreed-upon dates. I tried my best to modify the language of 30(b)(6) topics where I could, but please let me know if any concerns remain and I am happy to discuss further.

**Kyle T. MacDonald, Esq.**
*Admitted in FL, MN



**Derek Smith Law Group, PLLC**
520 Brickell Key Drive, Suite O-301  |  Miami, Florida 33131
Toll Free: (800) 807-2209  |  Direct: (786) 568-8120
Email: kyle@dereksmithlaw.com
www.discriminationandsexualharassmentlawyers.com
**New York  |  New Jersey  |  Philadelphia  |  Miami  |  Los Angeles  |  San Francisco  |  San Diego**

*The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you. If you are a client of this firm and this email is directed to you, please do not forward to any other party, or you could be waiving the attorney-client privilege. Settlement Communication Notice: If this communication pertains to a settlement in any case, all settlement agreements are subject to final client approval and signature by all parties. Any cases and business handled in California are handled exclusively through the distinct entity, Derek Smith Law Group, LLP.

**From:** Allan, Mackenzie N. (Orlando) <Mackenzie.Allan@jacksonlewis.com>
**Date:** Friday, September 20, 2024 at 5:59 PM
**To:** Kyle MacDonald <kyle@dereksmithlaw.com>, McConnell, Justin W. (Orlando) <Justin.McConnell@jacksonlewis.com>
**Cc:** Rundell, Shelly (Orlando) <Shelly.Rundell@jacksonlewis.com>, Sallee, Rebecca (Orlando) <Rebecca.Sallee@jacksonlewis.com>, David Rodriguez <David@dereksmithlaw.com>, Cassie Cisneros <cassie@dereksmithlaw.com>
**Subject:** SERVICE OF (COURT) or (DISCOVERY) DOCUMENT(S): Feccia v. Baker Barrios Architects, Inc. Case No. 6:24-cv-434

Good evening Kyle,

Happy Friday!

Please see attached the following documents for the matter pending in the United States District Court, Middle District of Florida, Orlando Division, Case No. 6:24-cv-434-JSS-DCI, Feccia v. Baker Barrios Architects, Inc.:

1. Defendant's Amended Interrogatory Answers and Objections to Plaintiff's First Set of Interrogatories
2. Defendant's Amended Responses and Objections to Plaintiff's First Request for Production
3. Discovery Confidentiality Agreement

You should have already received a Biscom link from Rebecca with Defendant's first document production. If you have not, please let us know.

Next week, we will send additional documents that are confidential and some that are attorney's eyes only. Before we do so, we need the attached Discovery Confidentiality Agreement signed and returned to us.

Let us know if our amended interrogatory answers resolve your objections and if you are going to withdraw your motion to compel. Rob was unable to get the verification page notarized today, but he signed it and will notarize it on Monday.

Have a good weekend!



**Mackenzie N. Allan**
Attorney at Law

**Jackson Lewis P.C.**
390 N. Orange Avenue.
Suite 1285
Orlando, FL 32801
Direct: (407) 246-8454 | Main: (407) 246-8440
Mackenzie.Allan@jacksonlewis.com | www.jacksonlewis.com

**From:** Allan, Mackenzie N. (Orlando) <Mackenzie.Allan@jacksonlewis.com>
**Sent:** Tuesday, September 17, 2024 3:30 PM
**To:** Kyle MacDonald <kyle@dereksmithlaw.com>; McConnell, Justin W. (Orlando) <Justin.McConnell@jacksonlewis.com>
**Cc:** Rundell, Shelly (Orlando) <Shelly.Rundell@jacksonlewis.com>; Sallee, Rebecca (Orlando) <Rebecca.Sallee@jacksonlewis.com>; David Rodriguez <David@dereksmithlaw.com>; Cassie Cisneros <cassie@dereksmithlaw.com>
**Subject:** RE: Defendant's Discovery Responses/Subpoenas - Feccia v. Baker Barrios Architects, Inc.

Hi Kyle,

We do not believe that we can further clarify absent providing the amended answer to you. Defendant has agreed to amend its answer to Interrogatory 13 and will provide the amended answers on September 20, as agreed.

Regarding Defendant's subpoena to Plaintiff's current employer, we previously agreed that you would file your Motion for Protective Order no later than this past Friday, September 13. To date, Defendant has not received an informal copy or formal service of Plaintiff's Motion for Protective Order. Defendant's forthcoming amended interrogatory answers have no bearing on Defendant's subpoena to Plaintiff's current employer and should not serve to postpone resolving the subpoena issue. Defendant has delayed serving the subpoena to Plaintiff's employer because of Plaintiff's objections since early August. Since then, we have had held meet and confers via phone and via email and discussed possible ways forward, but we have been unable to reach an agreement. As such, if Plaintiff does not file her Motion for Protective Order by end of day tomorrow, Defendant will proceed with serving its subpoena to Plaintiff's current employer.

If you believe anything remains to be discussed regarding the subpoena to Plaintiff's current employer or believe there's a way to resolve the issue without Court intervention, please let us know and we can find time tomorrow to discuss any remaining issues over a phone call.

Thank you,
Kenzie



**Mackenzie N. Allan**

Attorney at Law

**Jackson Lewis P.C.**
390 N. Orange Avenue.
Suite 1285
Orlando, FL 32801
Direct: (407) 246-8454 | Main: (407) 246-8440
Mackenzie.Allan@jacksonlewis.com | www.jacksonlewis.com

---

**From:** Kyle MacDonald <kyle@dereksmithlaw.com>
**Sent:** Tuesday, September 17, 2024 2:00 PM
**To:** Allan, Mackenzie N. (Orlando) <Mackenzie.Allan@jacksonlewis.com>; McConnell, Justin W. (Orlando) <Justin.McConnell@jacksonlewis.com>
**Cc:** Rundell, Shelly (Orlando) <Shelly.Rundell@jacksonlewis.com>; Sallee, Rebecca (Orlando) <Rebecca.Sallee@jacksonlewis.com>; David Rodriguez <David@dereksmithlaw.com>; Cassie Cisneros <cassie@dereksmithlaw.com>
**Subject:** Re: Defendant's Discovery Responses/Subpoenas - Feccia v. Baker Barrios Architects, Inc.

Hi Mackenzie,

I hope you enjoyed your weekend as well. For Interrogatory 13, could you please clarify what is meant by your statement that the Defendant will provide the date to the best of its ability? I want to confirm whether the Defendant agrees to provide the information requested and ensure there is no ambiguity on this issue. Thank you.

**Kyle T. MacDonald, Esq.**
*Admitted in FL, MN



**Derek Smith Law Group, PLLC**
520 Brickell Key Drive, Suite O-301 | Miami, Florida 33131
Toll Free: (800) 807-2209 | Direct: (786) 568-8120
Email: kyle@dereksmithlaw.com
www.discriminationandsexualharassmentlawyers.com
New York | New Jersey | Philadelphia | Miami | Los Angeles | San Francisco | San Diego

*The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you. If you are a client of this firm and this email is directed to you, please do not forward to any other party, or you could be waiving the attorney-client privilege. Settlement Communication Notice: If this communication pertains to a settlement in any case, all settlement agreements are subject to final client approval and signature by all parties. Any cases and business handled in California are handled exclusively through the distinct entity, Derek Smith Law Group, LLP.

---

**From:** Allan, Mackenzie N. (Orlando) <Mackenzie.Allan@jacksonlewis.com>
**Date:** Monday, September 16, 2024 at 5:02 PM
**To:** Kyle MacDonald <kyle@dereksmithlaw.com>, McConnell, Justin W. (Orlando) <Justin.McConnell@jacksonlewis.com>
**Cc:** Rundell, Shelly (Orlando) <Shelly.Rundell@jacksonlewis.com>, Sallee, Rebecca (Orlando) <Rebecca.Sallee@jacksonlewis.com>, David Rodriguez <David@dereksmithlaw.com>, Cassie Cisneros

<cassie@dereksmithlaw.com>
**Subject:** RE: Defendant's Discovery Responses/Subpoenas - Feccia v. Baker Barrios Architects, Inc.

Hi Kyle,

We hope you had a nice weekend.

Regarding Interrogatory 13, we are going to provide the date that BBA decided to eliminate positions as part of in the reduction in force that occurred in April of 2023 to the best of Defendant's ability.

Regarding Interrogatory 17, we maintain our objection to the use of the word "considered" as is it vague, and Defendant is unsure of its desired meaning despite our meet and confers. As we discussed in our calls with you and as is included in our written objection to this Interrogatory, without an explanation of what "considered" means, we are unable to determine exactly what information Plaintiff is seeking. As phrased, "considered" could refer to the entire workforce of BBA as it "considered" where would be most efficient to make reductions. But, this does not seem to be the spirit of the question (nor would such a request be proportionate to the needs of this litigation). As such, Defendant attempted to answer this question in a way that acknowledges that Defendant "initially briefly considered" the interior design department after considering where within the entire organization to make reductions, then <u>actually</u> considered the four Interior Designer 3s when considering the individual employees to be selected for position elimination. As such, the only person of the Interior Designer 3s who was considered but was not selected was Angela Reed, and we provided her name, gender, title, supervisor, and the reason why she was not ultimately selected – as requested by the Interrogatory. However, because of the exchanges we have had with you and your concerns regarding our answer, Defendant intends to amend the answer to further clarify between <u>actually considered</u> and <u>not</u>. Ms. Feccia was not compared against Interior Designer 1s or 2s when considered for position elimination, as Interior Designer 1s and 2s were not ultimately considered for position elimination.

In sum, we are not agreeable to providing information regarding each and every member of the interior design department because that is not what the Interrogatory requests nor would such information be proportionate to the needs of this litigation, but we do intend to amend our answer to this Interrogatory to clear up any confusion. We believe our finalized, amended answer should resolve your concerns and request that you review the formally revised answer prior to filing a motion to compel.

Thank you,



**Mackenzie N. Allan**
Attorney at Law

**Jackson Lewis P.C.**
390 N. Orange Avenue.
Suite 1285
Orlando, FL 32801
Direct: (407) 246-8454 | Main: (407) 246-8440
Mackenzie.Allan@jacksonlewis.com | www.jacksonlewis.com

---

**From:** Kyle MacDonald <kyle@dereksmithlaw.com>
**Sent:** Friday, September 13, 2024 4:54 PM
**To:** Allan, Mackenzie N. (Orlando) <Mackenzie.Allan@jacksonlewis.com>; McConnell, Justin W. (Orlando) <Justin.McConnell@jacksonlewis.com>
**Cc:** Rundell, Shelly (Orlando) <Shelly.Rundell@jacksonlewis.com>; Sallee, Rebecca (Orlando) <Rebecca.Sallee@jacksonlewis.com>; David Rodriguez <David@dereksmithlaw.com>; Cassie Cisneros

<cassie@dereksmithlaw.com>
**Subject:** Re: Defendant's Discovery Responses/Subpoenas - Feccia v. Baker Barrios Architects, Inc.


Hi Mackenzie,

To clarify, I was not requesting the amended interrogatory responses today. I was requesting that you confirm whether or not you will agree to provide the information outlined below in the amended responses on 9/20.

We can hold off until Monday if you need additional time to confirm. We will also hold off on filing the MPO so that we can bring all of the pending discovery issues before the Court at the same time.

I hope you have a great weekend as well.

**Kyle T. MacDonald, Esq.**
*Admitted in FL, MN



**Derek Smith Law Group, PLLC**
520 Brickell Key Drive, Suite O-301  |  Miami, Florida 33131
Toll Free: (800) 807-2209  |  Direct: (786) 568-8120
Email: kyle@dereksmithlaw.com
www.discriminationandsexualharassmentlawyers.com
**New York**  |  **New Jersey**  |  **Philadelphia**  |  **Miami**  |  **Los Angeles**  |  **San Francisco**  |  **San Diego**

*The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you. If you are a client of this firm and this email is directed to you, please do not forward to any other party, or you could be waiving the attorney-client privilege. Settlement Communication Notice: If this communication pertains to a settlement in any case, all settlement agreements are subject to final client approval and signature by all parties. Any cases and business handled in California are handled exclusively through the distinct entity, Derek Smith Law Group, LLP.

**From:** Allan, Mackenzie N. (Orlando) <Mackenzie.Allan@jacksonlewis.com>
**Date:** Friday, September 13, 2024 at 4:36 PM
**To:** Kyle MacDonald <kyle@dereksmithlaw.com>, McConnell, Justin W. (Orlando) <Justin.McConnell@jacksonlewis.com>
**Cc:** Rundell, Shelly (Orlando) <Shelly.Rundell@jacksonlewis.com>, Sallee, Rebecca (Orlando) <Rebecca.Sallee@jacksonlewis.com>, David Rodriguez <David@dereksmithlaw.com>, Cassie Cisneros <cassie@dereksmithlaw.com>
**Subject:** RE: Defendant's Discovery Responses/Subpoenas - Feccia v. Baker Barrios Architects, Inc.

Hey Kyle,

Justin is out today and is unable to respond to your inquiry. We were not aware that you would request our answers today after we advised yesterday that we will provide the amended answers next week.

We will respond to your inquiry when Justin returns on Monday – I do apologize for the inconvenience, but the difference between Friday and Monday should not result in any prejudice to you or your client since we're still more than a month away from Plaintiff's deposition and two months away from your deposition of BBA employees.

Thank you for your understanding. Have a good weekend!

Best,
Kenzie



**Mackenzie N. Allan**
Attorney at Law

**Jackson Lewis P.C.**
390 N. Orange Avenue.
Suite 1285
Orlando, FL 32801
Direct: (407) 246-8454 | Main: (407) 246-8440
Mackenzie.Allan@jacksonlewis.com | www.jacksonlewis.com

**From:** Kyle MacDonald <kyle@dereksmithlaw.com>
**Sent:** Friday, September 13, 2024 1:07 PM
**To:** Allan, Mackenzie N. (Orlando) <Mackenzie.Allan@jacksonlewis.com>; McConnell, Justin W. (Orlando) <Justin.McConnell@jacksonlewis.com>
**Cc:** Rundell, Shelly (Orlando) <Shelly.Rundell@jacksonlewis.com>; Sallee, Rebecca (Orlando) <Rebecca.Sallee@jacksonlewis.com>; David Rodriguez <David@dereksmithlaw.com>; Cassie Cisneros <cassie@dereksmithlaw.com>
**Subject:** Re: Defendant's Discovery Responses/Subpoenas - Feccia v. Baker Barrios Architects, Inc.

Hi Mackenzie,

We have no objection to the revised authorizations/subpoenas so long as they are within the agreed upon 7-year time frame for records.

Thank you for confirming the document production will be served by next Friday. As to the amended interrogatory responses, we will need you to confirm that the Defendant agrees to: (1) provide the date on which the decision to eliminate Plaintiff's position was made in response to Interrogatory No. 13, and (2) identify all members of the interior design department initially considered for the reorganization, including their name, gender, title, supervisor, and the reason why they were not ultimately selected, in response to Interrogatory No. 17.

Please let us know by the end of the day today if the Defendant is in agreement so we can determine whether the motion to compel will be necessary. Thank you.

**Kyle T. MacDonald, Esq.**
*Admitted in FL, MN



**Derek Smith Law Group, PLLC**
520 Brickell Key Drive, Suite O-301  |  Miami, Florida 33131
Toll Free: (800) 807-2209  |  Direct: (786) 568-8120
Email: kyle@dereksmithlaw.com
www.discriminationandsexualharassmentlawyers.com
**New York | New Jersey | Philadelphia | Miami | Los Angeles | San Francisco | San Diego**

*The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you. If you are a client of this firm and this email is directed to you, please do not forward to any other party, or you could be waiving the attorney-

client privilege. Settlement Communication Notice: If this communication pertains to a settlement in any case, all settlement agreements are subject to final client approval and signature by all parties. Any cases and business handled in California are handled exclusively through the distinct entity, Derek Smith Law Group, LLP.

**From:** Allan, Mackenzie N. (Orlando) <Mackenzie.Allan@jacksonlewis.com>
**Date:** Friday, September 13, 2024 at 9:30 AM
**To:** Kyle MacDonald <kyle@dereksmithlaw.com>, McConnell, Justin W. (Orlando) <Justin.McConnell@jacksonlewis.com>
**Cc:** Rundell, Shelly (Orlando) <Shelly.Rundell@jacksonlewis.com>, Sallee, Rebecca (Orlando) <Rebecca.Sallee@jacksonlewis.com>, David Rodriguez <David@dereksmithlaw.com>, Cassie Cisneros <cassie@dereksmithlaw.com>
**Subject:** RE: Defendant's Discovery Responses/Subpoenas - Feccia v. Baker Barrios Architects, Inc.

Kyle,

It was a pleasure speaking with you, as well – we appreciate you getting the executed medical releases over to us. Attached please find our revised subpoenas directed to Orlando Health and Brightside Health with the narrowed Exhibit A as agreed upon.  Further, we revised the Orlando Health required HIPAA authorization form to mark additional boxes for records requested – therapy notes, pathology results, radiology report – that were inadvertently deselected in the version originally sent and signed by Mrs. Feccia.  We have attached a copy of the revised authorization for your review as Mrs. Feccia previously affixed her signature. We assume there is no objection considering these categories are consistent with the Exhibit A requests previously agreed and consistent with your client's executed authorization for release of psychotherapy notes and records. However, we ask that you confirm by no later than close of business—and sooner if at all possible—so we can timely issue the subpoenas. As you know, the reason the subpoenas were not issued sooner is due to our good faith conferral on your client's objections.

We anticipate that our amended interrogatory answers will resolve your concerns with Interrogatories 13 and 17. We have been coordinating with our client and will to send the amended answers with document production next Friday, 9/20. We will not be able to do so sooner as our client is unavailable this week and will be traveling for the beginning of next week, as well. Please advise if this is acceptable.

Thank you,
Kenzie



### Mackenzie N. Allan
Attorney at Law

**Jackson Lewis P.C.**
390 N. Orange Avenue.
Suite 1285
Orlando, FL 32801
Direct: (407) 246-8454 | Main: (407) 246-8440
Mackenzie.Allan@jacksonlewis.com | www.jacksonlewis.com

**From:** Kyle MacDonald <kyle@dereksmithlaw.com>
**Sent:** Thursday, September 12, 2024 2:23 PM
**To:** Allan, Mackenzie N. (Orlando) <Mackenzie.Allan@jacksonlewis.com>; McConnell, Justin W. (Orlando) <Justin.McConnell@jacksonlewis.com>
**Cc:** Rundell, Shelly (Orlando) <Shelly.Rundell@jacksonlewis.com>; Sallee, Rebecca (Orlando) <Rebecca.Sallee@jacksonlewis.com>; David Rodriguez <David@dereksmithlaw.com>; Cassie Cisneros

<cassie@dereksmithlaw.com>
**Subject:** Re: Defendant's Discovery Responses/Subpoenas - Feccia v. Baker Barrios Architects, Inc.


Hi Mackenzie,

It was a pleasure speaking with you and Justin earlier this week. Attached are copies of the signed HIPAA authorizations to use within the agreed 7-year limitation for Ms. Feccia's medical records.

In light of our disagreement on the employer records issue, we plan on filing a motion for protective order. We will also be filing a motion to compel the information requested in Interrogatory No. 17 regarding the employees in the interior designer position not ultimately selected for the RIF, given the importance of the information to Ms. Feccia's claims.

Additionally, please let us know if your client agrees to provide the date of the decision to terminate requested in Interrogatory No. 13. If not, we will also likely include that in the above-referenced motion to compel in the interest of efficiency. We plan to file the motions by the end of the week to ensure the issues are resolved sooner rather than later.

As discussed on our call, please also provide a date by which all document production will be completed, as we have still not received any documents. Thank you.

**Kyle T. MacDonald, Esq.**
*Admitted in FL, MN



**Derek Smith Law Group, PLLC**
520 Brickell Key Drive, Suite O-301  |  Miami, Florida 33131
Toll Free: (800) 807-2209  |  Direct: (786) 568-8120
Email: kyle@dereksmithlaw.com
www.discriminationandsexualharassmentlawyers.com
**New York  |  New Jersey  |  Philadelphia  |  Miami  |  Los Angeles  |  San Francisco  |  San Diego**

*The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you. If you are a client of this firm and this email is directed to you, please do not forward to any other party, or you could be waiving the attorney-client privilege. Settlement Communication Notice: If this communication pertains to a settlement in any case, all settlement agreements are subject to final client approval and signature by all parties. Any cases and business handled in California are handled exclusively through the distinct entity, Derek Smith Law Group, LLP.

**From:** Allan, Mackenzie N. (Orlando) <Mackenzie.Allan@jacksonlewis.com>
**Date:** Wednesday, September 11, 2024 at 12:32 PM
**To:** McConnell, Justin W. (Orlando) <Justin.McConnell@jacksonlewis.com>, Kyle MacDonald <kyle@dereksmithlaw.com>
**Cc:** Rundell, Shelly (Orlando) <Shelly.Rundell@jacksonlewis.com>, Sallee, Rebecca (Orlando) <Rebecca.Sallee@jacksonlewis.com>, David Rodriguez <David@dereksmithlaw.com>, Cassie Cisneros <cassie@dereksmithlaw.com>
**Subject:** RE: Defendant's Discovery Responses/Subpoenas - Feccia v. Baker Barrios Architects, Inc.

Hi Kyle,

We appreciate your willingness to talk with Ms. Feccia about the employment subpoenas and the HIPAA releases today.

If we're unable to reach an agreement regarding the employment subpoenas and find ourselves needing to present the issues to the court, we wanted to kindly request that you caption your discovery motion as "expedited" since the subpoena is time sensitive. (I attached Judge Irick's standing order on discovery motions for reference – he requires that language for time-sensitive motions). We will do the same for our response.

Regarding the HIPAA releases, as we discussed yesterday, we're down to the wire with the medical subpoenas. We need the HIPAA releases to issue the subpoenas to Ms. Feccia's medical providers, and it often takes at least a month to receive medical records from subpoenas. If you can get us her HIPAA release today, we would issue the subpoena today (with the agreed 7-year restriction) and would hope to receive her medical records shortly before her deposition. If we can't get the documents in time, we *may* have to discuss rescheduling the deposition or leaving it open, but hopefully it doesn't come to that. So, all that to say, please get the HIPAA releases over to us today if at all possible. We appreciate your efforts on this and the good faith meet and confers.

Thank you!
Kenzie



**Mackenzie N. Allan**
Attorney at Law

**Jackson Lewis P.C.**
390 N. Orange Avenue.
Suite 1285
Orlando, FL 32801
Direct: (407) 246-8454 | Main: (407) 246-8440
Mackenzie.Allan@jacksonlewis.com | www.jacksonlewis.com

---

**From:** McConnell, Justin W. (Orlando) <Justin.McConnell@jacksonlewis.com>
**Sent:** Tuesday, September 10, 2024 9:23 AM
**To:** Kyle MacDonald <kyle@dereksmithlaw.com>; Allan, Mackenzie N. (Orlando) <Mackenzie.Allan@jacksonlewis.com>
**Cc:** Rundell, Shelly (Orlando) <Shelly.Rundell@jacksonlewis.com>; Sallee, Rebecca (Orlando) <Rebecca.Sallee@jacksonlewis.com>; David Rodriguez <David@dereksmithlaw.com>; Cassie Cisneros <cassie@dereksmithlaw.com>
**Subject:** RE: Defendant's Discovery Responses/Subpoenas - Feccia v. Baker Barrios Architects, Inc.

Yes. We'll send MS Teams invite. Thanks.



**Justin W McConnell**
Attorney at Law

**Jackson Lewis P.C.**
390 N. Orange Avenue.
Suite 1285
Orlando, FL 32801
Direct: (407) 246-8429 | Main: (407) 246-8440
Justin.McConnell@jacksonlewis.com | www.jacksonlewis.com

---

**From:** Kyle MacDonald <kyle@dereksmithlaw.com>
**Sent:** Tuesday, September 10, 2024 9:20 AM
**To:** McConnell, Justin W. (Orlando) <Justin.McConnell@jacksonlewis.com>; Allan, Mackenzie N. (Orlando)

<Mackenzie.Allan@jacksonlewis.com>
**Cc:** Rundell, Shelly (Orlando) <Shelly.Rundell@jacksonlewis.com>; Sallee, Rebecca (Orlando)
<Rebecca.Sallee@jacksonlewis.com>; David Rodriguez <David@dereksmithlaw.com>; Cassie Cisneros
<cassie@dereksmithlaw.com>
**Subject:** Re: Defendant's Discovery Responses/Subpoenas - Feccia v. Baker Barrios Architects, Inc.


Hi Justin,

I am available this afternoon at 4:00pm. Please let me know if that works for you and Mackenzie.

**Kyle T. MacDonald, Esq.**
*Admitted in FL



**Derek Smith Law Group, PLLC**
520 Brickell Key Drive, Suite O-301  |  Miami, Florida 33131
Toll Free: (800) 807-2209  |  Direct: (786) 568-8120
Email: kyle@dereksmithlaw.com
www.discriminationandsexualharassmentlawyers.com
**New York**  |  **New Jersey**  |  **Philadelphia**  |  **Miami**  |  **Los Angeles**  |  **San Francisco**  |  **San Diego**

*The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you. If you are a client of this firm and this email is directed to you, please do not forward to any other party, or you could be waiving the attorney-client privilege. Settlement Communication Notice: If this communication pertains to a settlement in any case, all settlement agreements are subject to final client approval and signature by all parties. Any cases and business handled in California are handled exclusively through the distinct entity, Derek Smith Law Group, LLP.

---

**From:** McConnell, Justin W. (Orlando) <Justin.McConnell@jacksonlewis.com>
**Date:** Monday, September 9, 2024 at 5:02 PM
**To:** Kyle MacDonald <kyle@dereksmithlaw.com>, Allan, Mackenzie N. (Orlando)
<Mackenzie.Allan@jacksonlewis.com>
**Cc:** Rundell, Shelly (Orlando) <Shelly.Rundell@jacksonlewis.com>, Sallee, Rebecca (Orlando)
<Rebecca.Sallee@jacksonlewis.com>, David Rodriguez <David@dereksmithlaw.com>, Cassie Cisneros
<cassie@dereksmithlaw.com>
**Subject:** RE: Defendant's Discovery Responses/Subpoenas - Feccia v. Baker Barrios Architects, Inc.

Hi Kyle,

I'm in mediation on Wednesday. You previously offered Tuesday. What is your availability tomorrow? We need to wrap up these issues.

Thank you.

Justin M.



**Justin W McConnell**
Attorney at Law

**Jackson Lewis P.C.**
390 N. Orange Avenue.
Suite 1285
Orlando, FL 32801
Direct: (407) 246-8429 | Main: (407) 246-8440
[Justin.McConnell@jacksonlewis.com](mailto:Justin.McConnell@jacksonlewis.com) | [www.jacksonlewis.com](http://www.jacksonlewis.com)

---

**From:** Kyle MacDonald <[kyle@dereksmithlaw.com](mailto:kyle@dereksmithlaw.com)>
**Sent:** Monday, September 9, 2024 4:23 PM
**To:** Allan, Mackenzie N. (Orlando) <[Mackenzie.Allan@jacksonlewis.com](mailto:Mackenzie.Allan@jacksonlewis.com)>; McConnell, Justin W. (Orlando) <[Justin.McConnell@jacksonlewis.com](mailto:Justin.McConnell@jacksonlewis.com)>
**Cc:** Rundell, Shelly (Orlando) <[Shelly.Rundell@jacksonlewis.com](mailto:Shelly.Rundell@jacksonlewis.com)>; Sallee, Rebecca (Orlando) <[Rebecca.Sallee@jacksonlewis.com](mailto:Rebecca.Sallee@jacksonlewis.com)>; David Rodriguez <[David@dereksmithlaw.com](mailto:David@dereksmithlaw.com)>; Cassie Cisneros <[cassie@dereksmithlaw.com](mailto:cassie@dereksmithlaw.com)>
**Subject:** Re: Defendant's Discovery Responses/Subpoenas - Feccia v. Baker Barrios Architects, Inc.


Hi Mackenzie,

I understand the time-sensitive nature of the issues, and I am making efforts to make myself available. However, I want to make sure we have sufficient time to address the issues and I did not anticipate needing to reschedule our call today.

Would Thursday work for you and Justin? I could also make late Wednesday afternoon work as well.

**Kyle T. MacDonald, Esq.**
*Admitted in FL



**Derek Smith Law Group, PLLC**
520 Brickell Key Drive, Suite O-301  |  Miami, Florida 33131
Toll Free: (800) 807-2209  |  Direct: (786) 568-8120
Email: [kyle@dereksmithlaw.com](mailto:kyle@dereksmithlaw.com)
[www.discriminationandsexualharassmentlawyers.com](http://www.discriminationandsexualharassmentlawyers.com)
**New York**  |  **New Jersey**  |  **Philadelphia**  |  **Miami**  |  **Los Angeles**  |  **San Francisco**  |  **San Diego**

*The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you. If you are a client of this firm and this email is directed to you, please do not forward to any other party, or you could be waiving the attorney-client privilege. Settlement Communication Notice: If this communication pertains to a settlement in any case, all settlement agreements are subject to final client approval and signature by all parties. Any cases and business handled in California are handled exclusively through the distinct entity, Derek Smith Law Group, LLP.

---

**From:** Allan, Mackenzie N. (Orlando) <[Mackenzie.Allan@jacksonlewis.com](mailto:Mackenzie.Allan@jacksonlewis.com)>
**Date:** Monday, September 9, 2024 at 4:12 PM
**To:** Kyle MacDonald <[kyle@dereksmithlaw.com](mailto:kyle@dereksmithlaw.com)>, McConnell, Justin W. (Orlando) <[Justin.McConnell@jacksonlewis.com](mailto:Justin.McConnell@jacksonlewis.com)>
**Cc:** Rundell, Shelly (Orlando) <[Shelly.Rundell@jacksonlewis.com](mailto:Shelly.Rundell@jacksonlewis.com)>, Sallee, Rebecca (Orlando) <[Rebecca.Sallee@jacksonlewis.com](mailto:Rebecca.Sallee@jacksonlewis.com)>, David Rodriguez <[David@dereksmithlaw.com](mailto:David@dereksmithlaw.com)>, Cassie Cisneros <[cassie@dereksmithlaw.com](mailto:cassie@dereksmithlaw.com)>
**Subject:** RE: Defendant's Discovery Responses/Subpoenas - Feccia v. Baker Barrios Architects, Inc.

We really need to try to iron this out today if possible because we need to send our subpoenas – could we potentially start the conversation once Justin becomes available and pick it back up after your 4:30? I hate to ask for that, it's just that this conversation is getting pretty time sensitive (and apologies for my contribution to that with being sick last week 😣 ).



### Mackenzie N. Allan
Attorney at Law

**Jackson Lewis P.C.**
390 N. Orange Avenue.
Suite 1285
Orlando, FL 32801
Direct: (407) 246-8454 | Main: (407) 246-8440
Mackenzie.Allan@jacksonlewis.com | www.jacksonlewis.com

---

**From:** Kyle MacDonald <kyle@dereksmithlaw.com>
**Sent:** Monday, September 9, 2024 4:00 PM
**To:** Allan, Mackenzie N. (Orlando) <Mackenzie.Allan@jacksonlewis.com>; McConnell, Justin W. (Orlando) <Justin.McConnell@jacksonlewis.com>
**Cc:** Rundell, Shelly (Orlando) <Shelly.Rundell@jacksonlewis.com>; Sallee, Rebecca (Orlando) <Rebecca.Sallee@jacksonlewis.com>; David Rodriguez <David@dereksmithlaw.com>; Cassie Cisneros <cassie@dereksmithlaw.com>
**Subject:** Re: Defendant's Discovery Responses/Subpoenas - Feccia v. Baker Barrios Architects, Inc.


Hey Mackenzie,

I have another call beginning at 4:30pm and would not want to cut our discussion short. Would it be possible to reschedule for Thursday? I am available most of the day.

**Kyle T. MacDonald, Esq.**
*Admitted in FL



**Derek Smith Law Group, PLLC**
520 Brickell Key Drive, Suite O-301  |  Miami, Florida 33131
Toll Free: (800) 807-2209  |  Direct: (786) 568-8120
Email: kyle@dereksmithlaw.com
www.discriminationandsexualharassmentlawyers.com
**New York  |  New Jersey  |  Philadelphia  |  Miami  |  Los Angeles  |  San Francisco  |  San Diego**

*The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you. If you are a client of this firm and this email is directed to you, please do not forward to any other party, or you could be waiving the attorney-client privilege. Settlement Communication Notice: If this communication pertains to a settlement in any case, all settlement agreements are subject to final client approval and signature by all parties. Any cases and business handled in California are handled exclusively through the distinct entity, Derek Smith Law Group, LLP.

---

**From:** Allan, Mackenzie N. (Orlando) <Mackenzie.Allan@jacksonlewis.com>
**Date:** Monday, September 9, 2024 at 3:56 PM
**To:** Kyle MacDonald <kyle@dereksmithlaw.com>, McConnell, Justin W. (Orlando)

<Justin.McConnell@jacksonlewis.com>
**Cc:** Rundell, Shelly (Orlando) <Shelly.Rundell@jacksonlewis.com>, Sallee, Rebecca (Orlando) <Rebecca.Sallee@jacksonlewis.com>, David Rodriguez <David@dereksmithlaw.com>, Cassie Cisneros <cassie@dereksmithlaw.com>
**Subject:** RE: Defendant's Discovery Responses/Subpoenas - Feccia v. Baker Barrios Architects, Inc.

Hey Kyle, Justin is running late – can we push it back to 4:20?



### Mackenzie N. Allan
Attorney at Law

**Jackson Lewis P.C.**
390 N. Orange Avenue.
Suite 1285
Orlando, FL 32801
Direct: (407) 246-8454 | Main: (407) 246-8440
Mackenzie.Allan@jacksonlewis.com | www.jacksonlewis.com

**From:** Allan, Mackenzie N. (Orlando) <Mackenzie.Allan@jacksonlewis.com>
**Sent:** Monday, September 9, 2024 2:14 PM
**To:** Kyle MacDonald <kyle@dereksmithlaw.com>; McConnell, Justin W. (Orlando) <Justin.McConnell@jacksonlewis.com>
**Cc:** Rundell, Shelly (Orlando) <Shelly.Rundell@jacksonlewis.com>; Sallee, Rebecca (Orlando) <Rebecca.Sallee@jacksonlewis.com>; David Rodriguez <David@dereksmithlaw.com>; Cassie Cisneros <cassie@dereksmithlaw.com>
**Subject:** RE: Defendant's Discovery Responses/Subpoenas - Feccia v. Baker Barrios Architects, Inc.

I'll go ahead and send the Teams invite 



### Mackenzie N. Allan
Attorney at Law

**Jackson Lewis P.C.**
390 N. Orange Avenue.
Suite 1285
Orlando, FL 32801
Direct: (407) 246-8454 | Main: (407) 246-8440
Mackenzie.Allan@jacksonlewis.com | www.jacksonlewis.com

**From:** Kyle MacDonald <kyle@dereksmithlaw.com>
**Sent:** Monday, September 9, 2024 8:24 AM
**To:** McConnell, Justin W. (Orlando) <Justin.McConnell@jacksonlewis.com>; Allan, Mackenzie N. (Orlando) <Mackenzie.Allan@jacksonlewis.com>
**Cc:** Rundell, Shelly (Orlando) <Shelly.Rundell@jacksonlewis.com>; Sallee, Rebecca (Orlando) <Rebecca.Sallee@jacksonlewis.com>; David Rodriguez <David@dereksmithlaw.com>; Cassie Cisneros <cassie@dereksmithlaw.com>
**Subject:** Re: Defendant's Discovery Responses/Subpoenas - Feccia v. Baker Barrios Architects, Inc.

Good morning Justin,

I am available today at 4:00pm. I look forward to speaking with you then.

**Kyle T. MacDonald, Esq.**
*Admitted in FL



**Derek Smith Law Group, PLLC**
520 Brickell Key Drive, Suite O-301  |  Miami, Florida 33131
Toll Free: (800) 807-2209  |  Direct: (786) 568-8120
Email: kyle@dereksmithlaw.com
www.discriminationandsexualharassmentlawyers.com
**New York  |  New Jersey  |  Philadelphia  |  Miami  |  Los Angeles  |  San Francisco  |  San Diego**

*The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you. If you are a client of this firm and this email is directed to you, please do not forward to any other party, or you could be waiving the attorney-client privilege. Settlement Communication Notice: If this communication pertains to a settlement in any case, all settlement agreements are subject to final client approval and signature by all parties. Any cases and business handled in California are handled exclusively through the distinct entity, Derek Smith Law Group, LLP.

---

**From:** McConnell, Justin W. (Orlando) <Justin.McConnell@jacksonlewis.com>
**Date:** Saturday, September 7, 2024 at 12:58 AM
**To:** Kyle MacDonald <kyle@dereksmithlaw.com>, Allan, Mackenzie N. (Orlando)
<Mackenzie.Allan@jacksonlewis.com>
**Cc:** Rundell, Shelly (Orlando) <Shelly.Rundell@jacksonlewis.com>, Sallee, Rebecca (Orlando)
<Rebecca.Sallee@jacksonlewis.com>, David Rodriguez <David@dereksmithlaw.com>, Cassie Cisneros
<cassie@dereksmithlaw.com>
**Subject:** RE: Defendant's Discovery Responses/Subpoenas - Feccia v. Baker Barrios Architects, Inc.

Hi Kyle,

What is your availability Monday at 4pm?

Thank you.

Justin M.



**Justin W McConnell**
Attorney at Law

**Jackson Lewis P.C.**
390 N. Orange Avenue.
Suite 1285
Orlando, FL 32801
Direct: (407) 246-8429 | Main: (407) 246-8440
Justin.McConnell@jacksonlewis.com | www.jacksonlewis.com

**From:** Kyle MacDonald <kyle@dereksmithlaw.com>
**Sent:** Wednesday, September 4, 2024 3:02 PM
**To:** McConnell, Justin W. (Orlando) <Justin.McConnell@jacksonlewis.com>; Allan, Mackenzie N. (Orlando) <Mackenzie.Allan@jacksonlewis.com>
**Cc:** Rundell, Shelly (Orlando) <Shelly.Rundell@jacksonlewis.com>; Sallee, Rebecca (Orlando) <Rebecca.Sallee@jacksonlewis.com>; David Rodriguez <David@dereksmithlaw.com>; Cassie Cisneros <cassie@dereksmithlaw.com>
**Subject:** Re: Defendant's Discovery Responses/Subpoenas - Feccia v. Baker Barrios Architects, Inc.

Hi Justin,

We appreciate your courtesy regarding the extension. I am not available this Friday, but my schedule is fairly flexible next Monday and Tuesday. Please let me know if you are available on either of those days for a call.

Regarding Mackenzie's request for us to file any motion related to the subpoenas by this Friday, we would prefer to hold off on filing until after our call so that we can address any outstanding issues and determine if any agreements can be reached. Please let me know if this works for you. Thank you.

**Kyle T. MacDonald, Esq.**
*Admitted in FL



**Derek Smith Law Group, PLLC**
520 Brickell Key Drive, Suite O-301  |  Miami, Florida 33131
Toll Free: (800) 807-2209  |  Direct: (786) 568-8120
Email: kyle@dereksmithlaw.com
www.discriminationandsexualharassmentlawyers.com
**New York | New Jersey | Philadelphia | Miami | Los Angeles | San Francisco | San Diego**

*The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you. If you are a client of this firm and this email is directed to you, please do not forward to any other party, or you could be waiving the attorney-client privilege. Settlement Communication Notice: If this communication pertains to a settlement in any case, all settlement agreements are subject to final client approval and signature by all parties. Any cases and business handled in California are handled exclusively through the distinct entity, Derek Smith Law Group, LLP.

**From:** McConnell, Justin W. (Orlando) <Justin.McConnell@jacksonlewis.com>
**Date:** Tuesday, September 3, 2024 at 11:55 PM
**To:** Kyle MacDonald <kyle@dereksmithlaw.com>, Allan, Mackenzie N. (Orlando) <Mackenzie.Allan@jacksonlewis.com>
**Cc:** Rundell, Shelly (Orlando) <Shelly.Rundell@jacksonlewis.com>, Sallee, Rebecca (Orlando) <Rebecca.Sallee@jacksonlewis.com>, David Rodriguez <David@dereksmithlaw.com>, Cassie Cisneros <cassie@dereksmithlaw.com>
**Subject:** RE: Defendant's Discovery Responses/Subpoenas - Feccia v. Baker Barrios Architects, Inc.

Hi Kyle,

Kenzie is currently out sick and I have a conflict at 11 am. What is your availability on Friday afternoon at 3pm?

No objection to the extension. You and your office have been courteous in extending our office extensions and we have no issue reciprocating.

Justin M.



**Justin W McConnell**
Attorney at Law

**Jackson Lewis P.C.**
390 N. Orange Avenue.
Suite 1285
Orlando, FL 32801
Direct: (407) 246-8429 | Main: (407) 246-8440
Justin.McConnell@jacksonlewis.com | www.jacksonlewis.com

---

**From:** Kyle MacDonald <kyle@dereksmithlaw.com>
**Sent:** Tuesday, September 3, 2024 4:00 PM
**To:** Allan, Mackenzie N. (Orlando) <Mackenzie.Allan@jacksonlewis.com>; McConnell, Justin W. (Orlando) <Justin.McConnell@jacksonlewis.com>
**Cc:** Rundell, Shelly (Orlando) <Shelly.Rundell@jacksonlewis.com>; Sallee, Rebecca (Orlando) <Rebecca.Sallee@jacksonlewis.com>; David Rodriguez <David@dereksmithlaw.com>; Cassie Cisneros <cassie@dereksmithlaw.com>
**Subject:** Re: Defendant's Discovery Responses/Subpoenas - Feccia v. Baker Barrios Architects, Inc.


Hi Mackenzie,

I am still in the process of reviewing your message below and the included materials. However, for the conferral call, please let me know if tomorrow at 11:00am works for you and Justin.

Additionally, on an unrelated note, we are still gathering information and documents for Plaintiff's discovery responses and kindly request a 21-day extension on the responses. Per my math, the responses would then be due by September 30, 2024. Please let me know if you are agreeable to the extension. Thank you.

**Kyle T. MacDonald, Esq.**
*Admitted in FL



**Derek Smith Law Group, PLLC**
520 Brickell Key Drive, Suite O-301 | Miami, Florida 33131
Toll Free: (800) 807-2209 | Direct: (786) 568-8120
Email: kyle@dereksmithlaw.com
www.discriminationandsexualharassmentlawyers.com
**New York | New Jersey | Philadelphia | Miami | Los Angeles | San Francisco | San Diego**

*The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you. If you are a client of this firm and this email is directed to you, please do not forward to any other party, or you could be waiving the attorney-client privilege. Settlement Communication Notice: If this communication pertains to a settlement in any case, all settlement agreements are subject to final client approval and signature by all parties. Any cases and business handled in California are handled exclusively through the distinct entity, Derek Smith Law Group, LLP.

**From:** Allan, Mackenzie N. (Orlando) <Mackenzie.Allan@jacksonlewis.com>
**Date:** Friday, August 30, 2024 at 1:07 PM
**To:** Kyle MacDonald <kyle@dereksmithlaw.com>, McConnell, Justin W. (Orlando)
<Justin.McConnell@jacksonlewis.com>
**Cc:** Rundell, Shelly (Orlando) <Shelly.Rundell@jacksonlewis.com>, Sallee, Rebecca (Orlando)
<Rebecca.Sallee@jacksonlewis.com>, David Rodriguez <David@dereksmithlaw.com>, Cassie Cisneros
<cassie@dereksmithlaw.com>
**Subject:** RE: Defendant's Discovery Responses/Subpoenas - Feccia v. Baker Barrios Architects, Inc.

Hi Kyle,

Thanks for your efforts to confer, we appreciate the good faith conversations and willingness to work together.

<u>**Non-Party Subpoenas**</u>
Regarding the non-party subpoenas, Defendant has a right to discover relevant information directly from the non-party for use at trial and would be prejudiced if it were required to accept non-party documents from the Plaintiff herself. For instance, without a Certificate of Authenticity of testimony of a records custodian to accompany the records, Defendant would be unable to authenticate them for use at trial.

Plaintiff placed her current employment at issue by filing a Complaint alleging discrimination and retaliation and seeking damages for "front and back pay," "loss of income, the loss of salary, bonuses, benefits, and other compensation which such employment entails, and Ms. Feccia has also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses" – all of which she alleges she "has suffered and will continue to suffer." Defendant is not seeking all Feccia's personnel records or making a vague request for her "entire personnel file;" rather, Defendant requests only those specific employment records which are relevant to Feccia's own claims and Defendant's defenses. Attached please find four cases from the Middle District (*Griffin, O'Reilly, Garcia,* and *Djahed*) which all hold that defendants are entitled to collect the specific types of records from a plaintiff's current employer as we seek here. Notably, *Griffin* was decided in the Middle District in March of this year.

We cannot find any authority standing for the proposition that Defendant may not issue a subpoena to a current employer if the Plaintiff agrees to produce documents on her own. Instead, *Zafirov*, a Middle District case from February of this year (attached), specifically states that "even if [a plaintiff] has relevant documents in her possession, that does not foreclose [a defendant] from pursuing other avenues of discovery." Notwithstanding this, Defendant did request many of the documents requested in its non-party subpoena to Plaintiff's current employer in its Requests for Production to Plaintiff (for example, Requests 8, 9, 12, 14, and 15). However, it seems unlikely that Plaintiff would have all the following documents in her possession: complete attendance records, complete payroll records, all documents showing dates or reasons for a termination of employment, her employment application(s), all work evaluations, performance reviews, disciplinary actions, complaints, incident reports, or accident reports, all claims of improper conduct made against her, any and all complaints, claims, charges or threatened complaints, claims, charges made by her or on her behalf, all information regarding EEOC or related state agency complaints on her behalf, all compensation agreements or other documents reflecting the method and/or rate of her compensation, all her benefits, all her schedules, hours worked, notices of availability or vacation or time off requests, all documents reflecting any leaves of absence requested or taken under the Family and Medical Leave Act or other forms of leave, including her return from such leaves; and all documents reflecting any request for accommodation under the Americans with Disabilities Act or other forms of accommodation. Are you able to verify that Plaintiff has each and every document Defendant seeks to request from her employer in her possession?

Regarding the requested medical records, Defendant would agree to limit the subpoena to August 1, 2019 through the present – essentially, the past seven years. Courts routinely allow medical records dating back 5-15 years, but at this time, we think the past seven years is initially sufficient in this case. Attached please find three cases from the Middle District (*Lang, Alvarez,* and *McIntyre*) which all hold that defendants are entitled to collect medical and psychiatric

records where a plaintiff claims emotional distress. Notably, the *Lang* opinion is only two months old. Were you able to meet with your client? Can we reach an agreement on this?

Since Plaintiff is objecting to a broader period of discovery of her medical records, to the extent there are subsequent issues discovered concerning medical issues relevant to our defenses, we reserve the right to seek leave to re-open Plaintiff's deposition and ask additional inquiry on these topics, and to serve additional subpoenas for additional records.

**Interrogatories & Requests for Production**
Please see our responses regarding Plaintiff's interrogatories and requests for production, in bolded purple beneath your propositions in red.

**Meet & Confer**
Are you available on Wednesday morning for a meet and confer on Defendant's objections to Plaintiff's 30(b)(6) Notice and Plaintiff's objections to Defendant's Responses to Plaintiffs Requests for Production #42-43 (since we did not previously confer on those Requests)? Justin and I are fairly flexible that morning. We can also use that time to confer further and try to reach agreement regarding the non-party subpoenas, but we need to reach resolution one way or the other in the near future because of Plaintiff's upcoming deposition. If you intend to file a motion for protective order, please do so by September 6th (next Friday) so we can have the issues decided by the Court with enough time to issue the subpoenas and receive responses prior to Plaintiff's deposition. If the matter cannot be resolved timely such that the records will not be produced sufficiently in advance of Plaintiff's currently scheduled deposition, then we also reserve the right to reschedule Plaintiff's depositions, as well as the depositions of the other witnesses.

Thank you,



### Mackenzie N. Allan
Attorney at Law

**Jackson Lewis P.C.**
390 N. Orange Avenue.
Suite 1285
Orlando, FL 32801
Direct: (407) 246-8454 | Main: (407) 246-8440
Mackenzie.Allan@jacksonlewis.com | www.jacksonlewis.com

---

**From:** Kyle MacDonald <kyle@dereksmithlaw.com>
**Sent:** Monday, August 19, 2024 6:50 PM
**To:** McConnell, Justin W. (Orlando) <Justin.McConnell@jacksonlewis.com>; Allan, Mackenzie N. (Orlando) <Mackenzie.Allan@jacksonlewis.com>
**Cc:** Rundell, Shelly (Orlando) <Shelly.Rundell@jacksonlewis.com>; Sallee, Rebecca (Orlando) <Rebecca.Sallee@jacksonlewis.com>; David Rodriguez <David@dereksmithlaw.com>; Cassie Cisneros <cassie@dereksmithlaw.com>
**Subject:** Re: Defendant's Discovery Responses/Subpoenas - Feccia v. Baker Barrios Architects, Inc.

Justin and Mackenzie,

As discussed, below are my notes from our call this morning. Please let me know if I left anything out.

- Non-Party Subpoenas

- o   We object to the subpoenas to Plaintiff's medical providers because as currently written, the subpoenas request Plaintiff's entire medical history without limitation. We would be agreeable to a limited time frame and subject matter (e.g., psychiatric treatment records within the past X years).
  - • <span style="color:red">We were not able to reach an agreement on a more narrow scope for the medical records, but I am going to speak with my client and circle back with you again to see if we can reach an agreement.</span>
- o   We object to the subpoenas to Plaintiff's current employer based on the overbroad scope of the documents sought, and because Defendant has not made any attempt to seek this information from the Plaintiff before issuing the subpoena. We also object on the grounds that the subpoena is highly prejudicial to her continued employment.
  - • <span style="color:red">We were not able to reach an agreement. However, I offered to send case law on this point. To that end, please see the attached orders, which include a sampling of some cases supporting our objections. Please review and let me know if your client maintains its position.</span>
- • Interrogatories
  - o   No. 5
    - ▪   Defendant's response does not provide any information regarding past complaints of discrimination, harassment, etc. We would be agreeable to a more narrowed scope related to the claims brought by Plaintiff.
      - • <span style="color:red">I agreed to propose a more narrow interrogatory. We would be agreeable to five years of past allegations/complaints (using the language posed in the interrogatory) of sex discrimination, pregnancy discrimination, FMLA retaliation, or FMLA interference, which named or involved Rob Ledford, Wayne Dunkelberger, Tim Baker, Jed Prest, Meghan Dietz,  or Lisa Couch.</span>
      - • <span style="color:purple">**That's fine.**</span>
  - o   No. 13

    - ▪   Defendant's response does not identify the date on which the decision to terminate was made.
      - • <span style="color:red">I believe we reached a preliminary agreement for Defendant to provide the date on which the decision was made, but you will speak to your client to confirm.</span>
      - <span style="color:purple">**We will discuss with our client and provide a more detailed response, if able.**</span>
  - o   No. 17
    - ▪   It is unclear from Defendant's response which employees were considered but did not ultimately select for termination. For all employees considered, we need their name, gender, title, supervisor, and reason why they were not ultimately selected.
      - • <span style="color:red">As I shared with you, since the response states that the interior design department employees were briefly considered for termination, we will need the requested information for each employee in the department at the time. You will speak to your client and get back to me on this issue.</span>
      - <span style="color:purple">**As we shared in the call, without a clear definition from Plaintiff of the phrase "considered to be selected for termination" which Plaintiff uses in Interrogatory #17, we are unable to provide any additional clarification other than the answer we have given. There is no relevance to the information concerning other interior designers who are not comparators to Ms. Feccia and who were not ultimately considered for possible termination.**</span>
  - o   No. 21
    - ▪   We will need the Defendant to provide the information for parts A-E if the declaration page does not include the requested information.
      - • <span style="color:red">This will likely be resolved by Defendant's document production.</span>
      - • <span style="color:purple">**Agreed.**</span>
- • Request for Production
  - o   Responsive Documents
    - ▪   We have not yet received Defendant's document production.

- We agreed that Defendant will soon begin producing documents and that with the first batch of document production, you will provide a date for when the rolling production will be fully completed. We agreed it will be completed within a reasonable time frame, such 30 days or less, to allow ample time prior to any depositions.
  - **Agreed.**
- Privilege Log
  - Defendant's responses assert attorney-client/work-product privileges but Defendant failed to produce a privilege log identifying the nature of the claims.
    - We agreed no privilege log is necessary for communications between your office and your client, but that one will be provided for any documents withheld on the basis of privilege outside of that.
      - **Agreed.**
- Withholding Statements
  - All of Defendant's RFP responses that assert an objection must state whether responsive documents are being withheld on the basis of that objection under Rule 34. Any objections to part of a request must also be identified in the responses.
    - We agreed that withholding statements will be included in amended RFP responses, which will be provided on the final rolling document production date referenced above.
      - **Agreed.**
- Document Identification
  - Several of Defendant's responses state that it will produce "what it determines, in good faith, is responsive documentation on a rolling production basis." These statements are improper under Rule 34 and prevent Plaintiff from knowing what documents are being produced and which documents are responsive to particular requests. We will need Defendant to identify the responsive documents being produced in response to each request.
    - We agreed that Defendant will identify the responsive documents being produced in the amended RFP responses referenced above.
      - **Agreed.**
- Objections on Scope
  - Several of Defendant's responses assert that Defendant will produce documents in response to a more narrowly tailored request. For each of these responses, please advise if you have a proposed limitation to help expedite our conferral.
    - We agreed that Defendant can disregard the "relate or pertain to" language in responding to all requests.
      - **Agreed.**
    - I do not believe we discussed the specific responses which assert the "more narrowly tailored" statement, but I have included the pertinent requests below:
      - RFP Nos. 5-13
        - For these requests relating to communications, we would be agreeable to limiting each of them to the subject matter of Plaintiff's pregnancy, Plaintiff's leave requests, or Plaintiff's termination.
          - **That's fine.**
      - RFP Nos. 42-43
        - For these requests relating to the work assigned to Plaintiff, we ask that all responsive documents be produced. If there is a particular aspect of the requests that you believe is overbroad, please let me know. These are highly important, given that they relate to the reason for the Plaintiff's termination.
          - **Defendant cannot answer these requests as written because they are overbroad for the specific reasons stated in Defendant's objection. We**

**can confer on how Plaintiff can narrow the scope of these requests in our meet and confer on the 30(b)(6) topics.**

**Kyle T. MacDonald, Esq.**
*Admitted in FL



**Derek Smith Law Group, PLLC**
520 Brickell Key Drive, Suite O-301  |  Miami, Florida 33131
Toll Free: (800) 807-2209  |  Direct: (786) 568-8120
Email: kyle@dereksmithlaw.com
www.discriminationandsexualharassmentlawyers.com
**New York  |  New Jersey  |  Philadelphia  |  Miami  |  Los Angeles  |  San Francisco  |  San Diego**

*The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you. If you are a client of this firm and this email is directed to you, please do not forward to any other party, or you could be waiving the attorney-client privilege. Settlement Communication Notice: If this communication pertains to a settlement in any case, all settlement agreements are subject to final client approval and signature by all parties. Any cases and business handled in California are handled exclusively through the distinct entity, Derek Smith Law Group, LLP.

**From:** Kyle MacDonald <kyle@dereksmithlaw.com>
**Date:** Monday, August 19, 2024 at 11:12 AM
**To:** McConnell, Justin W. (Orlando) <Justin.McConnell@jacksonlewis.com>, Allan, Mackenzie N. (Orlando) <Mackenzie.Allan@jacksonlewis.com>
**Cc:** Rundell, Shelly (Orlando) <Shelly.Rundell@jacksonlewis.com>, Sallee, Rebecca (Orlando) <Rebecca.Sallee@jacksonlewis.com>, David Rodriguez <David@dereksmithlaw.com>, Cassie Cisneros <cassie@dereksmithlaw.com>
**Subject:** Re: Defendant's Discovery Responses/Subpoenas - Feccia v. Baker Barrios Architects, Inc.

Justin and Mackenzie,

It was a pleasure speaking with you both. I just wanted to send a quick note to say the meeting accidentally disconnected early, so I didn't want either of you to think I did that purposefully!

I will send my notes recapping our call later this afternoon.

**Kyle T. MacDonald, Esq.**
*Admitted in FL



**Derek Smith Law Group, PLLC**
520 Brickell Key Drive, Suite O-301  |  Miami, Florida 33131
Toll Free: (800) 807-2209  |  Direct: (786) 568-8120
Email: kyle@dereksmithlaw.com
www.discriminationandsexualharassmentlawyers.com
**New York  |  New Jersey  |  Philadelphia  |  Miami  |  Los Angeles  |  San Francisco  |  San Diego**

*The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you. If you are a client of this firm and this email is directed to you, please do not forward to any other party, or you could be waiving the attorney-client privilege. Settlement Communication Notice: If this communication pertains to a settlement in any case, all settlement agreements are subject to final client approval and signature by all parties. Any cases and business handled in California are handled exclusively through the distinct entity, Derek Smith Law Group, LLP.

**From:** Kyle MacDonald <kyle@dereksmithlaw.com>
**Date:** Thursday, August 15, 2024 at 5:16 PM
**To:** McConnell, Justin W. (Orlando) <Justin.McConnell@jacksonlewis.com>, Allan, Mackenzie N. (Orlando) <Mackenzie.Allan@jacksonlewis.com>
**Cc:** Rundell, Shelly (Orlando) <Shelly.Rundell@jacksonlewis.com>, Sallee, Rebecca (Orlando) <Rebecca.Sallee@jacksonlewis.com>, David Rodriguez <David@dereksmithlaw.com>, Cassie Cisneros <cassie@dereksmithlaw.com>
**Subject:** Re: Defendant's Discovery Responses/Subpoenas - Feccia v. Baker Barrios Architects, Inc.

Justin and Mackenzie,

Please see my notes regarding the non-party subpoenas and Defendant's discovery responses outlined below. I look forward to speaking with you next week.

- Non-Party Subpoenas
  - We object to the subpoenas to Plaintiff's medical providers because as currently written, the subpoenas request Plaintiff's entire medical history without limitation. We would be agreeable to a limited time frame and subject matter (e.g., psychiatric treatment records within the past X years).
  - We object to the subpoenas to Plaintiff's current employer based on the overbroad scope of the documents sought, and because Defendant has not made any attempt to seek this information from the Plaintiff before issuing the subpoena. We also object on the grounds that the subpoena is highly prejudicial to her continued employment.
- Interrogatories
  - No. 5
    - Defendant's response does not provide any information regarding past complaints of discrimination, harassment, etc. We would be agreeable to a more narrowed scope related to the claims brought by Plaintiff.
  - No. 13
    - Defendant's response does not identify the date on which the decision to terminate was made.
  - No. 17
    - It is unclear from Defendant's response which employees were considered but did not ultimately select for termination. For all employees considered, we need their name, gender, title, supervisor, and reason why they were not ultimately selected.
  - No. 21
    - We will need the Defendant to provide the information for parts A-E if the declaration page does not include the requested information.
- Request for Production
  - Responsive Documents
    - We have not yet received Defendant's document production.
  - Privilege Log
    - Defendant's responses assert attorney-client/work-product privileges but Defendant failed to produce a privilege log identifying the nature of the claims.
  - Withholding Statements
    - All of Defendant's RFP responses that assert an objection must state whether responsive documents are being withheld on the basis of that objection under Rule 34. Any objections to part of a request must also be identified in the responses.
  - Document Identification

- Several of Defendant's responses state that it will produce "what it determines, in good faith, is responsive documentation on a rolling production basis." These statements are improper under Rule 34 and prevent Plaintiff from knowing what documents are being produced and which documents are responsive to particular requests. We will need Defendant to identify the responsive documents being produced in response to each request.
  - o Objections on Scope
    - Several of Defendant's responses assert that Defendant will produce documents in response to a more narrowly tailored request. For each of these responses, please advise if you have a proposed limitation to help expedite our conferral.

**Kyle T. MacDonald, Esq.**
*Admitted in FL



**Derek Smith Law Group, PLLC**
520 Brickell Key Drive, Suite O-301  |  Miami, Florida 33131
Toll Free: (800) 807-2209  |  Direct: (786) 568-8120
Email: kyle@dereksmithlaw.com
www.discriminationandsexualharassmentlawyers.com
**New York  |  New Jersey  |  Philadelphia  |  Miami  |  Los Angeles  |  San Francisco  |  San Diego**

*The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you. If you are a client of this firm and this email is directed to you, please do not forward to any other party, or you could be waiving the attorney-client privilege. Settlement Communication Notice: If this communication pertains to a settlement in any case, all settlement agreements are subject to final client approval and signature by all parties. Any cases and business handled in California are handled exclusively through the distinct entity, Derek Smith Law Group, LLP.

**From:** McConnell, Justin W. (Orlando) <Justin.McConnell@jacksonlewis.com>
**Date:** Tuesday, August 13, 2024 at 9:45 PM
**To:** Kyle MacDonald <kyle@dereksmithlaw.com>, Allan, Mackenzie N. (Orlando) <Mackenzie.Allan@jacksonlewis.com>
**Cc:** Rundell, Shelly (Orlando) <Shelly.Rundell@jacksonlewis.com>, Sallee, Rebecca (Orlando) <Rebecca.Sallee@jacksonlewis.com>, David Rodriguez <David@dereksmithlaw.com>, Cassie Cisneros <cassie@dereksmithlaw.com>
**Subject:** RE: Defendant's Discovery Responses/Subpoenas - Feccia v. Baker Barrios Architects, Inc.

Thank you. We'll circulate call instructions via MS Teams.



**Justin W McConnell**
Attorney at Law

**Jackson Lewis P.C.**
390 N. Orange Avenue.
Suite 1285
Orlando, FL 32801
Direct: (407) 246-8429 | Main: (407) 246-8440
Justin.McConnell@jacksonlewis.com | www.jacksonlewis.com

**From:** Kyle MacDonald <kyle@dereksmithlaw.com>
**Sent:** Tuesday, August 13, 2024 4:06 PM
**To:** McConnell, Justin W. (Orlando) <Justin.McConnell@jacksonlewis.com>; Allan, Mackenzie N. (Orlando) <Mackenzie.Allan@jacksonlewis.com>
**Cc:** Rundell, Shelly (Orlando) <Shelly.Rundell@jacksonlewis.com>; Sallee, Rebecca (Orlando) <Rebecca.Sallee@jacksonlewis.com>; David Rodriguez <David@dereksmithlaw.com>; Cassie Cisneros <cassie@dereksmithlaw.com>
**Subject:** Re: Defendant's Discovery Responses/Subpoenas - Feccia v. Baker Barrios Architects, Inc.


Hi Justin,

Thank you for confirming. I will speak with you then.

I will also be sure to provide you with additional information regarding the objections by Thursday as well.

**Kyle T. MacDonald, Esq.**
*Admitted in FL



**Derek Smith Law Group, PLLC**
520 Brickell Key Drive, Suite O-301  |  Miami, Florida 33131
Toll Free: (800) 807-2209  |  Direct: (786) 568-8120
Email: kyle@dereksmithlaw.com
www.discriminationandsexualharassmentlawyers.com
**New York  |  New Jersey  |  Philadelphia  |  Miami  |  Los Angeles  |  San Francisco  |  San Diego**

*The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you. If you are a client of this firm and this email is directed to you, please do not forward to any other party, or you could be waiving the attorney-client privilege. Settlement Communication Notice: If this communication pertains to a settlement in any case, all settlement agreements are subject to final client approval and signature by all parties. Any cases and business handled in California are handled exclusively through the distinct entity, Derek Smith Law Group, LLP.


**From:** McConnell, Justin W. (Orlando) <Justin.McConnell@jacksonlewis.com>
**Date:** Tuesday, August 13, 2024 at 9:38 AM
**To:** Kyle MacDonald <kyle@dereksmithlaw.com>, Allan, Mackenzie N. (Orlando) <Mackenzie.Allan@jacksonlewis.com>
**Cc:** Rundell, Shelly (Orlando) <Shelly.Rundell@jacksonlewis.com>, Sallee, Rebecca (Orlando) <Rebecca.Sallee@jacksonlewis.com>, David Rodriguez <David@dereksmithlaw.com>, Cassie Cisneros <cassie@dereksmithlaw.com>
**Subject:** RE: Defendant's Discovery Responses/Subpoenas - Feccia v. Baker Barrios Architects, Inc.

Hi Kyle,

We have availability Monday at 10 to confer and will agree not to serve the subpoenas prior to our conferral. In the interest of having sufficient time to evaluate your objections prior to our call, please provide your list of issues by close of business Thursday. Thank you.

Justin M.



**Justin W McConnell**
Attorney at Law

**Jackson Lewis P.C.**
390 N. Orange Avenue.
Suite 1285
Orlando, FL 32801
Direct: (407) 246-8429 | Main: (407) 246-8440
Justin.McConnell@jacksonlewis.com | www.jacksonlewis.com

**From:** Kyle MacDonald <kyle@dereksmithlaw.com>
**Sent:** Monday, August 12, 2024 4:40 PM
**To:** McConnell, Justin W. (Orlando) <Justin.McConnell@jacksonlewis.com>; Allan, Mackenzie N. (Orlando) <Mackenzie.Allan@jacksonlewis.com>
**Cc:** Rundell, Shelly (Orlando) <Shelly.Rundell@jacksonlewis.com>; Sallee, Rebecca (Orlando) <Rebecca.Sallee@jacksonlewis.com>; David Rodriguez <David@dereksmithlaw.com>; Cassie Cisneros <cassie@dereksmithlaw.com>
**Subject:** Defendant's Discovery Responses/Subpoenas - Feccia v. Baker Barrios Architects, Inc.


Justin and Mackenzie,

Pursuant to Local Rule 3.01(g), I am reaching out to schedule a time to confer with you regarding Defendant's non-party subpoenas and the deficiencies raised by Defendant's discovery responses.

As to the non-party subpoenas, we object to the issuance of all four subpoenas as currently written and kindly ask that you confirm you will not issue them until we have had a chance to confer. This allows us to discuss the subpoenas and attempt to reach an agreement prior to filing a motion for a protective order.

I am available to discuss next Monday, August 19th, from 9:00am to 11:00am, or next Wednesday, August 21st, from 12:00pm to 3:30pm. Please let me know if either of those times work for you all.

I will send you a brief outline of the issues pertaining to the subpoenas and discovery responses prior to the call as well. Thank you.

**Kyle T. MacDonald, Esq.**
*Admitted in FL



**Derek Smith Law Group, PLLC**
520 Brickell Key Drive, Suite O-301  |  Miami, Florida 33131
Toll Free: (800) 807-2209  |  Direct: (786) 568-8120
Email: kyle@dereksmithlaw.com
www.discriminationandsexualharassmentlawyers.com
**New York  |  New Jersey  |  Philadelphia  |  Miami  |  Los Angeles  |  San Francisco  |  San Diego**

*The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you. If you are a client of this firm and this email is directed to you, please do not forward to any other party, or you could be waiving the attorney-client privilege. Settlement Communication Notice: If this communication pertains to a settlement in any case, all settlement agreements are subject to final client approval and signature by all parties. Any cases and business handled in California are handled exclusively through the distinct entity, Derek Smith Law Group, LLP.