UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

|  |  |
|---|---|
| ISABELLE FECCIA, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CASE NO. 6:24-cv-00434-JSS-DCI ) |
| BAKER BARRIOS ARCHITECTS, INC., | ) ) ) |
| Defendant. | ) ) ) |

**DEFENDANT'S MOTION TO COMPEL**
**BETTER INTERROGATORY ANSWERS**

Defendant moves this Court to compel Plaintiff to provide better interrogatory answers. Defendant seeks proportionate and accessible information relevant to claims and defenses – but Plaintiff provides boilerplate objections, incomplete or evasive answers, or no answer at all, leaving Defendant with little understanding of why Plaintiff believes she was discriminated against. The interrogatories and answers are attached as **Exhibit A**.

1. Defendant requests Plaintiff's objections to Interrogatory Nos. 3, 7-10, 12, 14-15, and 18-20 be overruled as impermissibly non-specific and boilerplate.

1

### No.3

2.  Plaintiff inappropriately refers to her 500+ page production. Upon careful review, the only pertinent document is her 2023 W-2.

3.  Although discoverable, Plaintiff fails to provide any 2024 income.

### No.7

4.  Plaintiff refuses to identify conduct she considers objectionable or the alleged perpetrators: critical and discoverable information underlying her claims. Although insufficient to answer an interrogatory, Plaintiff improperly generally refers to her "Complaint."

### No.8

5.  Plaintiff fails to provide the specific topics, times, places, or forms of her discussions with any of the individuals identified in her answer, all discoverable as facts underlying her claims.

### No.9

6.  Plaintiff fails to state whether she obtained written statements from any individual identified as having knowledge of the facts underlying her claims, despite such information being discoverable.

### No.10

7.  Plaintiff refuses to answer the request for information regarding any alleged admissions made by Defendant, although clearly discoverable.

### No.12

8.      Although Plaintiff agreed to provide the identities of individuals she believes provided more favorable treatment to others, she fails to provide the titles of individuals she contends were treated more favorably or describe the treatment or terms and conditions of employment she believes were more favorable than her own: discoverable information at the very heart of Plaintiff's claims.

### No.14

9.      Plaintiff fails to describe her disciplinary records, job duties, team(s) on which she worked, or how these changed through her employment, critical information because Plaintiff contends change in her position(s)/duties/team(s) upon her return from her leave supports her claims of discrimination.

### No.15

10.     Plaintiff fails to state whether she is aware of any complaints made against her by her colleagues *regardless of formality or method* by improperly limiting her answer to formal complaints reported to HR or supervisors.

### No.18

11.     Plaintiff fails to identify treatment related to her emotional distress or facts she contends support her claim for same, instead inappropriately referring to her 500+ page production. Upon careful review, the documents produced do not contain all the information requested.

**No.19**

12.     Plaintiff fails to provide information regarding her treating physicians and hospitalizations within the last ten years. She improperly limits her written response to after 2023 and generally references her 500+ page production. Upon careful review, the documents produced do not contain all the information requested.

**No.20**

13.     Plaintiff fails to provide information regarding her medications within the last ten years. She improperly limits her written response to after April 2023 and generally references her 500+ page production. Upon careful review, the documents produced do not contain all the information requested.

**WORD COUNT CERTIFICATION**

This Motion is 500 words, exclusive of caption, signature block, and certifications as required by this Court's Standing Order on Discovery Motions. Doc. 6.

**LOCAL RULE 3.01(g) CERTIFICATION**

Counsel for Defendant has conferred with counsel for Plaintiff regarding the relief sought in this motion.

On October 2, 2024, Defendant timely provided Plaintiff with a detailed deficiency letter regarding her September 30, 2024 interrogatory answers.

Defendant requested Plaintiff cure her deficient answers by October 8, 2024 and/or schedule a conferral call if any identified deficiencies were disputed. **Exhibit B**. Plaintiff did not respond.

On October 8 and 11, 2024, Defendant followed up. **Exhibit C**. Plaintiff did not substantively respond but requested conferral. *Id*.

On October 23, 2024, the parties conferred for an hour and half via telephone. Plaintiff agreed to provide responses to Interrogatory Nos. 7, 10, and 14, but no other resolution was reached. Counsel for Plaintiff agreed to discuss the remaining deficient interrogatories with his client and let Defendant know if she would voluntarily amend any other interrogatory answers.

On October 28, 2024, Defendant sent a detailed summary of the conferral call to Plaintiff and requested Plaintiff advise by end of day on October 30, 2024 whether Plaintiff would be providing amended interrogatory answers, and if so, to which interrogatories. **Exhibit D**. On the same day, counsel for Plaintiff advised, in a separate email chain, that he was in receipt of Defendant's email but advised he would be out of the country from that day until November 5, 2024 and would review the email upon his return. **Exhibit C**. Despite the unexpected interruption, Defendant acquiesced its *second* deadline of October 30, 2024 and allowed ample time for counsel for Plaintiff to respond upon his return from international travel as a professional courtesy. Even still, Plaintiff did not respond.

On November 14, 2024, Defendant followed up again, requesting Plaintiff advise by end of day on November 15, 2024 whether Plaintiff would provide amended interrogatory answers, and if so, to which interrogatories. **Exhibit D**. On the same day, counsel for Plaintiff advised, in a separate email chain, that he was in receipt of Defendant's request but did not have answers. **Exhibit E**.

On November 18, 2024, after acquiescing three deadlines and attempting to engage Plaintiff in substantive discussion for seven weeks, Defendant advised that it would be forced to move the Court to compel better interrogatory answers if it did not receive a substantive and specific response from Plaintiff by end of day on November 19, 2024. **Exhibit D**.

On November 19, 2024 at 8pm, Plaintiff agreed to provide better interrogatory answers to Interrogatory Nos. 2, 3, 9, 12, 16, 17, 18, and 20. *Id*. However, Plaintiff agreed to revisions which would only *partially* remedy the deficiencies in Interrogatory Nos. 3, 9, 12, 18, and 20 and, apparently, *retracted* her prior agreement to amend Interrogatory Nos. 7, 10, and 14. *Id.*

On November 27, 2024, Defendant replied, in detail, with relevant case law to each of Plaintiff's responses in an attempt to facilitate the resolution of these ongoing discovery issues. *Id.*

Defendant will continue to attempt to confer with Plaintiff and will promptly notify the Court in the event any deficiencies raised in this Motion are resolved.

DATED this 27th day of November, 2024.

Respectfully submitted,

JACKSON LEWIS P.C.
390 North Orange Avenue, Suite 1285
Orlando, Florida 32801
Telephone: (407) 246-8440
Facsimile: (407) 246-8441

By:   /s/ *Justin W. McConnell*_____
Justin W. McConnell
Florida Bar No. 112631
justin.mcconnell@jacksonlewis.com

Mackenzie N. Allan
Florida Bar No. 1031199
mackenzie.allan@jacksonlewis.com

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27th day of November, 2024, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: Kyle T. MacDonald, Esq., Derek Smith Law Group, PLLC, 520 Brickell Key Drive, Suite O-301, Miami, FL 33131.

/s/ *Justin W. McConnell*_____

4872-4993-7149, v. 1