# EXHIBIT "A"

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

ISABELLE FECCIA,

      CASE NO.:  6:24-cv-00434-JSS-DCI

      Plaintiff,

v.

BAKER BARRIOS ARCHITECTS,
INC.,

      Defendant.

_____/

## PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Plaintiff, ISABELLE FECCIA ("Plaintiff" and/or "Ms. Feccia"), by and through her undersigned counsel, and pursuant to Federal Rule of Civil Procedure 33, hereby serves the following responses to Defendant, BAKER BARRIOS ARCHITECTS, INC.'s ("Defendant" and/or "Baker Barrios"), First Set of Interrogatories to Plaintiff.

Dated:  Miami, Florida
       September 30, 2024,

**DEREK SMITH LAW GROUP, PLLC**
*Counsel for Plaintiff*

*/s/ Kyle T. MacDonald*
Kyle T. MacDonald, Esq.
Florida Bar No. 1038749
Derek Smith Law Group, PLLC
520 Brickell Key Drive, Suite O-301
Miami, FL 33131
Tel: (305) 946-1884
Fax: (305) 503-6741
kyle@dereksmithlaw.com

<u>**ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES**</u>

<u>**INTERROGATORY NO. 1:**</u>

Identify each and every person who provided you with information or assistance in preparing the answers to these Interrogatories.

  <u>**RESPONSE**</u>: **Plaintiff's counsel, Kyle T. MacDonald.**

<u>**INTERROGATORY NO. 2:**</u>

Identify all employment, including part-time, full-time, and temporary positions, and any other source(s) of income (including self-employment) which you have applied to, held, or been offered since May 1, 2014 through the present, including:

 a. The employer or source of income;

 b. The employer's address;

 c. The identity of your immediate supervisor;

 d. The relevant date(s) (including commencement and termination);

 e. The position(s) you held;

 f. Your wages or salary;

 g. Any benefits you received (such as insurance and savings plans);

 h. The average hours worked per week; and

 i. The reason for your separation from that employment.

  <u>**RESPONSE:**</u> **Plaintiff objects to this interrogatory on the grounds that it is overbroad, not proportional to the needs of the case, and seeks information not relevant to the claims or**

Doc ID: 6c16a5fc0c96da03795a37734516a600a3596f50

**defenses of the parties to the extent it seeks information unrelated to the Plaintiff's efforts to mitigate and/or Plaintiff's actual mitigation, and to the extent that it seeks information about Plaintiff 's employment prior to working for Defendant.**

**Notwithstanding these objections and without waiving them, Plaintiff understands the non-objectionable portion of this interrogatory to seek information regarding Plaintiff's employment subsequent to her employment with Defendant and states as follows: Since June 2023, Plaintiff has been employed with Bermello Ajamil & Partners, 390 North Orange Avenue, Suite 1850, Orlando, FL 32801. Her immediate supervisor is Marc Sherman. Plaintiff holds the position of Interior Designer. Plaintiff's salary is approximately $105,000.00. Plaintiff has a 401(k) plan through her employer. Plaintiff works approximately 55 to 60 hours per week on average. Otherwise, Plaintiff has had no other employment since Defendant's unlawful termination of her employment with Defendant.**

**Plaintiff reserves the right to amend, supplement, or modify this response, as additional investigation and discovery is ongoing.**

## INTERROGATORY NO. 3:

Describe all income you have received since April 17, 2023, including the source of such income and the date you received it. This request includes, but is not limited to, disability benefits, temporary income benefits, short-term and long-term disability benefits, unemployment benefits, social security benefits, welfare benefits, and any wages or payments from subsequent employment (including self-employment).

**RESPONSE: Plaintiff objects to this interrogatory on the grounds that it is unduly burdensome and overbroad in seeking Plaintiff's income information unrelated to Plaintiff's mitigation efforts. Plaintiff further objects to this interrogatory on the grounds that it is harassing, seeks information that is not**

3

Doc ID: 6c16a5fc0c96da03795a37734516a600a3596f50

relevant to the claims and defenses of the parties, and invades Plaintiff's right to privacy protected by the Florida Constitution in requesting information regarding her personal and confidential financial records.

Notwithstanding these objections and without waiving them, Plaintiff understands the non-objectionable portion of this interrogatory to seek information regarding Plaintiff's mitigation efforts and income derived from Plaintiff's employment subsequent to her employment with Defendant, and in response, pursuant to Rule 33, Plaintiff directs Defendant to the documents produced by Plaintiff in response to Defendant's Requests for Production, for records of Plaintiff's income.

Plaintiff reserves the right to amend, supplement, or modify this response, as additional investigation and discovery is ongoing.

## INTERROGATORY NO. 4:

If you have ever been arrested or convicted of any felony or misdemeanor involving moral turpitude, please identify each crime, the date of arrest, arresting authority, the court and county and state in which any criminal proceeding against you was held, and the disposition of each charge.

> **RESPONSE: Plaintiff has never been arrested or convicted of any felony or misdemeanor involving moral turpitude.**

## INTERROGATORY NO. 5:

Identify any legal proceeding, litigation, arbitration, and/or administrative agency proceedings (including but not limited to any divorce, bankruptcy, civil lawsuits, unemployment compensation claims, social security administration claims, EEOC charges, or criminal matters), other than the Complaint and the

Doc ID: 6c16a5fc0c96da03795a37734516a600a3596f50

Charge, in which you have ever been a party. Identify your role (i.e., plaintiff, defendant, claimant, respondent), the case name, case number, court or forum, and the nature of the litigation and the disposition.

**RESPONSE: None.**

**INTERROGATORY NO. 6:**

Please identify all mobile telephone numbers (including service provider); email addresses; and social media accounts (e.g., Facebook, Messenger, Twitter, LinkedIn, Snapchat, Instagram) you have used from January 13, 2020 until now (a) to communicate with any employee of Defendant or (b) to communicate with any person regarding your employment with Defendant and/or the allegations in the Complaint. To identify social media accounts, state the account name, username, email or mobile phone number linked to the account, and any other method of identification used for each account.

> **RESPONSE: Plaintiff objects to this interrogatory on the grounds that it is unduly burdensome, overbroad, and not properly limited in time and scope, as this interrogatory could be reasonably interpreted, for example, to include information regarding communications with any individual who was simply aware of the fact of Plaintiff's employment with the Defendant. Plaintiff further objects to this interrogatory to the extent that any requests related to her social media accounts and personal communications bear no relevance to the claims or defenses of the parties and are unduly invasive and harassing.**
>
> **Notwithstanding this objection and without waiving it, Plaintiff states that she does not recall ever using her social media accounts to communicate with any employee of Defendant or to communicate with any person regarding her employment with**

Doc ID: 6c16a5fc0c96da03795a37734516a600a3596f50

**Defendant and/or the allegations in the Complaint. Plaintiff
further provides that as of December 2022, Plaintiff has used the
mobile telephone number (954) 325-4256 (and AT&T as her
telephone service provider). Since December 2022 through the
present, Plaintiff has used the following email addresses:
swimisa343@aol.com, ifeccia@bakerbarrios.com, and
i.bouthillier07@gmail.com.**

## INTERROGATORY NO. 7:

Please identify each instance of "unlawful discrimination, retaliation, and
interference" to which you claim Defendant subjected you during your
employment from January 13, 2020 through April 17, 2023; in doing so, please
state the factual circumstances underlying each alleged instance, explain each
and every reason for your contention that Defendant discriminated against
you, retaliated against you, or interfered with your rights under the FMLA
with reference to each instance you identify, identify by name and title each
employee of Defendant whom you believe discriminated against you, retaliated
against you, or interfered with your rights under the FMLA, and, for each
person, describe the specific conduct which you believe was discriminatory or
retaliatory.

**RESPONSE: Plaintiff objects to this interrogatory on the
grounds that it is an improper contention interrogatory in
requesting the identification of each instance of unlawful
discrimination, retaliation, and interference that form the basis
of Plaintiff's claims. Middle District of Florida Discovery
Handbook IV(C)(2). Plaintiff further objects to this interrogatory
on the grounds that it is ambiguous and calls for speculation in
requesting that Plaintiff determine which individual employees
had the authority to act on behalf of the Defendant.**

6

Doc ID: 6c16a5fc0c96da03795a37734516a600a3596f50

**Notwithstanding these objections and without waiving them, Plaintiff refers Defendant to Plaintiff's Complaint for responsive information regarding Plaintiff's factual allegations that form the basis of her claims.**

**Plaintiff reserves the right to amend, supplement, or modify this response, as additional investigation and discovery is ongoing.**

## INTERROGATORY NO. 8:

Please list every person (other than counsel) with whom you have communicated, either orally or in writing, from January 13, 2020 through the date of your answer to this interrogatory, regarding the following topics:

   a. your pregnancy, your pregnancy/FMLA leave, or your termination;

   b. feedback or disciplinary action with regard to your performance or attendance at work;

   c. your claim that Defendant discriminated or retaliated against you because of your pregnancy or your FMLA leave;

   d. your claim that Defendant interfered with, restrained, or denied your rights under the FMLA; or

   e. your claim that Defendant interfered with, restrained, or denied your rights under the FMLA;

   f. your claim that you suffered damages as a result of the incidents which are the subject of this case.

Doc ID: 6c16a5fc0c96da03795a37734516a600a3596f50

For each person listed, please state the person's name, the time and place of the discussion, the topics you discussed, any how you communicated with the person (for example, in person or by text, email, telephone, social media, etc.).

> **RESPONSE: Plaintiff objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, and not properly limited in time and scope in requesting Plaintiff determine all verbal and written communications she may have had spanning more than 4 years on multiple expansive topics. Plaintiff further objects to this interrogatory as improperly compound and containing multiple subparts.**

> **Notwithstanding these objections and without waiving them, Plaintiff has limited her response to the names of Defendant's individual employees with whom she recalls discussing her pregnancy, pregnancy/FMLA leave, and/or her termination. In response, Plaintiff states that to the best of her recollection, she discussed the topics identified with: Meghan Dietz, Jed Prest, Lisa Couch, Sydney Moeller, and Rachel Rice.**

> **Plaintiff reserves the right to amend, supplement, or modify this response, as additional investigation and discovery is ongoing.**

## INTERROGATORY NO. 9:

Please list every person who you reasonably believe has knowledge of material facts underlying your claims in this Complaint. For each person listed, please state: (1) the person's name, address, and telephone number; (2) what knowledge you believe the person to possess; (3) whether you discussed potential testimony with the person; and (4) whether the person has provided a written statement or notes.

> **RESPONSE: Plaintiff objects to this interrogatory to the extent that it seeks information protected by the work product doctrine**

Doc ID: 6c16a5fc0c96da03795a37734516a600a3596f50

and attorney-client privilege in seeking information related to the mental impressions and strategies of counsel regarding trial preparation and testimony. Plaintiff further objects to this interrogatory as vague and ambiguous in the use of the phrase "written statement or notes." Notwithstanding this objection and without waiving it, Plaintiff has identified individuals believed to have discoverable information relevant to her claims as follows:

- Isabelle Feccia, Plaintiff
  c/o Derek Smith Law Group, PLLC
  520 Brickell Key Drive, Suite O-301
  Miami, FL 33131
  Tel.: (305) 946 1884

  Plaintiff has knowledge regarding Plaintiff's employment with Defendant; the claims and allegations made in the Complaint and throughout the agency proceeding; and the emotional toll the Defendant's discriminatory treatment took on Plaintiff during and after Plaintiff's employment.

- Stephen Feccia
  c/o Derek Smith Law Group, PLLC
  520 Brickell Key Drive, Suite O-301
  Miami, FL 33131
  Tel.: (305) 946 1884

  As Plaintiff's spouse, Stephen Feccia likely has knowledge regarding Plaintiff's employment, the claims alleged in the Complaint, and Plaintiff's emotional distress and damages incurred.

- Baker Barrios Architects, Inc., Defendant
  c/o Jackson Lewis P.C.
  390 N. Orange Avenue, Suite 1285
  Orlando, FL 32801
  Tel.: (407) 246-8440

  Defendant likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Complaint, and treatment of similarly situated employees.

9

Doc ID: 6c16a5fc0c96da03795a37734516a600a3596f50

- **Peggy Hemmer, LICSW**
  **c/o Brightside Health**
  **5427 Oak Terrace Drive**
  **Edgewood, FL 32839**

  **As Plaintiff's psychotherapist, Peggy Hemmer likely has knowledge regarding Plaintiff's medical treatment, Plaintiff's emotional distress experienced as a result of Defendant's conduct, and the resulting damages incurred by Plaintiff.**

- **Dr. Chloe Murray, D.O.**
  **c/o Orlando Health**
  **21 W. Columbia St.**
  **Orlando, FL 32806**

  **As Plaintiff's psychiatrist, Dr. Chloe Murray, D.O., likely has knowledge regarding Plaintiff's medical treatment, Plaintiff's emotional distress experienced as a result of Defendant's conduct, and the resulting damages incurred by Plaintiff.**

- **Jed Prest**
  **c/o Jackson Lewis P.C.**
  **390 North Orange Avenue, Suite 1285**
  **Orlando, FL 32801**
  **Tel.: (407) 246-8440**

  **Jed Prest likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Complaint, and treatment of similarly situated employees.**

- **Lisa Couch**
  **c/o Jackson Lewis P.C.**
  **390 North Orange Avenue, Suite 1285**
  **Orlando, FL 32801**
  **Tel.: (407) 246-8440**

10

Doc ID: 6c16a5fc0c96da03795a37734516a600a3596f50

Lisa Couch likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Complaint, and treatment of similarly situated employees.

- **Wayne Dunkelberger**
  **c/o Jackson Lewis P.C.**
  **390 North Orange Avenue, Suite 1285**
  **Orlando, FL 32801**
  **Tel.: (407) 246-8440**

  **Wayne Dunkelberger likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Complaint, and treatment of similarly situated employees.**

- **Meghan Dietz**
  **c/o Jackson Lewis P.C.**
  **390 North Orange Avenue, Suite 1285**
  **Orlando, FL 32801**
  **Tel.: (407) 246-8440**

  **Meghan Dietz likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Complaint, and treatment of similarly situated employees.**

- **Sydney Moeller**
  **c/o Jackson Lewis P.C.**
  **390 North Orange Avenue, Suite 1285**
  **Orlando, FL 32801**
  **Tel.: (407) 246-8440**

  **Sydney Moeller likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Complaint, and treatment of similarly situated employees.**

- **Rachel Rice**

  **As a former employee of Defendant, Rachel Rice likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Complaint, and the treatment of similarly situated employees.**

11

Doc ID: 6c16a5fc0c96da03795a37734516a600a3596f50

- **Christin Coats**

  As a former employee of Defendant, Christin Coats likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Complaint, and treatment of similarly situated employees.

- **Marilyn Russell**
  **c/o Jackson Lewis P.C.**
  **390 North Orange Avenue, Suite 1285**
  **Orlando, FL 32801**
  **Tel.: (407) 246-8440**

  Marilyn Russell likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Complaint, and treatment of similarly situated employees.

- **Angela Reed**
  **c/o Jackson Lewis P.C.**
  **390 North Orange Avenue, Suite 1285**
  **Orlando, FL 32801**
  **Tel.: (407) 246-8440**

  Angela Reed likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Complaint, and treatment of similarly situated employees.

Plaintiff reserves the right to amend, supplement, or modify this response, as additional investigation and discovery is ongoing.

## INTERROGATORY NO. 10:

If you contend that Defendant has made any admission of your claims, please list and precisely describe each admission, including the date of the alleged admission, to whom the alleged admission was made, the manner in which the alleged admission was made, and the substance of the alleged admission.

Doc ID: 6c16a5fc0c96da03795a37734516a600a3596f50

> **RESPONSE:** Plaintiff objects to this interrogatory on the
> grounds that it is vague, ambiguous, and calls for speculation in
> requesting that Plaintiff determine which individual employees
> had the authority to act on behalf of the Defendant. Plaintiff
> further objects to this interrogatory on the grounds it is
> overbroad and not properly limited in time and scope in
> requesting Plaintiff identify any admission that may be relevant
> to her claims without any limitations.

## INTERROGATORY NO. 11:

Identify each and every one of Defendant's non-pregnant employee(s) who you

contend was similarly situated to you "in all material respects," and as to each

such employee identified, state and explain each and every reason why said

employee was similarly situated to you "in all material respects."

> **RESPONSE:** Plaintiff objects to this interrogatory on the
> grounds that it is an improper contention interrogatory, as
> identifying comparators is a fact-intensive inquiry and requires
> further discovery. Middle District of Florida Discovery
> Handbook IV(C)(2). Notwithstanding these objections and
> without waiving them, at this early stage, Plaintiff identifies
> Marilyn Russell, Angela Reed, and Kaylee Miner as employees
> who have been similarly situated in all material respects, as each
> of them held job functions or responsibilities similar to
> Plaintiff's. Plaintiff reserves the right to modify and/or identify
> additional comparators throughout the course of discovery.
>
> Plaintiff reserves the right to amend, supplement, or modify this
> response, as additional investigation and discovery is ongoing.

## INTERROGATORY NO. 12:

Identify by name(s) and title(s) the individuals you identified in your answer

to Interrogatory #11 whom you claim Defendant treated more favorably than

Doc ID: 6c16a5fc0c96da03795a37734516a600a3596f50

you, describe the more favorable treatment you believe each such person received, describe every term or condition of their employment(s) which you contend was different than your own, and identify the individual(s) whom you believe provided such favorable treatment to them.

> **RESPONSE: Plaintiff objects to this interrogatory on the grounds that it is an improper contention interrogatory, as identifying comparators is a fact-intensive inquiry and requires further discovery. Middle District of Florida Discovery Handbook IV(C)(2). Plaintiff further objects to this interrogatory on the grounds that it is ambiguous and calls for speculation in requesting that Plaintiff identify the individual(s) whom she believes Defendant may have provided more favorable treatment to, which she does not have complete firsthand knowledge of. Notwithstanding this objection and without waiving it, Plaintiff states that Defendant may have treated the following individuals more favorably: Marilyn Russell, Angela Reed, and Kaylee Miner. Plaintiff reserves the right to modify and/or identify additional comparators throughout the course of discovery.**

> **Plaintiff reserves the right to amend, supplement, or modify this response, as additional investigation and discovery is ongoing.**

## INTERROGATORY NO. 13:

If you contend that you were more qualified for retention or promotion than the employees who were selected for retention or promotion by Defendant in April 2023, state and explain each and every reason constituting the basis for your contention.

> **RESPONSE: Plaintiff objects to this interrogatory on the grounds that it is an improper contention interrogatory, as discovery is still ongoing regarding Defendant's criteria for retention and promotion, and the qualifications of any relevant**

Doc ID: 6c16a5fc0c96da03795a37734516a600a3596f50

employees. **Middle District of Florida Discovery Handbook IV(C)(2).**

**Notwithstanding and without waiving these objections, at this early stage, Plaintiff states that to the best of her knowledge and belief, among the individuals identified in her response to Interrogatory No. 11, which is subject to change, she was more qualified for retention and/or promotion based on: (1) years of experience in the field of interior design generally, (2) years of experience as a licensed interior designed, (3) seniority in terms of years of service with Defendant, and (4) having a positive record in working well with other employees professional credentials. Plaintiff reserves the right to revise the individuals and criteria identified as both will also depend on Defendant's decision-making process for retention and promotion.**

**Plaintiff reserves the right to amend, supplement, or modify this response, as additional investigation and discovery is ongoing.**

## INTERROGATORY NO. 14:

Please identify, describe, and explain the position for which Defendant hired you, including identifying the team(s) on which you worked, the job duties you performed, the feedback or discipline you received regarding your performance on various projects on which you worked, and how your position, job duties, and team(s) changed from January 14, 2020 through April 17, 2023. In answering this interrogatory, if you contend that you were an "exceptional employee" of Defendant, state and explain each and every reason constituting the basis for your contention.

**RESPONSE: Plaintiff objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, and not properly limited in requesting that she effectively summarize**

Doc ID: 6c16a5fc0c96da03795a37734516a600a3596f50

her entire employment history with Defendant. Plaintiff further objects to this interrogatory as improperly compound and containing multiple subparts.

Notwithstanding these objections and without waiving them, Plaintiff understands the non-objectionable portion of this interrogatory to seek information regarding the basis for Plaintiff's belief that she had positive performance during her employment with Defendant, and states that this belief is supported by factors including but not limited to the following:

- Plaintiff worked hard consistently and demonstrated a strong work ethic;

- Plaintiff was qualified for her position;

- Plaintiff never received any written notices or warnings regarding issues with her job performance; and

- Plaintiff had never received any disciplinary actions against her up until her dismissal.

Plaintiff reserves the right to amend, supplement, or modify this response, as additional investigation and discovery is ongoing.

## INTERROGATORY NO. 15:

Are you aware of any formal or informal complaints or grievances made against you by employees of Defendants? If so, please identify:

a. The nature and basis of each complaint or grievance;

b. The date of each complaint or grievance;

c. The person who raised each complaint or grievance;

d. The individual to whom each complaint or grievance was brought; and

16

e. The action(s) taken by the Company in response to such complaint or grievance.

**RESPONSE: Plaintiff objects to this interrogatory on the grounds that it is vague and ambiguous in its use of the phrase "informal complaints or grievances," as these terms are undefined. Notwithstanding these objections and without waiving them, Plaintiff understands this interrogatory to request complaints or grievances reported formally by other employees to human resources or supervisory personnel that she was aware of and states that she recalls only an isolated complaint or grievance brought by Angela Reed to Defendant's human resources office in which Ms. Reed alleged that Plaintiff failed to greet her in the morning and that Ms. Reed was offended and/or upset as a result. Plaintiff is unsure of the precise date of the incident, and to the best of her knowledge and belief, Defendant took no action in response to such complaint or grievance.**

## INTERROGATORY NO. 16:

Regarding your claims for damages, including compensatory relief, emotional distress, and mental anguish please specifically describe any and all emotional distress, physical distress, emotional pain, humiliation, suffering, loss of enjoyment of life, mental anguish, loss of dignity, non-pecuniary and other intangible damages you alleged to have suffered as a result of Defendant's alleged discrimination, retaliation, and inference.

**RESPONSE: Plaintiff objects to this interrogatory on the grounds that it is vague and ambiguous in requesting information regarding "any and all emotional distress…" and the other damages identified, as it is unclear what information is being sought. Notwithstanding this objection and without waiving it, Plaintiff understands the non-objectionable portion of this interrogatory to seek information regarding the**

Doc ID: 6c16a5fc0c96da03795a37734516a600a3596f50

**monetary amounts of her claimed damages, and in response, Plaintiff directs Defendant to her Initial Disclosures and Plaintiff's response to Interrogatory No. 17. Plaintiff further directs Defendant to the medical records produced by Plaintiff in response to Defendant's Request for Production to Plaintiff, for responsive information regarding her medical treatment for the emotional distress she experienced.**

## INTERROGATORY NO. 17:

Regarding your claims for damages, including compensatory relief, emotional distress, and mental anguish please state all facts which support such claims and identify:

a. State the precise dollar amount of monetary damages you claim;

b. State the method or methods by which the amount of damages you claim was calculated;

c. State and itemize with specificity the amount and nature of each category of damages you claim (e.g. lost wages, lost income, out of pocket expenses, attorneys' fees, emotional distress, etc.);

d. State the nature of any non-monetary damages;

e. Identify any witness or person with knowledge of the damages you claim; and

f. Identify every document upon which you relied in answering this interrogatory, or which relates in any way to the information requested in this interrogatory.

Doc ID: 6c16a5fc0c96da03795a37734516a600a3596f50

**RESPONSE:** Plaintiff objects to subparts (b) and (d)-(f) of this interrogatory on the grounds that it improperly requests Plaintiff determine the methodology and basis for which a jury might award her non-economic damages. Notwithstanding this objection and without waiving it, at this early juncture, Plaintiff states her claimed damages as follows:

- Lost Wages:
  Plaintiff claims damages for her lost wages. Plaintiff was unemployed from the date of her termination until approximately June 1, 2023. Plaintiff claims lost wages for this period of unemployment in the amount of $11,712.15 (roughly $260.27 per day x 45 days).

  To date, Plaintiff's total lost wages equal approximately $11,712.15. Plaintiff reserves the right to seek the difference in pay in her new employment following her termination by the Defendant. Plaintiff further reserves the right to seek lost wages up until the date of trial and the right to seek reinstatement and/or front pay, as well as any other equitable remedy available.

- Medical Expenses:
  Plaintiff claims reimbursement for medical expenses and/or out-of-pocket costs resulting from her unlawful termination. For information regarding the claimed amounts, Plaintiff refers Defendant to the responsive records produced by Plaintiff and in response to its medical provider subpoenas.

- Emotional Distress Damages:
  Plaintiff claims emotional distress damages of $1,500,000.00. This amount reflects damages that a jury might award based on the severe emotional distress Plaintiff has suffered as a result of working for the Defendant.

- Punitive Damages:
  Plaintiff claims punitive damages in the amount of $3,000,000.00. This amount reflects damages that a jury might award based on the Plaintiff's experience and the Defendant's willful and intentional conduct.

19

- **Attorney's Fees:**
**Plaintiff will also seek attorney's fees as a prevailing party as available by law.**

**Plaintiff reserves the right to amend, supplement, or modify this response, as additional investigation and discovery is ongoing.**

## INTERROGATORY NO. 18:

Regarding your claims for damages, including compensatory relief, emotional distress, and mental anguish please state all facts which support such claims and identify:

a. Name and address of all treating physicians, psychologists, or other clinical or medical personnel who have treated said emotional distress, mental anguish or illness;

b. A summary of the treatment received from each medical provider;

c. The date(s) of such treatment;

d. The purpose of each such consultation, examination, and/or periods of treatment;

e. All reports by any of the medical providers;

f. The physical location of the medical records of the treating physician or health care professional;

g. All medical bills and costs associated with this claim; and

Doc ID: 6c16a5fc0c96da03795a37734516a600a3596f50

h. Any other evidence of harm and/or distress and/or anguish and states its location and its place in the documents provided in response to Defendant's Requests for Production.

**RESPONSE: Plaintiff objects to this interrogatory on the grounds that it is unduly burdensome and improperly compound in its use of multiple subparts and in requiring Plaintiff to effectively summarize her medical treatment and corresponding records. Notwithstanding these objections and without waiving them, pursuant to Rule 33, Plaintiff refers Defendant to the responsive medical records produced by Plaintiff and in response to its medical provider subpoenas.**

## INTERROGATORY NO. 19:

Have you ever been admitted to any hospital or other medical institution, or been under the treatment and care of any physician in the past ten (10) years? If so, please state:

a. The full name and address of each such hospital or other medical institution and each such physician;

b. The inclusive dates of confinement of each such hospital or medical institution and the dates of treatment by any such physician; and

c. The reason for your confinement in such hospital or medical institution, and the condition or conditions for which you were treated by such physician.

**RESPONSE: Plaintiff objects to this interrogatory on the grounds that it is overbroad, unduly invasive, and violates her right to privacy in requesting her privileged and confidential medical records to the extent it requests information concerning**

21

**Plaintiff's medical treatment occurring prior to her employment with Defendant or medical treatment otherwise unrelated to her employment with Defendant and her emotional distress damages.**

**Notwithstanding these objections and without waiving them, Plaintiff has limited her response to her medical treatment related to her pregnancy and/or treatment related to her mental health, and states as follows: Plaintiff received treatment from her obstetrician-gynecologist Dr. Christine Greves, M.D. for reasons related to her pregnancy. Around January 3, 2023, Plaintiff was admitted to Orlando Health Winnie Palmer Hospital for Women & Babies to deliver her baby. In April 2023, Plaintiff received treatment from Dr. Aravindan Amuth, M.D., for acute bronchitis. As of March 2024 approximately, Plaintiff has also received treatment from her primary care physician Dr. Patrick Gill, M.D. and from her psychiatrist Dr. Chloe Murray, D.O.**

**Pursuant to Rule 33, Plaintiff further refers Defendant to the medical records produced by Plaintiff in response to Defendant's Request for Production and in response to its medical provider subpoenas for additional information.**

## INTERROGATORY NO. 20:

Identify any and all medications prescribed to you by any health care professional for the past ten (10) years, and specifically identify:

   a. The date range/period and frequency each medication was taken;

   b. The purpose of each such medication;

   c. The medical provider who prescribed each such medication; and

   d. The physical location of the medical records regarding the prescription of each such medication.

Doc ID: 6c16a5fc0c96da03795a37734516a600a3596f50

**RESPONSE:** **Plaintiff objects to this interrogatory on the grounds that it is overbroad, unduly invasive, and violates her right to privacy in requesting her privileged and confidential medical information to the extent it requests information concerning Plaintiff's medical treatment occurring prior to her employment with Defendant or medical treatment otherwise unrelated to her employment with Defendant and her emotional distress damages.**

**Notwithstanding these objections and without waiving them, Plaintiff has limited her response to her medical treatment related to her pregnancy and/or treatment related to her mental health, and states as follows: Since April 2023, Plaintiff has been prescribed citalopram as an antidepressant and lorazepam for occasional use to relieve anxiety. These medications have been prescribed to Plaintiff by Lisa Abiuso-Hayes, PMHNP-BC and Dr. Chloe Murray, D.O.**

**Pursuant to Rule 33, Plaintiff further refers Defendant to the medical records produced by Plaintiff in response to Defendant's Request for Production and in response to its medical provider subpoenas for additional information.**

Doc ID: 6c16a5fc0c96da03795a37734516a600a3596f50

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I, ISABELLE FECCIA, declare under penalty of perjury that the foregoing answers to Defendant's First Set of Interrogatories to Plaintiff are true and correct to the best of my knowledge and belief.

Executed on ___09 / 30 / 2024___.

*Isabelle Feccia*

ISABELLE FECCIA

24

Doc ID: 6c16a5fc0c96da03795a37734516a600a3596f50

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document is being served on September 30, 2024, on all counsel of record on the service list below via email.

By: <u>*/s/ Kyle T. MacDonald*</u><br>
Kyle T. MacDonald, Esq.

## SERVICE LIST

**JACKSON LEWIS P.C.**

Justin W. McConnell
Florida Bar No. 112631
justin.mcconnell@jacksonlewis.com
Mackenzie N. Allan
Florida Bar No. 1031199
mackenzie.allan@jacksonlewis.com
JACKSON LEWIS P.C.
390 North Orange Avenue, Suite 1285
Orlando, Florida 32801
Telephone: (407) 246-8440
Facsimile: (407) 246-8441

Counsel for Defendant

25

Doc ID: 6c16a5fc0c96da03795a37734516a600a3596f50