# EXHIBIT "B"

**JacksonLewis**

**Jackson Lewis P.C.**
390 North Orange Avenue, Suite 1285
Orlando, Florida 32801
Telephone: (407) 246-8440
Facsimile: (407) 246-8441
jacksonlewis.com

**JUSTIN W. MCCONNELL**
DIRECT DIAL: (407) 246-8429
EMAIL ADDRESS:  JUSTIN.MCCONNELL@JACKSONLEWIS.COM

**MACKENZIE N. ALLAN**
DIRECT DIAL: (407) 246-8454
EMAIL ADDRESS:  MACKENZIE.ALLAN @JACKSONLEWIS.COM

*Via E-mail*

October 2, 2024

Kyle T. MacDonald, Esq.
Derek Smith Law Group, PLLC
520 Brickell Key Drive, Suite O-301
Miami, FL 33131
kyle@dereksmithlaw.com

    RE:    ***Isabelle Feccia v. Baker Barrios Architects, Inc.***
              **Defendant's Objections to Plaintiff's Answers to its First Set of Interrogatories**

Dear Kyle:

We are in receipt of Ms. Feccia's Answers to Defendant's First Set of Interrogatories. This letter is to notify you of deficiencies in Ms. Feccia's discovery responses and to request that Ms. Feccia cure the identified deficiencies by no later than **October 8, 2024**. If Ms. Feccia disputes any the deficiencies identified, please contact my office to schedule a telephone conference to confer pursuant to Local Rule 3.01(g).

    I.    **RESPONSES TO INTERROGATORIES IN THE MIDDLE DISTRICT.**

Plaintiff has a duty to provide complete answers to Defendant's interrogatories. Each interrogatory must "be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). An "evasive or incomplete" answer to an interrogatory is treated as a failure to answer. *Developmental Techs., LLC v. Valmont Indus.*, Case No: 8:14-cv-2796-T-35JSS, 2016 U.S. Dist. LEXIS 43765, *3 (M.D. Fla. Mar. 31, 2016). When an interrogatory is not answered separately and fully, whether that is due to a failure to answer at all or by providing an "evasive or incomplete answer," the party which propounded the interrogatories may move the Court to compel discovery responses.

Additionally, "[t]he grounds for objecting to an interrogatory must be stated with specificity." Fed. R. Civ. P. 33(b)(4). This Court routinely considers general, non-specific boilerplate objections, such as the objections asserted in Plaintiff's Answers to Defendant's First Set of Interrogatories, to be waived. *Hutcheson v. Wells Boys & Girls Prop. Mgmt., LLC*, Case No: 6:18-cv-963-Orl-WWB-DCI, 2019 U.S.

**JacksonLewis**

October 2, 2024
Kyle MacDonald
Derek Smith Law Group PLLC
Page 2

Dist. LEXIS 238057, *7 (M.D. Fla. Nov. 20, 2019); *Orange Lake Country Club, Inc. v. Reed Hein & Assocs., LLC*, Case No: 6:17-cv-1542-Orl-31DCI, 2019 U.S. Dist. LEXIS 224089, *6 (M.D. Fla. Feb. 7, 2019); *Hands on Chiropractic PL v. Progressive Select Ins. Co.*, Case No: 6:18-cv-192-Orl-37DCI, 2018 U.S. Dist. LEXIS 223752, *4 (M.D. Fla. Nov. 20, 2018).

Finally, although Fed. R. Civ. P. 33(d) permits a party to produce business records in lieu of answering interrogatories in certain circumstances, such circumstances are "very limited." M.D. Fla. Civil Discovery Handbook, Section IV(C)(5). "Reliance on Rule 33(d) is appropriate when the interrogatory requests objective facts that are obvious from the specified documents, but is generally inappropriate when the interrogatory asks a party to state its contentions or to state facts supporting its allegations." *Hands on Chiropractic PL*, 2018 U.S. Dist. LEXIS 223752 at *21. Both the Rule and courts in this district require parties seeking to use the 33(d) exception to specify the records in detail. *Noshirvan v. Couture*, 2024 U.S. Dist. LEXIS 166984, *16 (M.D. Fla. Sept. 17, 2024). This Court also enforces the requirement that the documents relied upon by the producing party must contain "all of the information requested by [the] Interrogatory." *Hands on Chiropractic PL*, 2018 U.S. Dist. LEXIS 223752 at *21 (emphasis added).

## II.   MS. FECCIA'S ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES.

**Interrogatory No. 2** asked that Plaintiff: "Identify all employment, including part-time, full-time, and temporary positions, and any other source(s) of income (including self-employment) which you have applied to, held, or been offered since May 1, 2014 through the present, including:
  a. The employer or source of income;
  b. The employer's address;
  c. The identity of your immediate supervisor;
  d. The relevant date(s) (including commencement and termination);
  e. The position(s) you held;
  f. Your wages or salary;
  g. Any benefits you received (such as insurance and savings plans);
  h. The average hours worked per week; and
  i. The reason for your separation from that employment."

Plaintiff does not fully and separately answer the Interrogatory as required by FRCP 33(b)(3). With regard to her employment with Bermello Ajamil & Partners, Plaintiff does not provide the date on which she commenced her employment. Plaintiff also does not provide the requested information for her employers from May 1, 2014 through January 13, 2020. Please direct Plaintiff to provide a full and complete response to Interrogatory No. 2.

**Interrogatory No. 3** asked that Plaintiff: "Describe all income you have received since April 17, 2023, including the source of such income and the date you received it. This request includes, but is not limited to, disability benefits, temporary income benefits, short-term and long term disability benefits, unemployment benefits, social security benefits, welfare benefits, and any wages or payments from subsequent employment (including self-employment)."

**JacksonLewis**

October 2, 2024
Kyle MacDonald
Derek Smith Law Group PLLC
Page 3

Plaintiff does not fully and separately answer the Interrogatory as required by FRCP 33(b)(3). Though Plaintiff's answer is not totally clear, it appears Plaintiff has improperly limited the Interrogatory to "income derived from Plaintiff's employment" rather than the income requested in the Interrogatory.

FRCP 33(d)'s Option to Produce Business Records is not appropriate to answer this Interrogatory. First, Defendant has not yet received any documents from Plaintiff. Second, Rule 33(d)(1) requires the responding party using 33(d) to answer by "specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Contrary to this requirement, Plaintiff does not specifically identify any documents. Third, because Defendant has not yet received any documents from Plaintiff and the documents were not specifically identify, Defendant has no way to determine whether the documents that Plaintiff intends to present contain *all the information requested in this Interrogatory*.

Please direct Plaintiff to provide a full and complete response to Interrogatory No. 3.

**Interrogatory No. 7** asked that Plaintiff: "Please identify each instance of "unlawful discrimination, retaliation, and interference" to which you claim Defendant subjected you during your employment from January 13, 2020 through April 17, 2023; in doing so, please state the factual circumstances underlying each alleged instance, explain each and every reason for your contention that Defendant discriminated against you, retaliated against you, or interfered with your rights under the FMLA with reference to each instance you identify, identify by name and title each employee of Defendant whom you believe discriminated against you, retaliated against you, or interfered with your rights under the FMLA, and, for each person, describe the specific conduct which you believe was discriminatory or retaliatory."

Plaintiff does not fully and separately answer the Interrogatory as required by FRCP 33(b)(3). Plaintiff does not identify each instance of "unlawful discrimination, retaliation, and interference" to which she claims Defendant subjected her during her employment from January 13, 2020 through April 17, 2023. Referring to the Complaint is not sufficient. Please direct Plaintiff to provide a full and complete response to Interrogatory No. 7.

**Interrogatory No. 8** asked that Plaintiff: "Please list every person (other than counsel) with whom you have communicated, either orally or in writing, from January 13, 2020 through the date of your answer to this interrogatory, regarding the following topics:
  a. your pregnancy, your pregnancy/FMLA leave, or your termination;
  b. feedback or disciplinary action with regard to your performance or attendance at work;
  c. your claim that Defendant discriminated or retaliated against you because of your pregnancy or your FMLA leave;
  d. your claim that Defendant interfered with, restrained, or denied your rights under the FMLA; or
  e. your claim that Defendant interfered with, restrained, or denied your rights under the FMLA;
  f. your claim that you suffered damages as a result of the incidents which are the subject of this case.

**JacksonLewis**

October 2, 2024
Kyle MacDonald
Derek Smith Law Group PLLC
Page 4

For each person listed, please state the person's name, the time and place of the discussion, the topics you discussed, any how you communicated with the person (for example, in person or by text, email, telephone, social media, etc.)."

Plaintiff does not fully and separately answer the Interrogatory as required by FRCP 33(b)(3). Plaintiff does not identify, for each person, the time and place of the discussion, the topics discussed, and the form of communication. Please direct Plaintiff to provide a full and complete response to Interrogatory No. 8.

**Interrogatory No. 9** asked that Plaintiff: "Please list every person who you reasonably believe has knowledge of material facts underlying your claims in this Complaint. For each person listed, please state: (1) the person's name, address, and telephone number; (2) what knowledge you believe the person to possess; (3) whether you discussed potential testimony with the person; and (4) whether the person has provided a written statement or notes."

Plaintiff does not fully and separately answer the Interrogatory as required by FRCP 33(b)(3). Plaintiff does not answer whether she discussed potential testimony with any individual listed. Plaintiff does not answer whether any individual listed has provided a written statement or notes. Plaintiff does not provide an address or telephone number for Christin Coats or Rachel Rice. Please direct Plaintiff to provide a full and complete response to Interrogatory No. 9.

**Interrogatory No. 10** asked Plaintiff: "If you contend that Defendant has made any admission of your claims, please list and precisely describe each admission, including the date of the alleged admission, to whom the alleged admission was made, the manner in which the alleged admission was made, and the substance of the alleged admission."

Plaintiff does not fully and separately answer the Interrogatory as required by FRCP 33(b)(3) because Plaintiff does not provide any answer at all. Please direct Plaintiff to provide a full and complete response to Interrogatory No. 10.

**Interrogatory No. 12** asked that Plaintiff: "Identify by name(s) and title(s) the individuals you identified in your answer to Interrogatory #11 whom you claim Defendant treated more favorably than you, describe the more favorable treatment you believe each such person received, describe every term or condition of their employment(s) which you contend was different than your own, and identify the individual(s) whom you believe provided such favorable treatment to them."

Plaintiff does not fully and separately answer the Interrogatory as required by FRCP 33(b)(3). Plaintiff identifies Marilyn Russell, Angela Reed, and Kaylee Miner but does <u>not</u> provide 1) their titles, 2) descriptions of the treatment believed to be more favorable for each individual, 3) does not describe any terms or conditions for the listed individuals believed to be more favorable than her own, and 4) does not identify the individual(s) she believes provided more favorable treatment to these individuals. Please direct Plaintiff to provide a full and complete response to Interrogatory No. 12.

**JacksonLewis**

October 2, 2024
Kyle MacDonald
Derek Smith Law Group PLLC
Page 5

**Interrogatory No. 14** asked that Plaintiff: "Please identify, describe, and explain the position for which Defendant hired you, including identifying the team(s) on which you worked, the job duties you performed, the feedback or discipline you received regarding your performance on various projects on which you worked, and how your position, job duties, and team(s) changed from January 14, 2020 through April 17, 2023. In answering this interrogatory, if you contend that you were an "exceptional employee" of Defendant, state and explain each and every reason constituting the basis for your contention."

Plaintiff does not fully and separately answer the Interrogatory as required by FRCP 33(b)(3). Plaintiff does not identify the position for which she was hired, the teams on which she worked, her job duties, or how her position, job duties, and teams changed from January 14, 2020 through April 17, 2023. Please direct Plaintiff to provide a full and complete response to Interrogatory No. 14.

**Interrogatory No. 15** asked that Plaintiff: "Are you aware of any formal or informal complaints or grievances made against you by employees of Defendants? If so, please identify:
   a. The nature and basis of each complaint or grievance;
   b. The date of each complaint or grievance;
   c. The person who raised each complaint or grievance;
   d. The individual to whom each complaint or grievance was brought; and
   e. The action(s) taken by the Company in response to such complaint or grievance."

Plaintiff does not fully and separately answer the Interrogatory as required by FRCP 33(b)(3). Though Plaintiff's answer is not totally clear, it appears that Plaintiff has improperly limited the Interrogatory to "complaints or grievances reported formally by other employees to human resources or supervisory personnel" as opposed to the "formal or informal complaints" which is requested in the Interrogatory. Please direct Plaintiff to provide a full and complete response to Interrogatory No. 15.

**Interrogatory No. 16** asked that Plaintiff: "Regarding your claims for damages, including compensatory relief, emotional distress, and mental anguish please specifically describe any and all emotional distress, physical distress, emotional pain, humiliation, suffering, loss of enjoyment of life, mental anguish, loss of dignity, non-pecuniary and other intangible damages you alleged to have suffered as a result of Defendant's alleged discrimination, retaliation, and inference."

Plaintiff does not fully and separately answer the Interrogatory as required by FRCP 33(b)(3) because Plaintiff does not answer the interrogatory.

FRCP 33(d)'s Option to Produce Business Records is not appropriate to answer this Interrogatory. First, Defendant has not yet received any documents from Plaintiff. Second, Rule 33(d)(1) requires the responding party using 33(d) to answer by "specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Contrary to this requirement, Plaintiff does not specifically identify any documents. Third, because Defendant has not yet received any documents from Plaintiff and the documents were not specifically identify, Defendant has no way to determine whether the documents that Plaintiff intends to present contain *all the information requested in this Interrogatory*. Fourth, Defendant cannot imagine how

JacksonLewis

October 2, 2024
Kyle MacDonald
Derek Smith Law Group PLLC
Page 6

Plaintiff's medical records could fully and adequately answer this Interrogatory. *Noshirvan*, 2024 U.S. Dist. LEXIS 166984, *15-16 ("the eighth interrogatory asks Noshirvan to identify the documents supporting each of his claimed damages. (Doc. 124-1 at 17.) "Reliance on Rule 33(d) is appropriate when the interrogatory requests objective facts that are obvious from the specified documents, but is generally inappropriate when the interrogatory asks a party to state its contentions or to state facts supporting its allegations." *Hands on Chiropractic PL v. Progressive Select Ins. Co.,* No. 6:18-CV-192-ORL-37-DCI, 2018 U.S. Dist. LEXIS 223752, 2018 WL 6983622, at *8 (M.D. Fla. Nov. 20, 2018) (emphasis added). A complete answer to the interrogatory required Noshirvan to state which documents support the different categories of damages he is seeking. That won't be obvious from the face of the documents. Thus, application of Rule 33(d) is inappropriate here. *Id*.").

Please direct Plaintiff to provide a full and complete response to Interrogatory No. 16.

**Interrogatory No. 17** asked Plaintiff: "Regarding your claims for damages, including compensatory relief, emotional distress, and mental anguish please state all facts which support such claims and identify:
  a. State the precise dollar amount of monetary damages you claim;
  b. State the method or methods by which the amount of damages you claim was calculated;
  c. State and itemize with specificity the amount and nature of each category of damages you claim (e.g. lost wages, lost income, out of pocket expenses, attorneys' fees, emotional distress, etc.);
  d. State the nature of any non-monetary damages;
  e. Identify any witness or person with knowledge of the damages you claim; and
  f. Identify every document upon which you relied in answering this interrogatory, or which relates in any way to the information requested in this interrogatory."

Plaintiff does not fully and separately answer the Interrogatory as required by FRCP 33(b)(3). Plaintiff identifies the following amounts: Emotional Distress Damages in the amount of $1,500,000.00 and Punitive Damages in the amount of $3,000,000.00. For these claimed damages, Plaintiff does not: state the method or methods by which the amount of damages claimed was calculated; state and itemize with specificity the amount and nature of each category of damages she claims; state the nature of any non-monetary damages; identify any witness or person with knowledge of the damages she claims; or identify every document upon which she relied in answering this interrogatory, or which relates in any way to the information requested in this interrogatory.

FRCP 33(d)'s Option to Produce Business Records with regard to medical expenses is not appropriate to answer this Interrogatory. First, Defendant has not yet received any documents from Plaintiff. Second, Rule 33(d)(1) requires the responding party using 33(d) to answer by "specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Contrary to this requirement, Plaintiff does not specifically identify any documents. Third, because Defendant has not yet received any documents from Plaintiff and the documents were not specifically identify, Defendant has no way to determine whether the documents that Plaintiff intends to present contain *all the information requested in this Interrogatory*. Fourth, Defendant cannot imagine how Plaintiff's medical records could fully and adequately answer this Interrogatory. *Noshirvan*, 2024 U.S. Dist. LEXIS 166984, *15-16 ("the eighth interrogatory asks Noshirvan to identify

JacksonLewis

October 2, 2024
Kyle MacDonald
Derek Smith Law Group PLLC
Page 7

the documents supporting each of his claimed damages. (Doc. 124-1 at 17.) "Reliance on Rule 33(d) is appropriate when the interrogatory requests objective facts that are obvious from the specified documents, but is generally inappropriate when the interrogatory asks a party to state its contentions or to state facts supporting its allegations." *Hands on Chiropractic PL v. Progressive Select Ins. Co.,* No. 6:18-CV-192-ORL-37-DCI, 2018 U.S. Dist. LEXIS 223752, 2018 WL 6983622, at *8 (M.D. Fla. Nov. 20, 2018) (emphasis added). A complete answer to the interrogatory required Noshirvan to state which documents support the different categories of damages he is seeking. That won't be obvious from the face of the documents. Thus, application of Rule 33(d) is inappropriate here. *Id.*").

Please direct Plaintiff to provide a full and complete response to Interrogatory No. 17.

**Interrogatory No. 18** asked Plaintiff: "Regarding your claims for damages, including compensatory relief, emotional distress, and mental anguish please state all facts which support such claims and identify:
   a. Name and address of all treating physicians, psychologists, or other clinical or medical personnel who have treated said emotional distress, mental anguish or illness;
   b. A summary of the treatment received from each medical provider;
   c. The date(s) of such treatment;
   d. The purpose of each such consultation, examination, and/or periods of treatment;
   e. All reports by any of the medical providers;
   f. The physical location of the medical records of the treating physician or health care professional;
   g. All medical bills and costs associated with this claim; and
   h. Any other evidence of harm and/or distress and/or anguish and states its location and its place in the documents provided in response to Defendant's Requests for Production."

Plaintiff does not fully and separately answer the Interrogatory as required by FRCP 33(b)(3) because Plaintiff does not answer this Interrogatory.

FRCP 33(d)'s Option to Produce Business Records is not appropriate to answer this Interrogatory. First, Defendant has not yet received any documents from Plaintiff.  Second, Rule 33(d)(1) requires the responding party using 33(d) to answer by "specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Contrary to this requirement, Plaintiff does not specifically identify any documents. Third, because Defendant has not yet received any documents from Plaintiff and the documents were not specifically identify, Defendant has no way to determine whether the documents that Plaintiff intends to present actually contain *all the information requested in this Interrogatory*. Fourth, Defendant cannot imagine how Plaintiff's medical records could fully and adequately answer this Interrogatory. *Noshirvan*, 2024 U.S. Dist. LEXIS 166984, *15-16 ("the eighth interrogatory asks Noshirvan to identify the documents supporting each of his claimed damages. (Doc. 124-1 at 17.) "Reliance on Rule 33(d) is appropriate when the interrogatory requests objective facts that are obvious from the specified documents, but is generally inappropriate when the interrogatory asks a party to state its contentions or to state facts supporting its allegations." *Hands on Chiropractic PL v. Progressive Select Ins. Co.,* No. 6:18-CV-192-ORL-37-DCI, 2018 U.S. Dist. LEXIS 223752, 2018 WL 6983622, at *8 (M.D. Fla. Nov. 20, 2018) (emphasis added). A complete answer to the interrogatory required Noshirvan to state which documents support the different

JacksonLewis

October 2, 2024
Kyle MacDonald
Derek Smith Law Group PLLC
Page 8

categories of damages he is seeking. That won't be obvious from the face of the documents. Thus, application of Rule 33(d) is inappropriate here. *Id*.").

Please direct Plaintiff to provide a full and complete response to Interrogatory No. 18.

**Interrogatory No. 19** asked Plaintiff: "Have you ever been admitted to any hospital or other medical institution, or been under the treatment and care of any physician in the past ten (10) years? If so, please state:
  a. The full name and address of each such hospital or other medical institution and each such physician;
  b. The inclusive dates of confinement of each such hospital or medical institution and the dates of treatment by any such physician; and
  c. The reason for your confinement in such hospital or medical institution, and the condition or conditions for which you were treated by such physician."

Plaintiff does not fully and separately answer the Interrogatory as required by FRCP 33(b)(3). It appears Plaintiff answers this Interrogatory only from January 3, 2023 possibly to the present. Plaintiff does not provide the requested information for the last ten years. It appears Plaintiff answers this Interrogatory only with regard to medical treatment related to her pregnancy and/or treatment related to her mental health. Plaintiff does not provide the requested information without the improper restriction of "medical treatment related to her pregnancy and/or treatment related to her mental health." For the providers identified, Plaintiff does not specifically identify her dates of treatment with regard to any provider indicated. For the providers identified, Plaintiff does not provide the names of each hospital or medical institution. For Dr. Gill and Dr. Murray, Plaintiff does not identify the conditions treated by these physicians or reason for confinement with regard to these physicians.

FRCP 33(d)'s Option to Produce Business Records is not appropriate to answer this Interrogatory. First, Defendant has not yet received any documents from Plaintiff. Second, Rule 33(d)(1) requires the responding party using 33(d) to answer by "specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Contrary to this requirement, Plaintiff does not specifically identify any documents. Third, because Defendant has not yet received any documents from Plaintiff and the documents were not specifically identify, Defendant has no way to determine whether the documents that Plaintiff intends to present actually contain *all the information requested in this Interrogatory*.

Please direct Plaintiff to provide a full and complete response to Interrogatory No. 19.

**Interrogatory No. 20** asked that Plaintiff: Identify any and all medications prescribed to you by any health care professional for the past ten (10) years, and specifically identify:
  a. The date range/period and frequency each medication was taken;
  b. The purpose of each such medication;
  c. The medical provider who prescribed each such medication; and
  d. The physical location of the medical records regarding the prescription of each such medication.

JacksonLewis

October 2, 2024
Kyle MacDonald
Derek Smith Law Group PLLC
Page 9

Plaintiff does not fully and separately answer the Interrogatory as required by FRCP 33(b)(3). It appears Plaintiff answers this Interrogatory only with regard to treatment in or after April 2023. Plaintiff does not provide the requested information for the last ten years. Plaintiff does not provide the requested information without the improper restriction of "medical treatment related to her pregnancy and/or treatment related to her mental health." It appears Plaintiff answers this Interrogatory only with regard to medical treatment related to her pregnancy and/or treatment related to her mental health. For the medications identified, Plaintiff does not identify the date ranges or frequency with which she has taken/takes them.

FRCP 33(d)'s Option to Produce Business Records is not appropriate to answer this Interrogatory. First, Defendant has not yet received any documents from Plaintiff.  Second, Rule 33(d)(1) requires the responding party using 33(d) to answer by "specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Contrary to this requirement, Plaintiff does not specifically identify any documents. Third, because Defendant has not yet received any documents from Plaintiff and the documents were not specifically identify, Defendant has no way to determine whether the documents that Plaintiff intends to present actually contain *all the information requested in this Interrogatory*.

Please direct Plaintiff to provide a full and complete response to Interrogatory No. 20.

***

We request that Ms. Feccia cure the identified deficiencies by no later than **October 8, 2024**. We appreciate Ms. Feccia's prompt attention to the above matters.

Sincerely,

JACKSON LEWIS P.C.

Justin W. McConnell
Mackenzie N. Allan

JWM/MNA

4895-9819-9275, v. 2