UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

|  |  |
|---|---|
| ISABELLE FECCIA,<br><br>    Plaintiff,<br><br>vs.<br><br>BAKER BARRIOS ARCHITECTS, INC.,<br><br>    Defendant. | CASE NO. 6:24-cv-00434-JSS-DCI |

**DEFENDANT'S MOTION TO COMPEL
BETTER RESPONSES TO REQUESTS FOR PRODUCTION**

Defendant moves this Court to compel Plaintiff to provide better responses to Requests for Production Nos. 1-4, 6-8, 13-17, 19-23, 26-50, and 52-65. The requests for production and responses are attached as **Exhibit A**.

1. Defendant requests Plaintiff's objections to Request Nos. 1-4, 6, 8, 14-16, 19-21, 26-50, and 52-64 be overruled as impermissibly non-specific and boilerplate. Plaintiff's objections to Request Nos. 29-30, 35, 37-46, 48-49, and 53-64 are <u>identical</u>.

2. Defendant requests Plaintiff's objections to Request Nos. 3 and 27 be overruled as generally claiming work product doctrine and attorney-client privilege without providing a statement of particulars, and, to the extent Court

1

interprets Plaintiff's assertions she "has no <u>non-privileged</u> documents in her possession" in Request Nos. 27, 29-30, 35, 37-46, 48-49, 53-64 as "objections," Defendant requests these be overruled, as well.

3. Defendant requests Plaintiff's objections to Request No. 28 be overruled because Plaintiff's fee agreement with her counsel is not privileged.

4. To the extent any objections are not overruled, Defendant requests the Court order Plaintiff to amend her responses to advise whether she is withholding documents based on her objections regarding Request Nos.:

    a. *3, 6, 15-16, and 28*: Plaintiff fails to provide a response.

    b. *2, 4, and 27*: Plaintiff asserts there are no documents, subject to her objections.

    c. *1, 8, 14, 19-21, 31-34, 36, 47, 50, and 52*: Plaintiff identifies specific documents, subject to her objections.

    d. *26, 29-30, 35, 37-46, 48-49, 53-64*: Plaintiff asserts she does not possess documents "other than the documents provided herein," subject to her objections.

5. Defendant requests the Court order Plaintiff to amend her responses to organize and label documents to correspond to categories in Request Nos. 7, 13, 17, 22-23, 26, 29-30, 35, 37-46, 48-49, and 53-65, wherein Plaintiff states that she does not possess documents "other than the documents provided herein" but fails to <u>specifically identify</u> any responsive documents.

6. Understanding the volume of Plaintiff's deficient responses, a chart reflecting the deficiencies identified in Paragraphs 1-5 is attached as **Exhibit B**.

7. Plaintiff also improperly <u>limited her document production</u> regarding Request Nos.:

a. *8 and 14*: Plaintiff produces only a singular ADP Earning Statement for a two-week period in 2023 and her 2023 W-2 Statements.

b. *19-21*: Plaintiff improperly limits her response by indicating she will produce documents only after January 2020 *and* the earliest-dated document which Plaintiff produces is December 15, 2022, thereby improperly limiting both her responses and actual production, but in different ways. Furthermore, her production, even from December 15, 2022 to the present, is incomplete.

8. If Plaintiff's production of IF000004—IF000099, IF000101—IF000102, IF000109—IF000110, IF000113, and IF000118—IF000126 were produced in response to any requests for discovery, Defendant requests the Court order Plaintiff to specifically identify the pertinent requests.

9. Defendant requests the Court order Plaintiff to provide IF000500, which appears to be a screen recording of a text message conversation between Plaintiff and "Sydney," in a text-based or written format, as opposed to the current video format.

## WORD COUNT CERTIFICATION

This Motion is 498 words, exclusive of caption, signature block, and certifications as required by this Court's Standing Order on Discovery Motions. Doc. 6.

## LOCAL RULE 3.01(g) CERTIFICATION

Counsel for Defendant has conferred with counsel for Plaintiff regarding the relief sought in this motion.

On October 18, 2024, Defendant timely provided Plaintiff with a *detailed*, 53-page deficiency letter regarding her October 2, 2024 responses to requests for production and production. Defendant requested Plaintiff cure the deficiencies by October 23, 2024 and/or schedule a conferral call if any identified deficiencies were disputed. **Exhibit C**. Plaintiff did not respond.

On October 23, 2024, the parties conferred for an hour and half via telephone, largely regarding Plaintiff's deficient interrogatory answers. At the conclusion of the phone call, Plaintiff agreed to review Defendant's objections to her responses to requests for production and advise Defendant if any deficiencies could be resolved without further discussion.

On October 28, 2024, Defendant sent a detailed summary of the conferral call to Plaintiff and requested Plaintiff advise by end of day on October 30, 2024 if she would be able to resolve any of the deficiencies regarding her responses to

requests for production, and if so, which responses. **Exhibit D.** On the same day, counsel for Plaintiff advised, in a separate email chain, that he was in receipt of Defendant's email but advised he would be out of the country from that day until November 5, 2024 and would review the email upon his return. **Exhibit E**. Despite the unexpected interruption, Defendant acquiesced its *second* deadline of October 30, 2024 and allowed ample time for counsel for Plaintiff to respond upon his return from international travel as a professional courtesy. Even still, Plaintiff did not respond.

On November 14, 2024, Defendant followed up again, requesting Plaintiff advise by end of day on November 15, 2024 whether Plaintiff would be able to resolve any of the deficiencies regarding her responses to requests for production, and if so, which responses. **Exhibit D**. On the same day, counsel for Plaintiff advised, in a separate email chain, that he was in receipt of Defendant's request but did not have answers. **Exhibit F**.

On November 18, 2024, after acquiescing three deadlines and attempting to engage Plaintiff in substantive discussion for seven weeks, Defendant advised that it would be forced to move the Court to compel better responses to requests for production if it did not receive a substantive and specific response from Plaintiff by end of day on November 19, 2024. **Exhibit D**.

On November 19 at 8pm, Plaintiff stated: "For the document production, we will agree to produce any documents corresponding to the items above [meaning, Plaintiff's deficient interrogatory answers] to the extent they were not already produced." *Id*. This response was unclear and was not substantive.

On November 27, 2024, Defendant replied, advising Plaintiff that a general response specifically identified deficiencies was insufficient and again requesting Plaintiff address the specifically identified deficiencies in an attempt to facilitate the resolution of these ongoing discovery issues. *Id.*

Defendant will continue to attempt to confer with Plaintiff and will promptly notify the Court in the event any deficiencies raised in this Motion are resolved.

[CERTIFICATE OF SERVICE ON THE NEXT PAGE]

DATED this 27th day of November, 2024.

Respectfully submitted,

JACKSON LEWIS P.C.
390 North Orange Avenue, Suite 1285
Orlando, Florida 32801
Telephone: (407) 246-8440
Facsimile: (407) 246-8441

By: /s/ Justin W. McConnell
Justin W. McConnell
Florida Bar No. 112631
justin.mcconnell@jacksonlewis.com

Mackenzie N. Allan
Florida Bar No. 1031199
mackenzie.allan@jacksonlewis.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of November, 2024, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: Kyle T. MacDonald, Esq., Derek Smith Law Group, PLLC, 520 Brickell Key Drive, Suite O-301, Miami, FL 33131.

*/s/ Justin W. McConnell*
Justin W. McConnell

4900-2733-0048, v. 2