# EXHIBIT "A"

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ISABELLE FECCIA,

                            CASE NO.:  6:24-cv-00434-JSS-DCI

        Plaintiff,

v.

BAKER BARRIOS ARCHITECTS,
INC.,

        Defendant.

_____/

## PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION

Plaintiff, ISABELLE FECCIA ("Plaintiff" and/or "Ms. Feccia"), by and through her undersigned counsel, and pursuant to Federal Rule of Civil Procedure 34, hereby serves the following responses to Defendant, BAKER BARRIOS ARCHITECTS, INC.'s ("Defendant" and/or "Baker Barrios"), First Request for Production to Plaintiff.

Dated: Miami, Florida
       October 2, 2024,

**DEREK SMITH LAW GROUP, PLLC**
*Counsel for Plaintiff*


*/s/ Kyle T. MacDonald*
Kyle T. MacDonald, Esq.
Florida Bar No. 1038749
Derek Smith Law Group, PLLC
520 Brickell Key Drive, Suite O-301
Miami, FL 33131
Tel: (305) 946-1884
Fax: (305) 503-6741
kyle@dereksmithlaw.com

## SPECIFIC RESPONSES TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION

1.      All communications, including, but not limited to, emails, instant messaging, text messages, or phone records, from January 13, 2020, through the date of this response between you and Defendant, or any employee of Defendant, that:

    a.  concern your pregnancy, your pregnancy /FMLA leave, or your termination;

    b.  concern feedback or disciplinary action with regard to your performance or attendance at work;

    c.  concern, evidence, or support your claim that Defendant discriminated or retaliated against you because of your pregnancy or your FMLA leave;

    d.  concern, evidence, or support your claim that Defendant interfered with, restrained, or denied your rights under the FMLA;

    e.  concern, evidence, or support your claim that Defendant interfered with, restrained, or denied your rights under the FMLA;

    f.  concern, evidence, or support your claim that you suffered damages
as a result of the incidents which are the subject of this case; or

    g.  concern this lawsuit.

**RESPONSE: Plaintiff objects to this request on the grounds that it is vague and ambiguous in its use of the term "phone records." Notwithstanding these objections and without waiving them, Plaintiff will produce responsive documents marked as Plaintiff Bates Nos. IF000491—IF000500.**

2.      All communications, including, but not limited to, emails, instant messaging, text messages, or phone records, from January 13, 2020, through the date of this response between you and any third parties (not including your counsel) that:

    a.  concern your pregnancy, your pregnancy /FMLA leave, or your termination;

    b.  concern feedback or disciplinary action with regard to your performance or attendance at work;

    c.  concern, evidence, or support your claim that Defendant discriminated or retaliated against you because of your pregnancy or your FMLA leave;

     d.  concern, evidence, or support your claim that Defendant interfered with, restrained, or denied your rights under the FMLA;

     e.  concern, evidence, or support your claim that Defendant interfered with, restrained, or denied your rights under the FMLA;

     f.  concern, evidence, or support the damages you claim you suffered as a result of the incidents which are the subject of this case; or

     g.  concern this lawsuit.

**<u>RESPONSE:</u> Plaintiff objects to this request on the grounds that it is overbroad, unduly burdensome, and not properly limited in time and scope in requesting Plaintiff determine all verbal and written communications she may have had spanning more than 4 years on multiple expansive topics. Notwithstanding these objections and without waiving them, to the extent this request seeks communications with third parties regarding Plaintiff's claims in this action, none in Plaintiff's possession, custody, or control.**

3.    Any documents, including, but not limited to, personal notes, memoranda or letters (authored by you or others, not including your attorney), diaries, chronologies, logs, calendars, journals, appointment books, and schedules, kept in any form, from January 13, 2020, through the date of this response which may be described or characterized as an affidavit, report, or statement of any person that:

     a.  concern your pregnancy, your pregnancy /FMLA leave, or your termination;

     b.  concern feedback or disciplinary action with regard to your performance or attendance at work;

     c.  concern, evidence, or support your claim that Defendant discriminated or retaliated against you because of your pregnancy or your FMLA leave;

     d.  concern, evidence, or support your claim that Defendant interfered with, restrained, or denied your rights under the FMLA;

     e.  concern, evidence, or support your claim that your termination was causally related to your pregnancy or your pregnancy /FMLA leave;

     f.  concern, evidence, or support the damages you claim you suffered as a result of the incidents which are the subject of this case; or

     g.  concern this lawsuit.

**RESPONSE: Plaintiff objects to this request on the grounds that it is overbroad, not reasonably limited in time and scope, and seeks documents protected from disclosure by the work product doctrine and attorney-client privilege. The preparation of a privilege log is not required for written and oral communications between a party and its counsel after commencement of this action and work product material created after commencement of the action. Plaintiff further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "report" or "statement" in this context, as it is unclear what documents are being sought.**

4.      Any online profiles, postings, messages (including, without limitation, tweets, replies, retweets, direct messages, status updates, wall comments, groups joined, activity streams and blog entries, whether deleted or not, on internet sites such as Facebook, Twitter, Linkedin, Google+, Pinterest, Mylife, MySpace, Snapchat, Instagram, YouTube, Tumblr, TikTok and Reddit), photographs, videos, and online communications from January 13, 2020 through the date of this response that:

    a. concern your pregnancy, your pregnancy /FMLA leave, or your termination;

    b. concern feedback or disciplinary action with regard to your performance or attendance at work;

    c. concern, evidence, or support your claim that Defendant discriminated or retaliated against you because of your pregnancy or your FMLA leave;

    d. concern, evidence, or support your claim that Defendant interfered with, restrained, or denied your rights under the FMLA; or

    e. concern, evidence, or support your claim that Defendant interfered with, restrained, or denied your rights under the FMLA;

    f. concern, evidence, or support the damages you claim you suffered as a result of the incidents which are the subject of this case; or

    g. concern this lawsuit.

**RESPONSE: Plaintiff objects to this request on grounds that Plaintiff's private social media accounts/posts bear no relevance to the claims or defenses of the parties and are unduly invasive and harassing. Notwithstanding these objections and without waiving them, none in Plaintiff's possession, custody, or control.**

4

5.     Any documents from January 13, 2020 through the date of this response which evidence any complaints, whether formal or informal, that you made to Defendant or any of Defendant's employees concerning any of the allegations of the Complaint.

**RESPONSE: None in Plaintiff's possession, custody, or control.**

6.     All documents concerning your requests to Defendant for time off, medical leave, FMLA leave, and any form of medical or reasonable accommodation from January 13, 2020 through April 17, 2023.

**RESPONSE: Plaintiff objects to this request on the grounds that it is impermissibly vague, ambiguous, and overbroad in its use of the phrase "documents concerning your requests to Defendant for time off … or reasonable accommodation," as this request fails to identify any specific individuals or particular method of communication for the documents this request seeks.**

7.     All doctors' notes, medical records or other documents you submitted to Defendant or any of Defendant's employees in support of each of your employee leave and accommodation requests from January 13, 2020 through April 17, 2023.

**RESPONSE: None in Plaintiff's possession, custody, or control other than the documents provided herein.**

8.     All income tax returns, including amended returns (federal and/ or state), W-2 forms, 1099 forms and all other documents filed by you or on your behalf or which reflect your income for the tax years 2020 to the present, whether filed with the United States government, the government of any state or municipality, or the government of any foreign country. An IRS request for tax transcripts is attached hereto as Exhibit A for your use in obtaining the requested tax transcripts.

**RESPONSE: Plaintiff objects to this request on the grounds that it is overbroad and not proportional to the needs of the case in seeking Plaintiff's financial records unrelated to Plaintiff's mitigation efforts. Plaintiff further objects to this request on the grounds that it is harassing, seeks information that is not**

5

**relevant to the claims and defenses of the parties, and invades Plaintiff's right to privacy protected by the Florida Constitution in requesting information regarding her personal and confidential financial records**

**Notwithstanding and without waiving these objections, Plaintiff will produce responsive documents sufficient to show her mitigation efforts, marked as Plaintiff Bates Nos. IF000107— IF000108 and Plaintiff Bates Nos. IF000135—IF000136.**

9.     All documents related to or evidencing all efforts made by you to seek employment from January 13, 2020 through the date of this response, including, but not limited to, job postings, job advertisements, employment inquiries, applications, cover letters, offers of employment, rejections, all responses received by you from prospective employers, communications with employment agencies, recruiters, head-hunters, job-hunting websites, interviews, and all communications you had with prospective employers.

**RESPONSE:  Plaintiff will produce responsive documents marked as Plaintiff Bates Nos. IF000127—IF000134.**

10.     All versions of your resume or curriculum vitae, which you have prepared or used at any time from January 13, 2020 through the date of this response.

**RESPONSE: Plaintiff is not in possession of any such documents other than the documents provided herein.**

11.     All documents that establish your educational background, including any degrees or certificates obtained or received.

**RESPONSE:  Plaintiff will produce responsive documents marked as Plaintiff Bates Nos. IF000001—IF000003.**

12.     All documents related to or evidencing your rejection, resignation, retirement, layoff or termination from any employer or potential employer from April 17, 2023 through the date of this response.

**RESPONSE:** **None in Plaintiff's possession, custody, or control.**

13.     All documents that reflect any efforts made by you from April 17, 2023 through the date of this response to mitigate the damages you claim you suffered as a result of the incidents which are the subject of this case.

**RESPONSE:** **Plaintiff is not in possession of any such documents other than those provided herein.**

14.     All documents related to or evidencing any income, compensation, or earnings you received from April 17, 2023 through the date of this response, including, but not limited to, pay stubs from other employers, canceled social security checks, income from any investment accounts or transactions, any insurance payments, unemployment compensation, disability benefits, other government benefits or assistance, annuity, pension or any other payments.

**RESPONSE:** **Plaintiff objects to this request on the grounds that it is overbroad and not proportional to the needs of the case in seeking Plaintiff's financial records unrelated to Plaintiff's mitigation efforts. Plaintiff further objects to this request on the grounds that it is harassing, seeks information that is not relevant to the claims and defenses of the parties, and invades Plaintiff's right to privacy protected by the Florida Constitution in requesting information regarding her personal and confidential financial records**

**Notwithstanding and without waiving these objections, Plaintiff will produce responsive documents sufficient to show her mitigation efforts, marked as Plaintiff Bates Nos. IF000107—IF000108 and Plaintiff Bates Nos. IF000135—IF000136.**

15.     Any documents which relate to or evidence any claim you have made for unemployment compensation benefits, workers' compensation benefits, health insurance benefits, health insurance coverage, disability benefits, and/ or government (federal, state, or local) benefits assistance, and the disposition of such claims, prior to, during, or subsequent to your employment with Defendant.

**RESPONSE:** **Plaintiff objects to this request on the grounds that it is overbroad and seeks documents unrelated to the claims or**

**defenses of the parties, as any claims Plaintiff may have made for unemployment compensation or other public assistance would have no bearing on her damages. Plaintiff further objects to this request on the grounds that it is vague and ambiguous in its use of the term "any claim you have made for … health insurance coverage."**

16.     Any documents which relate to or evidence, your employment for the ten (10) years prior to your employment with Defendant, including but not limited to, copies of employment applications, resumes, correspondence, notes, memoranda and other documents to and from potential employers and employment agencies.

**<u>RESPONSE:</u> Plaintiff objects to this request on the grounds that it is overbroad, not proportional to the needs of the case, and seeks information not relevant to the claims or defenses of the parties to the extent it seeks documents unrelated to the Plaintiff's efforts to mitigate and/or Plaintiff's actual mitigation, and to the extent that it seeks documents regarding Plaintiff's employment prior to working for Defendant.**

17.     All non-privileged documents from April 17, 2023 through the date of this response describing and/ or establishing the damages you seek from Defendant (setting forth specific monetary amounts), including but not limited to attorneys' fees and costs.

**<u>RESPONSE:</u> Plaintiff is not in possession of any such documents other than those provided herein, if any.**

19.     All documents relating to, evidencing, or commenting upon your physical or emotional health or condition at any time during the last ten (10) years, including but not limited to all correspondence, opinions, reports and files from present or prior physicians, psychiatrists, psychologists, psychoanalysts, social workers, therapists, clergy, counselors or any other professional commenting upon your physical or emotional health, including tests, test results or evaluation reports for any tests taken, and statements of charges for services rendered. A release for medical records is attached as Exhibit B. A release for psychotherapy records is attached as Exhibit C. A

release for Orlando Health medical records is attached as Exhibit D. Please execute these releases and provide them to counsel for Defendant.

**RESPONSE: Plaintiff objects to this request on the grounds that it improperly exceeds the scope of Rule 34 in requesting that Plaintiff execute a document. Plaintiff further objects to this request on the grounds that it is unduly invasive and violates her right to privacy in requesting her privileged and confidential medical records to the extent it requests information concerning Plaintiff's medical treatment occurring prior to her employment with Defendant or medical treatment otherwise unrelated to her employment with Defendant and her emotional distress damages. Plaintiff objects to this request on the grounds that it ambiguous and impermissibly vague in its use of the terms "relating to, evidencing, or commenting upon your physical or emotional health or condition", as this could reasonably be interpreted to include any medical record spanning a decade.**

**Notwithstanding these objections and without waiving them, Plaintiff understands the non-objectionable portion of this request to seek documents relating to, evidencing, or commenting upon her physical or emotional health or condition since January 2020. In response, Plaintiff will produce responsive documents marked as Plaintiff Bates Nos. IF000143— IF000435.**

20.    All documents relating to or evidencing your admission to or treatment at any hospital, health care facility or other medical institution, on either an inpatient or outpatient basis in the last ten (10) years.

**RESPONSE: Plaintiff objects to this request on the grounds that it is unduly invasive and violates her right to privacy in requesting her privileged and confidential medical records to the extent it requests information concerning Plaintiff's medical treatment occurring prior to her employment with Defendant or medical treatment otherwise unrelated to her employment with Defendant and her emotional distress damages. Plaintiff objects to this request on the grounds that it is overbroad and not properly limited in time and scope, as this could reasonably be interpreted to include any medical record spanning a decade.**

**Notwithstanding these objections and without waiving them, Plaintiff understands the non-objectionable portion of this request to seek documents relating to or evidencing her admission to or treatment at any hospital, health care facility, or other medical institution since January 2020. In response, Plaintiff will produce responsive documents marked as Plaintiff Bates Nos. IF000143—IF000435.**

21.     All documents relating to or evidencing any medication prescribed to you in the last ten (10) years including but not limited to any documents that reflect the name and dosage of such medication.

**RESPONSE: Plaintiff objects to this request on the grounds that it is unduly invasive and violates her right to privacy in requesting her privileged and confidential medical records to the extent it requests information concerning Plaintiff's medical treatment occurring prior to her employment with Defendant or medical treatment otherwise unrelated to her employment with Defendant and her emotional distress damages. Plaintiff objects to this request on the grounds that it is overbroad and not properly limited in time and scope, as this could reasonably be interpreted to include any medical record spanning a decade.**

**Notwithstanding these objections and without waiving them, Plaintiff understands the non-objectionable portion of this request to seek documents relating to, evidencing medication prescribed to her since January 2020. In response, Plaintiff will produce responsive documents marked as Plaintiff Bates Nos. IF000143—IF000435.**

22.     Any documents, charges of discrimination, written complaints, correspondence, or notes concerning or evidencing any claims you have or had against other employers in the last ten (10) years regarding claims of discrimination or retaliation.

**RESPONSE: None in Plaintiff's possession, custody, or control beyond the documents produced herein.**

23.    All documents and/ or correspondence identified, referred to, or related to your answers to Defendant's First Set of Interrogatories to Plaintiff.

**RESPONSE: Plaintiff is not in possession of any such documents other than those provided herein.**

24.    Any documents you or any of your representatives provided to the Equal Employment Opportunity Commission, the Florida Commission on Human Relations, the Department of Labor, or any related state agency or any other governmental office, agency or commission, relating to your claims in this action.

**RESPONSE: Plaintiff will produce responsive documents marked as Plaintiff Bates Nos. IF000436—IF000490.**

25.    All documents produced to you or your attorneys by any third-party in relation to this Action, whether in response to a subpoena, public records request, Freedom of Information Act request, or other request, whether formal or informal.

**RESPONSE: Plaintiff will produce responsive documents marked as Plaintiff Bates Nos. IF000436—IF000490.**

26.    All documents which relate to or evidence any agreements between you and Defendant.

**RESPONSE: Plaintiff objects to this request on the grounds that it is vague and ambiguous in its use of the term "agreements." Notwithstanding these objections and without waiving them, none in Plaintiff's possession, custody, or control beyond the documents produced herein.**

27.    All documents which relate to or evidence any agreements between you and any third parties concerning Defendant or the subject matter of this Action.

**RESPONSE: Plaintiff objects to this request on the grounds that it seeks documents protected from disclosure by the work**

**product doctrine and attorney-client privilege. The preparation of a privilege log is not required for written and oral communications between a party and its counsel after commencement of this action and work product material created after commencement of the action.**

**Notwithstanding and without waiving these objections, Plaintiff has no non-privileged documents in her possession, custody, or control.**

28.   A copy of any agreement between you and your attorneys regarding the payment of your attorneys' fees and costs in this matter.

**RESPONSE: Plaintiff objects to this request as improperly invading the attorney client privilege and the work product privilege as Plaintiff's fee agreement contains information regarding the advice and opinions of counsel in this matter. *See Old Holdings, Ltd. v. Taplin, Howard, Shaw & Miller, P.A.*, 584 So. 2d 1128, 1129 (Fla. Dist. Ct. App. 4th Dist. 1991) (billing statements which include the "mental impressions and opinions" of counsel are protected by both attorney client privilege and work produce doctrine); *Wachovia Fin. Servs., Inc. v. Birdman*, No. 09-81252-CIV, 2010 WL 11506044 (S.D. Fla. Sept. 27, 2010) (documentation of fees or legal representation fall under the attorney client privilege and work product privilege when "such documentation describes the nature of the legal services provided or the litigation strategy").**

29.   All documents or records which evidence your claim in paragraph 19 of the Complaint that "Ms. Feccia was considered an exceptional employee and had a record of positive performance."

**RESPONSE: Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized. *See* Middle District of Florida Discovery Handbook III(A)(1) ("a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").**

**Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of the request, Plaintiff is not in possession of any such non-privileged documents other than those provided herein.**

30.   All documents or records which evidence your claim in paragraph 20 of the Complaint that "Ms. Feccia learned she was pregnant and informed Defendant of her intent to take maternity leave."

**RESPONSE: Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized.** *See* **Middle District of Florida Discovery Handbook III(A)(1) ("a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").**

**Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of the request, Plaintiff is not in possession of any such non-privileged documents other than those provided herein.**

31.   All documents or records which evidence your claim in paragraph 21 of the Complaint that "Ms. Feccia discussed her maternity leave with Lisa Couch ("Couch"), an individual female employed by Defendant as a Human Resources representative."

**RESPONSE: Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized.** *See* **Middle District of Florida Discovery Handbook III(A)(1) ("a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").**

**Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of the request, Plaintiff will produce responsive documents marked as Plaintiff Bates Nos. IF000494—IF000499.**

13

32.     All documents or records which evidence your claim in paragraph 22 of the Complaint that "Ms. Feccia made arrangements with Couch to begin her leave in December 2022, and to return to work in April 2023."

> **RESPONSE: Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized.** *See* **Middle District of Florida Discovery Handbook III(A)(1) ("a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").**
>
> **Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of the request, Plaintiff will produce responsive documents marked as Plaintiff Bates Nos. IF000494—IF000499.**

33.     All documents or records which evidence your claim in paragraph 24 of the Complaint that "Ms. Feccia was initially on paid leave, using both her PTO benefits and short-term disability benefits."

> **RESPONSE: Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized.** *See* **Middle District of Florida Discovery Handbook III(A)(1) ("a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").**
>
> **Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of the request, Plaintiff will produce responsive documents marked as Plaintiff Bates Nos. IF000103—IF000106.**

34.     All documents or records which evidence your claim in paragraph 26 of the Complaint that "In or around February 2023, Ms. Feccia had exhausted all of her paid leave benefits and was transitioned to FMLA leave by Defendant."

> **RESPONSE: Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized.** *See* **Middle District of Florida Discovery Handbook III(A)(1) ("a**

14

**request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").**

**Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of the request, Plaintiff will produce responsive documents marked as Plaintiff Bates No. IF000103—IF000106.**

35.    All documents or records which evidence your claim in paragraph 27 of the Complaint that "In or around March 2023, Ms. Feccia emailed Dietz asking if she could return to work full time, working partially from home and partially from the office."

> **RESPONSE: Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized. *See* Middle District of Florida Discovery Handbook III(A)(1) ("a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").**
>
> **Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of the request, Plaintiff is not in possession of any such non-privileged documents other than those provided herein.**

36.    All documents or records which evidence your claim in paragraph 30 of the Complaint that "Upon her return, Ms. Feccia discovered that her work area was in complete disarray, with construction materials on top of her desk and her entire work area covered in dust from the nearby construction work."

> **RESPONSE: Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized. *See* Middle District of Florida Discovery Handbook III(A)(1) ("a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").**
>
> **Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of**

**the request, Plaintiff will produce the responsive document marked as Plaintiff Bates No. IF000100.**

37.    All documents or records which evidence your claim in paragraph 33 of the Complaint that "Ms. Feccia complained about the condition of her desk to Jed Prest ('Prest'), an individual male employed by Defendant as Managing Partner, and Meghan Dietz ("Dietz"), an individual female employed by Respondent as Design Operations Practice Leader."

**RESPONSE: Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized.** *See* **Middle District of Florida Discovery Handbook III(A)(1) ("a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").**

**Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of the request, Plaintiff is not in possession of any such non-privileged documents other than those provided herein.**

38.    All documents or records which evidence your claim in paragraph 34 of the Complaint that "Prest and Dietz held supervisory authority over Ms. Feccia, including the power to hire, fire, demote, and promote Ms. Feccia."

**RESPONSE: Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized.** *See* **Middle District of Florida Discovery Handbook III(A)(1) ("a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").**

**Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of the request, Plaintiff is not in possession of any such non-privileged documents other than those provided herein.**

16

39.    All documents or records which evidence your claim in paragraph 35 of the Complaint that "Prest and Dietz largely ignored Ms. Feccia's complaint, forcing her to work from a temporary desk upon her return."

**RESPONSE: Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized. *See* Middle District of Florida Discovery Handbook III(A)(1) ("a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").**

**Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of the request, Plaintiff is not in possession of any such non-privileged documents other than those provided herein.**

40.    All documents or records which evidence your claim in paragraph 36 of the Complaint that "When Ms. Feccia returned to work, she asked Dietz if there were any tasks she could assist with, as she was eager to begin working again."

**RESPONSE: Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized. *See* Middle District of Florida Discovery Handbook III(A)(1) ("a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").**

**Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of the request, Plaintiff is not in possession of any such non-privileged documents other than those provided herein.**

41.    All documents or records which evidence your claim in paragraph 37 of the Complaint that "Over the course of the next two weeks, Ms. Feccia was given just two tasks to complete. Ms. Feccia felt uncomfortable and was unsure why she was being assigned such little work."

**RESPONSE: Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized.**

*See* **Middle District of Florida Discovery Handbook III(A)(1) ("a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").**

**Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of the request, Plaintiff is not in possession of any such non-privileged documents other than those provided herein.**

42.     All documents or records which evidence your claim in paragraph 39 of the Complaint that "Ms. Feccia contacted Dietz and requested to work from home to take care of him. Dietz granted Ms. Feccia's request."

**RESPONSE: Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized.** *See* **Middle District of Florida Discovery Handbook III(A)(1) ("a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").**

**Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of the request, Plaintiff is not in possession of any such non-privileged documents other than those provided herein.**

43.     All documents or records which evidence your claim in paragraph 40 of the Complaint that "Ms. Feccia also reiterated to Dietz that she was willing to assist with any work tasks that were available. Dietz said that she would get back to Ms. Feccia."

**RESPONSE: Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized.** *See* **Middle District of Florida Discovery Handbook III(A)(1) ("a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").**

**Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of**

18

the request, Plaintiff is not in possession of any such non-privileged documents other than those provided herein.

44. All documents or records which evidence your claim in paragraph 41 of the Complaint that "That same day, Ms. Feccia also participated in a Design Operations weekly meeting, where she also informed the group that she was happy to help with any projects. Ultimately, no one from the group contacted Ms. Feccia.

RESPONSE: Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized. *See* Middle District of Florida Discovery Handbook III(A)(1) ("a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").

Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of the request, Plaintiff is not in possession of any such non-privileged documents other than those provided herein.

45. All documents or records which evidence your claim in paragraph 42 of the Complaint that "On or around April 10, 2023, Ms. Feccia messaged Dietz informing her that Ms. Feccia's son was still sick, and that the illness had spread to Ms. Feccia, causing her to become sick too."

RESPONSE: Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized. *See* Middle District of Florida Discovery Handbook III(A)(1) ("a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").

Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of the request, Plaintiff is not in possession of any such non-privileged documents other than those provided herein.

19

46.     All documents or records which evidence your claim in paragraph 43 of the Complaint that "In response Dietz, wished Ms. Feccia well but failed to provide Ms. Feccia with any work assignments."

> **RESPONSE: Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized.** *See* **Middle District of Florida Discovery Handbook III(A)(1) ("a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").**
>
> **Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of the request, Plaintiff is not in possession of any such non-privileged documents other than those provided herein.**

47.     All documents or records which evidence your claim in paragraph 44 of the Complaint that "On or around April 12, 2023, Ms. Feccia and her child's condition worsened, making her feel extremely unwell."

> **RESPONSE: Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized.** *See* **Middle District of Florida Discovery Handbook III(A)(1) ("a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").**
>
> **Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of the request, Plaintiff will produce responsive documents marked as Plaintiff Bates No. IF000137—IF000142.**

48.     All documents or records which evidence your claim in paragraph 45 of the Complaint that "Defendant employed a generous unlimited sick leave policy, leading Ms. Feccia to believe that she could take the remainder of the week to recover without issue."

> **RESPONSE: Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized.** *See* **Middle District of Florida Discovery Handbook III(A)(1) ("a**

request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").

Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of the request, Plaintiff is not in possession of any such non-privileged documents other than those provided herein.

49.    All documents or records which evidence your claim in paragraph 46 of the Complaint that "Ms. Feccia used her sick leave benefits from April 12, 2023, to April 14, 2023, without any protest from her supervisors."

**RESPONSE:** **Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized.** *See* **Middle District of Florida Discovery Handbook III(A)(1) ("a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").**

**Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of the request, Plaintiff is not in possession of any such non-privileged documents other than those provided herein.**

50.    All documents or records which evidence your claim in paragraph 51 of the Complaint that "Defendant's interior design team had plenty of work available and had plans to promote two interior designers later in the month."

**RESPONSE:** **Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized.** *See* **Middle District of Florida Discovery Handbook III(A)(1) ("a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").**

**Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of the request, Plaintiff will produce responsive documents marked as Plaintiff Bates No. IF000114—IF000117.**

21

51.    All documents which evidence the tracking of your time and/ or hours worked while employed by Defendant.

**RESPONSE: None in Plaintiff's possession, custody, or control.**

52.    All documents or records which evidence your claim in paragraph 53 of the Complaint that "On or around April 17, 2023, Defendant unlawfully terminated Ms. Feccia on the basis of her sex and pregnancy."

**RESPONSE: Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized. *See* Middle District of Florida Discovery Handbook III(A)(1) ("a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").**

**Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of the request, Plaintiff will produce responsive documents marked as Plaintiff Bates Nos. IF000111—IF000112.**

53.    All documents or records which evidence your claim in paragraph 54 of the Complaint that "Defendant unlawfully discriminated against Ms. Feccia because of her sex and pregnancy, and retaliated against Ms. Feccia for taking pregnancy leave."

**RESPONSE: Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized. *See* Middle District of Florida Discovery Handbook III(A)(1) ("a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").**

**Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of the request, Plaintiff is not in possession of any such non-privileged documents other than those provided herein.**

54.     All documents or records which evidence your claim in paragraph 55 of the Complaint that "Defendant interfered with Ms. Feccia's protected rights under the FMLA and retaliated against Ms. Feccia for exercising her FMLA leave benefits."

**RESPONSE: Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized. *See* Middle District of Florida Discovery Handbook III(A)(1) ("a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").**

**Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of the request, Plaintiff is not in possession of any such non-privileged documents other than those provided herein.**

55.     All documents or records which evidence your claim in paragraph 56 of the Complaint that "The events described above are just some of the examples of unlawful discrimination, retaliation, and interference to which Defendant subjected Ms. Feccia throughout her employment," specifically the other "examples" referenced.

**RESPONSE: Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized. *See* Middle District of Florida Discovery Handbook III(A)(1) ("a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").**

**Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of the request, Plaintiff is not in possession of any such non-privileged documents other than those provided herein.**

56.     All documents or records which evidence your claim in paragraph 57 of the Complaint that "Ms. Feccia claims a continuous practice of discrimination and claims continuing violations and makes all claims herein under the continuing violations doctrine.

**RESPONSE: Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized.** *See* **Middle District of Florida Discovery Handbook III(A)(1) ("a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").**

**Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of the request, Plaintiff is not in possession of any such non-privileged documents other than those provided herein.**

57.    If you contend you should have been selected for promotion instead of Marilyn Russell or another other interior designer, produce all documents which evidence your contention.

**RESPONSE: Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized.** *See* **Middle District of Florida Discovery Handbook III(A)(1) ("a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").**

**Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of the request, Plaintiff is not in possession of any such non-privileged documents other than those provided herein.**

58.    If you contend you were more qualified or performed your job better than Marilyn Russell or any other promoted interior designer, produce all documents which evidence your contention.

**RESPONSE: Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized.** *See* **Middle District of Florida Discovery Handbook III(A)(1) ("a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").**

**Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of the request, Plaintiff is not in possession of any such non-privileged documents other than those provided herein.**

59.   If you contend you should have been retained instead of Angela Reed, produce all documents which evidence your contention.

**<u>RESPONSE:</u> Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized. *See* Middle District of Florida Discovery Handbook III(A)(1) ("a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").**

**Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of the request, Plaintiff is not in possession of any such non-privileged documents other than those provided herein.**

60.   If you contend you were more qualified or performed your job better than Angela Reed, produce all documents which evidence your contention.

**<u>RESPONSE:</u> Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized. *See* Middle District of Florida Discovery Handbook III(A)(1) ("a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").**

**Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of the request, Plaintiff is not in possession of any such non-privileged documents other than those provided herein.**

61.   If you contend you were more qualified or performed your job better than Alexandra Taylor, produce all documents which evidence your contention.

**RESPONSE: Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized.** *See* **Middle District of Florida Discovery Handbook III(A)(1) ("a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").**

**Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of the request, Plaintiff is not in possession of any such non-privileged documents other than those provided herein.**

62.   If you contend you were more qualified or performed your job better than Russchelle Fox, produce all documents which evidence your contention.

**RESPONSE: Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized.** *See* **Middle District of Florida Discovery Handbook III(A)(1) ("a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").**

**Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of the request, Plaintiff is not in possession of any such non-privileged documents other than those provided herein.**

63.   All documents which evidence your claimed emotional distress.

**RESPONSE: Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized.** *See* **Middle District of Florida Discovery Handbook III(A)(1) ("a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").**

**Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of the request, Plaintiff is not in possession of any such non-privileged documents other than those provided herein.**

64.     All documents evidencing the costs or expenses you have incurred for treatment of your claimed emotional distress.

**RESPONSE: Plaintiff objects to this request on the grounds that it is impermissibly vague,and ambiguous in its use of the phrase "which evidence your claimed emotional distress," as this request could reasonably be interpreted to seek all documents related to the Plaintiff's employment or Plaintiff's claims. Notwithstanding this objection and without waiving it, Plaintiff is not in possession of any such documents other than those provided herein.**

65.     All documents that you identified in your initial disclosures.

**RESPONSE: Plaintiff is not in possession of any such documents other than those provided herein.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document is being served on October 2, 2024, on all counsel of record on the service list below via email.

By: */s/ Kyle T. MacDonald*
Kyle T. MacDonald, Esq.

## SERVICE LIST

**JACKSON LEWIS P.C.**

Justin W. McConnell
Florida Bar No. 112631
justin.mcconnell@jacksonlewis.com
Mackenzie N. Allan
Florida Bar No. 1031199
mackenzie.allan@jacksonlewis.com
JACKSON LEWIS P.C.
390 North Orange Avenue, Suite 1285
Orlando, Florida 32801
Telephone: (407) 246-8440
Facsimile: (407) 246-8441

Counsel for Defendant