# EXHIBIT "C"

# JacksonLewis

**Jackson Lewis P.C.**
390 North Orange Avenue, Suite 1285
Orlando, Florida 32801
Telephone: (407) 246-8440

Facsimile: (407) 246-8441
jacksonlewis.com

**JUSTIN W. MCCONNELL**
DIRECT DIAL: (407) 246-8429
EMAIL ADDRESS:  JUSTIN.MCCONNELL@JACKSONLEWIS.COM

**MACKENZIE N. ALLAN**
DIRECT DIAL: (407) 246-8454
EMAIL ADDRESS:  MACKENZIE.ALLAN @JACKSONLEWIS.COM

*Via E-mail*

October 18, 2024

Kyle T. MacDonald, Esq.
Derek Smith Law Group, PLLC
520 Brickell Key Drive, Suite O-301
Miami, FL 33131
kyle@dereksmithlaw.com

      RE:    **_Isabelle Feccia v. Baker Barrios Architects, Inc._**
               **Defendant's Objections to Plaintiff's Responses to its First Request to Produce**

Dear Kyle:

We are in receipt of Ms. Feccia's Responses to Defendant's First Request to Produce. This letter is to notify you of deficiencies in Ms. Feccia's discovery responses and to request that Ms. Feccia cure the identified deficiencies by no later than **October 23, 2024**. If Ms. Feccia disputes any the deficiencies identified, please contact my office to schedule a telephone conference to confer pursuant to Local Rule 3.01(g).

## I.    <u>RESPONSES TO REQUESTS FOR DOCUMENTS IN THE MIDDLE DISTRICT.</u>

### A.  Scope of Discovery and Propounding Party's Obligations.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. Pro. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id*. This is the standard scope and limits of discovery to which Defendant is entitled.

**JacksonLewis**

The party who serves a request for production must: "must describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. Pro. 34(b)(1)(A). Defendant has described with reasonable particularity each requested item or category of items, as required by the Rule.

**B. Responding Party's Duty of Reasonable Interpretation and to Confer with Client.**

An attorney responding to a request to produce documents "shall reasonably and naturally interpret it, recognizing that the attorney serving it generally does not have specific knowledge of the documents sought and that the attorney receiving the request or subpoena generally has or can obtain pertinent knowledge from the client." M.D. Fla. Civil Discovery Handbook, Section III(A)(3). Immediately after this provision, the Civil Discovery Handbook then "remind[s] that evasive or incomplete disclosures, answers, or responses may be sanctionable under the provisions of Rule 37, Federal Rules of Civil Procedure." *Id.* These provisions aim to facilitate the exchange of information without unnecessary roadblocks.

An attorney responding to a request for production on behalf of his client "should promptly confer with the client and take reasonable steps to ensure that the client: a. understands what documents are requested, b. has adopted a reasonable plan to obtain documents in a timely and reasonable manner, and c. is purposefully implementing that plan in good faith." *Id.*, Section III(A)(4). In addition to conferring with the client, an attorney responding to a request for production should conduct "a reasonable inquiry with those persons and a reasonable search of those places likely to result in the discovery of responsive documents." *Id.*, Section III(A)(5)(f).

**C. Responding Party's Requirement to Organize and Label.**

"A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i). "A party who elects to produce documents as they are kept in the usual course of business bears the burden of proving that the documents were in fact produced in that manner" and "may not wait until a motion to compel is filed to provide this information." *Nationwide Mut. Fire Ins. Co. v. Kelt, Inc.*, Case No: 6:14-cv-749-Orl-41TBS, 2015 U.S. Dist. LEXIS 43251, *27-28 (M.D. Fla. Mar. 30, 2015); *Brown v. City of Tallahassee*, Case No. 4:05cv371-RH/WCS, 2006 U.S. Dist. LEXIS 106992, *3-4 (N.D. Fla. Mar. 14, 2006) ("Plaintiff must go through every document and correlate the document to the request or requests for production as to which the document responds."). Moreover, when a party "identifie[s] by Bates number some documents responsive to certain requests," it is presumed that the party has elected to organize and label them to correspond to the categories in the request. *Taser Int'l. Inc. v. Phazzer Elecs., Inc.*, Case No: 6:16-cv-366-Orl-40KRS, 2017 U.S. Dist. LEXIS 193912, *9-10 (M.D. Fla. Feb. 28, 2017).

**D. Responding Party's Requirements with Respect to Objections.**

The party responding to a request for production must either state that it will produce the documents as requested or "state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. Pro. 34(b)(2)(B); M.D. Fla. Civil Discovery Handbook, Section III(A)(5)(b). "Boilerplate

# JacksonLewis

October 18, 2024
Kyle MacDonald
Derek Smith Law Group PLLC
Page 3

objections such as 'the request is overly broad, unduly burdensome, and outside the scope of permissible discovery' are insufficient without a full, fair explanation particular to the facts of the case." M.D. Fla. Civil Discovery Handbook, Section III(A)(6). "Attorneys should not make objections solely to avoid producing documents that are relevant to any party's claim or defense and proportional to the needs of the case. Absent compelling circumstances, failure to assert an objection to a request for production within the time allowed for responding constitutes a waiver and will preclude a party from asserting the objection in response to a motion to compel. Objections to requests for production should be specific, not generalized, and should be in compliance with the provisions of Rule 34(b), Federal Rules of Civil Procedure." *Id*. Similarly, "[o]bjections to the production of documents based on generalized claims of privilege will be rejected. A claim of privilege must be supported by a statement of particulars sufficient to enable the Court to assess its validity." *Id*., Section III(B)(9).

This Court routinely considers general, non-specific boilerplate objections, such as the objections asserted in Plaintiff's Responses to Defendant's First Request for Production, to be waived. *Hutcheson v. Wells Boys & Girls Prop. Mgmt., LLC*, Case No: 6:18-cv-963-Orl-WWB-DCI, 2019 U.S. Dist. LEXIS 238057, *7 (M.D. Fla. Nov. 20, 2019); *Orange Lake Country Club, Inc. v. Reed Hein & Assocs., LLC*, Case No: 6:17-cv-1542-Orl-31DCI, 2019 U.S. Dist. LEXIS 224089, *6 (M.D. Fla. Feb. 7, 2019); *Hands on Chiropractic PL v. Progressive Select Ins. Co.*, Case No: 6:18-cv-192-Orl-37DCI, 2018 U.S. Dist. LEXIS 223752, *4 (M.D. Fla. Nov. 20, 2018).

If a party responding to a request for production states an objection, that objection "must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. Pro. 34(b)(2)(C); M.D. Fla. Civil Discovery Handbook, Section III(A)(5)(c). "When the scope of the document production is narrowed by one or more objections, this fact and the nature of the documents withheld should be asserted explicitly for that request." M.D. Fla. Civil Discovery Handbook, Section III(A)(7). Similarly, "[i]f a party objects to a request as overbroad when a narrower version of the request would not be objectionable, the documents responsive to the narrower version ordinarily should be produced without waiting for a resolution of the dispute over the scope of the request. When production is limited by a party's objection, the producing party should clearly describe the limitation in its response." *Id*., Section III(A)(8).

## II.    MS. FECCIA'S RESPONSES TO DEFENDANT'S FIRST REQUEST TO PRODUCE.

**Request No. 3** asked Plaintiff to produce:

> Any documents, including, but not limited to, personal notes, memoranda or letters (authored by you or others, not including your attorney), diaries, chronologies, logs, calendars, journals, appointment books, and schedules, kept in any form, from January 13, 2020, through the date of this response which may be described or characterized as an affidavit, report, or statement of any person that:
> a.   concern your pregnancy, your pregnancy /FMLA leave, or your termination;
> b.   concern feedback or disciplinary action with regard to your performance or attendance at work;

# JacksonLewis

    c.   concern, evidence, or support your claim that Defendant discriminated or retaliated against you because of your pregnancy or your FMLA leave;

    d.   concern, evidence, or support your claim that Defendant interfered with, restrained, or denied your rights under the FMLA;

    e.   concern, evidence, or support your claim that your termination was causally related to your pregnancy or your pregnancy /FMLA leave;

    f.   concern, evidence, or support the damages you claim you suffered as a result of the incidents which are the subject of this case; or

    g.   concern this lawsuit.

Plaintiff responded to this Request as follows:

> Plaintiff objects to this request on the grounds that it is overbroad, not reasonably limited in time and scope, and seeks documents protected from disclosure by the work product doctrine and attorney-client privilege. The preparation of a privilege log is not required for written and oral communications between a party and its counsel after commencement of this action and work product material created after commencement of the action. Plaintiff further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "report" or "statement" in this context, as it is unclear what documents are being sought.

Plaintiff does not adequately respond to this Request for Production. Plaintiff submits a boilerplate objection in violation of Federal Rule of Civil Procedure 34 and the Middle District of Florida's Civil Discovery Handbook. Plaintiff's objection mirrors the general, non-specific objections which this Court routinely overrules and considers waived due to lack of specificity. *Hutcheson*, U.S. Dist. LEXIS 238057, *7; *Orange Lake Country Club*, 2019 U.S. Dist. LEXIS 224089, *6; *Hands on Chiropractic*, 2018 U.S. Dist. LEXIS 223752, *4. In sum, Plaintiff does not provide "a full, fair explanation [of her objection to document production] particular to the facts of the case," as required by the Middle District of Florida's Civil Discovery Handbook, Section III(A)(6).

Although the Request clearly asks Plaintiff to produce "personal notes, memoranda or letters (authored by you or others, not including your attorney), diaries, chronologies, logs, calendars, journals, appointment books, and schedules, kept in any form," Plaintiff purports to object that the terms "report" and "statement" are vague and ambiguous. Defendant asks Plaintiff for specific documents, any one of which could clearly be categorized as a "report" or "statement." This is not a vague or ambiguous request.

Furthermore, this Request is not overbroad and is reasonably limited in time and scope. The time and scope are properly limited to the duration of Plaintiff's employment—the same time frame in which Plaintiff alleges she experienced ongoing discrimination that purportedly entitles her to *millions* of dollars in damages. The documents requested are relevant both to Plaintiff's claims and Defendant's defenses and are likely to significantly impact important issues in the litigation. Not only is Plaintiff in the best position to obtain the requested documents, but Defendant is entirely unable to obtain the requested documents absent Plaintiff complying with her duty to produce the requested documents. The Request is not

overbroad, and all relevant factors militate in favor of Plaintiff being required to produce the requested documents.

Moreover, Plaintiff's response also does not advise Defendant whether any responsive materials are being withheld on the basis of her objection. This failure is in violation of Federal Rule of Civil Procedure 34 and the Middle District of Florida's Civil Discovery Handbook, which both require that the responding party state whether any responsive materials are being withheld on the basis of that objection. Particularly with regard to this Request, the Request asks for incredibly specific documents – "personal notes, memoranda or letters (authored by you or others, not including your attorney), diaries, chronologies, logs, calendars, journals, appointment books, and schedules, kept in any form" – to which Plaintiff did *not* object. As such, Plaintiff should produce these documents which are not the subject of Plaintiff's objection prior to resolution of the parties' dispute over Plaintiff's objection to the terms "report" and "statement." Fed. R. Civ. Pro. 34(b)(2)(C) (requiring responding party to produce documents not encompassed by responding party's objection); M.D. Fla. Civil Discovery Handbook, Section III(A)(8) ("If a party objects to a request as overbroad when a narrower version of the request would not be objectionable, the documents responsive to the narrower version ordinarily should be produced without waiting for a resolution of the dispute over the scope of the request.").

Plaintiff's objection that the Request "seeks documents protected from disclosure by the work product doctrine and attorney-client privilege" is similarly deficient due to its lack of specificity. "Objections to the production of documents based on generalized claims of privilege will be rejected. A claim of privilege must be supported by a statement of particulars sufficient to enable the Court to assess its validity." M.D. Fla. Civil Discovery Handbook, Section III(B)(9).

Please direct Plaintiff to provide a full and complete response to Request No. 3 and to provide all responsive documents.

**Request No. 6** asked that Plaintiff provide:

> All documents concerning your requests to Defendant for time off, medical leave, FMLA leave, and any form of medical or reasonable accommodation from January 13, 2020 through April 17, 2023.

Plaintiff responded to this Request as follows:

> Plaintiff objects to this request on the grounds that it is impermissibly vague, ambiguous, and overbroad in its use of the phrase "documents concerning your requests to Defendant for time off ... or reasonable accommodation," as this request fails to identify any specific individuals or particular method of communication for the documents this request seeks.

Plaintiff does not adequately respond to this Request for Production. Defendant is required to "describe with *reasonable* particularity each item or category of items to be inspected." Fed. R. Civ. Pro. 34(b)(1)(A) (emphasis added). Defendant did so. Plaintiff is required to "reasonably and naturally interpret [a request

for production], recognizing that the attorney serving it generally does not have specific knowledge of the documents sought and that the attorney receiving the request or subpoena generally has or can obtain pertinent knowledge from the client." M.D. Fla. Civil Discovery Handbook, Section III(A)(3). This Request asks for documentation concerning Plaintiff's requests "for time off, medical leave, FMLA leave, and any form of medical or reasonable accommodation" over a specified time period. The reasonable and natural interpretation of this Request is that it asks for documentation of the type of described request to any employee of Defendant in any manner which would create documentation. Plaintiff is in the best position to know who she interacted with to make the type of described requests. Additionally, without any explanation of *why* Plaintiff needs "specific individuals" or a "particular method communication" identified, Defendant has no idea why Plaintiff is unable to respond to this Request without such identification as the Request is clear and straightforward. In the same section where the Middle District requires a responding party to reasonably and naturally interpret a request for documents, the Middle District "remind[s] that evasive or incomplete disclosures, answers, or responses may be sanctionable under the provisions of Rule 37, Federal Rules of Civil Procedure." M.D. Fla. Civil Discovery Handbook, Section III(A)(3).

Plaintiff's response also does not advise Defendant whether any responsive materials are being withheld on the basis of her objection. This failure is in violation of Federal Rule of Civil Procedure 34 and the Middle District of Florida's Civil Discovery Handbook, which both require that the responding party state whether any responsive materials are being withheld on the basis of that objection.

Please direct Plaintiff to provide a full and complete response to Request No. 6 and to provide all responsive documents.

**Request No. 7** asked that Plaintiff provide:

> All doctors' notes, medical records or other documents you submitted to Defendant or any of Defendant's employees in support of each of your employee leave and accommodation requests from January 13, 2020 through April 17, 2023.

Plaintiff responded to this Request as follows:

> None in Plaintiff's possession, custody, or control other than the documents provided herein.

Plaintiff does not adequately respond to this Request for Production. Plaintiff has elected to organize and label documents produced to correspond to the categories in the request, but Plaintiff does not identify which document(s) it has produced in response to Request No. 7. Defendant has reviewed the documents produced by Plaintiff and is unable to ascertain what, if any, documents are responsive to Request No. 7. Plaintiff must specifically identify the documents produced in response to this Request. *Taser*, 2017 U.S. Dist. LEXIS 193912, *9-10; *Nationwide*, 2015 U.S. Dist. LEXIS 43251, *27-28; *Brown*, 2006 U.S. Dist. LEXIS 106992, *3-4. Please direct Plaintiff to provide a full and complete response to Request No. 7 and to provide all responsive documents.

# JacksonLewis

**Request No. 8** asked that Plaintiff provide:

> All income tax returns, including amended returns (federal and/ or state), W-2 forms, 1099 forms and all other documents filed by you or on your behalf or which reflect your income for the tax years 2020 to the present, whether filed with the United States government, the government of any state or municipality, or the government of any foreign country. An IRS request for tax transcripts is attached hereto as Exhibit A for your use in obtaining the requested tax transcripts.

Plaintiff responded to this Request as follows:

> Plaintiff objects to this request on the grounds that it is overbroad and not proportional to the needs of the case in seeking Plaintiff's financial records unrelated to Plaintiff's mitigation efforts. Plaintiff further objects to this request on the grounds that it is harassing, seeks information that is not relevant to the claims and defenses of the parties, and invades Plaintiff's right to privacy protected by the Florida Constitution in requesting information regarding her personal and confidential financial records *[sic]*

> Notwithstanding and without waiving these objections, Plaintiff will produce responsive documents sufficient to show her mitigation efforts, marked as Plaintiff Bates Nos. IF000107— IF000108 and Plaintiff Bates Nos. IF000135—IF000136.

Plaintiff does not adequately respond to this Request for Production. Plaintiff submits a boilerplate objection in violation of Federal Rule of Civil Procedure 34 and the Middle District of Florida's Civil Discovery Handbook. Plaintiff's objection mirrors the general, non-specific objections which this Court routinely overrules and considers waived due to lack of specificity. *Hutcheson*, U.S. Dist. LEXIS 238057, *7; *Orange Lake Country Club*, 2019 U.S. Dist. LEXIS 224089, *6; *Hands on Chiropractic*, 2018 U.S. Dist. LEXIS 223752, *4. In sum, Plaintiff does not provide "a full, fair explanation [of its objection to document production] particular to the facts of the case," as required by the Middle District of Florida's Civil Discovery Handbook, Section III(A)(6).

Furthermore, this Request is not overbroad and is proportional to the needs of this litigation. The time and scope are properly limited to the commencement of Plaintiff's employment with Defendant through the present. Plaintiff claims that she lost wages and salary because of her termination of employment with Defendant and because of her new, current employment. As such, the time frame is appropriately limited and is proportional to Plaintiff's claims and the needs of this litigation. The documents requested are relevant both to Plaintiff's claims and Defendant's defenses and are likely to significantly impact important issues in the litigation. Plaintiff alleges she experienced ongoing discrimination that purportedly entitles her to *millions* of dollars in damages, and Plaintiff is in the best position to obtain the requested documents which will *directly* reflect the veracity of Plaintiff's claims of "the loss of income, the loss of salary, bonuses, benefits, [] other such compensation with such employment entails … future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-

# JacksonLewis

October 18, 2024
Kyle MacDonald
Derek Smith Law Group PLLC
Page 8

pecuniary losses." Doc. 21, Plaintiff's Amended Complaint, ¶ 63. The Request is not overbroad, and all relevant factors militate in favor of Plaintiff being required to produce the requested documents.

Over this objection, Plaintiff produces one, singular ADP Earning Statement from March 26, 2023 through April 10, 2023, a *two-week* time period, from her employment with Defendant (IF000107—IF000108) and Plaintiff's 2023 W-2 Statement (IF000135—IF000136). Request No. 8 asked for: "All income tax returns, including amended returns (federal and/ or state), W-2 forms, 1099 forms and all other documents filed by you or on your behalf or which reflect your income for the tax years 2020 to the present." Plaintiff provided no documents from 2020, 2021, 2022, or 2024, and the documents pertaining to 2023 are extremely limited. Plaintiff did not produce any income tax returns, amended returns, 1099 forms, or earning statement documents for any period other than *two weeks* in 2023.

Plaintiff's response does not advise Defendant whether any responsive materials are being withheld on the basis of her objection. This failure is in violation of Federal Rule of Civil Procedure 34 and the Middle District of Florida's Civil Discovery Handbook, which both require that the responding party state whether any responsive materials are being withheld on the basis of that objection.

Please direct Plaintiff to provide a full and complete response to Request No. 8 and to provide all responsive documents.

**Request No. 14** asked that Plaintiff provide:

> All documents related to or evidencing any income, compensation, or earnings you received from April 17, 2023 through the date of this response, including, but not limited to, pay stubs from other employers, canceled social security checks, income from any investment accounts or transactions, any insurance payments, unemployment compensation, disability benefits, other government benefits or assistance, annuity, pension or any other payments.

Plaintiff responded to this Request as follows:

> Plaintiff objects to this request on the grounds that it is overbroad and not proportional to the needs of the case in seeking Plaintiff's financial records unrelated to Plaintiff's mitigation efforts. Plaintiff further objects to this request on the grounds that it is harassing, seeks information that is not relevant to the claims and defenses of the parties, and invades Plaintiff's right to privacy protected by the Florida Constitution in requesting information regarding her personal and confidential financial records *[sic]*

> Notwithstanding and without waiving these objections, Plaintiff will produce responsive documents sufficient to show her mitigation efforts, marked as Plaintiff Bates Nos. IF000107— IF000108 and Plaintiff Bates Nos. IF000135—IF000136.

Plaintiff does not adequately respond to this Request for Production. Plaintiff submits a boilerplate objection in violation of Federal Rule of Civil Procedure 34 and the Middle District of Florida's Civil Discovery Handbook. Plaintiff's objection mirrors the general, non-specific objections which this Court routinely overrules and considers waived due to lack of specificity. *Hutcheson*, U.S. Dist. LEXIS 238057, *7; *Orange Lake Country Club*, 2019 U.S. Dist. LEXIS 224089, *6; *Hands on Chiropractic*, 2018 U.S. Dist. LEXIS 223752, *4. In sum, Plaintiff does not provide "a full, fair explanation [of its objection to document production] particular to the facts of the case," as required by the Middle District of Florida's Civil Discovery Handbook, Section III(A)(6).

Furthermore, this Request is not overbroad and is proportional to the needs of this litigation. The time and scope are properly limited to the commencement of Plaintiff's employment with Defendant through the present. Plaintiff claims that she lost wages and salary because of her termination of employment with Defendant and because of her new, current employment. As such, the time frame is appropriately limited and is proportional to Plaintiff's claims and the needs of this litigation. The documents requested are relevant both to Plaintiff's claims and Defendant's defenses and are likely to significantly impact important issues in the litigation. Plaintiff alleges she experienced ongoing discrimination that purportedly entitles her to *millions* of dollars in damages, and Plaintiff is in the best position to obtain the requested documents which will *directly* reflect the veracity of Plaintiff's claims of "the loss of income, the loss of salary, bonuses, benefits, [] other such compensation with such employment entails … future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses." Doc. 21, Plaintiff's Amended Complaint, ¶ 63. The Request is not overbroad, and all relevant factors militate in favor of Plaintiff being required to produce the requested documents.

Over this objection, Plaintiff produces one, singular ADP Earning Statement from March 26, 2023 through April 10, 2023 from her employment with Defendant (IF000107—IF000108) and Plaintiff's 2023 W-2 Statement (IF000135—IF000136). Request No. 14 asked for: "any income, compensation, or earnings you received from April 17, 2023 through the date of this response, including, but not limited to, pay stubs from other employers, canceled social security checks, income from any investment accounts or transactions, any insurance payments, unemployment compensation, disability benefits, other government benefits or assistance, annuity, pension or any other payments." First, IF000107—IF000108 is not even responsive to this Request because it pre-dated the requested time period. Second, Plaintiff provided *no* documents from 2024, only a W-2 for 2023. Plaintiff did not produce any income pay stubs, canceled social security checks, income from investment accounts or transactions, insurance payments, unemployment compensation, disability benefits, other government benefits or assistance, annuity, pension or any other payment.

Plaintiff's response does not advise Defendant whether any responsive materials are being withheld on the basis of her objection. This failure is in violation of Federal Rule of Civil Procedure 34 and the Middle District of Florida's Civil Discovery Handbook, which both require that the responding party state whether any responsive materials are being withheld on the basis of that objection.

Please direct Plaintiff to provide a full and complete response to Request No. 14 and to provide all responsive documents.

**JacksonLewis**

**Request No. 15** asked that Plaintiff provide:

> Any documents which relate to or evidence any claim you have made for unemployment compensation benefits, workers' compensation benefits, health insurance benefits, health insurance coverage, disability benefits, and/ or government (federal, state, or local) benefits assistance, and the disposition of such claims, prior to, during, or subsequent to your employment with Defendant.

Plaintiff responded to this Request as follows:

> Plaintiff objects to this request on the grounds that it is overbroad and seeks documents unrelated to the claims or defenses of the parties, as any claims Plaintiff may have made for unemployment compensation or other public assistance would have no bearing on her damages. Plaintiff further objects to this request on the grounds that it is vague and ambiguous in its use of the term "any claim you have made for ... health insurance coverage."

Plaintiff does not adequately respond to this Request for Production. Plaintiff submits a boilerplate objection in violation of Federal Rule of Civil Procedure 34 and the Middle District of Florida's Civil Discovery Handbook. Plaintiff's objection mirrors the general, non-specific objections which this Court routinely overrules and considers waived due to lack of specificity. *Hutcheson*, U.S. Dist. LEXIS 238057, *7; *Orange Lake Country Club*, 2019 U.S. Dist. LEXIS 224089, *6; *Hands on Chiropractic*, 2018 U.S. Dist. LEXIS 223752, *4. In sum, Plaintiff does not provide "a full, fair explanation [of its objection to document production] particular to the facts of the case," as required by the Middle District of Florida's Civil Discovery Handbook, Section III(A)(6).

Furthermore, this Request is not overbroad and is proportional to the needs of this litigation. The time and scope are properly limited to the commencement of Plaintiff's employment with Defendant through the present. Plaintiff claims that she lost wages and salary because of her termination of employment with Defendant and because of her new, current employment. As such, the time frame is appropriately limited and is proportional to Plaintiff's claims and the needs of this litigation. The documents requested are relevant both to Plaintiff's claims and Defendant's defenses and are likely to significantly impact important issues in the litigation. Plaintiff alleges she experienced ongoing discrimination that purportedly entitles her to *millions* of dollars in damages, and Plaintiff is in the best position to obtain the requested documents which will *directly* reflect the veracity of Plaintiff's claims of "the loss of income, the loss of salary, bonuses, benefits, [] other such compensation with such employment entails … future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses." Doc. 21, Plaintiff's Amended Complaint, ¶ 63. The Request is not overbroad, and all relevant factors militate in favor of Plaintiff being required to produce the requested documents.

Although the Request clearly asks Plaintiff to produce documentation of claims, and the respective dispositions, "for unemployment compensation benefits, workers' compensation benefits, health insurance

# JacksonLewis

benefits, health insurance coverage, disability benefits, and/ or government (federal, state, or local) benefits assistance," Plaintiff purports to object that the term "any claim you have made for ... health insurance coverage" is vague and ambiguous, and thus refuses to produce any responsive documents. Documentation of any claim Plaintiff has made for health insurance coverage was one of six categories of requested documents, and Plaintiff has not identified or produced any documents responsive to any of the other five categories.

Moreover, Plaintiff's response also does not advise Defendant whether any responsive materials are being withheld on the basis of her objection. This failure is in violation of Federal Rule of Civil Procedure 34 and the Middle District of Florida's Civil Discovery Handbook, which both require that the responding party state whether any responsive materials are being withheld on the basis of that objection. Particularly with regard to this Request, the Request asks for specific documents – "documents which relate to or evidence any claim you have made for unemployment compensation benefits, workers' compensation benefits, health insurance benefits, … disability benefits, and/ or government (federal, state, or local) benefits assistance" – to which Plaintiff did *not* object. As such, Plaintiff should produce these documents which are not the subject of Plaintiff's objection prior to resolution of the parties' dispute over Plaintiff's objection to the term "any claim you have made for ... health insurance coverage." Fed. R. Civ. Pro. 34(b)(2)(C) (requiring responding party to produce documents not encompassed by responding party's objection); M.D. Fla. Civil Discovery Handbook, Section III(A)(8) ("If a party objects to a request as overbroad when a narrower version of the request would not be objectionable, the documents responsive to the narrower version ordinarily should be produced without waiting for a resolution of the dispute over the scope of the request.").

Please direct Plaintiff to provide a full and complete response to Request No. 15 and to provide all responsive documents.

**Request No. 17** asked that Plaintiff produce:

> All non-privileged documents from April 17, 2023 through the date of this response describing and/ or establishing the damages you seek from Defendant (setting forth specific monetary amounts), including but not limited to attorneys' fees and costs.

Plaintiff responded to this Request as follows:

> Plaintiff is not in possession of any such documents other than those provided herein, if any.

Plaintiff does not adequately respond to this Request for Production. Plaintiff has elected to organize and label documents produced to correspond to the categories in the request, but Plaintiff does not identify which document(s) it has produced in response to Request No. 17. Defendant has reviewed the documents produced by Plaintiff and is unable to ascertain what, if any, documents are responsive to Request No. 17. Plaintiff must specifically identify the documents produced in response to this Request. *Taser*, 2017 U.S. Dist. LEXIS 193912, *9-10; *Nationwide*, 2015 U.S. Dist. LEXIS 43251, *27-28; *Brown*, 2006 U.S. Dist.

**JacksonLewis**

LEXIS 106992, *3-4. Please direct Plaintiff to provide a full and complete response to Request No. 17 and to provide all responsive documents.

**Request No. 19** asked Plaintiff to provide:

> All documents relating to, evidencing, or commenting upon your physical or emotional health or condition at any time during the last ten (10) years, including but not limited to all correspondence, opinions, reports and files from present or prior physicians, psychiatrists, psychologists, psychoanalysts, social workers, therapists, clergy, counselors or any other professional commenting upon your physical or emotional health, including tests, test results or evaluation reports for any tests taken, and statements of charges for services rendered. A release for medical records is attached as Exhibit B. A release for psychotherapy records is attached as Exhibit C. A release for Orlando Health medical records is attached as Exhibit D. Please execute these releases and provide them to counsel for Defendant.

Plaintiff responded to this Request as follows:

> Plaintiff objects to this request on the grounds that it improperly exceeds the scope of Rule 34 in requesting that Plaintiff execute a document. Plaintiff further objects to this request on the grounds that it is unduly invasive and violates her right to privacy in requesting her privileged and confidential medical records to the extent it requests information concerning Plaintiff's medical treatment occurring prior to her employment with Defendant or medical treatment otherwise unrelated to her employment with Defendant and her emotional distress damages. Plaintiff objects to this request on the grounds that it ambiguous and impermissibly vague in its use of the terms "relating to, evidencing, or commenting upon your physical or emotional health or condition", as this could reasonably be interpreted to include any medical record spanning a decade.

> Notwithstanding these objections and without waiving them, Plaintiff understands the non-objectionable portion of this request to seek documents relating to, evidencing, or commenting upon her physical or emotional health or condition since January 2020. In response, Plaintiff will produce responsive documents marked as Plaintiff Bates Nos. IF000143— IF000435.

Plaintiff does not adequately respond to this Request for Production. Plaintiff submits a boilerplate objection in violation of Federal Rule of Civil Procedure 34 and the Middle District of Florida's Civil Discovery Handbook. Plaintiff's objection mirrors the general, non-specific objections which this Court routinely overrules and considers waived due to lack of specificity. *Hutcheson*, U.S. Dist. LEXIS 238057, *7; *Orange Lake Country Club*, 2019 U.S. Dist. LEXIS 224089, *6; *Hands on Chiropractic*, 2018 U.S. Dist. LEXIS 223752, *4. In sum, Plaintiff does not provide "a full, fair explanation [of its objection to document production] particular to the facts of the case," as required by the Middle District of Florida's Civil Discovery Handbook, Section III(A)(6).

Further, when Plaintiff alleged severe and ongoing emotional and mental distress, she placed her physical status at issue. Pursuant to the clear, consistent, and routine jurisprudence in this jurisdiction, Defendant is entitled to Plaintiff's medical records before and after the discrimination she alleges. *Rance v. Bradshaw*, 2016 U.S. Dist. LEXIS 129579, *4-6 (S.D. Fla. Sept. 14. 2016) ("Plaintiff may not file a lawsuit in this Court, seek damages as specified above, and then be heard to complain when Defendants engage in appropriate discovery tailored to Plaintiff's allegations."). "The case law is clear that when a plaintiff raises an emotional distress damages claim, the plaintiff's medical and psychological history, including the identities of health providers, the dates of treatment and the nature of the treatment are relevant and discoverable." *McIntyre v. Delhaize Am., Inc.*, No. 8:07-CV-2370-T-30MSS, 2008 U.S. Dist. LEXIS 127581, *3-6 (M.D. Fla. June 26, 2008) (collecting cases). This clear and binding case law was already provided to Plaintiff via email on August 30, 2024. Simply because Plaintiff does not wish to produce the documents does not render the Request "vague." Defendant is entitled to inquire regarding Plaintiff's medical records for the last decade because she has placed her medical and psychological history at issue. Beyond a general entitlement to these records, Defendant is further entitled to discovery of these records because the records produced by Plaintiff from Orlando Health and Brightside demonstrate certain medical, mental health, and substance abuse issues or conditions – such as anxiety, insomnia, potential abuse of alcohol, abuse of non-prescribed medications, and more – which predate Plaintiff's employment with Defendant and/or predate the discrimination Plaintiff alleges. Plaintiff's medical records for the last ten years are relevant to the veracity of Plaintiff's claims that her alleged emotional distress was caused by Defendant *and* to Defendant's defenses that any emotional distress purportedly experienced by Plaintiff was not caused by Defendant. Plaintiff's objections to the production of the requested records have no merit.

Over this objection, Plaintiff produces IF000143-IF000435, but Plaintiff's response does not advise Defendant whether any responsive materials are being withheld on the basis of her objection. This failure is in violation of Federal Rule of Civil Procedure 34 and the Middle District of Florida's Civil Discovery Handbook, which both require that the responding party state whether any responsive materials are being withheld on the basis of that objection.

Please direct Plaintiff to provide a full and complete response to Request No. 19 and to provide all responsive documents.

**Request No. 20** asked Plaintiff to provide:

> All documents relating to or evidencing your admission to or treatment at any hospital, health care facility or other medical institution, on either an inpatient or outpatient basis in the last ten (10) years.

Plaintiff responded to this Request as follows:

> Plaintiff objects to this request on the grounds that it is unduly invasive and violates her right to privacy in requesting her privileged and confidential medical records to the extent

# JacksonLewis

it requests information concerning Plaintiff's medical treatment occurring prior to her employment with Defendant or medical treatment otherwise unrelated to her employment with Defendant and her emotional distress damages. Plaintiff objects to this request on the grounds that it is overbroad and not properly limited in time and scope, as this could reasonably be interpreted to include any medical record spanning a decade.

Notwithstanding these objections and without waiving them, Plaintiff understands the non-objectionable portion of this request to seek documents relating to or evidencing her admission to or treatment at any hospital, health care facility, or other medical institution since January 2020. In response, Plaintiff will produce responsive documents marked as Plaintiff Bates Nos. IF000143—IF000435.

Plaintiff does not adequately respond to this Request for Production. Plaintiff submits a boilerplate objection in violation of Federal Rule of Civil Procedure 34 and the Middle District of Florida's Civil Discovery Handbook. Plaintiff's objection mirrors the general, non-specific objections which this Court routinely overrules and considers waived due to lack of specificity. *Hutcheson*, U.S. Dist. LEXIS 238057, *7; *Orange Lake Country Club*, 2019 U.S. Dist. LEXIS 224089, *6; *Hands on Chiropractic*, 2018 U.S. Dist. LEXIS 223752, *4. In sum, Plaintiff does not provide "a full, fair explanation [of its objection to document production] particular to the facts of the case," as required by the Middle District of Florida's Civil Discovery Handbook, Section III(A)(6).

Further, when Plaintiff alleged severe and ongoing emotional and mental distress, she placed her physical status at issue. Pursuant to the clear, consistent, and routine jurisprudence in this jurisdiction, Defendant is entitled to Plaintiff's medical records before and after the discrimination she alleges. *Rance v. Bradshaw*, 2016 U.S. Dist. LEXIS 129579, *4-6 (S.D. Fla. Sept. 14. 2016) ("Plaintiff may not file a lawsuit in this Court, seek damages as specified above, and then be heard to complain when Defendants engage in appropriate discovery tailored to Plaintiff's allegations."). "The case law is clear that when a plaintiff raises an emotional distress damages claim, the plaintiff's medical and psychological history, including the identities of health providers, the dates of treatment and the nature of the treatment are relevant and discoverable." *McIntyre v. Delhaize Am., Inc.*, No. 8:07-CV-2370-T-30MSS, 2008 U.S. Dist. LEXIS 127581, *3-6 (M.D. Fla. June 26, 2008) (collecting cases). Moreover, this clear and binding case law was already provided to Plaintiff via email on August 30, 2024. Simply because Plaintiff does not wish to produce the documents does not render the Request "overbroad." Defendant is entitled to inquire regarding Plaintiff's medical records for the last decade because she has placed her medical and psychological history at issue. Plaintiff's objections have no merit. Plaintiff's objections have no merit.

Over this objection, Plaintiff produces IF000143-IF000435, but Plaintiff's response does not advise Defendant whether any responsive materials are being withheld on the basis of her objection. This failure is in violation of Federal Rule of Civil Procedure 34 and the Middle District of Florida's Civil Discovery Handbook, which both require that the responding party state whether any responsive materials are being withheld on the basis of that objection.

Please direct Plaintiff to provide a full and complete response to Request No. 20 and to provide all responsive documents.

**Request No. 21** asked Plaintiff to provide:

> All documents relating to or evidencing any medication prescribed to you in the last ten (10) years including but not limited to any documents that reflect the name and dosage of such medication.

Plaintiff responded to this Request as follows:

> Plaintiff objects to this request on the grounds that it is unduly invasive and violates her right to privacy in requesting her privileged and confidential medical records to the extent it requests information concerning Plaintiff's medical treatment occurring prior to her employment with Defendant or medical treatment otherwise unrelated to her employment with Defendant and her emotional distress damages. Plaintiff objects to this request on the grounds that it is overbroad and not properly limited in time and scope, as this could reasonably be interpreted to include any medical record spanning a decade.

> Notwithstanding these objections and without waiving them, Plaintiff understands the non-objectionable portion of this request to seek documents relating to or evidencing her admission to or treatment at any hospital, health care facility, or other medical institution since January 2020. In response, Plaintiff will produce responsive documents marked as Plaintiff Bates Nos. IF000143—IF000435.

Plaintiff does not adequately respond to this Request for Production. Plaintiff submits a boilerplate objection in violation of Federal Rule of Civil Procedure 34 and the Middle District of Florida's Civil Discovery Handbook. Plaintiff's objection mirrors the general, non-specific objections which this Court routinely overrules and considers waived due to lack of specificity. *Hutcheson*, U.S. Dist. LEXIS 238057, *7; *Orange Lake Country Club*, 2019 U.S. Dist. LEXIS 224089, *6; *Hands on Chiropractic*, 2018 U.S. Dist. LEXIS 223752, *4. In sum, Plaintiff does not provide "a full, fair explanation [of its objection to document production] particular to the facts of the case," as required by the Middle District of Florida's Civil Discovery Handbook, Section III(A)(6).

Further, when Plaintiff alleged severe and ongoing emotional and mental distress, she placed her physical status at issue. Pursuant to the clear, consistent, and routine jurisprudence in this jurisdiction, Defendant is entitled to Plaintiff's medical records before and after the discrimination she alleges. *Rance v. Bradshaw*, 2016 U.S. Dist. LEXIS 129579, *4-6 (S.D. Fla. Sept. 14. 2016) ("Plaintiff may not file a lawsuit in this Court, seek damages as specified above, and then be heard to complain when Defendants engage in appropriate discovery tailored to Plaintiff's allegations."). "The case law is clear that when a plaintiff raises an emotional distress damages claim, the plaintiff's medical and psychological history, including the identities of health providers, the dates of treatment and the nature of the treatment are relevant and discoverable." *McIntyre v. Delhaize Am., Inc.*, No. 8:07-CV-2370-T-30MSS, 2008 U.S. Dist.

# JacksonLewis

LEXIS 127581, *3-6 (M.D. Fla. June 26, 2008) (collecting cases). Moreover, this clear and binding case law was already provided to Plaintiff via email on August 30, 2024. Simply because Plaintiff does not wish to produce the documents does not render the Request "overbroad." Defendant is entitled to inquire regarding Plaintiff's medical records for the last decade because she has placed her medical and psychological history at issue. Plaintiff's objections have no merit. Plaintiff's objections have no merit.

Over this objection, Plaintiff produces IF000143-IF000435, but Plaintiff's response does not advise Defendant whether any responsive materials are being withheld on the basis of her objection. This failure is in violation of Federal Rule of Civil Procedure 34 and the Middle District of Florida's Civil Discovery Handbook, which both require that the responding party state whether any responsive materials are being withheld on the basis of that objection.

Please direct Plaintiff to provide a full and complete response to Request No. 21 and to provide all responsive documents.

**Request No. 23** asked that Plaintiff produce:

> All documents and/ or correspondence identified, referred to, or related to your answers to Defendant's First Set of Interrogatories to Plaintiff.

Plaintiff responded to this Request as follows:

> Plaintiff is not in possession of any such documents other than those provided herein.

Plaintiff does not adequately respond to this Request for Production. Plaintiff has elected to organize and label documents produced to correspond to the categories in the request, but Plaintiff does not identify which document(s) it has produced in response to Request No. 23. Defendant has reviewed the documents produced by Plaintiff and is unable to ascertain what, if any, documents are responsive to Request No. 23. Plaintiff must specifically identify the documents produced in response to this Request. *Taser*, 2017 U.S. Dist. LEXIS 193912, *9-10; *Nationwide*, 2015 U.S. Dist. LEXIS 43251, *27-28; *Brown*, 2006 U.S. Dist. LEXIS 106992, *3-4. Please direct Plaintiff to provide a full and complete response to Request No. 23 and to provide all responsive documents.

**Request No. 27** asked that Plaintiff produce:

> All documents which relate to or evidence any agreements between you and any third parties concerning Defendant or the subject matter of this Action.

Plaintiff responded to this Request as follows:

> Plaintiff objects to this request on the grounds that it seeks documents protected from disclosure by the work product doctrine and attorney-client privilege. The preparation of a privilege log is not required for written and oral communications between a party and its

**JacksonLewis**

counsel after commencement of this action and work product material created after commencement of the action.

Notwithstanding and without waiving these objections, Plaintiff has no non-privileged documents in her possession, custody, or control.

Plaintiff does not adequately respond to this Request for Production. Plaintiff's objection that the Request "seeks documents protected from disclosure by the work product doctrine and attorney-client privilege" is deficient due to its lack of specificity. "Objections to the production of documents based on generalized claims of privilege will be rejected. A claim of privilege must be supported by a statement of particulars sufficient to enable the Court to assess its validity." M.D. Fla. Civil Discovery Handbook, Section III(B)(9). Plaintiff's objection leaves Defendant with no idea why Plaintiff is objecting.

Please direct Plaintiff to provide a full and complete response to Request No. 27 and to provide all responsive documents.

**Request No. 28** asked that Plaintiff produce:

A copy of any agreement between you and your attorneys regarding the payment of your attorneys' fees and costs in this matter.

Plaintiff responded to this Request as follows:

Plaintiff objects to this request as improperly invading the attorney client privilege and the work product privilege as Plaintiff's fee agreement contains information regarding the advice and opinions of counsel in this matter. *See Old Holdings, Ltd. v. Taplin, Howard, Shaw & Miller, P.A.*, 584 So. 2d 1128, 1129 (Fla. Dist. Ct. App. 4th Dist. 1991) (billing statements which include the "mental impressions and opinions" of counsel are protected by both attorney client privilege and work produce doctrine); *Wachovia Fin. Servs., Inc. v. Birdman*, No. 09-81252-CIV, 2010 WL 11506044 (S.D. Fla. Sept. 27, 2010) (documentation of fees or legal representation fall under the attorney client privilege and work product privilege when "such documentation describes the nature of the legal services provided or the litigation strategy").

Plaintiff does not adequately respond to this Request for Production. It is well established that Plaintiff's fee agreement is discoverable. *Fischer v. Trivita Inc.*, 2020 U.S. Dist. LEXIS 263783, *4 (M.D. Fla. Aug. 13, 2020); *Hnis v. SDH Servs. West, LLC*, 2016 U.S. Dist. LEXIS 15750, *4 (S.D. Fla. Feb. 2, 2016); *Tokraz v. TRG Columbus Development Venture, Ltd*, 2008 U.S. Dist. LEXIS 62057, * 1 (S.D. Fla. Aug. 14, 2008); *Quitto v. Bay Colony Golf Club*, 2006 U.S. Dist. LEXIS 115721, *5 (M.D. Fla. Dec. 4., 2006); *Universal City Devolpment Partners, Ltd. v. Ride & Show, Enginering Inc.*, 230 F.R.D. 688, 691 (M.D. Fla. 2005).

**JacksonLewis**

Moreover, Plaintiff grossly misconstrues the context of the court's opinion in *Wachovia* and *Old Holdings*, which is cited in *Wachovia* (though the state court opinion in *Old Holdings* has little relevance in the instant litigation in federal court). *Wachovia* states: "documentation of fees or legal representation does not fall under the attorney-client privilege or the work-product immunity unless such documentation describes the nature of the legal services provided or the litigation strategy. *Anderson Columbia v. Brown*, 902 So. 2d 838, 841 (Fla. Dist. Ct. App. 1st Dist. 2005) (discovery of opposing counsel fees is not protected by attorney-client privilege; discovery of fees left to discretion of trial court); *Old Holdings, Ltd. v. Taplin, Howard. Shaw & Miller, P.A.*, 584 So. 2d 1128 (Fla. Dist. Ct. App. 4th Dist. 1991) (billing statements not protected unless they "reveal the mental impressions and opinions" of counsel). *Cf. In re State Attorney's Office Investigative Subpoena*, 444 So. 2d 592, 594 (Fla. Dist. Ct. App. 2d Dist. 1984) (general rule is that identity of client is not privileged)." *Wachovia Fin. Servs. v. Birdman*, 2010 U.S. Dist. LEXIS 152291, *16 (S.D. Fla. Sept. 27, 2010).

Please direct Plaintiff to provide a full and complete response to Request No. 28 and to provide all responsive documents.

**Request No. 29** asked Plaintiff to produce:

> All documents or records which evidence your claim in paragraph 19 of the Complaint that "Ms. Feccia was considered an exceptional employee and had a record of positive performance."

Plaintiff responded to this Request as follows:

> Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized. See Middle District of Florida Discovery Handbook III(A)(1) ("a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").

> Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of the request, Plaintiff is not in possession of any such non-privileged documents other than those provided herein.

Plaintiff does not adequately respond to this Request for Production. Plaintiff submits a boilerplate objection in violation of Federal Rule of Civil Procedure 34 and the Middle District of Florida's Civil Discovery Handbook. Plaintiff's objection mirrors the general, non-specific objections which this Court routinely overrules and considers waived due to lack of specificity. *Hutcheson*, U.S. Dist. LEXIS 238057, *7; *Orange Lake Country Club*, 2019 U.S. Dist. LEXIS 224089, *6; *Hands on Chiropractic*, 2018 U.S. Dist. LEXIS 223752, *4. In sum, Plaintiff does not provide "a full, fair explanation [of its objection to document production] particular to the facts of the case," as required by the Middle District of Florida's Civil Discovery Handbook, Section III(A)(6).

# JacksonLewis

October 18, 2024
Kyle MacDonald
Derek Smith Law Group PLLC
Page 19

With reference to Plaintiff's citation to the Middle District of Florida's Civil Discovery Handbook III(A)(1), "a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I'" is substantially different than requesting documents evidencing that "Ms. Feccia was considered an exceptional employee and had a record of positive performance." The former is a broad, amorphous request which is rightly prohibited by the Middle District of Florida's Civil Discovery Handbook. The latter is a specific request "describ[ing] with reasonable particularity each item or category of items to be inspected," as required by Federal Rule of Civil Procedure 34.

Moreover, Plaintiff asserts this exact same cut-and-paste response with no variation whatsoever in response to Request Nos. 29, 30, 35, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 48, 49, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, and 64 – responses a total of twenty-seven Requests. These responses erroneously rely upon the Middle District of Florida's Civil Discovery Handbook III(A)(1) to authorize boilerplate objections containing no specificity and *not a single difference among Plaintiff's twenty-seven identical responses*.

Beyond Plaintiff's failure to properly respond or properly object, Plaintiff does not identify which document(s) it has produced in response to Request No. 29, even though Plaintiff has elected to organize and label documents produced to correspond to the categories in the request. Defendant has reviewed the documents produced by Plaintiff and is unable to ascertain what, if any, documents are responsive to Request No. 29. Plaintiff must specifically identify the documents produced in response to this Request. *Taser*, 2017 U.S. Dist. LEXIS 193912, *9-10; *Nationwide*, 2015 U.S. Dist. LEXIS 43251, *27-28; *Brown*, 2006 U.S. Dist. LEXIS 106992, *3-4.

Please direct Plaintiff to provide a full and complete response to Request No. 29 and to provide all responsive documents.

**Request No. 30** asked Plaintiff to produce:

> All documents or records which evidence your claim in paragraph 20 of the Complaint that "Ms. Feccia learned she was pregnant and informed Defendant of her intent to take maternity leave."

Plaintiff responded to this Request as follows:

> Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized. See Middle District of Florida Discovery Handbook III(A)(1) ("a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").

> Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of the request, Plaintiff is not in possession of any such non-privileged documents other than those provided herein.

**JacksonLewis**

Plaintiff does not adequately respond to this Request for Production. Plaintiff submits a boilerplate objection in violation of Federal Rule of Civil Procedure 34 and the Middle District of Florida's Civil Discovery Handbook. Plaintiff's objection mirrors the general, non-specific objections which this Court routinely overrules and considers waived due to lack of specificity. *Hutcheson*, U.S. Dist. LEXIS 238057, *7; *Orange Lake Country Club*, 2019 U.S. Dist. LEXIS 224089, *6; *Hands on Chiropractic*, 2018 U.S. Dist. LEXIS 223752, *4. In sum, Plaintiff does not provide "a full, fair explanation [of its objection to document production] particular to the facts of the case," as required by the Middle District of Florida's Civil Discovery Handbook, Section III(A)(6).

With reference to Plaintiff's citation to the Middle District of Florida's Civil Discovery Handbook III(A)(1), "a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I'" is substantially different than requesting documents evidencing that "Ms. Feccia learned she was pregnant and informed Defendant of her intent to take maternity leave." The former is a broad, amorphous request which is rightly prohibited by the Middle District of Florida's Civil Discovery Handbook. The latter is a specific request "describ[ing] with reasonable particularity each item or category of items to be inspected," as required by Federal Rule of Civil Procedure 34.

Moreover, Plaintiff asserts this exact same cut-and-paste response with no variation whatsoever in response to Request Nos. 29, 30, 35, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 48, 49, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, and 64 – responses a total of twenty-seven Requests. These responses erroneously rely upon the Middle District of Florida's Civil Discovery Handbook III(A)(1) to authorize boilerplate objections containing no specificity and *not a single difference among Plaintiff's twenty-seven identical responses*.

Beyond Plaintiff's failure to properly respond or properly object, Plaintiff does not identify which document(s) it has produced in response to Request No. 30, even though Plaintiff has elected to organize and label documents produced to correspond to the categories in the request. Defendant has reviewed the documents produced by Plaintiff and is unable to ascertain what, if any, documents are responsive to Request No. 30. Plaintiff must specifically identify the documents produced in response to this Request. *Taser*, 2017 U.S. Dist. LEXIS 193912, *9-10; *Nationwide*, 2015 U.S. Dist. LEXIS 43251, *27-28; *Brown*, 2006 U.S. Dist. LEXIS 106992, *3-4.

Please direct Plaintiff to provide a full and complete response to Request No. 30 and to provide all responsive documents.

**Request No. 35** asked that Plaintiff produce:

> All documents or records which evidence your claim in paragraph 27 of the Complaint that "In or around March 2023, Ms. Feccia emailed Dietz asking if she could return to work full time, working partially from home and partially from the office."

Plaintiff responded to this Request as follows:

Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized. See Middle District of Florida Discovery Handbook III(A)(1) ("a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").

Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of the request, Plaintiff is not in possession of any such non-privileged documents other than those provided herein.

Plaintiff does not adequately respond to this Request for Production. Plaintiff submits a boilerplate objection in violation of Federal Rule of Civil Procedure 34 and the Middle District of Florida's Civil Discovery Handbook. Plaintiff's objection mirrors the general, non-specific objections which this Court routinely overrules and considers waived due to lack of specificity. *Hutcheson*, U.S. Dist. LEXIS 238057, *7; *Orange Lake Country Club*, 2019 U.S. Dist. LEXIS 224089, *6; *Hands on Chiropractic*, 2018 U.S. Dist. LEXIS 223752, *4. In sum, Plaintiff does not provide "a full, fair explanation [of its objection to document production] particular to the facts of the case," as required by the Middle District of Florida's Civil Discovery Handbook, Section III(A)(6).

With reference to Plaintiff's citation to the Middle District of Florida's Civil Discovery Handbook III(A)(1), "a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I'" is substantially different than requesting documents evidencing that "In or around March 2023, Ms. Feccia emailed Dietz asking if she could return to work full time, working partially from home and partially from the office." The former is a broad, amorphous request which is rightly prohibited by the Middle District of Florida's Civil Discovery Handbook. The latter is a specific request "describ[ing] with reasonable particularity each item or category of items to be inspected," as required by Federal Rule of Civil Procedure 34.

Moreover, Plaintiff asserts this exact same cut-and-paste response with no variation whatsoever in response to Request Nos. 29, 30, 35, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 48, 49, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, and 64 – responses a total of twenty-seven Requests. These responses erroneously rely upon the Middle District of Florida's Civil Discovery Handbook III(A)(1) to authorize boilerplate objections containing no specificity and *not a single difference among Plaintiff's twenty-seven identical responses*.

Beyond Plaintiff's failure to properly respond or properly object, Plaintiff does not identify which document(s) it has produced in response to Request No. 35, even though Plaintiff has elected to organize and label documents produced to correspond to the categories in the request. Defendant has reviewed the documents produced by Plaintiff and is unable to ascertain what, if any, documents are responsive to Request No. 35. Plaintiff must specifically identify the documents produced in response to this Request. *Taser*, 2017 U.S. Dist. LEXIS 193912, *9-10; *Nationwide*, 2015 U.S. Dist. LEXIS 43251, *27-28; *Brown*, 2006 U.S. Dist. LEXIS 106992, *3-4.

**JacksonLewis**

October 18, 2024
Kyle MacDonald
Derek Smith Law Group PLLC
Page 22

Please direct Plaintiff to provide a full and complete response to Request No. 35 and to provide all responsive documents.

**Request No. 37** asked that Plaintiff produce:

> All documents or records which evidence your claim in paragraph 33 of the Complaint that "Ms. Feccia complained about the condition of her desk to Jed Prest ('Prest"), an individual male employed by Defendant as Managing Partner, and Meghan Dietz ("Dietz"), an individual female employed by Respondent as Design Operations Practice Leader."

Plaintiff responded to this Request as follows:

> Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized. See Middle District of Florida Discovery Handbook III(A)(1) ("a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").

> Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of the request, Plaintiff is not in possession of any such non-privileged documents other than those provided herein.

Plaintiff does not adequately respond to this Request for Production. Plaintiff submits a boilerplate objection in violation of Federal Rule of Civil Procedure 34 and the Middle District of Florida's Civil Discovery Handbook. Plaintiff's objection mirrors the general, non-specific objections which this Court routinely overrules and considers waived due to lack of specificity. *Hutcheson*, U.S. Dist. LEXIS 238057, *7; *Orange Lake Country Club*, 2019 U.S. Dist. LEXIS 224089, *6; *Hands on Chiropractic*, 2018 U.S. Dist. LEXIS 223752, *4. In sum, Plaintiff does not provide "a full, fair explanation [of its objection to document production] particular to the facts of the case," as required by the Middle District of Florida's Civil Discovery Handbook, Section III(A)(6).

With reference to Plaintiff's citation to the Middle District of Florida's Civil Discovery Handbook III(A)(1), "a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I'" is substantially different than requesting documents evidencing that "Ms. Feccia complained about the condition of her desk to Jed Prest ('Prest"), an individual male employed by Defendant as Managing Partner, and Meghan Dietz ("Dietz"), an individual female employed by Respondent as Design Operations Practice Leader." The former is a broad, amorphous request which is rightly prohibited by the Middle District of Florida's Civil Discovery Handbook. The latter is a specific request "describ[ing] with reasonable particularity each item or category of items to be inspected," as required by Federal Rule of Civil Procedure 34.

Moreover, Plaintiff asserts this exact same cut-and-paste response with no variation whatsoever in response to Request Nos. 29, 30, 35, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 48, 49, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, and 64 – responses a total of twenty-seven Requests. These responses erroneously rely

upon the Middle District of Florida's Civil Discovery Handbook III(A)(1) to authorize boilerplate objections containing no specificity and *not a single difference among Plaintiff's twenty-seven identical responses*.

Beyond Plaintiff's failure to properly respond or properly object, Plaintiff does not identify which document(s) it has produced in response to Request No. 37, even though Plaintiff has elected to organize and label documents produced to correspond to the categories in the request. Defendant has reviewed the documents produced by Plaintiff and is unable to ascertain what, if any, documents are responsive to Request No. 37. Plaintiff must specifically identify the documents produced in response to this Request. *Taser*, 2017 U.S. Dist. LEXIS 193912, *9-10; *Nationwide*, 2015 U.S. Dist. LEXIS 43251, *27-28; *Brown*, 2006 U.S. Dist. LEXIS 106992, *3-4.

Please direct Plaintiff to provide a full and complete response to Request No. 37 and to provide all responsive documents.

**Request No. 38** asked that Plaintiff produce:

> All documents or records which evidence your claim in paragraph 34 of the Complaint that "Prest and Dietz held supervisory authority over Ms. Feccia, including the power to hire, fire, demote, and promote Ms. Feccia."

Plaintiff responded to this Request as follows:

> Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized. See Middle District of Florida Discovery Handbook III(A)(1) ("a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").

> Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of the request, Plaintiff is not in possession of any such non-privileged documents other than those provided herein.

Plaintiff does not adequately respond to this Request for Production. Plaintiff submits a boilerplate objection in violation of Federal Rule of Civil Procedure 34 and the Middle District of Florida's Civil Discovery Handbook. Plaintiff's objection mirrors the general, non-specific objections which this Court routinely overrules and considers waived due to lack of specificity. *Hutcheson*, U.S. Dist. LEXIS 238057, *7; *Orange Lake Country Club*, 2019 U.S. Dist. LEXIS 224089, *6; *Hands on Chiropractic*, 2018 U.S. Dist. LEXIS 223752, *4. In sum, Plaintiff does not provide "a full, fair explanation [of its objection to document production] particular to the facts of the case," as required by the Middle District of Florida's Civil Discovery Handbook, Section III(A)(6).

With reference to Plaintiff's citation to the Middle District of Florida's Civil Discovery Handbook III(A)(1), "a request for 'each and every document supporting your claim' or a request for 'the documents

you believe support Count I'" is substantially different than requesting documents evidencing that "Prest and Dietz held supervisory authority over Ms. Feccia, including the power to hire, fire, demote, and promote Ms. Feccia." The former is a broad, amorphous request which is rightly prohibited by the Middle District of Florida's Civil Discovery Handbook. The latter is a specific request "describ[ing] with reasonable particularity each item or category of items to be inspected," as required by Federal Rule of Civil Procedure 34.

Moreover, Plaintiff asserts this exact same cut-and-paste response with no variation whatsoever in response to Request Nos. 29, 30, 35, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 48, 49, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, and 64 – responses a total of twenty-seven Requests. These responses erroneously rely upon the Middle District of Florida's Civil Discovery Handbook III(A)(1) to authorize boilerplate objections containing no specificity and *not a single difference among Plaintiff's twenty-seven identical responses*.

Beyond Plaintiff's failure to properly respond or properly object, Plaintiff does not identify which document(s) it has produced in response to Request No. 38, even though Plaintiff has elected to organize and label documents produced to correspond to the categories in the request. Defendant has reviewed the documents produced by Plaintiff and is unable to ascertain what, if any, documents are responsive to Request No. 38. Plaintiff must specifically identify the documents produced in response to this Request. *Taser*, 2017 U.S. Dist. LEXIS 193912, *9-10; *Nationwide*, 2015 U.S. Dist. LEXIS 43251, *27-28; *Brown*, 2006 U.S. Dist. LEXIS 106992, *3-4.

Please direct Plaintiff to provide a full and complete response to Request No. 38 and to provide all responsive documents.

**Request No. 39** asked that Plaintiff produce:

> All documents or records which evidence your claim in paragraph 35 of the Complaint that "Prest and Dietz largely ignored Ms. Feccia' s complaint, forcing her to work from a temporary desk upon her return."

Plaintiff responded to this Request as follows:

> Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized. See Middle District of Florida Discovery Handbook III(A)(1) ("a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").

> Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of the request, Plaintiff is not in possession of any such non-privileged documents other than those provided herein.

# JacksonLewis

Plaintiff does not adequately respond to this Request for Production. Plaintiff submits a boilerplate objection in violation of Federal Rule of Civil Procedure 34 and the Middle District of Florida's Civil Discovery Handbook. Plaintiff's objection mirrors the general, non-specific objections which this Court routinely overrules and considers waived due to lack of specificity. *Hutcheson*, U.S. Dist. LEXIS 238057, *7; *Orange Lake Country Club*, 2019 U.S. Dist. LEXIS 224089, *6; *Hands on Chiropractic*, 2018 U.S. Dist. LEXIS 223752, *4. In sum, Plaintiff does not provide "a full, fair explanation [of its objection to document production] particular to the facts of the case," as required by the Middle District of Florida's Civil Discovery Handbook, Section III(A)(6).

With reference to Plaintiff's citation to the Middle District of Florida's Civil Discovery Handbook III(A)(1), "a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I'" is substantially different than requesting documents evidencing that "Prest and Dietz largely ignored Ms. Feccia's complaint, forcing her to work from a temporary desk upon her return." The former is a broad, amorphous request which is rightly prohibited by the Middle District of Florida's Civil Discovery Handbook. The latter is a specific request "describ[ing] with reasonable particularity each item or category of items to be inspected," as required by Federal Rule of Civil Procedure 34.

Moreover, Plaintiff asserts this exact same cut-and-paste response with no variation whatsoever in response to Request Nos. 29, 30, 35, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 48, 49, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, and 64 – responses a total of twenty-seven Requests. These responses erroneously rely upon the Middle District of Florida's Civil Discovery Handbook III(A)(1) to authorize boilerplate objections containing no specificity and *not a single difference among Plaintiff's twenty-seven identical responses*.

Beyond Plaintiff's failure to properly respond or properly object, Plaintiff does not identify which document(s) it has produced in response to Request No. 39, even though Plaintiff has elected to organize and label documents produced to correspond to the categories in the request. Defendant has reviewed the documents produced by Plaintiff and is unable to ascertain what, if any, documents are responsive to Request No. 39. Plaintiff must specifically identify the documents produced in response to this Request. *Taser*, 2017 U.S. Dist. LEXIS 193912, *9-10; *Nationwide*, 2015 U.S. Dist. LEXIS 43251, *27-28; *Brown*, 2006 U.S. Dist. LEXIS 106992, *3-4.

Please direct Plaintiff to provide a full and complete response to Request No. 39 and to provide all responsive documents.

**Request No. 40** asked that Plaintiff produce:

> All documents or records which evidence your claim in paragraph 36 of the Complaint that "When Ms. Feccia returned to work, she asked Dietz if there were any tasks she could assist with, as she was eager to begin working again."

Plaintiff responded to this Request as follows:

Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized. See Middle District of Florida Discovery Handbook III(A)(1) ("a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").

Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of the request, Plaintiff is not in possession of any such non-privileged documents other than those provided herein.

Plaintiff does not adequately respond to this Request for Production. Plaintiff submits a boilerplate objection in violation of Federal Rule of Civil Procedure 34 and the Middle District of Florida's Civil Discovery Handbook. Plaintiff's objection mirrors the general, non-specific objections which this Court routinely overrules and considers waived due to lack of specificity. *Hutcheson*, U.S. Dist. LEXIS 238057, *7; *Orange Lake Country Club*, 2019 U.S. Dist. LEXIS 224089, *6; *Hands on Chiropractic*, 2018 U.S. Dist. LEXIS 223752, *4. In sum, Plaintiff does not provide "a full, fair explanation [of its objection to document production] particular to the facts of the case," as required by the Middle District of Florida's Civil Discovery Handbook, Section III(A)(6).

With reference to Plaintiff's citation to the Middle District of Florida's Civil Discovery Handbook III(A)(1), "a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I'" is substantially different than requesting documents evidencing that "When Ms. Feccia returned to work, she asked Dietz if there were any tasks she could assist with, as she was eager to begin working again." The former is a broad, amorphous request which is rightly prohibited by the Middle District of Florida's Civil Discovery Handbook. The latter is a specific request "describ[ing] with reasonable particularity each item or category of items to be inspected," as required by Federal Rule of Civil Procedure 34.

Moreover, Plaintiff asserts this exact same cut-and-paste response with no variation whatsoever in response to Request Nos. 29, 30, 35, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 48, 49, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, and 64 – responses a total of twenty-seven Requests. These responses erroneously rely upon the Middle District of Florida's Civil Discovery Handbook III(A)(1) to authorize boilerplate objections containing no specificity and *not a single difference among Plaintiff's twenty-seven identical responses*.

Beyond Plaintiff's failure to properly respond or properly object, Plaintiff does not identify which document(s) it has produced in response to Request No. 40, even though Plaintiff has elected to organize and label documents produced to correspond to the categories in the request. Defendant has reviewed the documents produced by Plaintiff and is unable to ascertain what, if any, documents are responsive to Request No. 40. Plaintiff must specifically identify the documents produced in response to this Request. *Taser*, 2017 U.S. Dist. LEXIS 193912, *9-10; *Nationwide*, 2015 U.S. Dist. LEXIS 43251, *27-28; *Brown*, 2006 U.S. Dist. LEXIS 106992, *3-4.

**JacksonLewis**

Please direct Plaintiff to provide a full and complete response to Request No. 40 and to provide all responsive documents.

**Request No. 41** asked that Plaintiff produce:

> All documents or records which evidence your claim in paragraph 37 of the Complaint that "Over the course of the next two weeks, Ms. Feccia was given just two tasks to complete. Ms. Feccia felt uncomfortable and was unsure why she was being assigned such little work."

Plaintiff responded to this Request as follows:

> Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized. See Middle District of Florida Discovery Handbook III(A)(1) ("a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").

> Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of the request, Plaintiff is not in possession of any such non-privileged documents other than those provided herein.

Plaintiff does not adequately respond to this Request for Production. Plaintiff submits a boilerplate objection in violation of Federal Rule of Civil Procedure 34 and the Middle District of Florida's Civil Discovery Handbook. Plaintiff's objection mirrors the general, non-specific objections which this Court routinely overrules and considers waived due to lack of specificity. *Hutcheson*, U.S. Dist. LEXIS 238057, *7; *Orange Lake Country Club*, 2019 U.S. Dist. LEXIS 224089, *6; *Hands on Chiropractic*, 2018 U.S. Dist. LEXIS 223752, *4. In sum, Plaintiff does not provide "a full, fair explanation [of its objection to document production] particular to the facts of the case," as required by the Middle District of Florida's Civil Discovery Handbook, Section III(A)(6).

With reference to Plaintiff's citation to the Middle District of Florida's Civil Discovery Handbook III(A)(1), "a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I'" is substantially different than requesting documents evidencing that "Over the course of the next two weeks, Ms. Feccia was given just two tasks to complete. Ms. Feccia felt uncomfortable and was unsure why she was being assigned such little work." The former is a broad, amorphous request which is rightly prohibited by the Middle District of Florida's Civil Discovery Handbook. The latter is a specific request "describ[ing] with reasonable particularity each item or category of items to be inspected," as required by Federal Rule of Civil Procedure 34.

Moreover, Plaintiff asserts this exact same cut-and-paste response with no variation whatsoever in response to Request Nos. 29, 30, 35, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 48, 49, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, and 64 – responses a total of twenty-seven Requests. These responses erroneously rely upon the Middle District of Florida's Civil Discovery Handbook III(A)(1) to authorize boilerplate

**JacksonLewis**

October 18, 2024
Kyle MacDonald
Derek Smith Law Group PLLC
Page 28

objections containing no specificity and *not a single difference among Plaintiff's twenty-seven identical responses*.

Beyond Plaintiff's failure to properly respond or properly object, Plaintiff does not identify which document(s) it has produced in response to Request No. 41, even though Plaintiff has elected to organize and label documents produced to correspond to the categories in the request. Defendant has reviewed the documents produced by Plaintiff and is unable to ascertain what, if any, documents are responsive to Request No. 41. Plaintiff must specifically identify the documents produced in response to this Request. *Taser*, 2017 U.S. Dist. LEXIS 193912, *9-10; *Nationwide*, 2015 U.S. Dist. LEXIS 43251, *27-28; *Brown*, 2006 U.S. Dist. LEXIS 106992, *3-4.

Please direct Plaintiff to provide a full and complete response to Request No. 41 and to provide all responsive documents.

**Request No. 42** asked that Plaintiff produce:

> All documents or records which evidence your claim in paragraph 39 of the Complaint that "Ms. Feccia contacted Dietz and requested to work from home to take care of him. Dietz granted Ms. Feccia's request."

Plaintiff responded to this Request as follows:

> Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized. See Middle District of Florida Discovery Handbook III(A)(1) ("a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").

> Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of the request, Plaintiff is not in possession of any such non-privileged documents other than those provided herein.

Plaintiff does not adequately respond to this Request for Production. Plaintiff submits a boilerplate objection in violation of Federal Rule of Civil Procedure 34 and the Middle District of Florida's Civil Discovery Handbook. Plaintiff's objection mirrors the general, non-specific objections which this Court routinely overrules and considers waived due to lack of specificity. *Hutcheson*, U.S. Dist. LEXIS 238057, *7; *Orange Lake Country Club*, 2019 U.S. Dist. LEXIS 224089, *6; *Hands on Chiropractic*, 2018 U.S. Dist. LEXIS 223752, *4. In sum, Plaintiff does not provide "a full, fair explanation [of its objection to document production] particular to the facts of the case," as required by the Middle District of Florida's Civil Discovery Handbook, Section III(A)(6).

With reference to Plaintiff's citation to the Middle District of Florida's Civil Discovery Handbook III(A)(1), "a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I'" is substantially different than requesting documents evidencing that "Ms.

Feccia contacted Dietz and requested to work from home to take care of him. Dietz granted Ms. Feccia's request." The former is a broad, amorphous request which is rightly prohibited by the Middle District of Florida's Civil Discovery Handbook. The latter is a specific request "describ[ing] with reasonable particularity each item or category of items to be inspected," as required by Federal Rule of Civil Procedure 34.

Moreover, Plaintiff asserts this exact same cut-and-paste response with no variation whatsoever in response to Request Nos. 29, 30, 35, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 48, 49, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, and 64 – responses a total of twenty-seven Requests. These responses erroneously rely upon the Middle District of Florida's Civil Discovery Handbook III(A)(1) to authorize boilerplate objections containing no specificity and *not a single difference among Plaintiff's twenty-seven identical responses*.

Beyond Plaintiff's failure to properly respond or properly object, Plaintiff does not identify which document(s) it has produced in response to Request No. 42, even though Plaintiff has elected to organize and label documents produced to correspond to the categories in the request. Defendant has reviewed the documents produced by Plaintiff and is unable to ascertain what, if any, documents are responsive to Request No. 42. Plaintiff must specifically identify the documents produced in response to this Request. *Taser*, 2017 U.S. Dist. LEXIS 193912, *9-10; *Nationwide*, 2015 U.S. Dist. LEXIS 43251, *27-28; *Brown*, 2006 U.S. Dist. LEXIS 106992, *3-4.

Please direct Plaintiff to provide a full and complete response to Request No. 42 and to provide all responsive documents.

**Request No. 43** asked that Plaintiff produce:

> All documents or records which evidence your claim in paragraph 40 of the Complaint that "Ms. Feccia also reiterated to Dietz that she was willing to assist with any work tasks that were available. Dietz said that she would get back to Ms. Feccia."

Plaintiff responded to this Request as follows:

> Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized. See Middle District of Florida Discovery Handbook III(A)(1) ("a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").

> Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of the request, Plaintiff is not in possession of any such non-privileged documents other than those provided herein.

Plaintiff does not adequately respond to this Request for Production. Plaintiff submits a boilerplate objection in violation of Federal Rule of Civil Procedure 34 and the Middle District of Florida's Civil

Discovery Handbook. Plaintiff's objection mirrors the general, non-specific objections which this Court routinely overrules and considers waived due to lack of specificity. *Hutcheson*, U.S. Dist. LEXIS 238057, *7; *Orange Lake Country Club*, 2019 U.S. Dist. LEXIS 224089, *6; *Hands on Chiropractic*, 2018 U.S. Dist. LEXIS 223752, *4. In sum, Plaintiff does not provide "a full, fair explanation [of its objection to document production] particular to the facts of the case," as required by the Middle District of Florida's Civil Discovery Handbook, Section III(A)(6).

With reference to Plaintiff's citation to the Middle District of Florida's Civil Discovery Handbook III(A)(1), "a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I'" is substantially different than requesting documents evidencing that "Ms. Feccia also reiterated to Dietz that she was willing to assist with any work tasks that were available. Dietz said that she would get back to Ms. Feccia." The former is a broad, amorphous request which is rightly prohibited by the Middle District of Florida's Civil Discovery Handbook. The latter is a specific request "describ[ing] with reasonable particularity each item or category of items to be inspected," as required by Federal Rule of Civil Procedure 34.

Moreover, Plaintiff asserts this exact same cut-and-paste response with no variation whatsoever in response to Request Nos. 29, 30, 35, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 48, 49, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, and 64 – responses a total of twenty-seven Requests. These responses erroneously rely upon the Middle District of Florida's Civil Discovery Handbook III(A)(1) to authorize boilerplate objections containing no specificity and *not a single difference among Plaintiff's twenty-seven identical responses*.

Beyond Plaintiff's failure to properly respond or properly object, Plaintiff does not identify which document(s) it has produced in response to Request No. 43, even though Plaintiff has elected to organize and label documents produced to correspond to the categories in the request. Defendant has reviewed the documents produced by Plaintiff and is unable to ascertain what, if any, documents are responsive to Request No. 43. Plaintiff must specifically identify the documents produced in response to this Request. *Taser*, 2017 U.S. Dist. LEXIS 193912, *9-10; *Nationwide*, 2015 U.S. Dist. LEXIS 43251, *27-28; *Brown*, 2006 U.S. Dist. LEXIS 106992, *3-4.

Please direct Plaintiff to provide a full and complete response to Request No. 43 and to provide all responsive documents.

**Request No. 44** asked that Plaintiff produce:

> All documents or records which evidence your claim in paragraph 41 of the Complaint that "That same day, Ms. Feccia also participated in a Design Operations weekly meeting, where she also informed the group that she was happy to help with any projects. Ultimately, no one from the group contacted Ms. Feccia."

Plaintiff responded to this Request as follows:

# JacksonLewis

October 18, 2024
Kyle MacDonald
Derek Smith Law Group PLLC
Page 31

Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized. See Middle District of Florida Discovery Handbook III(A)(1) ("a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").

Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of the request, Plaintiff is not in possession of any such non-privileged documents other than those provided herein.

Plaintiff does not adequately respond to this Request for Production. Plaintiff submits a boilerplate objection in violation of Federal Rule of Civil Procedure 34 and the Middle District of Florida's Civil Discovery Handbook. Plaintiff's objection mirrors the general, non-specific objections which this Court routinely overrules and considers waived due to lack of specificity. *Hutcheson*, U.S. Dist. LEXIS 238057, *7; *Orange Lake Country Club*, 2019 U.S. Dist. LEXIS 224089, *6; *Hands on Chiropractic*, 2018 U.S. Dist. LEXIS 223752, *4. In sum, Plaintiff does not provide "a full, fair explanation [of its objection to document production] particular to the facts of the case," as required by the Middle District of Florida's Civil Discovery Handbook, Section III(A)(6).

With reference to Plaintiff's citation to the Middle District of Florida's Civil Discovery Handbook III(A)(1), "a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I'" is substantially different than requesting documents evidencing that "That same day, Ms. Feccia also participated in a Design Operations weekly meeting, where she also informed the group that she was happy to help with any projects. Ultimately, no one from the group contacted Ms. Feccia." The former is a broad, amorphous request which is rightly prohibited by the Middle District of Florida's Civil Discovery Handbook. The latter is a specific request "describ[ing] with reasonable particularity each item or category of items to be inspected," as required by Federal Rule of Civil Procedure 34.

Moreover, Plaintiff asserts this exact same cut-and-paste response with no variation whatsoever in response to Request Nos. 29, 30, 35, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 48, 49, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, and 64 – responses a total of twenty-seven Requests. These responses erroneously rely upon the Middle District of Florida's Civil Discovery Handbook III(A)(1) to authorize boilerplate objections containing no specificity and *not a single difference among Plaintiff's twenty-seven identical responses*.

Beyond Plaintiff's failure to properly respond or properly object, Plaintiff does not identify which document(s) it has produced in response to Request No. 44, even though Plaintiff has elected to organize and label documents produced to correspond to the categories in the request. Defendant has reviewed the documents produced by Plaintiff and is unable to ascertain what, if any, documents are responsive to Request No. 44. Plaintiff must specifically identify the documents produced in response to this Request. *Taser*, 2017 U.S. Dist. LEXIS 193912, *9-10; *Nationwide*, 2015 U.S. Dist. LEXIS 43251, *27-28; *Brown*, 2006 U.S. Dist. LEXIS 106992, *3-4.

# JacksonLewis

Please direct Plaintiff to provide a full and complete response to Request No. 44 and to provide all responsive documents.

**Request No. 45** asked that Plaintiff produce:

> All documents or records which evidence your claim in paragraph 42 of the Complaint that "On or around April 10, 2023, Ms. Feccia messaged Dietz informing her that Ms. Feccia's son was still sick, and that the illness had spread to Ms. Feccia, causing her to become sick too."

Plaintiff responded to this Request as follows:

> Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized. See Middle District of Florida Discovery Handbook III(A)(1) ("a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").

> Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of the request, Plaintiff is not in possession of any such non-privileged documents other than those provided herein.

Plaintiff does not adequately respond to this Request for Production. Plaintiff submits a boilerplate objection in violation of Federal Rule of Civil Procedure 34 and the Middle District of Florida's Civil Discovery Handbook. Plaintiff's objection mirrors the general, non-specific objections which this Court routinely overrules and considers waived due to lack of specificity. *Hutcheson*, U.S. Dist. LEXIS 238057, *7; *Orange Lake Country Club*, 2019 U.S. Dist. LEXIS 224089, *6; *Hands on Chiropractic*, 2018 U.S. Dist. LEXIS 223752, *4. In sum, Plaintiff does not provide "a full, fair explanation [of its objection to document production] particular to the facts of the case," as required by the Middle District of Florida's Civil Discovery Handbook, Section III(A)(6).

With reference to Plaintiff's citation to the Middle District of Florida's Civil Discovery Handbook III(A)(1), "a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I'" is substantially different than requesting documents evidencing that "On or around April 10, 2023, Ms. Feccia messaged Dietz informing her that Ms. Feccia's son was still sick, and that the illness had spread to Ms. Feccia, causing her to become sick too." The former is a broad, amorphous request which is rightly prohibited by the Middle District of Florida's Civil Discovery Handbook. The latter is a specific request "describ[ing] with reasonable particularity each item or category of items to be inspected," as required by Federal Rule of Civil Procedure 34.

Moreover, Plaintiff asserts this exact same cut-and-paste response with no variation whatsoever in response to Request Nos. 29, 30, 35, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 48, 49, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, and 64 – responses a total of twenty-seven Requests. These responses erroneously rely upon the Middle District of Florida's Civil Discovery Handbook III(A)(1) to authorize boilerplate

objections containing no specificity and *not a single difference among Plaintiff's twenty-seven identical responses*.

Beyond Plaintiff's failure to properly respond or properly object, Plaintiff does not identify which document(s) it has produced in response to Request No. 45, even though Plaintiff has elected to organize and label documents produced to correspond to the categories in the request. Defendant has reviewed the documents produced by Plaintiff and is unable to ascertain what, if any, documents are responsive to Request No. 45. Plaintiff must specifically identify the documents produced in response to this Request. *Taser*, 2017 U.S. Dist. LEXIS 193912, *9-10; *Nationwide*, 2015 U.S. Dist. LEXIS 43251, *27-28; *Brown*, 2006 U.S. Dist. LEXIS 106992, *3-4.

Please direct Plaintiff to provide a full and complete response to Request No. 45 and to provide all responsive documents.

**Request No. 46** asked that Plaintiff produce:

> All documents or records which evidence your claim in paragraph 43 of the Complaint that "In response Dietz, wished Ms. Feccia well but failed to provide Ms. Feccia with any work assignments."

Plaintiff responded to this Request as follows:

> Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized. See Middle District of Florida Discovery Handbook III(A)(1) ("a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").

> Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of the request, Plaintiff is not in possession of any such non-privileged documents other than those provided herein.

Plaintiff does not adequately respond to this Request for Production. Plaintiff submits a boilerplate objection in violation of Federal Rule of Civil Procedure 34 and the Middle District of Florida's Civil Discovery Handbook. Plaintiff's objection mirrors the general, non-specific objections which this Court routinely overrules and considers waived due to lack of specificity. *Hutcheson*, U.S. Dist. LEXIS 238057, *7; *Orange Lake Country Club*, 2019 U.S. Dist. LEXIS 224089, *6; *Hands on Chiropractic*, 2018 U.S. Dist. LEXIS 223752, *4. In sum, Plaintiff does not provide "a full, fair explanation [of its objection to document production] particular to the facts of the case," as required by the Middle District of Florida's Civil Discovery Handbook, Section III(A)(6).

With reference to Plaintiff's citation to the Middle District of Florida's Civil Discovery Handbook III(A)(1), "a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I'" is substantially different than requesting documents evidencing that "In

# JacksonLewis

response Dietz, wished Ms. Feccia well but failed to provide Ms. Feccia with any work assignments." The former is a broad, amorphous request which is rightly prohibited by the Middle District of Florida's Civil Discovery Handbook. The latter is a specific request "describ[ing] with reasonable particularity each item or category of items to be inspected," as required by Federal Rule of Civil Procedure 34.

Moreover, Plaintiff asserts this exact same cut-and-paste response with no variation whatsoever in response to Request Nos. 29, 30, 35, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 48, 49, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, and 64 – responses a total of twenty-seven Requests. These responses erroneously rely upon the Middle District of Florida's Civil Discovery Handbook III(A)(1) to authorize boilerplate objections containing no specificity and *not a single difference among Plaintiff's twenty-seven identical responses*.

Beyond Plaintiff's failure to properly respond or properly object, Plaintiff does not identify which document(s) it has produced in response to Request No. 46, even though Plaintiff has elected to organize and label documents produced to correspond to the categories in the request. Defendant has reviewed the documents produced by Plaintiff and is unable to ascertain what, if any, documents are responsive to Request No. 46. Plaintiff must specifically identify the documents produced in response to this Request. *Taser*, 2017 U.S. Dist. LEXIS 193912, *9-10; *Nationwide*, 2015 U.S. Dist. LEXIS 43251, *27-28; *Brown*, 2006 U.S. Dist. LEXIS 106992, *3-4.

Please direct Plaintiff to provide a full and complete response to Request No. 46 and to provide all responsive documents.

**Request No. 48** asked that Plaintiff produce:

> All documents or records which evidence your claim in paragraph 45 of the Complaint that "Defendant employed a generous unlimited sick leave policy, leading Ms. Feccia to believe that she could take the remainder of the week to recover without issue."

Plaintiff responded to this Request as follows:

> Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized. See Middle District of Florida Discovery Handbook III(A)(1) ("a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").

> Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of the request, Plaintiff is not in possession of any such non-privileged documents other than those provided herein.

Plaintiff does not adequately respond to this Request for Production. Plaintiff submits a boilerplate objection in violation of Federal Rule of Civil Procedure 34 and the Middle District of Florida's Civil Discovery Handbook. Plaintiff's objection mirrors the general, non-specific objections which this Court

routinely overrules and considers waived due to lack of specificity. *Hutcheson*, U.S. Dist. LEXIS 238057, *7; *Orange Lake Country Club*, 2019 U.S. Dist. LEXIS 224089, *6; *Hands on Chiropractic*, 2018 U.S. Dist. LEXIS 223752, *4. In sum, Plaintiff does not provide "a full, fair explanation [of its objection to document production] particular to the facts of the case," as required by the Middle District of Florida's Civil Discovery Handbook, Section III(A)(6).

With reference to Plaintiff's citation to the Middle District of Florida's Civil Discovery Handbook III(A)(1), "a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I'" is substantially different than requesting documents evidencing that "Defendant employed a generous unlimited sick leave policy, leading Ms. Feccia to believe that she could take the remainder of the week to recover without issue." The former is a broad, amorphous request which is rightly prohibited by the Middle District of Florida's Civil Discovery Handbook. The latter is a specific request "describ[ing] with reasonable particularity each item or category of items to be inspected," as required by Federal Rule of Civil Procedure 34.

Moreover, Plaintiff asserts this exact same cut-and-paste response with no variation whatsoever in response to Request Nos. 29, 30, 35, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 48, 49, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, and 64 – responses a total of twenty-seven Requests. These responses erroneously rely upon the Middle District of Florida's Civil Discovery Handbook III(A)(1) to authorize boilerplate objections containing no specificity and *not a single difference among Plaintiff's twenty-seven identical responses*.

Beyond Plaintiff's failure to properly respond or properly object, Plaintiff does not identify which document(s) it has produced in response to Request No. 48, even though Plaintiff has elected to organize and label documents produced to correspond to the categories in the request. Defendant has reviewed the documents produced by Plaintiff and is unable to ascertain what, if any, documents are responsive to Request No. 48. Plaintiff must specifically identify the documents produced in response to this Request. *Taser*, 2017 U.S. Dist. LEXIS 193912, *9-10; *Nationwide*, 2015 U.S. Dist. LEXIS 43251, *27-28; *Brown*, 2006 U.S. Dist. LEXIS 106992, *3-4.

Please direct Plaintiff to provide a full and complete response to Request No. 48 and to provide all responsive documents.

**Request No. 49** asked that Plaintiff produce:

> All documents or records which evidence your claim in paragraph 46 of the Complaint that "Ms. Feccia used her sick leave benefits from April 12, 2023, to April 14, 2023, without any protest from her supervisors."

Plaintiff responded to this Request as follows:

> Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized. See Middle District of Florida Discovery Handbook III(A)(1)

("a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").

Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of the request, Plaintiff is not in possession of any such non-privileged documents other than those provided herein.

Plaintiff does not adequately respond to this Request for Production. Plaintiff submits a boilerplate objection in violation of Federal Rule of Civil Procedure 34 and the Middle District of Florida's Civil Discovery Handbook. Plaintiff's objection mirrors the general, non-specific objections which this Court routinely overrules and considers waived due to lack of specificity. *Hutcheson*, U.S. Dist. LEXIS 238057, *7; *Orange Lake Country Club*, 2019 U.S. Dist. LEXIS 224089, *6; *Hands on Chiropractic*, 2018 U.S. Dist. LEXIS 223752, *4. In sum, Plaintiff does not provide "a full, fair explanation [of its objection to document production] particular to the facts of the case," as required by the Middle District of Florida's Civil Discovery Handbook, Section III(A)(6).

With reference to Plaintiff's citation to the Middle District of Florida's Civil Discovery Handbook III(A)(1), "a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I'" is substantially different than requesting documents evidencing that "Ms. Feccia used her sick leave benefits from April 12, 2023, to April 14, 2023, without any protest from her supervisors." The former is a broad, amorphous request which is rightly prohibited by the Middle District of Florida's Civil Discovery Handbook. The latter is a specific request "describ[ing] with reasonable particularity each item or category of items to be inspected," as required by Federal Rule of Civil Procedure 34.

Moreover, Plaintiff asserts this exact same cut-and-paste response with no variation whatsoever in response to Request Nos. 29, 30, 35, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 48, 49, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, and 64 – responses a total of twenty-seven Requests. These responses erroneously rely upon the Middle District of Florida's Civil Discovery Handbook III(A)(1) to authorize boilerplate objections containing no specificity and *not a single difference among Plaintiff's twenty-seven identical responses*.

Beyond Plaintiff's failure to properly respond or properly object, Plaintiff does not identify which document(s) it has produced in response to Request No. 49, even though Plaintiff has elected to organize and label documents produced to correspond to the categories in the request. Defendant has reviewed the documents produced by Plaintiff and is unable to ascertain what, if any, documents are responsive to Request No. 49. Plaintiff must specifically identify the documents produced in response to this Request. *Taser*, 2017 U.S. Dist. LEXIS 193912, *9-10; *Nationwide*, 2015 U.S. Dist. LEXIS 43251, *27-28; *Brown*, 2006 U.S. Dist. LEXIS 106992, *3-4.

Please direct Plaintiff to provide a full and complete response to Request No. 49 and to provide all responsive documents.

# JacksonLewis

October 18, 2024
Kyle MacDonald
Derek Smith Law Group PLLC
Page 37

**Request No. 53** asked that Plaintiff produce:

> All documents or records which evidence your claim in paragraph 54 of the Complaint that "Defendant unlawfully discriminated against Ms. Feccia because of her sex and pregnancy, and retaliated against Ms. Feccia for taking pregnancy leave."

Plaintiff responded to this Request as follows:

> Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized. See Middle District of Florida Discovery Handbook III(A)(1) ("a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").

> Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of the request, Plaintiff is not in possession of any such non-privileged documents other than those provided herein.

Plaintiff does not adequately respond to this Request for Production. Plaintiff submits a boilerplate objection in violation of Federal Rule of Civil Procedure 34 and the Middle District of Florida's Civil Discovery Handbook. Plaintiff's objection mirrors the general, non-specific objections which this Court routinely overrules and considers waived due to lack of specificity. *Hutcheson*, U.S. Dist. LEXIS 238057, *7; *Orange Lake Country Club*, 2019 U.S. Dist. LEXIS 224089, *6; *Hands on Chiropractic*, 2018 U.S. Dist. LEXIS 223752, *4. In sum, Plaintiff does not provide "a full, fair explanation [of its objection to document production] particular to the facts of the case," as required by the Middle District of Florida's Civil Discovery Handbook, Section III(A)(6).

With reference to Plaintiff's citation to the Middle District of Florida's Civil Discovery Handbook III(A)(1), "a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I'" is substantially different than requesting documents evidencing that "Defendant unlawfully discriminated against Ms. Feccia because of her sex and pregnancy, and retaliated against Ms. Feccia for taking pregnancy leave." The former is a broad, amorphous request which is rightly prohibited by the Middle District of Florida's Civil Discovery Handbook. The latter is a specific request "describ[ing] with reasonable particularity each item or category of items to be inspected," as required by Federal Rule of Civil Procedure 34.

Moreover, Plaintiff asserts this exact same cut-and-paste response with no variation whatsoever in response to Request Nos. 29, 30, 35, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 48, 49, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, and 64 – responses a total of twenty-seven Requests. These responses erroneously rely upon the Middle District of Florida's Civil Discovery Handbook III(A)(1) to authorize boilerplate objections containing no specificity and *not a single difference among Plaintiff's twenty-seven identical responses.*

Beyond Plaintiff's failure to properly respond or properly object, Plaintiff does not identify which document(s) it has produced in response to Request No. 53, even though Plaintiff has elected to organize and label documents produced to correspond to the categories in the request. Defendant has reviewed the documents produced by Plaintiff and is unable to ascertain what, if any, documents are responsive to Request No. 53. Plaintiff must specifically identify the documents produced in response to this Request. *Taser*, 2017 U.S. Dist. LEXIS 193912, *9-10; *Nationwide*, 2015 U.S. Dist. LEXIS 43251, *27-28; *Brown*, 2006 U.S. Dist. LEXIS 106992, *3-4.

Please direct Plaintiff to provide a full and complete response to Request No. 53 and to provide all responsive documents.

**Request No. 54** asked that Plaintiff produce:

> All documents or records which evidence your claim in paragraph 55 of the Complaint that "Defendant interfered with Ms. Feccia's protected rights under the FMLA and retaliated against Ms. Feccia for exercising her FMLA leave benefits."

Plaintiff responded to this Request as follows:

> Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized. See Middle District of Florida Discovery Handbook III(A)(1) ("a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").

> Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of the request, Plaintiff is not in possession of any such non-privileged documents other than those provided herein.

Plaintiff does not adequately respond to this Request for Production. Plaintiff submits a boilerplate objection in violation of Federal Rule of Civil Procedure 34 and the Middle District of Florida's Civil Discovery Handbook. Plaintiff's objection mirrors the general, non-specific objections which this Court routinely overrules and considers waived due to lack of specificity. *Hutcheson*, U.S. Dist. LEXIS 238057, *7; *Orange Lake Country Club*, 2019 U.S. Dist. LEXIS 224089, *6; *Hands on Chiropractic*, 2018 U.S. Dist. LEXIS 223752, *4. In sum, Plaintiff does not provide "a full, fair explanation [of its objection to document production] particular to the facts of the case," as required by the Middle District of Florida's Civil Discovery Handbook, Section III(A)(6).

With reference to Plaintiff's citation to the Middle District of Florida's Civil Discovery Handbook III(A)(1), "a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I'" is substantially different than requesting documents evidencing that "Defendant interfered with Ms. Feccia's protected rights under the FMLA and retaliated against Ms. Feccia for exercising her FMLA leave benefits." The former is a broad, amorphous request which is rightly prohibited by the Middle District of Florida's Civil Discovery Handbook. The latter is a specific request

"describ[ing] with reasonable particularity each item or category of items to be inspected," as required by Federal Rule of Civil Procedure 34.

Moreover, Plaintiff asserts this exact same cut-and-paste response with no variation whatsoever in response to Request Nos. 29, 30, 35, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 48, 49, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, and 64 – responses a total of twenty-seven Requests. These responses erroneously rely upon the Middle District of Florida's Civil Discovery Handbook III(A)(1) to authorize boilerplate objections containing no specificity and *not a single difference among Plaintiff's twenty-seven identical responses*.

Beyond Plaintiff's failure to properly respond or properly object, Plaintiff does not identify which document(s) it has produced in response to Request No. 54, even though Plaintiff has elected to organize and label documents produced to correspond to the categories in the request. Defendant has reviewed the documents produced by Plaintiff and is unable to ascertain what, if any, documents are responsive to Request No. 54. Plaintiff must specifically identify the documents produced in response to this Request. *Taser*, 2017 U.S. Dist. LEXIS 193912, *9-10; *Nationwide*, 2015 U.S. Dist. LEXIS 43251, *27-28; *Brown*, 2006 U.S. Dist. LEXIS 106992, *3-4.

Please direct Plaintiff to provide a full and complete response to Request No. 54 and to provide all responsive documents.

**Request No. 55** asked that Plaintiff produce:

> All documents or records which evidence your claim in paragraph 56 of the Complaint that "The events described above are just some of the examples of unlawful discrimination, retaliation, and interference to which Defendant subjected Ms. Feccia throughout her employment," specifically the other "examples" referenced.

Plaintiff responded to this Request as follows:

> Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized. See Middle District of Florida Discovery Handbook III(A)(1) ("a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").

> Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of the request, Plaintiff is not in possession of any such non-privileged documents other than those provided herein.

Plaintiff does not adequately respond to this Request for Production. Plaintiff submits a boilerplate objection in violation of Federal Rule of Civil Procedure 34 and the Middle District of Florida's Civil Discovery Handbook. Plaintiff's objection mirrors the general, non-specific objections which this Court routinely overrules and considers waived due to lack of specificity. *Hutcheson*, U.S. Dist. LEXIS 238057,

*7; *Orange Lake Country Club*, 2019 U.S. Dist. LEXIS 224089, *6; *Hands on Chiropractic*, 2018 U.S. Dist. LEXIS 223752, *4. In sum, Plaintiff does not provide "a full, fair explanation [of its objection to document production] particular to the facts of the case," as required by the Middle District of Florida's Civil Discovery Handbook, Section III(A)(6).

With reference to Plaintiff's citation to the Middle District of Florida's Civil Discovery Handbook III(A)(1), "a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I'" is substantially different than requesting documents evidencing that "The events described above are just some of the examples of unlawful discrimination, retaliation, and interference to which Defendant subjected Ms. Feccia throughout her employment," and even more specifically requesting the documentation of the other "examples" referenced in Plaintiff's Amended Complaint. The former is a broad, amorphous request which is rightly prohibited by the Middle District of Florida's Civil Discovery Handbook. The latter is a specific request "describ[ing] with reasonable particularity each item or category of items to be inspected," as required by Federal Rule of Civil Procedure 34.

Moreover, Plaintiff asserts this exact same cut-and-paste response with no variation whatsoever in response to Request Nos. 29, 30, 35, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 48, 49, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, and 64 – responses a total of twenty-seven Requests. These responses erroneously rely upon the Middle District of Florida's Civil Discovery Handbook III(A)(1) to authorize boilerplate objections containing no specificity and *not a single difference among Plaintiff's twenty-seven identical responses*.

Beyond Plaintiff's failure to properly respond or properly object, Plaintiff does not identify which document(s) it has produced in response to Request No. 55, even though Plaintiff has elected to organize and label documents produced to correspond to the categories in the request. Defendant has reviewed the documents produced by Plaintiff and is unable to ascertain what, if any, documents are responsive to Request No. 55. Plaintiff must specifically identify the documents produced in response to this Request. *Taser*, 2017 U.S. Dist. LEXIS 193912, *9-10; *Nationwide*, 2015 U.S. Dist. LEXIS 43251, *27-28; *Brown*, 2006 U.S. Dist. LEXIS 106992, *3-4.

Please direct Plaintiff to provide a full and complete response to Request No. 55 and to provide all responsive documents.

**Request No. 56** asked that Plaintiff produce:

> All documents or records which evidence your claim in paragraph 57 of the Complaint that "Ms. Feccia claims a continuous practice of discrimination and claims continuing violations and makes all claims herein under the continuing violations doctrine."

Plaintiff responded to this Request as follows:

Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized. See Middle District of Florida Discovery Handbook III(A)(1) ("a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").

Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of the request, Plaintiff is not in possession of any such non-privileged documents other than those provided herein.

Plaintiff does not adequately respond to this Request for Production. Plaintiff submits a boilerplate objection in violation of Federal Rule of Civil Procedure 34 and the Middle District of Florida's Civil Discovery Handbook. Plaintiff's objection mirrors the general, non-specific objections which this Court routinely overrules and considers waived due to lack of specificity. *Hutcheson*, U.S. Dist. LEXIS 238057, *7; *Orange Lake Country Club*, 2019 U.S. Dist. LEXIS 224089, *6; *Hands on Chiropractic*, 2018 U.S. Dist. LEXIS 223752, *4. In sum, Plaintiff does not provide "a full, fair explanation [of its objection to document production] particular to the facts of the case," as required by the Middle District of Florida's Civil Discovery Handbook, Section III(A)(6).

With reference to Plaintiff's citation to the Middle District of Florida's Civil Discovery Handbook III(A)(1), "a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I'" is substantially different than requesting documents evidencing "a continuous practice of discrimination and claims continuing violations and makes all claims herein under the continuing violations doctrine." The former is a broad, amorphous request which is rightly prohibited by the Middle District of Florida's Civil Discovery Handbook. The latter is a specific request "describ[ing] with reasonable particularity each item or category of items to be inspected," as required by Federal Rule of Civil Procedure 34.

Moreover, Plaintiff asserts this exact same cut-and-paste response with no variation whatsoever in response to Request Nos. 29, 30, 35, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 48, 49, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, and 64 – responses a total of twenty-seven Requests. These responses erroneously rely upon the Middle District of Florida's Civil Discovery Handbook III(A)(1) to authorize boilerplate objections containing no specificity and *not a single difference among Plaintiff's twenty-seven identical responses*.

Beyond Plaintiff's failure to properly respond or properly object, Plaintiff does not identify which document(s) it has produced in response to Request No. 56, even though Plaintiff has elected to organize and label documents produced to correspond to the categories in the request. Defendant has reviewed the documents produced by Plaintiff and is unable to ascertain what, if any, documents are responsive to Request No. 56. Plaintiff must specifically identify the documents produced in response to this Request. *Taser*, 2017 U.S. Dist. LEXIS 193912, *9-10; *Nationwide*, 2015 U.S. Dist. LEXIS 43251, *27-28; *Brown*, 2006 U.S. Dist. LEXIS 106992, *3-4.

Please direct Plaintiff to provide a full and complete response to Request No. 56 and to provide all responsive documents.

**Request No. 57** asked Plaintiff:

> If you contend you should have been selected for promotion instead of Marilyn Russell or another other interior designer, produce all documents which evidence your contention.

Plaintiff responded to this Request as follows:

> Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized. See Middle District of Florida Discovery Handbook III(A)(1) ("a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").

> Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of the request, Plaintiff is not in possession of any such non-privileged documents other than those provided herein.

Plaintiff does not adequately respond to this Request for Production. Plaintiff submits a boilerplate objection in violation of Federal Rule of Civil Procedure 34 and the Middle District of Florida's Civil Discovery Handbook. Plaintiff's objection mirrors the general, non-specific objections which this Court routinely overrules and considers waived due to lack of specificity. *Hutcheson*, U.S. Dist. LEXIS 238057, *7; *Orange Lake Country Club*, 2019 U.S. Dist. LEXIS 224089, *6; *Hands on Chiropractic*, 2018 U.S. Dist. LEXIS 223752, *4. In sum, Plaintiff does not provide "a full, fair explanation [of its objection to document production] particular to the facts of the case," as required by the Middle District of Florida's Civil Discovery Handbook, Section III(A)(6).

With reference to Plaintiff's citation to the Middle District of Florida's Civil Discovery Handbook III(A)(1), "a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I'" is substantially different than inquiring if Plaintiff contends she should have been selected for promotion instead of Marilyn Russell and, if so, requesting documents evidencing that contention. The former is a broad, amorphous request which is rightly prohibited by the Middle District of Florida's Civil Discovery Handbook. The latter is a specific request "describ[ing] with reasonable particularity each item or category of items to be inspected," as required by Federal Rule of Civil Procedure 34. Notably, Request No. 57 does not mirror any specific allegation contained in Plaintiff's Amended Complaint, so Plaintiff's objection is entirely misplaced.

Moreover, Plaintiff asserts this exact same cut-and-paste response with no variation whatsoever in response to Request Nos. 29, 30, 35, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 48, 49, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, and 64 – responses a total of twenty-seven Requests. These responses erroneously rely upon the Middle District of Florida's Civil Discovery Handbook III(A)(1) to authorize boilerplate

**JacksonLewis**

October 18, 2024
Kyle MacDonald
Derek Smith Law Group PLLC
Page 43

objections containing no specificity and *not a single difference among Plaintiff's twenty-seven identical responses*.

Beyond Plaintiff's failure to properly respond or properly object, Plaintiff does not identify which document(s) it has produced in response to Request No. 57, even though Plaintiff has elected to organize and label documents produced to correspond to the categories in the request. Defendant has reviewed the documents produced by Plaintiff and is unable to ascertain what, if any, documents are responsive to Request No. 57. Plaintiff must specifically identify the documents produced in response to this Request. *Taser*, 2017 U.S. Dist. LEXIS 193912, *9-10; *Nationwide*, 2015 U.S. Dist. LEXIS 43251, *27-28; *Brown*, 2006 U.S. Dist. LEXIS 106992, *3-4.

Please direct Plaintiff to provide a full and complete response to Request No. 57 and to provide all responsive documents.

**Request No. 58** asked Plaintiff:

> If you contend you were more qualified or performed your job better than Marilyn Russell or any other promoted interior designer, produce all documents which evidence your contention.

Plaintiff responded to this Request as follows:

> Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized. See Middle District of Florida Discovery Handbook III(A)(1) ("a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").

> Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of the request, Plaintiff is not in possession of any such non-privileged documents other than those provided herein.

Plaintiff does not adequately respond to this Request for Production. Plaintiff submits a boilerplate objection in violation of Federal Rule of Civil Procedure 34 and the Middle District of Florida's Civil Discovery Handbook. Plaintiff's objection mirrors the general, non-specific objections which this Court routinely overrules and considers waived due to lack of specificity. *Hutcheson*, U.S. Dist. LEXIS 238057, *7; *Orange Lake Country Club*, 2019 U.S. Dist. LEXIS 224089, *6; *Hands on Chiropractic*, 2018 U.S. Dist. LEXIS 223752, *4. In sum, Plaintiff does not provide "a full, fair explanation [of its objection to document production] particular to the facts of the case," as required by the Middle District of Florida's Civil Discovery Handbook, Section III(A)(6).

With reference to Plaintiff's citation to the Middle District of Florida's Civil Discovery Handbook III(A)(1), "a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I'" is substantially different than inquiring if Plaintiff contends she was more

**JacksonLewis**

October 18, 2024
Kyle MacDonald
Derek Smith Law Group PLLC
Page 44

qualified or performed her job better than Marilyn Russell and, if so, requesting documents evidencing that contention. The former is a broad, amorphous request which is rightly prohibited by the Middle District of Florida's Civil Discovery Handbook. The latter is a specific request "describ[ing] with reasonable particularity each item or category of items to be inspected," as required by Federal Rule of Civil Procedure 34. Notably, Request No. 58 does not mirror any specific allegation contained in Plaintiff's Amended Complaint, so Plaintiff's objection is entirely misplaced.

Moreover, Plaintiff asserts this exact same cut-and-paste response with no variation whatsoever in response to Request Nos. 29, 30, 35, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 48, 49, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, and 64 – responses a total of twenty-seven Requests. These responses erroneously rely upon the Middle District of Florida's Civil Discovery Handbook III(A)(1) to authorize boilerplate objections containing no specificity and *not a single difference among Plaintiff's twenty-seven identical responses*.

Beyond Plaintiff's failure to properly respond or properly object, Plaintiff does not identify which document(s) it has produced in response to Request No. 58, even though Plaintiff has elected to organize and label documents produced to correspond to the categories in the request. Defendant has reviewed the documents produced by Plaintiff and is unable to ascertain what, if any, documents are responsive to Request No. 58. Plaintiff must specifically identify the documents produced in response to this Request. *Taser*, 2017 U.S. Dist. LEXIS 193912, *9-10; *Nationwide*, 2015 U.S. Dist. LEXIS 43251, *27-28; *Brown*, 2006 U.S. Dist. LEXIS 106992, *3-4.

Please direct Plaintiff to provide a full and complete response to Request No. 58 and to provide all responsive documents.

**Request No. 59** asked Plaintiff:

> If you contend you should have been retained instead of Angela Reed, produce all documents which evidence your contention.

Plaintiff responded to this Request as follows:

> Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized. See Middle District of Florida Discovery Handbook III(A)(1) ("a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").

> Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of the request, Plaintiff is not in possession of any such non-privileged documents other than those provided herein.

Plaintiff does not adequately respond to this Request for Production. Plaintiff submits a boilerplate objection in violation of Federal Rule of Civil Procedure 34 and the Middle District of Florida's Civil

# JacksonLewis

Discovery Handbook. Plaintiff's objection mirrors the general, non-specific objections which this Court routinely overrules and considers waived due to lack of specificity. *Hutcheson*, U.S. Dist. LEXIS 238057, *7; *Orange Lake Country Club*, 2019 U.S. Dist. LEXIS 224089, *6; *Hands on Chiropractic*, 2018 U.S. Dist. LEXIS 223752, *4. In sum, Plaintiff does not provide "a full, fair explanation [of its objection to document production] particular to the facts of the case," as required by the Middle District of Florida's Civil Discovery Handbook, Section III(A)(6).

With reference to Plaintiff's citation to the Middle District of Florida's Civil Discovery Handbook III(A)(1), "a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I'" is substantially different than inquiring if Plaintiff contends she should have been retained instead of Angela Reed and, if so, requesting documents evidencing that contention. The former is a broad, amorphous request which is rightly prohibited by the Middle District of Florida's Civil Discovery Handbook. The latter is a specific request "describ[ing] with reasonable particularity each item or category of items to be inspected," as required by Federal Rule of Civil Procedure 34. Notably, Request No. 59 does not mirror any specific allegation contained in Plaintiff's Amended Complaint, so Plaintiff's objection is entirely misplaced.

Moreover, Plaintiff asserts this exact same cut-and-paste response with no variation whatsoever in response to Request Nos. 29, 30, 35, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 48, 49, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, and 64 – responses a total of twenty-seven Requests. These responses erroneously rely upon the Middle District of Florida's Civil Discovery Handbook III(A)(1) to authorize boilerplate objections containing no specificity and *not a single difference among Plaintiff's twenty-seven identical responses*.

Beyond Plaintiff's failure to properly respond or properly object, Plaintiff does not identify which document(s) it has produced in response to Request No. 59, even though Plaintiff has elected to organize and label documents produced to correspond to the categories in the request. Defendant has reviewed the documents produced by Plaintiff and is unable to ascertain what, if any, documents are responsive to Request No. 59. Plaintiff must specifically identify the documents produced in response to this Request. *Taser*, 2017 U.S. Dist. LEXIS 193912, *9-10; *Nationwide*, 2015 U.S. Dist. LEXIS 43251, *27-28; *Brown*, 2006 U.S. Dist. LEXIS 106992, *3-4.

Please direct Plaintiff to provide a full and complete response to Request No. 59 and to provide all responsive documents.

**Request No. 60** asked Plaintiff:

> If you contend you were more qualified or performed your job better than Angela Reed, produce all documents which evidence your contention.

Plaintiff responded to this Request as follows:

Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized. See Middle District of Florida Discovery Handbook III(A)(1) ("a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").

Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of the request, Plaintiff is not in possession of any such non-privileged documents other than those provided herein.

Plaintiff does not adequately respond to this Request for Production. Plaintiff submits a boilerplate objection in violation of Federal Rule of Civil Procedure 34 and the Middle District of Florida's Civil Discovery Handbook. Plaintiff's objection mirrors the general, non-specific objections which this Court routinely overrules and considers waived due to lack of specificity. *Hutcheson*, U.S. Dist. LEXIS 238057, *7; *Orange Lake Country Club*, 2019 U.S. Dist. LEXIS 224089, *6; *Hands on Chiropractic*, 2018 U.S. Dist. LEXIS 223752, *4. In sum, Plaintiff does not provide "a full, fair explanation [of its objection to document production] particular to the facts of the case," as required by the Middle District of Florida's Civil Discovery Handbook, Section III(A)(6).

With reference to Plaintiff's citation to the Middle District of Florida's Civil Discovery Handbook III(A)(1), "a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I'" is substantially different than inquiring if Plaintiff contends she was more qualified or performed her job better than Angela Reed and, if so, requesting documents evidencing that contention. The former is a broad, amorphous request which is rightly prohibited by the Middle District of Florida's Civil Discovery Handbook. The latter is a specific request "describ[ing] with reasonable particularity each item or category of items to be inspected," as required by Federal Rule of Civil Procedure 34. Notably, Request No. 60 does not mirror any specific allegation contained in Plaintiff's Amended Complaint, so Plaintiff's objection is entirely misplaced.

Moreover, Plaintiff asserts this exact same cut-and-paste response with no variation whatsoever in response to Request Nos. 29, 30, 35, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 48, 49, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, and 64 – responses a total of twenty-seven Requests. These responses erroneously rely upon the Middle District of Florida's Civil Discovery Handbook III(A)(1) to authorize boilerplate objections containing no specificity and *not a single difference among Plaintiff's twenty-seven identical responses*.

Beyond Plaintiff's failure to properly respond or properly object, Plaintiff does not identify which document(s) it has produced in response to Request No. 60, even though Plaintiff has elected to organize and label documents produced to correspond to the categories in the request. Defendant has reviewed the documents produced by Plaintiff and is unable to ascertain what, if any, documents are responsive to Request No. 60. Plaintiff must specifically identify the documents produced in response to this Request. *Taser*, 2017 U.S. Dist. LEXIS 193912, *9-10; *Nationwide*, 2015 U.S. Dist. LEXIS 43251, *27-28; *Brown*, 2006 U.S. Dist. LEXIS 106992, *3-4.

Please direct Plaintiff to provide a full and complete response to Request No. 60 and to provide all responsive documents.

**Request No. 61** asked Plaintiff:

> If you contend you were more qualified or performed your job better than Alexandra Taylor, produce all documents which evidence your contention.

Plaintiff responded to this Request as follows:

> Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized. See Middle District of Florida Discovery Handbook III(A)(1) ("a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").

> Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of the request, Plaintiff is not in possession of any such non-privileged documents other than those provided herein.

Plaintiff does not adequately respond to this Request for Production. Plaintiff submits a boilerplate objection in violation of Federal Rule of Civil Procedure 34 and the Middle District of Florida's Civil Discovery Handbook. Plaintiff's objection mirrors the general, non-specific objections which this Court routinely overrules and considers waived due to lack of specificity. *Hutcheson*, U.S. Dist. LEXIS 238057, *7; *Orange Lake Country Club*, 2019 U.S. Dist. LEXIS 224089, *6; *Hands on Chiropractic*, 2018 U.S. Dist. LEXIS 223752, *4. In sum, Plaintiff does not provide "a full, fair explanation [of its objection to document production] particular to the facts of the case," as required by the Middle District of Florida's Civil Discovery Handbook, Section III(A)(6).

With reference to Plaintiff's citation to the Middle District of Florida's Civil Discovery Handbook III(A)(1), "a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I'" is substantially different than inquiring if Plaintiff contends she was more qualified or performed her job better than Alexandra Taylor, and, if so, requesting documents evidencing that contention. The former is a broad, amorphous request which is rightly prohibited by the Middle District of Florida's Civil Discovery Handbook. The latter is a specific request "describ[ing] with reasonable particularity each item or category of items to be inspected," as required by Federal Rule of Civil Procedure 34. Notably, Request No. 61 does not mirror any specific allegation contained in Plaintiff's Amended Complaint, so Plaintiff's objection is entirely misplaced.

Moreover, Plaintiff asserts this exact same cut-and-paste response with no variation whatsoever in response to Request Nos. 29, 30, 35, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 48, 49, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, and 64 – responses a total of twenty-seven Requests. These responses erroneously rely upon the Middle District of Florida's Civil Discovery Handbook III(A)(1) to authorize boilerplate

# JacksonLewis

objections containing no specificity and *not a single difference among Plaintiff's twenty-seven identical responses*.

Beyond Plaintiff's failure to properly respond or properly object, Plaintiff does not identify which document(s) it has produced in response to Request No. 61, even though Plaintiff has elected to organize and label documents produced to correspond to the categories in the request. Defendant has reviewed the documents produced by Plaintiff and is unable to ascertain what, if any, documents are responsive to Request No. 61. Plaintiff must specifically identify the documents produced in response to this Request. *Taser*, 2017 U.S. Dist. LEXIS 193912, *9-10; *Nationwide*, 2015 U.S. Dist. LEXIS 43251, *27-28; *Brown*, 2006 U.S. Dist. LEXIS 106992, *3-4.

Please direct Plaintiff to provide a full and complete response to Request No. 61 and to provide all responsive documents.

**Request No. 62** asked Plaintiff:

> If you contend you were more qualified or performed your job better than Russchelle Fox, produce all documents which evidence your contention.

Plaintiff responded to this Request as follows:

> Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized. See Middle District of Florida Discovery Handbook III(A)(1) ("a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").

> Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of the request, Plaintiff is not in possession of any such non-privileged documents other than those provided herein.

Plaintiff does not adequately respond to this Request for Production. Plaintiff submits a boilerplate objection in violation of Federal Rule of Civil Procedure 34 and the Middle District of Florida's Civil Discovery Handbook. Plaintiff's objection mirrors the general, non-specific objections which this Court routinely overrules and considers waived due to lack of specificity. *Hutcheson*, U.S. Dist. LEXIS 238057, *7; *Orange Lake Country Club*, 2019 U.S. Dist. LEXIS 224089, *6; *Hands on Chiropractic*, 2018 U.S. Dist. LEXIS 223752, *4. In sum, Plaintiff does not provide "a full, fair explanation [of its objection to document production] particular to the facts of the case," as required by the Middle District of Florida's Civil Discovery Handbook, Section III(A)(6).

With reference to Plaintiff's citation to the Middle District of Florida's Civil Discovery Handbook III(A)(1), "a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I'" is substantially different than inquiring if Plaintiff contends she was more qualified or performed her job better than Russchelle Fox and, if so, requesting documents evidencing that

**JacksonLewis**

contention. The former is a broad, amorphous request which is rightly prohibited by the Middle District of Florida's Civil Discovery Handbook. The latter is a specific request "describ[ing] with reasonable particularity each item or category of items to be inspected," as required by Federal Rule of Civil Procedure 34. Notably, Request No. 62 does not mirror any specific allegation contained in Plaintiff's Amended Complaint, so Plaintiff's objection is entirely misplaced.

Moreover, Plaintiff asserts this exact same cut-and-paste response with no variation whatsoever in response to Request Nos. 29, 30, 35, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 48, 49, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, and 64 – responses a total of twenty-seven Requests. These responses erroneously rely upon the Middle District of Florida's Civil Discovery Handbook III(A)(1) to authorize boilerplate objections containing no specificity and *not a single difference among Plaintiff's twenty-seven identical responses*.

Beyond Plaintiff's failure to properly respond or properly object, Plaintiff does not identify which document(s) it has produced in response to Request No. 62, even though Plaintiff has elected to organize and label documents produced to correspond to the categories in the request. Defendant has reviewed the documents produced by Plaintiff and is unable to ascertain what, if any, documents are responsive to Request No. 62. Plaintiff must specifically identify the documents produced in response to this Request. *Taser*, 2017 U.S. Dist. LEXIS 193912, *9-10; *Nationwide*, 2015 U.S. Dist. LEXIS 43251, *27-28; *Brown*, 2006 U.S. Dist. LEXIS 106992, *3-4.

Please direct Plaintiff to provide a full and complete response to Request No. 62 and to provide all responsive documents.

**Request No. 63** asked that Plaintiff produce:

> All documents which evidence your claimed emotional distress.

Plaintiff responded to this Request as follows:

> Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized. See Middle District of Florida Discovery Handbook III(A)(1) ("a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").

> Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of the request, Plaintiff is not in possession of any such non-privileged documents other than those provided herein.

Plaintiff does not adequately respond to this Request for Production. Plaintiff submits a boilerplate objection in violation of Federal Rule of Civil Procedure 34 and the Middle District of Florida's Civil Discovery Handbook. Plaintiff's objection mirrors the general, non-specific objections which this Court routinely overrules and considers waived due to lack of specificity. *Hutcheson*, U.S. Dist. LEXIS 238057,

*7; *Orange Lake Country Club*, 2019 U.S. Dist. LEXIS 224089, *6; *Hands on Chiropractic*, 2018 U.S. Dist. LEXIS 223752, *4. In sum, Plaintiff does not provide "a full, fair explanation [of its objection to document production] particular to the facts of the case," as required by the Middle District of Florida's Civil Discovery Handbook, Section III(A)(6). Notably, Request No. 63 does not mirror any specific allegation contained in Plaintiff's Amended Complaint, so Plaintiff's objection is entirely misplaced.

With reference to Plaintiff's citation to the Middle District of Florida's Civil Discovery Handbook III(A)(1), "a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I'" is substantially different than requesting documents evidencing that Plaintiff's claimed emotional distress. The former is a broad, amorphous request which is rightly prohibited by the Middle District of Florida's Civil Discovery Handbook. The latter is a specific request "describ[ing] with reasonable particularity each item or category of items to be inspected," as required by Federal Rule of Civil Procedure 34. Notably, Request No. 63 does not mirror any specific allegation contained in Plaintiff's Amended Complaint, so Plaintiff's objection is entirely misplaced.

Moreover, Plaintiff asserts this exact same cut-and-paste response with no variation whatsoever in response to Request Nos. 29, 30, 35, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 48, 49, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, and 64 – responses a total of twenty-seven Requests. These responses erroneously rely upon the Middle District of Florida's Civil Discovery Handbook III(A)(1) to authorize boilerplate objections containing no specificity and *not a single difference among Plaintiff's twenty-seven identical responses*.

Beyond Plaintiff's failure to properly respond or properly object, Plaintiff does not identify which document(s) it has produced in response to Request No. 63, even though Plaintiff has elected to organize and label documents produced to correspond to the categories in the request. Defendant has reviewed the documents produced by Plaintiff and is unable to ascertain what, if any, documents are responsive to Request No. 63. Plaintiff must specifically identify the documents produced in response to this Request. *Taser*, 2017 U.S. Dist. LEXIS 193912, *9-10; *Nationwide*, 2015 U.S. Dist. LEXIS 43251, *27-28; *Brown*, 2006 U.S. Dist. LEXIS 106992, *3-4.

Please direct Plaintiff to provide a full and complete response to Request No. 63 and to provide all responsive documents.

**Request No. 64** asked that Plaintiff produce:

> All documents evidencing the costs or expenses you have incurred for treatment of your claimed emotional distress.

Plaintiff responded to this Request as follows:

> Plaintiff objects to this request on the grounds that it is impermissibly overbroad and not reasonably particularized. See Middle District of Florida Discovery Handbook III(A)(1)

# JacksonLewis

October 18, 2024
Kyle MacDonald
Derek Smith Law Group PLLC
Page 51

("a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad").

Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of the request, Plaintiff is not in possession of any such non-privileged documents other than those provided herein.

Plaintiff does not adequately respond to this Request for Production. Plaintiff submits a boilerplate objection in violation of Federal Rule of Civil Procedure 34 and the Middle District of Florida's Civil Discovery Handbook. Plaintiff's objection mirrors the general, non-specific objections which this Court routinely overrules and considers waived due to lack of specificity. *Hutcheson*, U.S. Dist. LEXIS 238057, *7; *Orange Lake Country Club*, 2019 U.S. Dist. LEXIS 224089, *6; *Hands on Chiropractic*, 2018 U.S. Dist. LEXIS 223752, *4. In sum, Plaintiff does not provide "a full, fair explanation [of its objection to document production] particular to the facts of the case," as required by the Middle District of Florida's Civil Discovery Handbook, Section III(A)(6).

With reference to Plaintiff's citation to the Middle District of Florida's Civil Discovery Handbook III(A)(1), "a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I'" is substantially different than requesting documents evidencing "the costs or expenses [Plaintiff has] incurred for treatment of [her] claimed emotional distress." The former is a broad, amorphous request which is rightly prohibited by the Middle District of Florida's Civil Discovery Handbook. The latter is a specific request "describ[ing] with reasonable particularity each item or category of items to be inspected," as required by Federal Rule of Civil Procedure 34. Notably, Request No. 64 does not mirror any specific allegation contained in Plaintiff's Amended Complaint, so Plaintiff's objection is entirely misplaced.

Moreover, Plaintiff asserts this exact same cut-and-paste response with no variation whatsoever in response to Request Nos. 29, 30, 35, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 48, 49, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, and 64 – responses a total of twenty-seven Requests. These responses erroneously rely upon the Middle District of Florida's Civil Discovery Handbook III(A)(1) to authorize boilerplate objections containing no specificity and *not a single difference among Plaintiff's twenty-seven identical responses*.

Beyond Plaintiff's failure to properly respond or properly object, Plaintiff does not identify which document(s) it has produced in response to Request No. 64, even though Plaintiff has elected to organize and label documents produced to correspond to the categories in the request. Defendant has reviewed the documents produced by Plaintiff and is unable to ascertain what, if any, documents are responsive to Request No. 64. Plaintiff must specifically identify the documents produced in response to this Request. *Taser*, 2017 U.S. Dist. LEXIS 193912, *9-10; *Nationwide*, 2015 U.S. Dist. LEXIS 43251, *27-28; *Brown*, 2006 U.S. Dist. LEXIS 106992, *3-4.

Please direct Plaintiff to provide a full and complete response to Request No. 64 and to provide all responsive documents.

# JacksonLewis

October 18, 2024
Kyle MacDonald
Derek Smith Law Group PLLC
Page 52

**Request No. 65** asked that Plaintiff produce:

All documents that you identified in your initial disclosures.

Plaintiff responded to this Request as follows:

Plaintiff is not in possession of any such documents other than those provided herein.

Plaintiff does not adequately respond to this Request for Production. Plaintiff has elected to organize and label documents produced to correspond to the categories in the request, but Plaintiff does not identify which document(s) it has produced in response to Request No. 23. Defendant has reviewed the documents produced by Plaintiff and is unable to ascertain what, if any, documents are responsive to Request No. 23. Plaintiff must specifically identify the documents produced in response to this Request. *Taser*, 2017 U.S. Dist. LEXIS 193912, *9-10; *Nationwide*, 2015 U.S. Dist. LEXIS 43251, *27-28; *Brown*, 2006 U.S. Dist. LEXIS 106992, *3-4. Please direct Plaintiff to provide a full and complete response to Request No. 65 and to provide all responsive documents.

Regarding **Request Nos. 1, 2, 4, 5, 26, 31, 32, 33, 34, 36, 47, 50, and 52**, Plaintiff has asserted objections while producing some responsive materials. Plaintiff's objections are deficient and boilerplate, mirroring the general, non-specific objections which this Court routinely overrules and considers waived due to lack of specificity. *Hutcheson*, U.S. Dist. LEXIS 238057, *7; *Orange Lake Country Club*, 2019 U.S. Dist. LEXIS 224089, *6; *Hands on Chiropractic*, 2018 U.S. Dist. LEXIS 223752, *4.

Aside from the deficiency of Plaintiff's objections, Plaintiff does not indicate whether she has withheld any documents on the basis of her objections.

Please direct Plaintiff to provide a full and complete response to the responses to Request Nos. 1, 2, 4, 5, 26, 31, 32, 33, 34, 36, 47, 50, and 52 by advising whether any documents have been withheld pursuant to her deficient objections, as required by the Federal Rules of Civil Procedure and the Middle District of Florida's Civil Discovery Handbook.

Plaintiff produced **IF000004—IF000099, IF000101—IF000102, IF000109—IF000110, IF000113, and IF000118—IF000126**, but none of these documents are referenced in Plaintiff's Responses to Defendant's First Request to Produce. As such, Defendant lacks knowledge whether these documents are produced in response to a Request or are being produced absent any specific request for discovery. Defendant is entitled to know if the aforementioned documents have been produced in response to a Request. *Taser*, 2017 U.S. Dist. LEXIS 193912, *9-10; *Nationwide*, 2015 U.S. Dist. LEXIS 43251, *27-28; *Brown*, 2006 U.S. Dist. LEXIS 106992, *3-4. Please direct Plaintiff to advise whether IF000004—IF000099, IF000101—IF000102, IF000109—IF000110, IF000113, and IF000118—IF000126 were produced in response to a Request, and if so, which Request(s).

# JacksonLewis

October 18, 2024
Kyle MacDonald
Derek Smith Law Group PLLC
Page 53

Plaintiff produced **IF000500**, which appears to be a screen recording of a text message conversation between Plaintiff and "Sydney," but producing these documents in the format of a video recording is improper as text messages "must be produced in a text-based and/or written format – videos of the same will not suffice." *Saunders v. Signature Flight Support, LLC*, Case No: 6:23-cv-230-RBD-LHP, 2024 U.S. Dist. LEXIS 99094, *5 (M.D. Fla. Jun. 4, 2024) (internal quotations omitted). Please direct Plaintiff to produce the documents contained in IF000500 in text-based and/or written format.

*** 

    We request that Ms. Feccia cure the identified deficiencies by no later than **<u>October 23, 2024</u>**. We appreciate Ms. Feccia's prompt attention to the above matters.

    Sincerely,

    JACKSON LEWIS P.C.

    Justin W. McConnell
    Mackenzie N. Allan

JWM/MNA

4854-2572-0812, v. 2