# EXHIBIT "D"

| | |
|---|---|
| **From:** | Allan, Mackenzie N. (Orlando) |
| **Sent:** | Wednesday, November 27, 2024 9:50 AM |
| **To:** | Kyle MacDonald; McConnell, Justin W. (Orlando) |
| **Cc:** | Sallee, Rebecca (Orlando); David Rodriguez; Cassie Cisneros |
| **Subject:** | RE: Feccia v. BBA - 10/23 Call Recap and Defendant's Objections to Plaintiff's Discovery Responses |

Hi Kyle,

Thank you for your reply. To better keep track of the interrogatory discussions, we inserted your November 20 responses (in red) below our corresponding October 28 notes (in black) from the October 23 conferral call. Please see our additional responses in purple, below:

**Confidentiality Order**
- AEO Designations
    - The AEO category should be limited to genuinely sensitive, non-public information where disclosure would create a clear risk of harm (for example, detailed financial projections). Routine emails or communications should not qualify unless the email itself contains inherently sensitive information. Additionally, any new AEO categories must require mutual agreement or court approval.
    - Agreed. Defendant assumes Plaintiff is accepting the categories of AEO information which Defendant described in its October 28, 2024 email to Plaintiff.
- Retroactive Designations
    - Any retroactive designations made by either party must be made within 14 days of production, with good cause shown. For any documents already produced, this period would begin once the order is entered.
    - Agreed.
- Use and Disclosure
    - Allow counsel for either party to share redacted summaries of AEO materials with their clients when necessary, and allow limited access to AEO materials during depositions instead of requiring parties to leave. If used in a deposition/hearing, the restrictions would apply to the exhibit and related questioning that includes the sensitive information but not the entire transcript.
    - This would not sufficiently protect Baker Barrios. Defendant does not agree to parties sharing of redacted copies of AEO materials with their clients at any time. Defendant maintains that either party's client who is not privy to the AEO materials in question would need to temporarily leave a deposition when such materials are being shared or otherwise addressed.
    - Defendant would agree to either party sharing summaries of AEO materials **with certain conditions**:
        - 1) the party wishes to share such a summary is responsible for drafting the summary;
        - 2) the party wishing to share such a summary must provide this summary to the other party prior to sharing the summary with their client;
        - 3) the party who received such a summary from the party wishing to share the summary with their client will have ten (10) days to object; the party wishing to share such a summary *may not* provide the summary to their client prior to the expiration of this ten day window;
        - 4) if an agreement cannot be reached by the parties, the party wishing to share such a summary will file a motion with the Court in a manner which respects the confidentiality and sensitive nature of the documents, whether that is filing certain documents under seal or requesting in camera review.

1

- o   Defendant proposes that, to the extent these documents would need to be used in hearing or in trial, the parties formulate an agreement on that issue after the parties have received and reviewed each other's AEO documents and a hearing or trial is actually imminent.
- Challenges to Designations:
    - o   The party asserting a contested designation must provide a written justification for the designation within 5 days of the dispute arising. Also, no fees or costs should be awarded to either party.
    - o   That's fine.
- Document Retention:
    - o   Counsel for both parties should be allowed to retain a copy of Confidential and AEO materials for record-keeping purposes, subject to ongoing confidentiality obligations.
    - o   Agreed – although AEO materials should be destroyed to returned to the party which provided such materials at the conclusion of litigation. Defendant does not agree to either party retaining AEO materials indefinitely.

**Please let us know if these limitations are acceptable and we will revise the confidentiality agreement accordingly**.

**Interrogatory Answers**

*Please provide all amended interrogatory responses no later than <u>Wednesday, December 4, 2024.</u>*

- Interrogatory No. 2
    - o   Defendant agreed to waive requiring a response as to subparts f, g, and h. Defendant maintains that it is entitled to the identity of the employer, the address, Plaintiff's immediate supervisor, the relevant dates, positions held, and the reason for separation. Plaintiff asserted that it seems like this evidence could only be used for propensity evidence, to which Defendant objected and responded that this evidence would not be used for propensity but rather to show, if applicable, that Plaintiff did not perform consistently with the *experience* which she represented in her application for employment and interviews with Defendant.
      You agreed to confirm whether Plaintiff's provided resume represents a complete record of all employers from May 1, 2014 through January 13, 2020. Plaintiff's counsel agreed to discuss with Plaintiff whether they would voluntarily provide the relevant addresses, immediate supervisors, relevant dates, positions held, and reasons for separation.
        - ▪   We will provide the employer's name, address, supervisor, dates of employment, last-held position, and whether Plaintiff was terminated/resigned.
    - o   Please clarify whether you are going to provide this information from May 1, 2014 through the present along with the *reasons* for separation.
- Interrogatory No. 3
    - o   You agreed to confirm whether Plaintiff received any disability benefits, temporary income benefits, short- or long-term disability benefits, unemployment benefits, social security benefits, or welfare benefits after the termination of her employment with Defendant, as you represented that the answer to all is likely "none."
        - ▪   We will confirm whether the answer is none.
    - o   We appreciate that. However, Plaintiff's answer is also deficient in a way we did not initially know because, at the time we sent our initial deficiency letter, Plaintiff had not produced any documents. Although, at the outset, Plaintiff's answer improperly fails to identify the specific documents on which she intends to rely, in Defendant's review of the records, the only document which Plaintiff produced which could possibly have any relation to this interrogatory is Plaintiff's W-2 from 2023. This document falls short of providing all the information requested by Interrogatory No. 3, as required, because it **does not provide *any* information for 2024**. *Hands on Chiropractic PL v. Progressive Select Ins. Co.*, Case No: 6:18-cv-192-Orl-37DCI, 2018 U.S. Dist. LEXIS 223752, *4 (M.D. Fla. Nov. 20, 2018) (granting motion to compel better interrogatory answer).
- Interrogatory No. 7

2

- - o   Plaintiff agreed to provide a response to this interrogatory. Defendant agreed that Plaintiff is, of course, entitled to amend her answer to this interrogatory if and when she receives additional information which would change her answer to this interrogatory.
      - As currently phrased, we maintain our objections/responses. We are open to any proposed limitations the Defendant may have.
  - o   Aside from Plaintiff's prior agreement to provide an amended answer, the information requested by this interrogatory – in short, **Plaintiff's specific contentions regarding the conduct to which she objects and who committed such conduct – is well-within the scope of discoverable information**. Defendant seeks the factual basis for Plaintiff's claims set forth in her Amended Complaint, and it is well-established that this is discoverable information under the Federal Rules and jurisprudence in this jurisdiction. *FTC v. Cyberspy Software, LLC*, 2009 U.S. Dist. LEXIS 132299, *5 (M.D. Fla. Mar 26, 2009) ("a party is required to disclose the facts underlying its claims.") (emphasis in original); *Dunkin' Donuts Inc. v. Mary's Donuts., Inc.*, 206 F.R.D. 518, 520 (S.D. Fla. Apr. 17, 2002) ("Plaintiffs cannot refuse to provide the facts underlying their [] claim."); *United States v. Pepper's Steel & Alloys*, 132 F.R.D. 695, 698 (S.D. Fla. Oct. 17, 1990) ("The discovery process is designed to fully inform the parties of the relevant facts involved in their case."). Moreover, Plaintiff may not answer an interrogatory by referring Defendant to her complaint. *State Farm Mut. Auto. Ins. Co. v. Physicians Injury Care Ctr.*, 2008 U.S. Dist. LEXIS 126509, *21-23 (M.D. Fla. Apr. 17, 2008) (ordering that plaintiff *must disclose facts supporting its allegations* in the complaint and *may not reference extrinsic matters* – such as plaintiff's amended complaint). **Interrogatory No. 7 asks Plaintiff to explain her specific contentions; as such, Plaintiff may not simply direct Defendant to her complaint** because "reliance on Rule 33(d) is not appropriate when the interrogatory asks a party to state its contentions or to state facts supporting its allegations." *United States SEC v. Big Apple Consulting United States, Inc.*, 2010 U.S. Dist. LEXIS 147399, *15 (M.D. Fla. Nov. 2, 2010) (ordering plaintiff to provide a proper answer to an interrogatory asking for the facts supporting a specific allegation in the complaint); *Hawn v. Shoreline Towers Phase I Condo. Ass'n*, 2007 U.S. Dist. LEXIS 58032, *6-7 (N.D. Fla. Aug. 9, 2007) ("it is insufficient to answer an interrogatory by merely referencing allegations of a pleading."). In our October 23, 2024 phone call and in Plaintiff's current interrogatory answer, Plaintiff seems to assert that she does not know the answer to this question; this does not seem to be a credible assertion.
- Interrogatory No. 8
  - o   Defendant agreed that it was not seeking information concerning the identification of persons such as Plaintiff's family or spouse, whom it is assumed Plaintiff would have communicated with concerning at least some of the topics identified (such as her pregnancy). Moreover, because Plaintiff gave birth on January 5, 2023, the temporal scope is not overbroad as the nature of the topics identified only relate to Plaintiff's pregnancy, leave because of that pregnancy, and termination from employment in April 2023. It is Defendant's position it is still entitled to know, and Plaintiff must answer, those persons with whom she's communicated about the topics identified in the Interrogatory. You agreed to discuss further with Plaintiff.
      - As currently phrased, we maintain our objections/responses. We are open to any proposed limitations the Defendant may have.
  - o   The information requested by this interrogatory – in short, **the topics, times, places, and forms of the discussions Plaintiff had with the individuals she identified in her answer – is well-within the scope of discoverable information**. *Curry v. HSBC N. Am. Holdings, Inc.*, 2015 U.S. Dist. LEXIS 194542, *6 (M.D. Fla. Sept. 24, 2015) (compelling plaintiff to provide "the time, date, place and substance of her discussions" with the individuals or entities whom she identified in her original answer as people with whom she discussed "matters that are the subject of this proceeding"); *Schwarz v. City of Treasure Island*, 2010 U.S. Dist. LEXIS 147411, *4 (M.D. Fla. Oct. 13, 2010) (compelling defendant to fully answer interrogatory requesting the date, length, subject matter, address, phone number, and any related documents relative pertaining to certain conversations defendant may have had); *Wentz v. Project Veritas*, 2019 U.S. Dist. LEXIS 30351, *8 (M.D. Fla. Feb. 22, 2019) (compelling plaintiff to fully answer interrogatories which requested "information regarding communications between Plaintiff, Plaintiff's counsel, and a litany of people and entities."); *Ecolab Inc. v. Int'l Chem. Corp.*, 2020 U.S. Dist. LEXIS 3728,

3

*11-14 (M.D. Fla. Jan. 8, 2020) (compelling defendant to identify the dates and describe the substance of certain conversations); *Horowitch v. Diamond Aircraft Indus.*, 2007 U.S. Dist. LEXIS 29626, *9 (M.D. Fla. Apr. 23, 2007) (compelling defendant to describe the communications in question). Furthermore, to the extent that Plaintiff objects this interrogatory "span[s] more than 4 years," Defendant respectfully points out, as it did in the conferral call and the follow-up email, that except for sub-part (b), the remaining sub-parts refer to events that could not have occurred prior to Plaintiff learning of her 2022 pregnancy, which presumably would not have been before spring or summer 2022 – so the time span is not so onerous as Plaintiff claims. And as for subpart (b), it is Defendant's understanding that Plaintiff contends she never had any performance issues, so this should be quite easy for her to answer.

- Interrogatory No. 9
    - Plaintiff agreed to provide contact information for Christin Coats and Rachel Rice. Please also advise whether you are willing to voluntarily provide information for each person regarding whether Plaintiff discussed potential testimony and whether the person has provided a written statement or notes.
        - We will provide the address for Coats and Rice so long as Plaintiff has that information.
    - We appreciate that, and Defendant is willing to forego pursuing via interrogatory information regarding whether Plaintiff discussed potential testimony with the individuals identified. However**, Defendant is entitled to know whether Plaintiff obtained written statements from the identified individuals**. *Elite Mitigation Servs., LLC v. Westchester Surplus Lines Ins. Co.*, 2020 U.S. Dist. LEXIS 195706, *3 (N.D. Fla. Apr. 10, 2020) (compelling defendant to identify any individuals who made statements regarding any issue in the lawsuit, including the person's name and address and the date, time, place, and substance of each statement).
- Interrogatory No. 10
    - Defendant clarified that the intent of this interrogatory is to seek any admissions *relevant to Plaintiff's claims*, and Plaintiff agreed to provide a response to this interrogatory within that scope.
        - As currently phrased, we maintain our objections/responses. We are open to any proposed limitations the Defendant may have.
    - Aside from Plaintiff's prior agreement to provide an amended answer, the information requested by this interrogatory – in short, **information regarding any admissions Plaintiff alleges Defendant made regarding her claims – is well-within the scope of discoverable information**. *Primm v. Aerofil Tech., Inc.*, 2012 U.S. Dist. LEXIS 207049, *12 (M.D. Fla. Mar. 13, 2012) (compelling "admissions by any party that Aerofil contends constitute negligence") *C.H. v. Sch. Bd. of Okaloosa Cty. Florida*, 2020 U.S. Dist. LEXIS 51712, *9 (N.D. Fla. Mar. 23, 2020) (compelling plaintiff to amended interrogatory answer to "identify all comments or statements they contend demonstrate a conspiracy; identify the person making the statement; identify the substance of the statement; and identify the date of the statement."). Furthermore, as we discussed in our October 23 conferral call, this interrogatory is properly limited in time and scope because it seeks information regarding any purported admissions regarding Plaintiff's claims, which, pursuant to Plaintiff's complaint, could not possibly have begun prior to spring or summer of 2022 when she presumably learned she was pregnant. As such, the scope is properly limited by the inherent nature of the question.
- Interrogatory No. 12
    - You indicated concern that Plaintiff is unable to answer this interrogatory because Plaintiff is still in the process of figuring this out but agreed to talk with Plaintiff regarding answering this interrogatory. Defendant agreed that Plaintiff is, of course, entitled to amend her answer to this interrogatory if and when she receives additional information which would change her answer to this interrogatory.
        - We will amend this response to identify the individuals to the best of Plaintiff's ability.
    - Plaintiff fails to identify the individual(s) she believes *provided* more favorable treatment to these individuals, so to the extent that Plaintiff intends to remedy this issue, Defendant appreciates it. However, Plaintiff is aware that the substantive issue with her answer to this Interrogatory was not the "identification" of individuals. Plaintiff's original answer identified **individuals she believes "Defendant may have treated more favorably"** but failed to provide the **titles of these individuals, descriptions of the treatment believed to be more favorable, or descriptions of any terms or conditions of employment believed to be more favorable than her own**. Because **this is information which would be**

4

**at the heart of Plaintiff's claims**, Defendant's interrogatory seeking the factual basis for Plaintiff's claims is well-within the scope of discoverable information. *FTC v. Cyberspy Software, LLC*, 2009 U.S. Dist. LEXIS 132299, *5 (M.D. Fla. Mar 26, 2009) ("a party is required to disclose the facts underlying its claims.") (emphasis in original); *Dunkin' Donuts Inc. v. Mary's Donuts., Inc.*, 206 F.R.D. 518, 520 (S.D. Fla. Apr. 17, 2002) ("Plaintiffs cannot refuse to provide the facts underlying their [] claim."); *United States v. Pepper's Steel & Alloys*, 132 F.R.D. 695, 698 (S.D. Fla. Oct. 17, 1990) ("The discovery process is designed to fully inform the parties of the relevant facts involved in their case."). Plaintiff's outright refusal to answer this interrogatory is so absurd that Defendant has been unable to locate any case law directly on point. Instead, please find a string of cases in which defendant served interrogatories seeking this very information from plaintiffs, and it is clear that plaintiffs answered this interrogatory without objection and without forcing defendants to file a motion to compel – meaning that plaintiffs routinely answer this interrogatory as they are *required* to do so: *Wilson v. Collier Cnty.*, 2023 U.S. Dist. LEXIS 229363, *16 (M.D. Fla. Dec. 27, 2023); *Bolden v. DeKalb Cnty. Sch. Dist.*, 2021 U.S. Dist. LEXIS 258524, *20 (N.D. Ga. Nov. 30, 2021); *Guevara v. Fla. E. Coast Ry. LLC*, 2019 U.S. Dist. LEXIS 172848, *32 (S.D. Fla. Oct. 3, 2019); *Paquet v. Plantation Gen. Hosp., L.P.*, 2018 U.S. Dist. LEXIS 51725, n.4 (S.D. Fla. Mar. 26, 2018); *McNeal-Hair v. LaHood*, 2013 U.S. Dist. LEXIS 60010, *16 (S.D. Fla. Apr. 26, 2013); *McKinstry v. Ikon Office Solutions*, 2007 U.S. Dist. LEXIS 111106, *71 (N.D. Ga. Jan. 12, 2007)

- Interrogatory No. 14
    - Defendant clarified that it is not seeking super granular detail in answer to this question, but it does seek an answer to each subpart of this interrogatory. It is Defendant's understanding that Plaintiff agreed to provide an amended answer to this interrogatory.
        - As currently phrased, we maintain our objections/responses. We are open to any proposed limitations the Defendant may have.
    - The information requested by this interrogatory – in short, information regarding Plaintiff's position, duties, and team – is well-within the scope of discoverable information. **Plaintiff's refusal to identify her job duties and the team(s) on which she worked and explain how these two things changed over the course of her employment is entirely unreasonable**. In her complaint and in numerous phone calls, Plaintiff has represented that she believes her job duties, team, and position changed upon her return from her pregnancy leave in April 2023, and this change(s) is a basis for her claims of discrimination. Through this interrogatory, **Defendant seeks the factual basis for Plaintiff's claims set forth in her Amended Complaint**, and it is well-established that this is discoverable information under the Federal Rules and jurisprudence in this jurisdiction. *FTC v. Cyberspy Software, LLC*, 2009 U.S. Dist. LEXIS 132299, *5 (M.D. Fla. Mar 26, 2009) ("a party is required to disclose the facts underlying its claims.") (emphasis in original); *Dunkin' Donuts Inc. v. Mary's Donuts, Inc.*, 206 F.R.D. 518, 520 (S.D. Fla. 2002) ("Plaintiffs cannot refuse to provide the facts underlying their [] claim."); *United States v. Pepper's Steel & Alloys*, 132 F.R.D. 695, 698 (S.D. Fla. 1990) ("The discovery process is designed to fully inform the parties of the relevant facts involved in their case."). Defendant is entitled to understand how Plaintiff believes her position changed over the course of her employment as these are critical facts underlying her claims. Moreover, the jurisprudence in this jurisdiction shows that Plaintiff's disciplinary record is discoverable. *Goetz v. Maximus Fed. Servs., Inc.*, 2023 U.S. Dist. LEXIS 211202, *18 (N.D. Fla. Jul. 5, 2023) (compelling description of "any and all discipline to which [p]laintiff subjected prior to his termination."); *Covington v. Sailormen Inc.*, 274 F.R.D. 692, 694 (N.D. Fla. 2011) (compelling same). There is minimal case law addressing a motion to compel information regarding a plaintiff's job duties because this is such basic information that is rarely opposed, but even the sparse case law clearly demonstrates that this is unequivocally discoverable information in an employment discrimination case. *McNeal v. Macon County Bd. of Educ.*, 2021 U.S. Dist. LEXIS 253446, *18 (M.D. Ala. May 26, 2021) (requiring description of plaintiff's job duties); *Doe v. Cisco Sys.*, 2018 U.S. Dist. LEXIS 244014, *4 (N.D. Ga. Oct. 24, 2018) (same).
- Interrogatory No. 15
    - You advised that you would speak with Plaintiff and see if she can clarify her answer.
        - I am not sure what additional information we can provide for this one, but please let me know if there is specific information that the Defendant believes is needed here.

- o   As outlined in the October 2, 2024 deficiency letter and as discussed in the October 23, 2024 conferral call, Plaintiff improperly limits her answer to "complaints or grievances reported formally by other employees to human resources or supervisory personnel." The interrogatory inquires if Plaintiff is aware of <u>any</u> complaints, <u>formal or informal</u>, made against her by any of her coworkers. Plaintiff's answer is incomplete due to this improper limitation. Furthermore, complaints made against Plaintiff are relevant to Defendant's potential defenses, so **Defendant is entitled to learn whether Plaintiff is aware of any complaints, regardless of formality or format, made about her by her coworkers.** *Hayes v. City of Newnan*, 2007 U.S. Dist. LEXIS 69821, *15 (N.D. Ga. Sept. 18, 2007) (referencing a party's interrogatory answer which listed individuals who complained about plaintiff, as requested by the interrogatory).
- Interrogatory No. 16
    - o   You advised that you would speak with Plaintiff and confirm if the documents produced in response to Defendant's request for production reflect all of Plaintiff's claimed emotional distress.
        - <span style="color:red">We will amend this response to clarify.</span>
    - o   Okay. However, to clarify, blanket reliance on unspecified documents and Plaintiff's answer to Interrogatory No. 17 is not sufficient to answer Interrogatory No. 16 which requires Plaintiff to ***<u>describe</u>*** **her emotional distress damages**. Although, at the outset, Plaintiff's answer improperly fails to identify the specific documents on which she intends to rely, even referring Defendant even to *specific* documents will be insufficient to answer this interrogatory; Plaintiff must *actually* answer the interrogatory. *Singleton v. Garden City*, 2020 U.S. Dist. LEXIS 37539, *5-6 (S.D. Ga. Mar. 2, 2020) (**holding that plaintiff's general description of damages and general reference to 145 pages of document production were "<u>simply incomplete and evasive under any reading of the rule</u>" and compelled plaintiff to fully answer the interrogatory**) (emphasis added); *Bailey v. Equifax Credit Info. Servs.*, 2015 U.S. Dist. LEXIS 196109, *23-26 (N.D. Ga. Sept. 25, 2015) (compelling plaintiff to "[d]escribe all humiliation embarrassment and mental or emotion distress or similar type of injury suffered by Plaintiff as a result of [defendant's] actions including all manifestations of such mental states or any medical treatment received as a result thereof."). Additionally, Plaintiff's answer to Interrogatory No. 17 is not responsive to Interrogatory No. 16. We will await your amended answer, but an answer which does not provide an actual <u>description</u> of Plaintiff's alleged emotional distress will be insufficient.
- Interrogatory No. 17
    - o   You advised that you would think about this one.
        - <span style="color:red">We will amend this response to clarify, similar to the above.</span>
    - o   Okay. As a gesture of good faith, Defendant clarifies that it seeks the identification of documents on which Plaintiff relied to answer this interrogatory and any other documents which support Plaintiff's damages calculations, and, consistent with this clarification, <u>Defendant agrees to voluntarily strike the following phrase within Interrogatory No. 17: "or which relates in any way to the information requested in this interrogatory."</u> However, to clarify, Plaintiff fails to identify witnesses or documents with respect to *any* category of claimed damages, fails to identify the methodology for calculating "medical expenses," "emotional distress damages," or "punitive damages," and fails to identify the amount of damages claimed with respect to "medical expenses." We will await your amended answer, but an answer which does not contain complete responses to each sub-part of the question will remain deficient. *EEOC v. Chalfont & Assocs. Grp., Inc.*, 2020 U.S. Dist. LEXIS 266457, *8-9 (M.D. Fla. Jul. 1, 2020) (**requiring plaintiff to amend interrogatory answer to provide the methodology for all damages calculations, the identities and address of individuals who may have knowledge regarding the claimed damages, and documents supporting plaintiff's calculations of the same**); *Bailey v. Equifax Credit Info. Servs.*, 2015 U.S. Dist. LEXIS 196109, *24-26 (N.D. Ga. Sept. 25, 2015) (compelling plaintiff to "[i]dentify all Persons, including, but not limited to all medical professionals, having knowledge of Plaintiff's humiliation, embarrassment, and mental or emotional distress or similar type of injury of which Plaintiff complains."); *Ilerol Trucking, Inc. v. FedEx Ground Package Sys., Inc.*, No. 07-22817-CV-HUCK, 2008 U.S. Dist. LEXIS 27471 at *1 (S.D. Fla. Mar. 19, 2008) (compelling plaintiff to respond to interrogatory requesting "a detailed damages calculation including the total amount sought, the factual basis for the amount and a description of the documents upon which the calculation was based"). Additionally, Plaintiff's answer improperly fails to identify the specific documents on which she intends to rely, but

even referring Defendant even to *specific* documents will be insufficient to answer this interrogatory because Defendant has reviewed **the 500+ pages produced by Plaintiff, and the documents do not contain all the information requested by this interrogatory.** *Hands on Chiropractic PL v. Progressive Select Ins. Co.*, Case No: 6:18-cv-192-Orl-37DCI, 2018 U.S. Dist. LEXIS 223752, *4 (M.D. Fla. Nov. 20, 2018) (granting motion to compel better interrogatory answer).

- Interrogatory No. 18
    - Defendant advised that Plaintiff's records are not complete because they, at a minimum, do not contain records pertaining to Plaintiff's primary care physician. Plaintiff's counsel advised that he would talk to Plaintiff.
        - We will amend this response if the primary care physician provided treatment for the claimed emotional distress beyond a referral.
    - In short, this interrogatory seeks information regarding medical treatment relating to Plaintiff's claims for damages. Plaintiff's current response is insufficient because Plaintiff does not answer the interrogatory, and rather refers to unspecified documents. Moreover, even referring Defendant even to *specific* documents will be insufficient to answer this interrogatory because Defendant has reviewed the 500+ pages produced by Plaintiff, and **the documents do not contain all the information requested by this interrogatory** and Interrogatory 18 asks Plaintiff to **identify the facts she contends support her claim of emotional distress**. *Hands on Chiropractic PL v. Progressive Select Ins. Co.*, Case No: 6:18-cv-192-Orl-37DCI, 2018 U.S. Dist. LEXIS 223752, *4 (M.D. Fla. Nov. 20, 2018) (reliance on Rule 33(d) is inappropriate when "the interrogatory asks a party to state its contentions or to state facts supporting its allegations" and/or when the documents relied upon do not contain all the requested information) (internal quotations omitted). Furthermore, **it is obvious that responsive documents are missing from the records produced.** There are providers referenced in Plaintiff's records, including but not limited to Beatriz Isaza, without any description of the treatment they provided. There are clearly missing records from Plaintiff's treatment with Chloe Murray at Orlando Health. Plaintiff reports to Orlando Health that she treated with "BetterHelp Online" in 2023 which has never been disclosed to Defendant nor have any responsive records been produced. **Defendant is entitled to Plaintiff's complete, <u>written</u> answer to this Interrogatory** because "[t]he case law is clear that when a plaintiff raises an emotional distress damages claim, the plaintiff's medical and psychological history, including the identities of health providers, the dates of treatment and the nature of the treatment are relevant and discoverable." *Kinslow-Dobbs v. Kindred Healthcare, Inc.*, 2018 U.S. Dist. LEXIS 249369, *5 (M.D. Fla. Jan. 12, 2018) (quoting *McIntyre v. Delhaize Am., Inc.*, 2008 U.S. Dist. LEXIS 127581, *4-6 (M.D. Fla. Jun. 26, 2008) (requiring plaintiff to describe in detail the treatment she received resulting from the incident alleged in her complaint). Plaintiff cannot avoid this obligation by providing 500+ pages of records for Defendant to parse through and attempt to identify answers – many of which are not even contained in the documents provided.
- Interrogatory No. 19
    - You advised you would look into it.
        - Outside of the information referenced above, as currently phrased, we maintain our objections/responses.
    - In short, this interrogatory seeks information regarding Plaintiff's treating physicians and any hospitalizations within the last ten years. As a gesture of good faith, Defendant is willing to limit this interrogatory to the same information for the five years prior to Plaintiff's termination through the present, rather than the last ten years. "The case law is clear that when a plaintiff raises an emotional distress damages claim, the plaintiff's medical and psychological history, including the identities of health providers, the dates of treatment and the nature of the treatment are relevant and discoverable." *Strong v. City of Naples*, 2023 U.S. Dist. LEXIS 159924, *5 (M.D. Fla. Mar. 23, 2023) (affirming this proposition which was articulated in *McIntyre*); *McArdle v. City of Ocala*, 451 F. Supp. 3d 1304, 1311 (M.D. Fla. Mar. 31, 2020) (same); *McIntyre v. Delhaize Am., Inc.*, 2008 U.S. Dist. LEXIS 127581, *4-6 (M.D. Fla. Jun. 26, 2008) (**granting defendant's motion to compel "the plaintiff's medical and psychological history, including the identities of health providers, the dates of treatment and the nature of the treatment" for more than five and a half years because "Plaintiff's claim of 'compensatory damages for emotional pain and suffering' [] places his mental health at issue in this**

7

case; therefore, the Defendant is entitled to reasonable discovery <u>concerning the state of Plaintiff's mental health and the nature of other stressors</u> relating to Plaintiff's health during the relevant time period."**) (collecting cases); *Zaffis v. City of Altamonte Springs*, 2007 U.S. Dist. LEXIS 13267, *5 (M.D. Fla. Feb. 27, 2007) (compelling plaintiff to "provide the identities of her healthcare providers (including mental professionals and providers) for a period of five years prior to July 8, 2005 up to the present, the dates of treatment and the nature of the treatment, with enough specificity to determine whether further discovery is warranted."). Additionally, even with regard to only to whatever unspecified time frame Plaintiff intended to improperly limit her answer to Interrogatory 19, the 500+ page document production which Plaintiff purports to rely upon does not contain all the information requested by this interrogatory. *Hands on Chiropractic PL v. Progressive Select Ins. Co.*, Case No: 6:18-cv-192-Orl-37DCI, 2018 U.S. Dist. LEXIS 223752, *4 (M.D. Fla. Nov. 20, 2018) (granting motion to compel). **Additionally, Plaintiff's numerous and consistent admissions of significant alcohol use which *all or nearly all of her various providers question as alcohol use disorder* creates a critical question regarding Plaintiff's pre-existing issues with substance abuse over the years, which would contribute to any emotional distress Plaintiff has allegedly experienced – making discovery of her history of treating physicians and hospitalizations extremely important.**

- Interrogatory No. 20
    o Defendant clarified that it seeks documents that would have impacted Plaintiff's health or contributed to her anxiety. You advised that you would talk to Plaintiff.
        ▪ We will amend this response to include any responsive information related to her mental health treatment/symptoms.
    o In short, this interrogatory seeks information regarding all medications prescribed to Plaintiff within the last ten years. As a gesture of good faith, Defendant is willing to limit this interrogatory to the same information for the five years prior to Plaintiff's termination through the present, rather than the last ten years. Defendant is entitled to this information to assess Plaintiff's claims of emotional distress. *McIntyre v. Delhaize Am., Inc.*, 2008 U.S. Dist. LEXIS 127581, *4-6 (M.D. Fla. Jun. 26, 2008) (**granting defendant's motion to compel all medications prescribed to plaintiff for more than five and a half years because "Plaintiff's claim of 'compensatory damages for emotional pain and suffering' [] places his mental health at issue in this case; therefore, the Defendant is entitled to reasonable discovery concerning the state of Plaintiff's mental health and the nature of other stressors relating to Plaintiff's health during the relevant time period."**) (collecting cases). Furthermore, the records produced by Plaintiff do not make clear the medications prescribed to Plaintiff in the improperly limited timeframe of "[after] April 2023," nor does Plaintiff's written answer shed any light on the date range/period and frequency with which Plaintiff took citalopram or lorazepam (the medications which she identifies in her answer), or which providers prescribed either medication at various points in time. *Hands on Chiropractic PL v. Progressive Select Ins. Co.*, Case No: 6:18-cv-192-Orl-37DCI, 2018 U.S. Dist. LEXIS 223752, *4 (M.D. Fla. Nov. 20, 2018) (granting motion to compel where the *specified* documents produced in response to an interrogatory did not contain all the requested information). **Additionally, Plaintiff's admissions to her psychologists and psychiatrists that she abused prescription medication belonging to others and self-medicated her anxiety dating back to her college days creates a critical question regarding Plaintiff's pre-existing issues with mental health – making discovery of her history of treating physicians and hospitalizations extremely important.**

**Document Production**
- For the document production, we will agree to produce any documents corresponding to the items above to the extent they were not already produced.
- On October 18, 2024, Defendant provided Plaintiff with a 53-page deficiency letter detailing <u>specific</u> deficiencies in Plaintiff's responses to Defendant's request for production. In our conferral call on October 23, you advised that you would let us know which, if any, deficient responses Plaintiff was willing to voluntarily amend. On October 28, November 14, and November 18, Defendant asked Plaintiff to advise which, if any, deficient responses Plaintiff was willing to voluntarily amend. You have not provided any response to date. Stating that Plaintiff "will agree to produce any documents corresponding to the items above to the extent they were not

already produced," where the "items above" generally reference Plaintiff's interrogatory answers is <u>not</u> a substantive, meaningful, or good faith response to the detailed and specific deficiency letter provided to Plaintiff on October 18, 2024.

Again, please provide any amended interrogatory answers no later than <u>Wednesday, December 4, 2024</u> pursuant to your November 19, 2024 agreement to amend certain answers.

Thank you,
Kenzie



### Mackenzie N. Allan
Attorney at Law

**Jackson Lewis P.C.**
390 N. Orange Avenue.
Suite 1285
Orlando, FL 32801
Direct: (407) 246-8454 | Main: (407) 246-8440
[Mackenzie.Allan@jacksonlewis.com](mailto:Mackenzie.Allan@jacksonlewis.com) | [www.jacksonlewis.com](http://www.jacksonlewis.com)

---

**From:** Kyle MacDonald <kyle@dereksmithlaw.com>
**Sent:** Tuesday, November 19, 2024 7:50 PM
**To:** McConnell, Justin W. (Orlando) <Justin.McConnell@jacksonlewis.com>; Allan, Mackenzie N. (Orlando) <Mackenzie.Allan@jacksonlewis.com>
**Cc:** Sallee, Rebecca (Orlando) <Rebecca.Sallee@jacksonlewis.com>; David Rodriguez <David@dereksmithlaw.com>; Cassie Cisneros <cassie@dereksmithlaw.com>
**Subject:** Re: Feccia v. BBA - 10/23 Call Recap and Defendant's Objections to Plaintiff's Discovery Responses

 External email

Hi Justin and Mackenzie,

Please see my notes for each of the items below. If you need additional clarification or would like to discuss further, please let me know.

**Confidentiality Order**
We can agree to the confidentiality order to help address the Defendant's concerns, subject to the modifications summarized below:
- AEO Designations
    - The AEO category should be limited to genuinely sensitive, non-public information where disclosure would create a clear risk of harm (for example, detailed financial projections). Routine emails or communications should not qualify unless the email itself contains inherently sensitive information. Additionally, any new AEO categories must require mutual agreement or court approval.
- Retroactive Designations
    - Any retroactive designations made by either party must be made within 14 days of production, with good cause shown. For any documents already produced, this period would begin once the order is entered.
- Use and Disclosure
    - Allow counsel for either party to share redacted summaries of AEO materials with their clients when necessary, and allow limited access to AEO materials during depositions instead of

- requiring parties to leave. If used in a deposition/hearing, the restrictions would apply to the exhibit and related questioning that includes the sensitive information but not the entire transcript.
- Challenges to Designations:
    - The party asserting a contested designation must provide a written justification for the designation within 5 days of the dispute arising. Also, no fees or costs should be awarded to either party.
- Document Retention:
    - Counsel for both parties should be allowed to retain a copy of Confidential and AEO materials for record-keeping purposes, subject to ongoing confidentiality obligations.

**Discovery Responses**
- Interrogatory No. 2
    - We will provide the employer's name, address, supervisor, dates of employment, last-held position, and whether Plaintiff was terminated/resigned.
- Interrogatory No. 3
    - We will confirm whether the answer is none.
- Interrogatory No. 7
    - As currently phrased, we maintain our objections/responses. We are open to any proposed limitations the Defendant may have.
- Interrogatory No. 8
    - As currently phrased, we maintain our objections/responses. We are open to any proposed limitations the Defendant may have.
- Interrogatory No. 9
    - We will provide the address for Coats and Rice so long as Plaintiff has that information.
- Interrogatory No. 10
    - As currently phrased, we maintain our objections/responses. We are open to any proposed limitations the Defendant may have.
- Interrogatory No. 12
    - We will amend this response to identify the individuals to the best of Plaintiff's ability.
- Interrogatory No. 14
    - As currently phrased, we maintain our objections/responses. We are open to any proposed limitations the Defendant may have.
- Interrogatory No. 15
    - I am not sure what additional information we can provide for this one, but please let me know if there is specific information that the Defendant believes is needed here.
- Interrogatory No. 16
    - We will amend this response to clarify.
- Interrogatory No. 17
    - We will amend this response to clarify, similar to the above.
- Interrogatory No. 18
    - We will amend this response if the primary care physician provided treatment for the claimed emotional distress beyond a referral.
- Interrogatory No. 19
    - Outside of the information referenced above, as currently phrased, we maintain our objections/responses.
- Interrogatory No. 20
    - We will amend this response to include any responsive information related to her mental health treatment/symptoms.

For the document production, we will agree to produce any documents corresponding to the items above to the extent they were not already produced.

**Kyle T. MacDonald, Esq.**
*Admitted in FL, MN

10



**Derek Smith Law Group, PLLC**
520 Brickell Key Drive, Suite O-301  |  Miami, Florida 33131
Toll Free: (800) 807-2209  |  Direct: (786) 568-8120
Email: kyle@dereksmithlaw.com
www.discriminationandsexualharassmentlawyers.com

**New York  |  New Jersey  |  Philadelphia  |  Miami  |  Los Angeles  |  San Francisco  |  San Diego**

*The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you. If you are a client of this firm and this email is directed to you, please do not forward to any other party, or you could be waiving the attorney-client privilege. Settlement Communication Notice: If this communication pertains to a settlement in any case, all settlement agreements are subject to final client approval and signature by all parties. Any cases and business handled in California are handled exclusively through the distinct entity, Derek Smith Law Group, LLP.

**From:** McConnell, Justin W. (Orlando) <Justin.McConnell@jacksonlewis.com>
**Date:** Monday, November 18, 2024 at 11:56 AM
**To:** Allan, Mackenzie N. (Orlando) <Mackenzie.Allan@jacksonlewis.com>, Kyle MacDonald <kyle@dereksmithlaw.com>
**Cc:** Sallee, Rebecca (Orlando) <Rebecca.Sallee@jacksonlewis.com>, David Rodriguez <David@dereksmithlaw.com>, Cassie Cisneros <cassie@dereksmithlaw.com>
**Subject:** RE: Feccia v. BBA - 10/23 Call Recap and Defendant's Objections to Plaintiff's Discovery Responses

Hi Kyle,

We need your client's positions on resolving the deficient interrogatory answers and responses to requests for production.

On 11/15, at end of day in a separate email, you said you are "still in the process of discussing the issues you raised with my client and will need some additional time to confirm what additional information she can provide." We originally sent our letter regarding the deficient interrogatory answers on 10/2, and the deficient requests for production on 10/18. We then conferred on 10/23.

Your client has had sufficient time. This is our last effort to resolve this short of moving to compel, as we cannot continue delaying with unspecified promises of when we can expect some sort of response from your client. Please respond by end of day tomorrow.

Thank you.

Justin M.



### Justin W McConnell
Attorney at Law

**Jackson Lewis P.C.**
390 N. Orange Avenue.
Suite 1285
Orlando, FL 32801

Direct: (407) 246-8429 | Main: (407) 246-8440
Justin.McConnell@jacksonlewis.com | www.jacksonlewis.com

**From:** Allan, Mackenzie N. (Orlando) <Mackenzie.Allan@jacksonlewis.com>
**Sent:** Thursday, November 14, 2024 3:46 PM
**To:** kyle@dereksmithlaw.com
**Cc:** McConnell, Justin W. (Orlando) <Justin.McConnell@jacksonlewis.com>; Sallee, Rebecca (Orlando) <Rebecca.Sallee@jacksonlewis.com>; David Rodriguez <David@dereksmithlaw.com>; Cassie Cisneros <cassie@dereksmithlaw.com>
**Subject:** RE: Feccia v. BBA - 10/23 Call Recap and Defendant's Objections to Plaintiff's Discovery Responses

Hi Kyle,

In a separate email chain on October 29, you advised that you would respond to email below when you returned from international travel on November 5. We have not received any response from you to date.

Please advise by **end of day tomorrow, November 15** – 1) whether Plaintiff will be providing amended interrogatory answers, and if so, to which interrogatories, and 2) if Plaintiff is able to resolve any of Defendant's objections to Plaintiff's responses to Defendant's requests for production, and if so, which responses.

Thank you,
Kenzie



**Mackenzie N. Allan**
Attorney at Law

**Jackson Lewis P.C.**
390 N. Orange Avenue.
Suite 1285
Orlando, FL 32801
Direct: (407) 246-8454 | Main: (407) 246-8440
Mackenzie.Allan@jacksonlewis.com | www.jacksonlewis.com

**From:** Allan, Mackenzie N. (Orlando) <Mackenzie.Allan@jacksonlewis.com>
**Sent:** Monday, October 28, 2024 12:54 PM
**To:** kyle@dereksmithlaw.com
**Cc:** McConnell, Justin W. (Orlando) <Justin.McConnell@jacksonlewis.com>; Sallee, Rebecca (Orlando) <Rebecca.Sallee@jacksonlewis.com>; David Rodriguez <David@dereksmithlaw.com>; Cassie Cisneros <cassie@dereksmithlaw.com>
**Subject:** Feccia v. BBA - 10/23 Call Recap and Defendant's Objections to Plaintiff's Discovery Responses

Hi Kyle,

Sorry for the delay in sending the recap of our phone call on October 23, 2024, but I've been so sick that today is the first day I've been up to it. The call was an hour and half long, and we discussed 1) Plaintiff's deposition, 2) the proposed confidentiality agreement, 3) Defendant's objections to Plaintiff's interrogatory answers, and 4) Defendant's objections to Plaintiff's responses to Defendant's request for production.

1. **Plaintiff's deposition**

- You indicated that Plaintiff has a conflict on the previously agreed to and noticed deposition date of November 5, 2024.
- Justin inquired if Plaintiff's conflict can be moved. He advised that he is unsure if he can move around his preexisting obligations and conflicts that week to accommodate Plaintiff. He advised that if Plaintiff is able to provide availability on a different day in the week of November 4, he may be able to move around his schedule, but he is unable to confirm without knowledge of Plaintiff's availability. If Plaintiff is unable to move the conflict on November 5 and unable to provide additional availability in the week of November 4 which Justin can rearrange his schedule to accommodate, we will likely need to reschedule Plaintiff's deposition into the follow week and move the defense depositions currently scheduled for the week of November 11.
- You indicated that it is your understanding that this conflict is something that cannot be moved but indicated that you would confirm this. You indicated that you would confirm Plaintiff's availability for the remaining days in the week of November 4 so that Justin can evaluate his existing schedule and see if he can move things around.
- **Please let us know both of these things as soon as possible.**

2. **Proposed confidentiality agreement**
   - Defendant does not have an issue with reciprocity within the confidentiality agreement, but Defendant maintains that the financial records must remain "Attorney's Eyes Only" because there is no other way to alleviate Defendant's concerns about providing its holistic and detailed financial records to an individual currently employed by a direct competitor in the same city and in the same line of work. Defendant agreed that Plaintiff's counsel could use the documents protected as "Attorney's Eyes Only" in deposition or in a motion as long as appropriate precautions are taken – such as Plaintiff stepping out during the introduction of such documents during a deposition or an exhibit being filed under a protective seal if attached to a motion. Defendant does not wish to restrict Plaintiff's ability to litigate her claims, Defendant only wishes to protect the confidentiality of very sensitive financial records and not impute knowledge of matters to Plaintiff which could be used to unfairly harm and compete against Defendant's business.
   - Plaintiff requested a more detailed description of the documents which Defendant intends to label "Attorney's Eyes Only," and Defendant agreed to provide such additional description.
     - Defendant intends to label the following categories of documents "Attorney's Eyes Only": "WinSales" records, billing projections, KPIs, latest billings, cash summaries, and similar financial documents, along with the accompanying emails which provide such documents. Please note additional categories of documents may be designated AEO as discovery continues.
     - Documents which can be redacted to an acceptable level will be redacted and produced as "Confidential" and available for viewing by Plaintiff, but it is not anticipated that any documents falling within the aforementioned categories can be redacted in a manner which sufficiently protects Defendant from its significant concerns of a competitor's current employee viewing such sensitive financial documents.
   - **Please advise regarding whether the limitations of the proposed confidentiality agreement are acceptable**.

3. **Defendant's objections to Plaintiff's interrogatory answers**
   - Defendant and Plaintiff went through each objection to Plaintiff's interrogatory answers.
   - Interrogatory No. 2
     - Defendant agreed to waive requiring a response as to subparts f, g, and h. Defendant maintains that it is entitled to the identity of the employer, the address, Plaintiff's immediate supervisor, the relevant dates, positions held, and the reason for separation. Plaintiff asserted that it seems like this evidence could only be used for propensity evidence, to which Defendant objected and responded that this evidence would not be used for propensity but rather to show, if applicable, that Plaintiff did not perform consistently with the *experience* which she represented in her application for employment and interviews with Defendant.

- o  You agreed to confirm whether Plaintiff's provided resume represents a complete record of all employers from May 1, 2014 through January 13, 2020. Plaintiff's counsel agreed to discuss with Plaintiff whether they would voluntarily provide the relevant addresses, immediate supervisors, relevant dates, positions held, and reasons for separation.
- Interrogatory No. 3
  - o  You agreed to confirm whether Plaintiff received any disability benefits, temporary income benefits, short- or long-term disability benefits, unemployment benefits, social security benefits, or welfare benefits after the termination of her employment with Defendant, as you represented that the answer to all is likely "none."
- Interrogatory No. 7
  - o  Plaintiff agreed to provide a response to this interrogatory. Defendant agreed that Plaintiff is, of course, entitled to amend her answer to this interrogatory if and when she receives additional information which would change her answer to this interrogatory.
- Interrogatory No. 8
  - o  Defendant agreed that it was not seeking information concerning the identification of persons such as Plaintiff's family or spouse, whom it is assumed Plaintiff would have communicated with concerning at least some of the topics identified (such as her pregnancy). Moreover, because Plaintiff gave birth on January 5, 2023, the temporal scope is not overbroad as the nature of the topics identified only relate to Plaintiff's pregnancy, leave because of that pregnancy, and termination from employment in April 2023. It is Defendant's position it is still entitled to know, and Plaintiff must answer, those persons with whom she's communicated about the topics identified in the Interrogatory. You agreed to discuss further with Plaintiff.
- Interrogatory No. 9
  - o  Plaintiff agreed to provide contact information for Christin Coats and Rachel Rice. Please also advise whether you are willing to voluntarily provide information for each person regarding whether Plaintiff discussed potential testimony and whether the person has provided a written statement or notes.
- Interrogatory No. 10
  - o  Defendant clarified that the intent of this interrogatory is to seek any admissions *relevant to Plaintiff's claims*, and Plaintiff agreed to provide a response to this interrogatory within that scope.
- Interrogatory No. 12
  - o  You indicated concern that Plaintiff is unable to answer this interrogatory because Plaintiff is still in the process of figuring this out but agreed to talk with Plaintiff regarding answering this interrogatory. Defendant agreed that Plaintiff is, of course, entitled to amend her answer to this interrogatory if and when she receives additional information which would change her answer to this interrogatory.
- Interrogatory No. 14
  - o  Defendant clarified that it is not seeking super granular detail in answer to this question, but it does seek an answer to each subpart of this interrogatory. It is Defendant's understanding that Plaintiff agreed to provide an amended answer to this interrogatory.
- Interrogatory No. 15
  - o  You advised that you would speak with Plaintiff and see if she can clarify her answer.
- Interrogatory No. 16
  - o  You advised that you would speak with Plaintiff and confirm if the documents produced in response to Defendant's request for production reflect all of Plaintiff's claimed emotional distress.
- Interrogatory No. 17
  - o  You advised that you would think about this one.
- Interrogatory No. 18
  - o  Defendant advised that Plaintiff's records are not complete because they, at a minimum, do not contain records pertaining to Plaintiff's primary care physician. Plaintiff's counsel advised that he would talk to Plaintiff.
- Interrogatory No. 19

- - o   You advised you would look into it.
  - Interrogatory No. 20
    - o   Defendant clarified that it seeks documents that would have impacted Plaintiff's health or contributed to her anxiety. You advised that you would talk to Plaintiff.

4. **Defendant's objections to Plaintiff's responses to Defendant's request for production**
   - We ran out of time to discuss Defendant's objections to Plaintiff's responses to Defendant's request for production one by one, but you advised you would review Defendant's objections and see if any matters can be resolved without further discussion in order to streamline the conversation.

If you believe anything has been inadvertently omitted from the recap above or if you disagree with any of the representations above, please let us know so we can further discuss. For ease of reference, the deficiency letters sent on October 2, 2024 (interrogatory answers) and October 18, 2024 (responses to requests for production) are both attached to this email.

Please advise by **end of day Wednesday, October 30** – 1) whether Plaintiff will be providing amended interrogatory answers, and if so, to which interrogatories, and 2) if Plaintiff is able to resolve any of Defendant's objections to Plaintiff's responses to Defendant's requests for production, and if so, which responses.

Thank you,
Kenzie



### Mackenzie N. Allan
Attorney at Law

**Jackson Lewis P.C.**
390 N. Orange Avenue.
Suite 1285
Orlando, FL 32801
Direct: (407) 246-8454 | Main: (407) 246-8440
Mackenzie.Allan@jacksonlewis.com | www.jacksonlewis.com